UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ITV DIRECT, INC. )
    Plaintiff )
)
VS. ) 04 10421
)
HEALTHY SOLUTIONS, LLC, ) MAGISTRATE JUDGE _____
HEALTH SOLUTIONS, INC., )
ALEJANDRO GUERRERO, Individually and as a ) Civil Action No.
Member of Healthy Solutions, LLC, and as Officer )
and Director of Health Solutions, Inc., )
MICHAEL HOWELL, Individually and as a )
Member of Healthy Solutions, LLC, and as Officer )
and Director of Health Solutions, Inc., and )
GREG GEREMESZ, Individually and as a )
Member of Healthy Solutions, LLC, and as Officer )
and Director of Health Solutions, Inc., )
    Defendants )

RECEIPT # 54210
AMOUNT $150
SUMMONS ISSUED Ye(s)
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK. ____
DATE 3/2/04

## COMPLAINT

### JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that this action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over the defendants in that each of the defendants has derived substantial revenue from goods used or consumed within the Commonwealth of Massachusetts and the claims all arise out of business that the defendants transacted with the plaintiff in Massachusetts.

### VENUE

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C. 1391 in that each of the corporate defendants are subject to personal jurisdiction in this Judicial District and substantial events giving rise to the plaintiff's claims occurred in this Judicial District.

## PARTIES

4. The plaintiff, ITV Direct, Inc. ("ITV"), is a Massachusetts corporation with a principal place of business at 100 Cummings Center, Suite 506E, Beverly, Massachusetts.

5. The defendant, Healthy Solutions, LLC, is a California limited liability company with a principal place of business at 9528 Mirimar Road, No. 100, San Diego, California.

6. The defendant, Health Solutions, Inc., is a California corporation with a principal place of business at 16843 Valley Boulevard, Suite 540 E, Fontana, California.

7. The defendant, Alejandro Guerrero ("Guerrero"), is a California resident doing business at 9528 Mirimar Road, No. 100, San Diego, California and 16843 Valley Boulevard, Suite 540 E, Fontana, California.

8. The defendant, Michael Howell ("Howell"), is a California resident doing business at 9528 Mirimar Road, No. 100, San Diego, California and 16843 Valley Boulevard, Suite 540 E, Fontana, California.

9. The defendant, Greg Geremesz ("Geremesz"), is a California resident doing business at 9528 Mirimar Road, No. 100, San Diego, California and 16843 Valley Boulevard, Suite 540 E, Fontana, California.

## FACTS

10. ITV, among other things, markets and distributes various healthcare related products to individual and retail consumers.

11. Since its inception, ITV has utilized infomercials for the promotion of a variety of nutritional products. To this day, a substantial portion of ITV's revenues is derived from telephone orders for products that are advertised on 30-minute infomercials that are produced and owned by ITV or its affiliated companies. As a result of its success, ITV is considered a leader in the development and use of infomercials to market vitamin and mineral supplements.

2

12. In or about late 2002, Howell and Geremesz began purchasing products from ITV and, thereafter, were in frequent contact with one of ITV's top sales managers to request additional sales and product information.

13. In or about early 2003, Howell and Geremesz advised ITV's sales manager that their friend and business associate, Guerrero, had recently developed an organic dietary supplement known as "Supreme Greens with MSM" and suggested that there be a meeting with ITV's principals to discuss ITV developing a market for the new product.

14. Over the following months, ITV's principals met with Guerrero, Howell, and Geremesz to explore whether a financial commitment by ITV was possible to develop a market for the product. Lacking the necessary capital to successfully launch the product on their own, the defendants looked to ITV to contribute the millions of dollars necessary for production of one or more infomercials, test-marketing, and the purchase of media airtime. In consideration for ITV's investment, the defendants agreed that ITV would, among other things, own the trademark rights to "Supreme Greens with MSM."

15. In or about April 2003, an agreement ("Agreement") was finalized between Healthy Solutions and ITV, whereby ITV would become the exclusive infomercial distributor of "Supreme Greens with MSM."

16. Pursuant to the Agreement, ITV produced the first of two infomercials promoting "Supreme Greens with MSM" in April 2003, at ITV's studio in Beverly, Massachusetts. ITV's principal, Donald Barrett, hosted the infomercial and Guerrero was the featured guest. All production costs, editing expenses, and test airings for the infomercials were born exclusively by ITV. ITV also paid for all hotel and airfare expenses incurred by the defendants during the production of the infomercials.

17. The infomercial began airing nationwide on the major cable and television networks in or about June, 2003. ITV advanced millions of dollars in media expenses.

18. As part of its marketing efforts, ITV also designed the logo and label for Supreme Greens with MSM and printed marketing materials for the product. Guerrero advised ITV that he had not registered the trademark "Supreme Greens with MSM" and encouraged ITV to file an application with the Patent and Trademark Office to protect the mark. At one point, ITV even suggested registering a different mark for the product. Guerrero and Howell, however, dissuaded ITV's principals from using a different mark and assured them that they would have no problem registering "Supreme Greens with MSM."

19. ITV filed its application for trademark registration of "Supreme Greens with MSM" with the Patent and Trademark Office on July 25, 2003. Not long after the filing of their application, ITV discovered that days prior the defendants had submitted their own application for "Supreme Greens with MSM" which listed Health Solutions, Inc. as the "owner." When ITV discovered the application and brought it to the attention of the defendants, they were assured that the defendants had not filed the application to defeat ITV's ownership of the trademark but rather to protect the trademark pending the filing of ITV's application. ITV was assured that the defendants would take the necessary steps to withdraw their application.

20. In reliance on the defendants' representations, ITV continued to pour millions of dollars into the promotion and marketing of "Supreme Greens with MSM." This investment in marketing included arranging for the infomercial to air simultaneously on major cable and television networks.

21. Solely through the efforts of ITV, the initial infomercial for the product was a great success and the defendants received millions of dollars in product orders from ITV. These

product orders, however, did not generate sufficient income for ITV to recoup its tremendous investment in marketing the product on a national level.

22. To continue the momentum in the marketing of the product, the defendants encouraged ITV to produce and air a second infomercial for "Supreme Greens with MSM." Since ITV had not recouped its initial investment in the first infomercial, ITV discussed with the defendants the necessity of modifying their Agreement to provide a means by which ITV could begin to recoup its investment before proceeding with a second infomercial.

23. The defendants represented to ITV that they would modify the Agreement to permit such a recoupment of ITV's expenses. To accomplish this result, the defendants agreed, for example, to: (1) assign to ITV the domain name "supremegreens.com"; (2) pay ITV a royalty on all products sold directly by the defendants to end-users and distributors; and (3) reduce the purchase price of the product from $6.50/bottle to $6.00/bottle. Additionally, the defendants also confirmed ITV's ownership of "Supreme Greens with MSM" and the fact that their trademark application would be withdrawn. In consideration for these promises, ITV agreed to reimburse defendants $7,500.00 for website development costs and to pay defendants a royalty of $3.00 for each bottle of the product sold through the website.

24. Following the parties' modified Agreement, ITV paid the defendants the agreed upon sum of $7,500.00 for the website. ITV also began to forward royalty reports to the defendants for sales processed through the website. The defendants cashed the $7,500.00 check from ITV confirming the modified Agreement. The defendants failed, however, to provide ITV with any royalty reports associated with their own direct sales.

25. Based upon the parties' modified Agreement, ITV incurred substantial costs associated with producing and airing a second infomercial. ITV, for example, paid all production costs,

5

editing expenses, and test airings for the new infomercial. As in the case of the first infomercial, ITV also paid to have the second infomercial air on major cable and television networks.

26. When the parties' modified Agreement was reduced to writing, the defendants confirmed that the written provisions were consistent with their oral understanding. The defendants, however, were highly evasive in agreeing to a date and time for executing the written agreement.

27. In early 2004, ITV inquired about the status of royalties due ITV and requested copies of the defendants' sales records. ITV also sent multiple emails to the defendants requesting that the defendants take the necessary steps to have the "supremegreens.com" website assigned to ITV. As stated, ITV had already paid the defendants the agreed upon sum of $7,500.00 for assignment of the domain name to ITV. Geremesz responded to one or more of the emails by stating that following Geremesz' wrapping up of loose ends, the assignment would be made. The defendants made absolutely no response to ITV's request for sales records regarding royalties due ITV.

28. Guerrero and the other defendants have yet to pay royalties due ITV or to turn over any records disclosing their direct sales of the product. The defendants have also failed to formally withdraw their trademark application or assign the domain name to their website, as agreed.

## COUNT I – BREACH OF CONTRACT

29. ITV restates and realleges paragraphs 1 through 28 as set forth above.

30. The defendants breached their agreement with ITV by failing to pay ITV amounts it is owed under the Agreement.

31. The defendants breached their Agreement with ITV by failing to withdraw its competing application for registration of the trademark "Supreme Greens with MSM."

32. The defendants breached their Agreement with ITV by failing to assign the domain name "supremegreens.com."

33. As a result of said actions, ITV has sustained damage.

6

## COUNT II – CONVERSION

34. ITV restates and realleges paragraphs 1 through 33 as set forth above.

35. The defendants have converted funds and property of ITV, including ITV's royalties, trademarks, and domain names.

36. As a result of said actions, ITV has sustained damage.

## COUNT III – MISREPESENTATION

37. ITV restates and realleges paragraphs 1 through 36 as set forth above.

38. The defendants fraudulently represented that ITV would have exclusive intellectual property rights in the trademarks and domain names associated with Supreme Greens with MSM.

39. In reliance on the defendants' representations, ITV spent millions of dollars marketing and branding the "Supreme Greens with MSM" trademark only to discover that the defendants had no intention of formally releasing all ownership claims in the mark.

40. The defendants fraudulently represented their ability or willingness to pay royalties due ITV for the defendants' direct sales of Supreme Greens with MSM.

41. In reliance on these representations, ITV paid millions of dollars to the defendants for product orders as well domain name charges.

42. As a result of said actions, ITV has sustained damage.

## COUNT IV – VIOLATION OF M.G.L. C. 93A

43. ITV restates and realleges paragraphs 1 through 42 as set forth above.

44. At all times material to the Complaint, ITV was engaged in commerce within the Commonwealth of Massachusetts.

45. At all time material to the Complaint, the defendants were engaged in commerce within the Commonwealth of Massachusetts.

46. The defendants have committed unfair and deceptive business practices in violation of M.G.L. c.93A by among other things: (1) making material misrepresentations in order to induce payment and expenditures by ITV; (2) inducing ITV to enter into contractual arrangements through the use of fraud; (3) making false and competing claims to ITV's intellectual property in order to obtain a strategic advantage in contract negotiations; (4) breaching the covenant of good faith and fair dealing implied in every contract; and (5) converting the money and property of ITV.

## COUNT V – ACCOUNTING/APPOINTMENT OF RECEIVER

47. ITV restates and realleges paragraphs 1 through 46 as set forth above.

48. The defendants have failed to account for royalties due ITV from the defendants' direct sale of Supreme Greens with MSM.

49. Upon information and belief, the defendants may be taking steps to hide or dissipate the income or profits from the sale of Supreme Greens or taking steps to render the above-named corporate defendants judgment proof. Specifically, in addition to the fact that the defendants refuse to pay royalties or turn over financial records, ITV recently learned that the defendants are presently doing business under a new company by the name of Direct Business Concepts.

50. A receiver is, therefore, necessary to maintain the status quo and to account for any and all royalties due or to become due to ITV.

## COUNT VI – DECLATORY RELIEF

51. ITV restates and realleges paragraphs 1 through 50 as set forth above.

52. ITV branded the trademark "Supreme Greens with MSM" and is the sole creator of all trade dress and logos associated with the product.

53. Without the knowledge or consent of ITV, the defendants applied to register the trademark "Supreme Greens with MSM," though aware of ITV's prior claim to ownership of the mark and after consenting to ITV's exclusive registration of same.

54. Without the knowledge or consent of ITV, the defendants registered the domain name "supremegreens.com," though aware of ITV's prior claim to ownership of the mark and after consenting to ITV's exclusive registration of same.

55. The defendants have failed to withdraw their trademark application for "Supreme Greens with MSM," as agreed, and also refuse to take steps necessary for the transfer of the domain name "supremegreens.com" to ITV.

56. As a result of said actions, ITV has sustained damage.

WHEREFORE, the plaintiff, ITV Direct, Inc., requests this Court to:

a. Determine the damages sustained by the plaintiff and enter judgment against the defendants jointly and severally in that amount together with interest and costs;

b. Award the plaintiff multiple damages and attorney's fees pursuant to M.G.L. c.93A;

c. Order the defendants to provide an accounting to the plaintiff for all direct sales of Supreme Greens with MSM;

d. Order the appointment of a receiver to take possession and control of the defendants, Healthy Solutions, LLC and Health Solutions, Inc., and to collect and retain the royalties due or to become due to ITV Direct, Inc.

e. Declare and adjudge that the plaintiff, ITV Direct, Inc., is the owner of the trade names and trademarks associated with "Supreme Greens with MSM" and that the Court permanently restrain and enjoin the defendants from using these names or marks for any commercial purposes;

f. Declare and adjudge that the plaintiff, ITV Direct, Inc., is the owner of the domain name "supremegreens.com" and that the Court permanently restrain and enjoin the defendants from using said domain name or any deceptively similar domain name for any commercial purposes; and

g. To grant such other and further relief deemed appropriate and just.

ITV DIRECT, INC.
By its attorneys,

*(signature)*

Anthony M. Metaxas (BBO #344040)
Christian H. Pedersen (BBO #644016)
METAXAS, NORMAN & PIDGEON, LLP
900 Cummings Center, Suite 207T
Beverly, MA 01915
978-927-8000

Dated: March 2, 2004

G:\ITV Direct, Inc\Healthy Solutions\Documents\Complaint 3-1-04.doc



**ITV** DIRECT

100 CUMMINGS CENTER
SUITE 128A
BEVERLY, MA 01915
978.299.4400
fax: 978.299.2554

January 9, 2004

**VIA FACSIMILE AND FEDERAL EXPRESS**

Dr. Alex Guerrero
Direct Business Concepts
9528 Miramar Road
Suite 100
San Diego, CA 92126

Re:   **Transfer of domain name supremegreens.com website to ITV Direct**

Dear Dr. Guerrero:

To confirm your conversation with Donald Barrett today, enclosed is a check in the amount of $7,500. This is the fee that ITV has agreed to pay in order for the domain name to be owned, operated and controlled by ITV Direct, Inc. Please transfer the domain name to ITV Direct, Inc. as soon as possible.

Please contact our IT Manager, Chris Brown at 978-299-4007 or 781-706-1369 to coordinate the transfer of the domain name to ITV.

Thank you for your attention to this matter.

Very truly yours,

Eileen Barrett
Director of Operations

EB/ky
Enclosure

ITVDIRECT.COM



03/01/04  16:40  [TX/RX NO 8044]



**DIRECT MARKETING CONCEPTS, INC.**
P.O. BOX 7077
BEVERLY, MA 01915
PH 800-215-0063



53-270/113

4862

1/12/2004

PAY TO THE ORDER OF   Direct Business Concepts                                              $ **7,500.00

Seven Thousand Five Hundred and 00/100**************************************************************

DOLLARS

Direct Business Concepts
9528 Miramar Road
Suite 100
San Diego, CA 92126

MEMO  Transfer of ownership of domain name supremegreens.com to ITV Direct, inc.

⑈000004862⑈  ⑆011302768⑆  28000 21586⑈

---

DIRECT MARKETING CONCEPTS, INC.
BEVERLY, MA 01915
Direct Business Concepts                                                                    4862

| Date | Type | Reference | | 1/12/2004 | | |
|---|---|---|---|---|---|---|
| 11/03/2003 | Bill | 9 | Original Amt. 7,500.00 | Balance Due 7,500.00 | Discount | Payment 7,500.00 |
| | | | | | Check Amount | 7,500.00 |

Bev Nat'l OPERATING   Transfer of ownership of domain name supremegreens.com                                  7,500.00

---

DIRECT MARKETING CONCEPTS, INC.
BEVERLY, MA 01915
Direct Business Concepts                                                                    4862

| Date | Type | Reference | | 1/12/2004 | | |
|---|---|---|---|---|---|---|
| 11/03/2003 | Bill | 9 | Original Amt. 7,500.00 | Balance Due 7,500.00 | Discount | Payment 7,500.00 |
| | | | | | Check Amount | 7,500.00 |

Bev Nat'l OPERATING   Transfer of ownership of domain name supremegreens.com                                  7,500.00

MAR-01-2004 16:39 FROM:                    TO:9197892264664                    P.3/5