*April 8, 2004*
*@ 1:48 p.m.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.,  Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., et al., <br><br> Defendants. | Civil Action No. 04-CV-10421-JLT |

### CAPPSEALS, INC.'S MOTION AND MEMORANDUM
### IN SUPPORT FOR INTERVENTION PURSUANT TO FRCP RULE 24

Plaintiff-in-Intervention Cappseals, Inc. ("Cappseals") hereby moves to intervene in the above-referenced matter filed in the United States District Court, District of Massachusetts, on or about March 2, 2004 (the "Lawsuit"). Annexed hereto as Exhibit A is Cappseals' proposed Complaint-in-Intervention. At dispute in the Lawsuit is an agreement between ITV Direct, Inc. ("ITV Direct") and Healthy Solutions, Inc., dba Direct Business Concepts ("DBC") pursuant to which ITV Direct became the exclusive distributor of a nutritional supplement known as Supreme Greens (the "Contract"). ITV Direct's Complaint, ¶ 15.

Cappseals has an interest in this Lawsuit because it manufactured, bottled, and shipped several hundred thousand bottles of Supreme Greens to ITV Direct, at DBC's request. ITV Direct refuses to pay for these goods, but continues to sell them. At this time, ITV Direct owes DBC approximately $1,821,864.00 for the goods manufactured and shipped to ITV Direct by Cappseals. DBC owes Cappseals approximately $890,182.09 for these same goods. DBC has represented to Cappseals that it is without assets to pay Cappseals in the absence of payment by ITV Direct (even though DBC's obligation to pay Cappseals is not contingent upon payment by

ITV Direct). Moreover, Cappseals has learned that ITV and DBC are in settlement negotiations which involve the compromise, forgiveness, or reduction of monies owed by ITV Direct to DBC for product manufactured and shipped by Cappseals to ITV Direct. As a result, Cappseals is incurring significant damage to its business operations and, because it is not a party to on-going negotiations between ITV Direct and DBC, risks losing its interest in the moneys due and owing to DBC from ITV Direct if it is not allowed to intervene in the Lawsuit.

## FACTS

Defendant DBC, a California limited liability company, owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional supplement known as Supreme Greens with MSM ("Supreme Greens"). Affidavit of Gregory R. Geremesz, ¶¶ 1-2 (Annexed hereto as Exhibit 1).

Defendant ITV Direct, a Massachusetts corporation, distributes Supreme Greens on DBC's behalf pursuant to a distribution agreement between the parties (the "Contract"). The Contract also requires ITV Direct to purchase Supreme Greens from DBC. Id.

Cappseals, a Washington corporation, manufactures and bottles Supreme Greens on DBC's behalf. At DBC's request, Cappseals ships the bottled Supreme Greens to Direct Fulfillment, a Massachusetts limited liability company. Direct Fulfillment is believed to be an entity related to ITV Direct that serves as a warehousing facility for ITV Direct. Id.

The general pattern of payment to Cappseals for the manufacture and bottling of Supreme Greens follows: First, Cappseals would issue an invoice to DBC at the time it shipped the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment. DBC would in turn issue an invoice to ITV Direct. Upon receiving payment from ITV Direct, DBC would then pay Cappseals for the invoiced amount. Geremesz Aff., ¶ 3.

The last payment made by ITV Direct to DBC was during the week of February 2, 2004. At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00, all of which is past due. Geremesz Aff., ¶ 4. DBC owes Cappseals the approximate sum of $890,182.09, which is also past-due. Affidavit of Harry N. Anderson, III, ¶ 2 (Annexed hereto as Exhibit 2).

Gregory Geremesz, CEO, and Michael Howell, President, of DBC have had numerous contacts with ITV Direct's owners and management regarding the defendants' failure to pay the sums due and owing under the Contract. Most recently, on or about March 11, 2004, Gregory R. Geremesz had a telephone conversation with Robert Maihos, who is believed to be a co-owner of ITV Direct, regarding payment. During this telephone conversation, Mr. Maihos stated that "no money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product." In other words, ITV Direct is withholding the sums due and owing under the Contract (sums owed by ITV Direct for goods it acknowledges receiving) as leverage to force a renegotiation of the Contract to attain rights to certain intellectual property and proprietary formulas owned by DBC. Geremesz Aff., ¶ 5. On or about March 2, 2004, ITV Direct filed the Lawsuit against DBC to contest the intellectual property issues related to Supreme Greens. See generally, ITV Direct's Complaint.

ITV Direct acknowledges that it has received all of the Supreme Greens manufactured, bottled and shipped by Cappseals. Reportedly, as of March 11, 2004, ITV Direct has sold approximately 45,000 more bottles than what ITV Direct has paid for. It is believed that ITV Direct sells approximately 20,000 to 30,000 bottles per week. Geremesz Aff., ¶ 6.

Defendants failure and refusal to pay Cappseals for the $890,182.09 worth of goods shipped to ITV Direct is causing significant financial strain on Cappseals. Cappseals' entire gross revenues (not profits, but total revenue) in 2003 was approximately $5 million, much of

which was expended to employ roughly forty (40) full-time employees and seven (7) part-time employees as well as to pay for manufacturing space, equipment and supplies. As of March 16, 2004, eighteen (18) full-time employees and two (2) part-time employees have been terminated as a direct result of defendants' actions. At $890,182.09, the amount due and owing from the defendants is approximately eighteen percent (18%) of Cappseals' gross revenues received by Cappseals for the entire year of 2003. The financial strain being caused to Cappseals by defendants failure and refusal to pay their debt, and by retaining the benefit of the goods shipped to them is driving Cappseals into bankruptcy. Further, due to the age of these receivables, Cappseals is now in default of its lender agreement. Anderson Aff., ¶ 3.

Harry Anderson, part owner of Cappseals, has had multiple conversations with Gregory Geremesz, part owner of DBC, concerning matters involved in this case. Mr. Geremesz represented to Mr. Anderson that DBC is incapable of paying the monies it owes to Cappseals for the manufacture, bottling, and shipping of the Supreme Greens to ITV Direct in the absence of payment by ITV Direct. Anderson Aff., ¶ 2; See also Geremesz Aff., ¶ 5. A similar representation—that DBC had no assets for Cappseals to pursue—was made to counsel for Cappseals, Randall L. Duncan, by counsel for DBC, Becky Christensen. Affidavit of Randall L. Duncan, ¶ 3 (Annexed hereto as Exhibit 3).

On the basis of this information, and an affidavit provided by Mr. Geremesz, Cappseals filed an action against ITV Direct in Massachusetts Superior Court on or about March 18, 2004. Cappseals was unaware of the Lawsuit filed by ITV Direct against DBC at the time it filed its lawsuit on March 18, 2004, and has since dismissed this action. Anderson Aff., 5.

Discussions between Cappseals and DBC have now broken down. Anderson Aff., 4. Indeed, on or about March 25, 2004, counsel for Cappseals faxed a letter to all three attorneys

representing DBC outlining Cappseals' concerns, interests, and possible courses of action and requesting an immediate discussion of these issues between DBC, Cappseals, and their respective counsels. DBC and its counsel have not responded to this letter. Duncan Aff., ¶ 2. In one of the final communications between Cappseals and DBC, DBC represented to Cappseals that it has entered into negotiations with ITV Direct, negotiations which include proposals to modify the Contract between DBC and ITV Direct, to modify DBC's interest in the intellectual property related to the Supreme Greens, and to reduce the amounts owed to DBC by ITV Direct. Anderson Aff., 4. DBC is no longer responding to inquiries from Cappseals in a meaningful way. Anderson Aff., 4.

## ARGUMENT

Cappseals is entitled to intervene in the Lawsuit entitled "<u>ITV Direct v. Healthy Solutions, LLC, et al.</u>, case no. 04-10421," pursuant to FRCP 24(a), or, in the alternative, pursuant to FRCP 24(b).

### Intervention of Right, FRCP 24(a)

Cappseals is entitled to intervene as a matter of right pursuant to FRCP 24(a). Under FRCP (a)(2), intervention into an action is allowed as a matter of right where (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party. <u>Conservation Law Foundation v. Mosbacher</u>, 966 F.2d 39, 41 (1st Cir. 1992).

First, Cappseals' application for intervention is timely as the original action was filed just over a month ago, on March 2, 2004.

Second, Cappseals has an interest relating to the property or transaction that is the subject matter of the action. According to its complaint, ITV Direct brought the Lawsuit against DBC to

protect its rights relative to a distributorship agreement between the parties, and to protect its alleged interest in certain intellectual property related to the goods being distributed under the agreement. ITV Direct's Complaint, ¶¶ 10-33 (these allegations include a claim for breach of the Contract between ITV Direct and DBC). In connection with its Lawsuit, ITV Direct is withholding from DBC approximately $1,821,864.00 due and owing under the Contract for several hundred thousand bottles of Supreme Greens currently in ITV Direct's possession and control. Geremesz Aff., ¶¶ 4-6.

Cappseals has an interest in both the property described above and in the Contract between ITV Direct and DBC because Cappseals, at DBC's request, manufactured, bottled, and shipped the several hundred thousand bottles of Supreme Greens that ITV Direct is refusing to pay for. Anderson Aff., ¶ 2; Geremesz Aff., ¶¶ 4-6. At this time, Cappseals is owed approximately $890,182.09 for the goods ITV Direct continues to sell. These sums due from DBC are past-due. Anderson Aff., ¶ 2.

Third, Cappseals' interests in the goods it shipped to ITV Direct and in the amounts due and owing from DBC for these goods may, as a practical matter, be impaired by the disposition of this case. Due to ITV Direct's failure and refusal to pay DBC for the Supreme Greens manufactured and shipped by Cappseals, DBC has been unable or unwilling to pay approximately $890,182.09 due and owing to Cappseals. Geremesz Aff., ¶ 5. Further, it is Cappseals' understanding that ITV Direct and DBC are involved in settlement negotiations that are likely to hae a negative affect on Cappseals' ability to recover the moneys it is owed. These settlement negotiations include proposals to modify the Contract between ITV Direct and DBC, to modify DBC's interest in the intellectual property related to the Supreme Greens, and to reduce the amounts owed to DBC by ITV Direct. Anderson Aff., ¶ 4. The practical result of a

disposition of the Lawsuit without Cappseals' participation is that Cappseals may end up with only an unenforceable judgment against DBC because, according to DBC's own counsel, DBC has no assets for Cappseals to pursue to execute on such a judgement. Affidavit of Randall L. Duncan, ¶ 3. Such a result would be no remedy at all.

Fourth, neither ITV Direct nor DBC are in a position to adequately protect Cappseals' interest in this case. Both of these parties are adversaries of Cappseals in this matter and, as a result, cannot and will not protect Cappseals interests. Indeed, DBC's counsel is refusing to even respond to inquiries made by counsel for Cappseals. Duncan Aff., ¶ 3.

In conclusion, Cappseals is entitled to intervene in the Lawsuit as a matter of right under FRCP 24 (a)(2) because (1) its motion is timely; (2) it has an interest the property and transaction at issue in the Lawsuit; (3) disposition of the Lawsuit without Cappseals' participation may, as a practical matter, impair Cappseals' interests; and (4) neither ITV Direct nor DBC are in a position to adequately protect Cappseals' interests.

### Permissive Intervention, FRCP 24(b)

In the alternative, if the court determines that Cappseals may not intervene in the Lawsuit as a matter of right, this court should use its discretion to permit Cappseals' intervention.

This court has the discretion to allow intervention where the applicant's claim and the main lawsuit have a common question of law or fact. FRCP 24(b); In Re: Christina Thompson v. Malkemus, 965 F.2d 1136, 1142, fn. 10 (1st Cir. 1992). In this case, ITV Direct filed the Lawsuit against DBC to protect its rights relative to a distributorship agreement between the parties, and to protect its alleged interest in certain intellectual property related to the goods being distributed under the agreement. ITV Direct's Complaint, ¶¶ 10-33 (these allegations include a claim for breach of the Contract between ITV Direct and DBC).

In connection with its Lawsuit, ITV Direct is withholding from DBC approximately $1,821,864.00 due and owing under the Contract for several hundred thousand bottles of Supreme Greens currently in ITV Direct's possession and control, and which ITV Direct continues to sell. Geremesz Aff., ¶ 2. These very same Supreme Greens were manufactured, bottled, and shipped to ITV Direct by Cappseals, at DBC's request. Cappseals is owed approximately $890,182.09 for these goods, the entire sum of which is past-due. Anderson Aff., ¶ 2.

To recover this amount, Cappseals seeks to file its Complaint-in-Intervention (Exhibit A) against both ITV Direct and DBC asserting claims for, among others, (1) reach and apply under M.G.L. c. 214 § 3(6), seeking to reach the amounts due and owing to DBC by ITV Direct and apply them to the debt owed by DBC to Cappseals; (2) breach of contract, seeking enforce Cappseals' rights as a third party beneficiary of the Contract between ITV Direct and DBC; and (3) unfair business practices under M.G.L. c. § 93A, seeking to recover damages for ITV Direct's unlawful use of its debt to force a renegotiation of the Contract between ITV Direct and DBC.

All three of these claims have facts in common with the claims in the Lawsuit between ITV Direct and DBC: ITV Direct's refusal to pay for goods manufactured and shipped by Cappseals at DBC's request, pursuant to the Contract. In addition, because the Lawsuit requires the court to determine the effect of the Contract on these facts, there is also a common question of law between these claims.

Finally, the timely nature of Cappseals' motion to intervene is such that there can be no undue delay or prejudice in the adjudication of the rights between the original parties. The only party at risk of being prejudiced in this matter is Cappseals, which, if it is not allowed to

intervene in this Lawsuit, may be cut off from any meaningful compensation for the several hundred thousand bottles of Supreme Greens it manufactured, bottled and shipped to ITV Direct at DBC's request.

In conclusion, this Court should use its discretion to permit Cappseals to intervene in the underlying dispute because Cappseals' claims against DBC and ITV Direct have common issues of fact and law.

## CONCLUSION

Based on the above, Cappseals has a statutory right to intervene in the underlying action. In the alternative, this court should use its discretion to permit Cappseals to intervene in the lawsuit which was filed on or about March 2, 2004.

WHEREFORE, Cappseals, Inc. respectfully requests that this Court enter an order allowing it to intervene in the above-captioned matter and to file and serve on the existing parties in the proceeding its Complaint-in-Intervention annexed hereto as Exhibit A.

Respectfully submitted,
CAPPSEALS, INC.
By its attorneys,

Daniel J. Kelly, BBO# 553926
GADSBY & HANNAH LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

DATED: April 8, 2004