SCANNED
DATE: 4-9-04
BY: ONG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., | ) Civil Action No. 04-CV-10421-JLT |
| Plaintiff, | ) |
| v. | ) |
| HEALTHY SOLUTIONS, L.L.C., et al., | ) |
| Defendants. | ) |
| CAPPSEALS, INC., | ) |
| Plaintiff-in-Intervention, | ) |
| v. | ) |
| HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, | ) |
| Intervenor-Defendants. | ) |

### CAPPSEALS' MOTION AND MEMORANDUM IN SUPPORT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR EXPEDITED CONSIDERATION OF CAPPSEALS' MOTION TO INTERVENE

Plaintiff-in-Intervention Cappseals, Inc. ("Cappseals") hereby moves for:

(1) a temporary restraining order pursuant to Massachusetts' reach and apply statute, M.G.L. c. 214, § 3(6), to be followed by a preliminary injunction after notice to the defendants and a hearing, and

(2) expedited consideration of Cappseals' motion to intervene in the above-referenced action filed in this court by ITV Direct, Inc. ("ITV Direct") against Healthy Solutions, LLC, d/b/a Direct Business Concepts ("DBC").

## INTRODUCTION

Cappseals is owed approximately $890,182.09 by DBC for the manufacture, bottling and shipping of several hundred thousand bottles of a nutritional supplement known as Supreme Greens to ITV Direct and its related entity, Direct Fulfillment, LLC ("Direct Fulfillment"). ITV Direct owes DBC approximately $1,821,864.00 for these same Supreme Greens pursuant to a distributor agreement between the parties. ITV Direct is withholding these moneys from DBC in connection with its lawsuit against DBC regarding certain intellectual property issues related to the distributorship agreement.

Cappseals needs this prejudgment relief to protect its interest in the large receivable described above because DBC has represented to Cappseals that it is without assets to pay Cappseals in the absence of payment by ITV Direct (even though DBC's obligation to pay Cappseals is not contingent upon payment by ITV Direct) and because on-going settlement discussions between DBC and ITV Direct, negotiations to which Cappseals is not a party, could jeopardize Cappseals' ability to collect amounts owed to it for the Supreme Greens it shipped to ITV Direct. Emergency relief is requested on Cappseals' motion for a temporary restraining order because Cappseals has learned that ITV Direct and DBC are currently in negotiations which involve the compromise, reduction, or transfer of the account receivable which Cappseals seeks to reach and apply. If ITV Direct and DBC are provided with more than short notice of this action, they may enter into an agreement prior to the Court's resolution of the motion for preliminary relief which compromises Cappseals' interest in DBC's account receivable and thus cause irreparable harm to Cappseals.

## FACTS

Defendant DBC, a California limited liability company, owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional

supplement known as Supreme Greens with MSM ("Supreme Greens"). Affidavit of Gregory R. Geremesz, ¶¶ 1-2 (Annexed hereto as Exhibit 1).

Defendant ITV Direct, a Massachusetts corporation, distributes Supreme Greens on DBC's behalf pursuant to a distribution agreement between the parties (the "Contract"). The Contract also requires ITV Direct to purchase Supreme Greens from DBC. Id.

Cappseals, a Washington corporation, manufactures and bottles Supreme Greens on DBC's behalf. At DBC's request, Cappseals ships the bottled Supreme Greens to Direct Fulfillment, a Massachusetts limited liability company. Direct Fulfillment is believed to be an entity related to ITV Direct that serves as a warehousing facility for ITV Direct. Id.

The general pattern of payment to Cappseals for the manufacture and bottling of Supreme Greens follows: First, Cappseals would issue an invoice to DBC at the time it shipped the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment. DBC would in turn issue an invoice to ITV Direct. Upon receiving payment from ITV Direct, DBC would then pay Cappseals for the invoiced amount. Geremesz Aff., ¶ 3.

The last payment made by ITV Direct to DBC was during the week of February 2, 2004. At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00, all of which is past due. Geremesz Aff., ¶ 4. DBC owes Cappseals the approximate sum of $890,182.09, which is also past-due. Affidavit of Harry N. Anderson, III, ¶ 2 (Annexed hereto as Exhibit 2).

Gregory Geremesz, CEO, and Michael Howell, President, of DBC have had numerous contacts with ITV Direct's owners and management regarding the defendants' failure to pay the sums due and owing under the Contract. Most recently, on or about March 11, 2004, Gregory R. Geremesz had a telephone conversation with Robert Maihos, who is believed to be a co-owner of ITV Direct, regarding payment. During this telephone conversation, Mr. Maihos stated that "no

money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product." In other words, ITV Direct is withholding the sums due and owing under the Contract (sums owed by ITV Direct for goods it acknowledges receiving) as leverage to force a renegotiation of the Contract to attain rights to certain intellectual property and proprietary formulas owned by DBC. Geremesz Aff., ¶ 5. On or about March 2, 2004, ITV Direct filed the above-captioned lawsuit against DBC regarding these and other intellectual property issues related to Supreme Greens (the "Lawsuit"). See generally, ITV Direct's Complaint.

ITV Direct acknowledges that it has received all of the Supreme Greens manufactured, bottled and shipped by Cappseals. Reportedly, as of March 11, 2004, ITV Direct has sold approximately 45,000 more bottles than what ITV Direct has paid for. It is believed that ITV Direct sells approximately 20,000 to 30,000 bottles per week. Geremesz Aff., ¶ 6.

Defendants' failure and refusal to pay Cappseals for the $890,182.09 worth of goods shipped to ITV Direct is causing significant financial strain on Cappseals. Cappseals' entire gross revenues (not profits, but total revenue) in 2003 was approximately $5 million, much of which was expended to employ roughly forty (40) full-time employees and seven (7) part-time employees as well as to pay for manufacturing space, equipment and supplies. As of March 16, 2004, eighteen (18) full-time employees and two (2) part-time employees have been terminated as a direct result of defendants' actions. At $890,182.09, the amount due and owing from the defendants is approximately eighteen percent (18%) of Cappseals gross revenues received by Cappseals for the entire year of 2003. The financial strain being caused to Cappseals by defendant's failure and refusal to pay their debt, and by retaining the benefit of the goods shipped

to them, is driving Cappseals into bankruptcy. Further, due to the age of the receivables, Cappseals is now in default of its lender agreement. Anderson Aff., ¶ 3.

Harry Anderson, part owner of Cappseals, has had multiple conversations with Gregory Geremesz, part owner of DBC, concerning matters involved in this case. Mr. Geremesz represented to Mr. Anderson that DBC is incapable of paying the monies it owes to Cappseals for the manufacture, bottling, and shipping of the Supreme Greens to ITV Direct in the absence of payment by ITV Direct. Anderson Aff., ¶ 2; See also Geremesz Aff., ¶ 5. A similar representation—that DBC had no assets for Cappseals to pursue—was made to counsel for Cappseals, Randall L. Duncan, by counsel for DBC, Becky Christensen. Affidavit of Randall L. Duncan, ¶ 3 (Annexed hereto at Exhibit 3).

On the basis of this information, and an affidavit provided by Mr. Geremesz, Cappseals filed an action against ITV Direct in Massachusetts Superior Court on or about March 18, 2004. Cappseals was unaware of the Lawsuit filed by ITV Direct against DBC at the time it filed its lawsuit on March 18, 2004, and has since dismissed this action. Anderson Aff., 5.

Discussions between Cappseals and DBC have now broken down. Anderson Aff., 4. Indeed, on or about March 25, 2004, counsel for Cappseals faxed a letter to all three attorneys representing DBC that outlined Cappseals' concerns, interests, and possible courses of action and requesting an immediate discussion of these issues between DBC, Cappseals, and their respective counsels. DBC and its counsel have not responded to this letter. Duncan Aff., ¶ 2. In one of the final communications between Cappseals and DBC, DBC represented to Cappseals that it has entered into negotiations with ITV Direct, negotiations which include proposals to modify the Contract between DBC and ITV Direct, to modify DBC's interest in the intellectual property related to the Supreme Greens, and to reduce the amounts owed to DBC by ITV Direct.

Anderson Aff., 4. DBC is no longer responding to inquiries from Cappseals in a meaningful way. Anderson Aff., 4.

## ARGUMENT IN SUPPORT OF CAPPSEALS' MOTION FOR TEMPORARY RESTRAINING ORDER

Cappseals is entitled to reach and apply sums owed to DBC by ITV direct because Cappseals is owed a debt by DBC that DBC is unable to pay, and because ITV Direct owes a debt to DBC that cannot be attached.

Massachusetts's "reach and apply" statute, M.G.L. c. 214, § 3(6), provides a statutory basis for a plaintiff to reach a defendant's interest in property and to apply that interest in payment of the defendant's debt to the plaintiff. A bill to reach and apply is recognized as an equitable attachment, and the process combines in one proceeding matters of both law and equity. Salvucci v. Sheehan, 349 Mass. 659, 662 (1965); McCarthy v. Rogers, 295 Mass. 245, 247 (1936). In considering an action to reach and apply, the court must engage in a two-step analysis. First, the plaintiff must show the existence of a debt owed to it by the defendant. Massachusetts Electrical Co. v. Athol One, Inc., 391 Mass. 685, 687; General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc., 188 F. Supp. 2d 73, 76 (D. Mass. 2002). Second, the plaintiff must show that the property sought to be reached and applied is incapable of attachment or of taking on execution in a legal action. Id. The holder of the property sought to be reached and applied must be joined as a party defendant in the action given the interest that such party has in the issue of his indebtedness to the principal defendant. Id.

Here, Cappseals has established both of the elements necessary to succeed in its reach and apply action, which was filed as part of Cappseals' complaint in intervention that names both DBC and ITV Direct as defendants. First, Cappseals has established a debt owed by DBC to Cappseals in the amount of $890,182.09. Under M.G.L. c. 214§ 3(6), a debt includes sums owed

by the defendant as a result of a promise to pay a certain sum of money upon performance of a contract. Draper v. Hollings, 163 Mass. 127, 129 (1985). Here, DBC's debt to Cappseals results from DBC's promise to pay Cappseals for the several hundred thousand bottles of Supreme Greens it manufactured and shipped to ITV Direct. Anderson Aff., ¶ 4; See generally, Geremesz Aff. Thus, Cappseals has established the first requirement under Massachusetts' reach and apply statute.

Cappseals can also establish the second requirement under the statute (that the property sought to be reached and applied is incapable of attachment or of taking on execution in a legal action). Here, ITV Direct owes a debt to DBC in the approximate sum of $1,821,182.09 for the same Supreme Greens shipped by Cappseals to ITV Direct. Geremesz Aff., ¶¶4-6. The debt owed by ITV Direct to DBC has not been reduced to a judgment and, as a result, cannot be attached. Further, the debt owed by ITV Direct to DBC is the subject of litigation between those parties, the same litigation into which Cappseals is attempting to intervene.

When an action to reach and apply is sought pending the determination of the substantive issues, "it is the practice to issue a temporary injunction whereby the property is taken into the control of the court and is charged with an equity for the security for the plaintiff." Salvucci, 349 Mass. at 662 (emphasis added). In addition, prior to a final determination of any of the foregoing, property holder is ordinarily enjoined against transfer or alteration of the property in order that it may be preserved under final adjudication. Id.

Based on the above, Cappseals seeks a temporary restraining order:

(1)    enjoining Healthy Solution, L.L.C. d/b/a Direct Business Concepts from selling, compromising, transferring, assigning, or otherwise disposing of, alienating or hypothecating its interest in any and all monies due or to become due to DBC from ITV Direct for the manufacture

and shipment of Supreme Greens to ITV Direct or its interest in any and all intellectual property related to Supreme Greens; and

(2)  enjoining ITV Direct from selling, transferring, assigning, or otherwise disposing of, alienating or hypothecating any and all Supreme Greens in its possession or control, or any interest it may have in the first $890,182.89 of monies due or to become due to DBC by ITV Direct.

Cappseals seeks a preliminary injunction:

(1)  extending the temporary restraining order; and

(2)  requiring ITV Direct to deposit into Court or to be held in escrow by ITV Direct the sum of $890,182.89 until the Court's final resolution of this matter.

## ARGUMENT IN SUPPORT OF CAPPSEALS' MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO INTERVENE

Cappseals also moves this Court for an order expediting consideration of Cappseals' motion to intervene in the Lawsuit filed by ITV Direct against DBC. As stated above, Cappseals is suffering irreparable harm as a result of the dispute between ITV Direct and DBC and risks losing part or all of its interest in the amounts owed to it by DBC if DBC and ITV Direct are allowed to engage in and complete negotiations of their dispute without input from Cappseals. DBC and ITV Direct are currently negotiating a possible resolution to their dispute, and, as long as Cappseals is not allowed to join these settlement discussions, its interests cannot and are not being protected.

## CONCLUSION

Based on the above, Cappseals respectfully requests that the court enjoin DBC and ITV Direct in the manner described above, pursuant to Massachusetts' reach and apply statute.

Cappseals further requests that the court order expedited consideration of Cappseals' motion to intervene in the Lawsuit filed by ITV Direct against DBC.

DATED: April 8, 2004

Respectfully submitted,
CAPPSEALS, INC.
By its attorneys,

Daniel J. Kelly, BBO# 553926
GADSBY & HANNAH LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000