UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, et al. <br><br> Defendants. | CIVIL ACTION NO. 04-CV-10421-JLT |
| CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC. and DIRECT FULFILLMENT, LLC, <br><br> Intervenor-Defendants | |

**INTERVENOR-DEFENDANTS' OPPOSITION TO PLAINTIFF-
IN-INTERVENTION'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND REQUEST FOR SANCTIONS**

Intervenor-Defendants ITV Direct, Inc. ("ITV") and Direct Fulfillment, LLC hereby oppose the application of plaintiff Cappseals, Inc. ("Cappseals") for a temporary restraining order, and present this memorandum, along with the affidavit of Robert Maihos dated March 22, 2004, in support of their opposition.

**PRELIMINARY STATEMENT**

In a case of rank forum shopping and an entirely improper attempt to seek surreptitiously two bites at the same apple, plaintiff-in-intervention Cappseals brings a motion for temporary

restraining order in this Court without disclosing anywhere that the exact same motion was filed in the Massachusetts Superior Court, heard *and denied* by Superior Court Judge Bohn in Essex County. Specifically, on March 18, 2004, Cappseals filed a complaint against ITV and Direct Fulfillment in the Massachusetts Superior Court in Essex County, alleging the same causes of action as it seeks in its intervention complaint in this action. In connection with that complaint, Cappseals sought a temporary restraining order, attachment and attachment on trustee process, and submitted evidence and briefing. On March 23, 2004, after the submission of an opposition by ITV and Direct Fulfillment, the Honorable Robert H. Bohn, Jr. heard argument on Cappseals' motion. On April 2, 2004, Judge Bohn denied Cappseals' motion, holding that "the likelihood that the plaintiff will prevail in its suit against the defendant ITV Direct, Inc. and Fulfillment, LLC *is tenuous at best*." (emphasis added). Exhibit A, Memorandum and Order, at 1 (April 2, 2004). The Court also ruled that Cappseals "has available adequate remedies at law should it prevail on the merits of its case." Id. at 2.

    Undaunted by its failure to convince Judge Bohn of its likelihood of success on the merits or of irreparable harm, Cappseals has now revived its motion in this Court, submitting the exact same legal arguments and the same facts. Tellingly, Cappseals makes no mention whatsoever of Judge Bohn's ruling, or the fact that this motion was fully briefed and argued in connection with the Superior Court case. Instead, Cappseals casually references the Superior Court action and states only that it has "since dismissed the action." Motion for TRO, at 5. While technically true, Cappseals' failure to inform the Court of the entirety of the proceedings in Superior Court should alone provide this Court a basis for denying the motion, as well as for an award of sanctions. Candor with the Court is paramount for the efficient workings of the parallel federal

and state judicial systems, and is a requirement of all parties that come before the court seeking the Court's equitable powers. Cappseals' failure in this regard is inexcusable.

Notwithstanding the foregoing, Cappseals' motion should also once again be denied on the merits. As a matter of law and fact, plaintiff Cappseals cannot meet its substantial burden to show that the prerequisites for the granting of a temporary restraining order are present in this case. Critically, Cappseals cannot establish that it is likely to prevail on the merits of its claims, because it never had *any contractual relationship whatsoever* with the ITV defendants, has never even communicated with ITV, and cannot establish that it is a third party beneficiary of the Distribution Agreement between ITV and Healthy Solutions, LLC. In the Distribution Agreement between Healthy Solutions and ITV, only Healthy Solutions itself is identified as the "manufacturer" of the product and there is no other manufacturer mentioned or identified. As Judge Bohn ruled, absent any evidence that it was an intended beneficiary of the agreement between ITV and Healthy Solutions, plaintiff is nothing more than an incidental beneficiary with no standing to bring an action directly against defendants. Moreover, plaintiff has failed to provide any evidence that it lacks an adequate remedy at law in this case, requiring denial of its motion for injunctive relief.

**FACTUAL BACKGROUND**

On April 4, 2003, ITV entered into an exclusive "Distribution Agreement" with a California limited liability corporation, Healthy Solutions, LLC, for the manufacture and distribution of a product known as "Supreme Greens with MSM". The Distribution Agreement identified Healthy Solutions as the manufacturer of the Supreme Greens with MSM product and made no mention whatsoever of any third party as the manufacturer or producer of the Supreme Greens with MSM product. Nowhere in the agreement is any other party mentioned or

identified, nor did the parties contemplate any specific third party as the manufacturer of the Supreme Greens with MSM product.

Between April 4, 2003 and February 6, 2004, ITV issued purchase orders to Healthy Solutions for the purchase of the Supreme Greens with MSM product in varying quantities. None of these purchase orders identified any manufacturer other than Healthy Solutions. In order to market the sale of Supreme Greens with MSM, ITV expended millions of dollars on advertising for the product, primarily through the production and airing of two separate infomercials featuring Healthy Solutions founder and principal shareholder, Dr. Alex Guerrero. ITV also developed the logo and labels for Supreme Greens with MSM, and with the encouragement and approval of Healthy Solutions filed a trademark application for the name and design of the product.

In late 2003, ITV learned that Healthy Solutions had filed a competing trademark application for the name, Supreme Greens with MSM, in violation of the parties' agreement that the trademark would belong to ITV. In early 2004, the parties modified the prior Distribution Agreement to include sales of Supreme Greens with MSM over the Internet and the withdrawal of Healthy Solutions' competing trademark application. In connection with this agreement, ITV expended substantial additional funds on marketing and advertising for the product, which it has yet to recoup from sales of the product.

In February 2004, ITV learned that, despite the modified agreement and ITV's continued expenditures on marketing and advertising, Healthy Solutions has failed to provide an accounting of Internet sales to ITV and has failed to withdraw its trademark application as promised, causing substantial injury to ITV. Healthy Solutions has also sought to establish relationships with other distributors, despite the exclusivity provision in the Distribution

4

Agreement. Based on these breaches of contract and other acts, ITV has refused to pay Healthy Solutions under the Distribution Agreement, and on March 2, 2004 filed this action in the United States District Court for the District of Massachusetts against Healthy Solutions and Dr. Guerrero, alleging breach of contract, conversion, misrepresentation and violations of M.G.L. c. 93A. ITV believes that its damages caused by Healthy Solutions' conduct exceeds any amounts that Healthy Solutions currently claims is owed to them. The following day, on March 3, 2004, Healthy Solutions filed an action against ITV in the United States District Court for the Central District of California, seeking payment for certain outstanding invoices.

At no time has ITV or Direct Fulfillment had any contract or agreement with Cappseals, Inc. ITV never communicated directly with Cappseals regarding the manufacture of Supreme Greens with MSM, nor did ITV ever agree to pay Cappseals directly for product ordered by ITV from Healthy Solutions. ITV has never submitted a purchase order to Cappseals for the manufacture of Supreme Greens with MSM, nor has Cappseals ever submitted an invoice to ITV based upon any such purchase order. At all times, the only contractual relationship that ITV has had with any person or entity regarding the manufacture of Supreme Greens with MSM is with Healthy Solutions, and that contract does not specifically identify or contemplate any benefit to Cappseals or any other third-party manufacturer.

Despite having no contractual relationship with ITV or Direct Fulfillment, on March 18, 2004 Cappseals filed an action for breach of contract and unjust enrichment against ITV and Direct Fulfillment in the Massachusetts Superior Court in Essex County. The same day, Cappseals moved for a temporary restraining order, attachment and attachment on trustee process. On March 22, 2004 the defendants opposed the motion and Judge Bohn conducted a hearing. On April 2, 2004, Judge Bohn denied Cappseals' motion, finding that "the likelihood

5

that the plaintiff will prevail in its suit against the defendant ITV Direct, Inc. and Fulfillment, LLC is tenuous at best," and that Cappseals "has available adequate remedies at law should it prevail on the merits of its case." Memorandum and Order, at 1-2 (April 2, 2004) (Attached hereto as Exhibit A).

## ARGUMENT

The burden is on the plaintiff to show that the prerequisites for the granting of a temporary restraining order are present in this case. Plaintiff cannot do so.

### I.  This Motion Is Precluded By Judge Bohn's Memorandum and Order

The factual and legal arguments advanced by the plaintiff in support of its motion for preliminary injunctive relief have already been considered and rejected by the Massachusetts Superior Court. That ruling, made by a Massachusetts court as a matter of Massachusetts law, is determinative of the present motion, requiring that it be denied.[1] See, e.g., MSM Industries, Inc. v. Zurich Amer. Ins. Cos., 1997 WL 260059, at *11-12 (D. Mass. March 25, 1997) (finding that Superior Court order precluded relitigation of issue in federal court); Kalman v. Berlyn Corp., 614 F. Supp. 1327, 1329-30 (D. Mass. 1985) (issue preclusion prevented party from relitigation of issue that a court had already decided). Specifically, as a matter of Massachusetts contract law, Judge Bohn rejected Cappseals' argument that it was likely to succeed on its claims against ITV and Direct Fulfillment, finding such success "tenuous at best." Memorandum and Order, at 1. The Court also held that Cappseals had adequate remedies at law. Id. at 2.

Moreover, a party seeking to invoke the equitable powers of this Court should not be allowed to do so unless it has demonstrated complete candor to the Court. See Patriot Cinemas,

---

[1] In addressing the issue of preclusion, this Court should apply Massachusetts law because "federal courts are to give state court judgments the res judicata effect that state law prescribes." Chestnut Hill Devt. Corp. v. Otis Elevator Co., 739 F. Supp. 692, 696 (D. Mass. 1990), quoting Isaac v. Schwartz, 706 F.2d 15, 16 (1st Cir. 1983).

6

Inc. v. General Cinema Corp., 834 F.2d 208, 214 (1st Cir. 1987) ("An effective legal system depends upon norms of candor and responsibility"). Here, the plaintiff and its counsel failed to apprise the Court of the prior briefing, hearing and ruling by a Massachusetts Superior Court judge on the same motion it brings in this case seeking the same injunctive relief, stating only that it "has since dismissed the [prior state court] action." Motion for TRO at 5. Such evasive conduct should not only prevent the relief sought, it provides the basis for sanctions. See, e.g., Norton Co. v. Carborundum Co., 530 F.2d 435, 442 (1st Cir. 1976)("We do not find that, given its broad equitable discretion, the court failed properly to apply to this situation the equitable maxim that 'he who comes into equity must come with clean hands.'"); Zebrowski v. Hanna, 1991 WL 403180, at *1-2 (D. Mass. May 28, 1991) (sanction appropriate where party misled the court).

## II.  Plaintiff Is Merely An Incidental Beneficiary

As Judge Bohn found when he decided this issue in the Superior Court, the plaintiff concedes that it has no direct contractual relationship with the defendants, and has never directly communicated with the defendants. Instead, plaintiff seeks direct relief against defendants by attempting to characterize itself as a "third party beneficiary" of the contract between Healthy Solutions and ITV. However, "[i]n order to prevail under this theory the plaintiff must show that [ITV] and [Healthy Solutions] intended to give [Cappseals] the benefit of the promised performance." Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366-67 (1997). "The intent must be clear and definite." Id. See also Miller v. Mooney, 431 Mass. 57 (2000) (failure to specify clear and definite intention to benefit third party results only in an incidental beneficiary with no enforceable contract rights); Harvard Law Sch. Coalition for Civil Rights v. President and Fellows of Harvard College, 413 Mass. 66, 71 (1992).

Here, there is nothing in the record presented by the plaintiff that would demonstrate an intent on the part of ITV or Healthy Solutions to specifically benefit Cappseals at the time they entered into the Distribution Agreement. To the contrary, the agreement specifically identifies Healthy Solutions as the "manufacturer" of the Supreme Greens with MSM product and makes no mention whatsoever of *any* third-party manufacturer. On this record, Cappseals has no standing to bring a claim directly against the defendants. See Spinner v. Nutt, 417 Mass. 549, 555 (1994) (no evidence of any manifestation of intent by the contracting parties to confer a benefit upon the plaintiff); Macksey v. Egan, 36 Mass.App.Ct. 463, 468-69 (1994) (finding no evidence that the contracting parties had as their objective any benefit to the plaintiff); Volpe Constr. Co., Inc. v. First Nat'l Bank of Boston, 30 Mass.App.Ct. 249, 256 (contract was distinct arrangement between contracting parties and conferred no benefit upon plaintiff).

In Choate, Hall & Stewart v. SCA Serv., Inc., 378 Mass. 535 (1979), the Supreme Judicial Court addressed the distinction between an intended beneficiary and an incidental beneficiary by analyzing whether a payment to the party claiming to be an intended beneficiary would discharge a debt owed by the defendant to the other party to the contract, under the express terms of the agreement. Here, the Distribution Agreement does not provide for any discharge of the obligation owed by ITV to Healthy Solutions other than by payment directly to Healthy Solutions. Thus, nothing in the agreement can be construed to indicate the existence of any intended beneficiaries, including Cappseals. See Macksey v. Egan, 36 Mass.App.Ct. at 470 n. 14 (lack of discharge of obligation contemplated by agreement results in incidental beneficiary, not intended beneficiary).

In addition to its inability to demonstrate that it is an intended beneficiary of the agreement between ITV and Healthy Solutions, the plaintiff has also failed to demonstrate even

that Healthy Solutions has a likelihood of prevailing on its contractual claims against ITV, currently pending in California. As recognized by the Supreme Judicial Court, where a plaintiff establishes that it is a proper third party beneficiary, it still only "stands in the shoes" of the contracting party, subject to all affirmative defenses and counterclaims that might be brought by the defendant. Rae v. Air-Speed, Inc., 386 Mass. 187, 196 (1982), citing Restatement (Second) Contracts § 309 (1981). Here, where ITV has asserted claims against Healthy Solutions equaling or exceeding the outstanding receivable asserted by Healthy Solutions against ITV, the plaintiff cannot meet its burden of demonstrating a likelihood of success on the merits, even if a properly pled third party beneficiary. For this reason as well, neither the plaintiff nor Healthy Solutions can establish a claim for unjust enrichment, absent a resolution of ITV's claims against Healthy Solutions and its affirmative defenses in the pending action brought by Healthy Solutions in federal court in California.

As recognized in Volpe Constr. Co., Inc. v. First Nat'l Bank of Boston, 30 Mass.App.Ct. at 262, the plaintiff could have, and should have, protected itself from the losses it now claims by insisting on a direct relationship with ITV, or by obtaining for itself some security in the receivables it now claims are due and owing from Healthy Solutions. It could have demanded a letter of credit. It could have demanded a retained secured interest. It did none of these things, and its failure to do so does not now endow it with the status of an intended beneficiary with a direct claim against defendants. It is at best an incidental beneficiary with no direct claim against ITV or Direct Fulfillment and no basis for the preliminary relief requested.

**III.     The Plaintiff Has An Adequate Remedy At Law**

By means of a temporary restraining order plaintiffs are seeking to enjoin and freeze certain assets of the defendants, arguably to secure payment of damages in the event they were to

9

be successful in this action. However, as a prerequisite to the granting of a preliminary injunction, the plaintiff must show that no adequate remedy at law exists. In the present case, and as Judge Bohn has already ruled, there exist adequate remedies at law, i.e. monetary damages, and this in fact is the only relief that plaintiff is seeking. Plaintiff has provided no evidence that the defendants are financially unstable or that they would be unable to pay a judgment at the conclusion of this litigation, in the (unlikely) event that a judgment were entered against them. As a result, the plaintiff is not entitled to the injunctive relief it is seeking. Moreover, because there is an adequate remedy at law, "equity will not consider a claim for unjust enrichment." Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co., 534 F. Supp. 340, 347 (D. Mass. 1982) (where "plaintiff has made no showing that its remedy at law [] is inadequate, plaintiff cannot assert a claim for unjust enrichment").

**IV.    Sanctions Are Appropriate**

One of the inherent powers of this Court is to assess appropriate sanctions for the misconduct of a party or its counsel, including the filing of frivolous motions or an attempt to mislead the court. See Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 10-11 (1st Cir. 1985) (among the inherent powers of the Court is to impose sanctions, including an award of attorneys' fees). "A federal district court must be able to protect the administration of justice by levying sanctions in response to abusive litigation practices." Id. at 11, citing Penthouse International, Ltd. v. Playboy Enters., Inc., 663 F.2d 371, 386 (2d Cir. 1981). Here, the conduct of Cappseals and its counsel warrants a sanction from this Court for two reasons. First, the motion is duplicative of a motion already filed, considered and decided by the Massachusetts Superior Court. Thus, ITV and Direct Fulfillment have been required to incur expenses opposing a motion that has already been decided. Second, plaintiff and its counsel

have sought to mislead this Court by failing to notify the Court of the prior decision by Judge Bohn and its impact on the present motion.  See Zebrowski v. Hanna, 1991 WL 403180, at *1-2 (awarding attorneys' fees as sanction for misleading the court).

## CONCLUSION

For the foregoing reasons, Intervenor-Defendants ITV Direct, Inc. and Direct Fulfillment, LLC respectfully request that the Court deny the plaintiff's motion for a temporary restraining order and award the defendants the costs they have incurred opposing this motion, including their attorneys' fees.

By their attorney(s),

/s/ Peter S. Brooks
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated: April 13, 2004

BO1 15637500.1