COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION
NO: 04-482 C

CAPPSEALS, INC., a Washington Corporation,
Plaintiff

vs.

ITV DIRECT, INC., a Massachusetts Corporation and
DIRECT FULFILLMENT, LLC, a Massachusetts Limited Liability Company,
Defendants

vs.

BEVERLY NATIONAL BANK,
Trustee Process Defendant

## MEMORANDUM AND ORDER

After hearing, the motions of plaintiff Cappseals, Inc. for a preliminary injunction, attachment and attachment on trustee process are denied. First, the likelihood that the plaintiff will prevail in its suit against the defendant ITV Direct, Inc. and Fulfillment, LLC is tenuous at best. From the pleadings, it appears that a non-party entity, Health Solution, LLC, d/b/a Direct Business Concepts (DBC) owns certain intellectual property and proprietary formulas for a nutritional supplement known as Supreme Green with MSM (Supreme Green). DBC has a contract with the plaintiff, Cappseals, Inc. to manufacture and bottle Supreme Green.

DBC also has a contract with defendant ITV Direct to distribute Supreme Green. Apparently, at DBC's request, Cappseals ships the bottled Supreme Green to defendant Direct Fulfillment which, it is alleged, is "believed to be related to defendant ITV Direct, Inc." See Plaintiff's Motion and Memorandum, p.2. ITV then distributes the product directly to consumers.

The plaintiff does not have a contractual relationship with either defendant. It has brought

this cause of action against both, however, because either or both defendant has refused to pay for the products allegedly shipped from Cappseals to either or both defendant pursuant to the distribution agreement between DBC and ITV Direct. Cappseals has done so on the theory that ITV Direct is a third party beneficiary of the contract between DBC and Cappseals. The plaintiff has also sought damages pursuant to provisions of G.L. c.93A.

To prevail on a cause of action for conversion predicated on a theory of third party benefits, the plaintiff must show some evidence to support the proposition that either defendant was an intended beneficiary of the distribution agreement between Healthy Solution and ITV. See Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366-67 (1997). It is unable to do so.[1]

Second, because this action seeks money damages for an alleged conversion, the plaintiff will not be irreparably injured in that it has available adequate remedies at law should it prevail on the merits of its case. See Packaging Industries, Inc. v. Cheney, 380 Mass. 609 (1980).

## ORDER

For the reasons stated above, the plaintiff's motions for a preliminary injunction, approval of attachment and attachments on trustee process are denied.

Robert H. Bohn, Jr.
Justice of the Superior Court

Dated: April 2, 2004

---

[1] In their opposition to plaintiff's motion, the defendants note that the contract between Health Solutions and the defendants is the subject of two federal cases, one brought in the U.S. District Court of Massachusetts by ITV against Healthy Solutions and one brought in the United States District Court for the Central District of California by Healthy Solutions against ITV. In nether case was Cappseal included as a necessary party. See opposition p. 4.

2