UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., et al., <br><br> Defendants. <br><br> CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, <br><br> Intervenor-Defendants. | Civil Action No. 04-CV-10421-JLT |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ**

Plaintiff-in-Intervenor Cappseals, Inc. ("Cappseals") submits this brief opposition and reply to the opposition to Cappseals' motion for a temporary restraining order and request for sanctions ("Opposition") by intervenor defendants ITV Direct, Inc. and Direct Fulfillment, LLC ("ITV Defendants"). The Opposition is entirely predicated on the ITV Defendant's misrepresentation that the "exact same motion" was filed in the Massachusetts Superior Court and was denied by Superior Court Judge Bohn, and was preceding by the filing of a complaint by Cappseals in the Essex Superior Court "alleging the same causes of action" (the "Superior Court Action"). On the contrary, the Superior Court Action was solely against the ITV Defendants

(and not Healthy Solutions, LLC d/b/a Direct Business Concepts ("DBC")), and did not include a reach and apply count against the ITV Defendants.  Moreover, Cappseals' basis for its request in the Superior Court Action for preliminary relief was its third party beneficiary claim (discussed by Judge Bohn in his opinion), and not a reach and apply claim which forms the basis for its request for preliminary relief against both DBC and the ITV Defendants in this matter.  Judge Bohn's decision was based on his review of a third party beneficiary claim against the ITV Defendants and not a direct contract claim against DBC which forms the basis of this action.  The ITV Defendants' Opposition is grossly misleading because it claims that the actions are identical, and attaches Judge Bohn's decision but not the complaint and motion on which it is based.  A copy of Cappseals' Complaint, request for preliminary relief and notice of dismissal in the Superior Court Action is annexed hereto as Exhibit A.

At the time Cappseals filed its Superior Court Action, it was not aware of the federal court action in Massachusetts on which the ITV Defendants relied in their original opposition to Cappseals request for preliminary relief in that action.  Once this action was brought to Cappseals' attention, including the fact that in this action the ITV Defendants had already brought claims against DBC, Cappseals' principal contracting party, ***and has asked this Court to appoint a receiver "to take possession and control" of DBC***, Cappseals made the decision to intervene in this action to protect its interest in DBC's receivable from the ITV Defendants.  As Cappseals' motions to intervene and for a temporary restraining order explain, without such intervention and the temporary relief requested by Cappseals, the receivable is in danger of being transferred, compromised, or forgiven by DBC as a result of the claims made by the ITV Defendants in this litigation.  Unlike the Superior Court Action, Cappseals' request for temporary

relief is against DBC and the ITV Defendants, and is based on its direct contract claim against DBC and its right to reach and apply the debt owed by the ITV Defendants to DBC.

Importantly, the ITV Defendants do not assert that DBC does not owe Cappseals under its contract to supply ITV with the Supreme Greens product, nor do the ITV Defendants deny that they accepted the Supreme Greens product that was shipped to them by Cappseals under their contract with DBC *and have not paid for that product*. The ITV Defendants' failure to pay DBC is entirely based on the ITV's alleged right to set-off the amounts that are owed based on an alleged oral modification to its distribution agreement with DBC entitling them to royalties for internet sales of Supreme Greens by DBC and DBC's alleged breach of an agreement to transfer certain intellectual property to the ITV Defendants. Nowhere do the ITV Defendants quantifying the amount of the alleged set-off, nor set forth legal grounds for their entitlement to the set-off. Under the Uniform Commercial Code, such set-off rights are not available once the ITV Defendants have accepted the goods (which they do not contest that they have). See M.G.L. c. 106 Section 607(1) ("The buyer must pay at the contract rate for any goods accepted.")  In any event, the ITV Defendants' defenses against DBC are irrelevant in this matter because in this matter Cappseals' claims are principally against DBC. While Judge Bohn in the Superior Court Action was unwilling to find a substantial likelihood of success for Cappseals' third party beneficiary claims against the ITV Defendants, it is *undisputed* in this proceeding that Cappseals' claims against DBC, which form the basis of its reach and apply claims against the ITV Defendants, are valid. Cappseals requires temporary relief during the pendency of the dispute between DBC and the ITV Defendants to make sure that its interest in the account receivable owed by the ITV Defendants to DBC is protected.

Cappseals' request for preliminary relief is narrowly tailored to preserve the asset of DBC to which it seeks to reach and apply.  Cappseals has met all of the statutory prerequisites for entitlement to temporary relief on its reach and apply claims, including a demonstration of substantial likelihood of success in its claims against DBC for monies owed under its direct contract with DBC for the manufacture and supply of the Supreme Greens products.  Finally, these claims were not the subject of the Superior Court Action.  The arguments raised by the ITV Defendants' Opposition should be disregarded and its request for sanctions denied.

> Respectfully submitted,
> CAPPSEALS, INC.
> By its attorneys,
>
> /s/ Daniel J. Kelly
> Daniel J. Kelly, BBO# 553926
> GADSBY & HANNAH LLP
> 225 Franklin Street
> Boston, MA 02110
> (617) 345-7000

DATED:  April 14, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on the attorney of record for each other party (and upon each party appearing pro se) by mail (Healthy Solutions) and by hand (ITV) on this 14th day of April, 2004.

By: /s/ Daniel J. Kelly

B0359500v1