UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., | Civil Action No.  04-CV-10421-JLT |
| Plaintiff, | |
| v. | |
| HEALTHY SOLUTIONS, L.L.C., et al., | |
| Defendants. | |
| CAPPSEALS, INC., | |
| Plaintiff-in-Intervention, | |
| v. | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, | |
| Intervenor-Defendants. | |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS
AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S
<u>OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ</u>**

**EXHIBIT A**

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. _____

| | |
|---|---|
| CAPPSEALS, INC., a Washington Corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>ITV DIRECT, INC., a Massachusetts Corporation; and DIRECT FULFILLMENT, LLC, a Massachusetts Limited Liability Company, )<br><br>Defendants, )<br><br>Beverly National Bank, )<br><br>Trustee Process Defendant. ) | **COMPLAINT**<br><br>**Plaintiff Demands A Jury On All Claims So Triable** |

For its complaint against defendants, plaintiff Cappseals, Inc., a Washington corporation, alleges and states as follows:

1.      Plaintiff is and was at all relevant times a Washington corporation with its principal place of business in Vancouver, Washington.

2.      Defendant ITV Direct, Inc. ("ITV Direct") is and was at all relevant times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.

3.      Defendant Direct Fulfillment, LLC ("Direct Fulfillment") is and was at all relevant times a Massachusetts limited liability company with its principal place of business in Beverly, Massachusetts.

4.      Trustee Process Defendant Beverly National Bank is a banking institution in Beverly, Massachusetts, where, on information and belief, defendants keep funds.

5.    Healthy Solutions, LLC, dba Direct Business Concepts ("DBC") is and was at all material times a California limited liability company with its principal place of business located in San Diego, California.

6.    DBC owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional supplement known as Supreme Greens with MSM ("Supreme Greens"). DBC has an on-going business relationship with plaintiff to manufacture and bottle Supreme Greens on DBC's behalf.

7.    ITV Direct and DBC are parties to a contract that allows ITV Direct to distribute Supreme Greens (the "Contract"). The Contract also requires ITV Direct to purchase Supreme Greens from DBC.

8.    Plaintiff has shipped, at DBC's request, the vast majority of the Supreme Green it has manufactured and bottled to Direct Fulfillment. On information and belief, Direct Fulfillment is related to ITV Direct and serves as a warehousing facility for ITV Direct.

9.    Over the course of the business relationship between plaintiff and DBC, plaintiff has generally received payment according to the following pattern: (a) plaintiff would issue an invoice to DBC at the time it shipped the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment; (b) DBC would in turn issue an invoice to ITV Direct, which is obligated under the Contract to pay DBC; and (c) upon receiving payment from ITV Direct, DBC would then pay plaintiff for the amounts due and owing under the original invoices issued by plaintiff.

10.    At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00. DBC, in turn, owes plaintiff the approximate sum of $890,182.09. ITV Direct has refused to perform its obligation to pay these sums under the Contract.

11.    ITV Direct has acknowledged that it has received all of the Supreme Greens

2

manufactured and shipped by plaintiff.

12.    On information and belief, the defendants have approximately 300,000 bottles of Supreme Greens in their possession or control, and have re-sold approximately 45,000 more bottles of Supreme Greens than has been paid for as of March 11, 2004.  ITV Direct sells approximately 20,000 to 30,000 bottles per week at an approximate rate of $50 to $60 per bottle.

### FIRST CLAIM FOR RELIEF

(Breach of Contract:  Defendant ITV Direct)

13.    Plaintiff realleges paragraphs 1 through 12 above and incorporates them herein by this reference as if fully set forth.

14.    At all material times, ITV Direct was aware that plaintiff manufactured, bottled, and shipped the Supreme Greens it purchased from DBC under the Contract.

15.    At all material times, ITV Direct's performance under the Contract (payment to DBC) was necessary to satisfy an actual duty of DBC to plaintiff.

16.    Based on above allegations, plaintiff was and is a third-party beneficiary of the Contract between DBC and ITV Direct.

17.    ITV Direct's failure and refusal to pay for the sums due and owing under the Contract constitutes a breach of the agreement.

18.    As a result of ITV Direct's breach of the Contract, plaintiff has been damaged in the approximate sum of $890,182.09, plus interest thereon at the statutory rate, plus costs and disbursements.

### SECOND CLAIM FOR RELIEF

(Unlawful Business Practices:  Defendant ITV Direct)

19.    Plaintiff realleges paragraphs 1 through 18 above and incorporates them herein by this reference as if fully set forth.

20.     On or about March 11, 2004, Greg Geremesz, Chief Executive Officer of DBC, had a telephone conversation with Robert Maihos, who is believed to be a co-owner of ITV Direct, regarding payment of the sums due and owing under the Contract.  During this telephone conversation, Mr. Maihos stated that "no money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product."  In other words, ITV Direct is withholding the sums due and owing under the Contract (goods it has acknowledged receiving in good condition) as leverage to force a renegotiation of the Contract to attain rights to certain intellectual property and proprietary formulas owned by DBC.

21.     ITV Direct's failure and refusal to pay the sums due and owing under the Contract for the reason described in paragraph 18 above constitutes an unfair method of competition and an unfair or deceptive act in the conduct of trade which is proscribed by Section 2 of M.G.L. c. 93A.

22.     ITV Direct's acts were and are willful and/or knowing violations of Section 2 of M.G.L. c. 93A.

23.     As a result of defendant ITV Direct's unfair and deceptive practices, plaintiff has been damaged in the approximate sum of $890,182.09, plus interest thereon at the statutory rate, plus costs and disbursements, plus reasonable attorney fees.

### THIRD CLAIM FOR RELIEF

(Unjust Enrichment:  Defendants ITV Direct and Direct Fulfillment)

24.     Plaintiff realleges paragraphs 1 through 23 above and incorporates them herein by this reference as if fully set forth.

25.     As described above, plaintiff has shipped approximately $890,182.09 worth of Supreme Greens to defendants Direct Fulfillment and ITV Direct (the "defendants").  These goods have been received by and for the benefit of the defendants and, despite their awareness

of these facts, neither of the defendants has paid plaintiff for the value of these goods.

26.     Under these circumstances, it would be unjust to allow the defendants retain the benefit of these goods.

27.     As a result of the defendants' unjust enrichment, plaintiff has been damaged in the approximate sum of $890,182.09, plus interest thereon at the statutory rate, plus costs and disbursements.

### FOURTH CLAIM FOR RELIEF

### (Injunction: Defendants ITV Direct and Direct Fulfillment)

28.     Plaintiff realleges paragraphs 1 through 27 above and incorporates them herein by this reference as if fully set forth.

29.     Plaintiff will suffer irreparable injury if defendants Direct Fulfillment and ITV Direct's are allowed to continue to (a) fail and refuse to pay the sums due and owing under the contract and (b) retain the benefits of plaintiff's efforts without just compensation to plaintiff.

30.     Plaintiff is entitled to an injunction restraining defendants Direct Fulfillment and ITV Direct as follows:

> Defendants ITV Direct and ITV Direct shall not (a) transfer any assets (liquid or otherwise) other than in the normal course of business during the course of this case; (b) destroy, or otherwise injure any Supreme Greens, including all bottles and other packaging materials, in its possession or control; and (c) retain or use any monies received from the sale of Supreme Greens; these monies shall be deposited into an appropriate escrow account for the sole purpose of funding any eventual judgment against Defendant ITV Direct and/or Direct Fulfillment.

### FIFTH CLAIM FOR RELIEF

### (Trustee Process:  Beverly National Bank)

31.     Plaintiff realleges paragraphs 1 through 29 above and incorporates them herein by

this reference as if fully set forth.

32.     Mass. R. Civ. P. 4.2 and related statutes provide for trustee process.

33.     Beverly National Bank, is a trustee of the funds, goods, effects and credit of the named defendants.

34.     Plaintiff has meritorious cause of action and there is a reasonable likelihood that a judgment will be recovered for the amount sought in the Complaint.

35.     Accordingly, this Court should grant approval of Trustee Process to attach the bank account(s) of the Trustee holding the monies and credits of the defendants in the amount of $890,182.09.

WHEREFORE, plaintiff prays for relief against the defendants as follows:

1.     On plaintiff's First Claim for Relief, judgment against ITV Direct in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus plaintiff's costs and disbursements incurred herein;

2.     On plaintiff's Second Claim for Relief, judgment against ITV Direct in the principal sum of $890,182.09, trebled pursuant to Section 11 of M.G.L. c. 93A, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus plaintiff's costs, disbursements, and reasonable attorney fees incurred herein;

3.     On plaintiff's Third Claim for Relief, judgment against ITV Direct and Direct Fulfillment in the principal sum if $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus plaintiff's costs and disbursements incurred herein;

4.     On plaintiff's Fourth Claim for Relief, an injunction preventing ITV Direct and Direct Fulfillment from (a) transferring any assets (liquid or otherwise) other than in the ordinary course of business during the course of this case; (b) destroying or otherwise injuring the Supreme Greens, including any bottles or other packaging, within their possession or control; and (c) retaining or using any monies received from the sale of Supreme Greens; these monies shall be deposited into an appropriate escrow account for the sole purpose of funding any eventual judgment against Defendant ITV Direct and/or Direct Fulfillment.

5.     On Plaintiff's Fifth Claim for Relief, a trustee process attachment against the trustee process defendant in the amount of $890,182.09 of the funds and credits standing in the name of defendants.

6.     For such other and further relief as the court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

CAPPSEALS, INC.
By its attorneys,

Daniel J. Kelly, BBO # 553926
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

DATED: *March 18, 2004*



## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. _____

4 0482

| | |
|---|---|
| CAPPSEALS, INC., a Washington Corporation, | ) )
| Plaintiff, | )
| v. | )
| ITV DIRECT, INC., a Massachusetts Corporation; and DIRECT FULFILLMENT, LLC, a Massachusetts Limited Liability Company, | )
| Defendants, | )
| Beverly National Bank, | )
| Trustee Process Defendant. | )

**PLAINTIFF'S EX PARTE MOTION AND MEMORANDUM IN SUPPORT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND APPROVAL OF ATTACHMENT AND ATTACHMENTS ON TRUSTEE PROCESS**

Plaintiff Cappseals, Inc. hereby moves ex parte for a temporary restraining order (to be followed by a preliminary injunction after notice and a hearing to the defendants as well as the Court's approval of an attachment and attachment on trustee process for the defendants' failure to pay approximately $890,182.09 when due and owing. Plaintiff needs this pre-judgment relief to protect the large receivable it is owed as a result of its manufacture, bottling, and shipping of a substantial amount of a nutritional supplement known as Supreme Greens with MSM ("Supreme Greens") to defendant ITV Direct, Inc. ("ITV Direct") and Direct Fulfillment, LLC ("Direct Fulfillment") (collectively referred to herein as the "defendants").

## FACTS

Non-party Healthy Solutions, LLC, dba Direct Business Concepts ("DBC"), a California limited liability company, owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional supplement known as

Supreme Greens with MSM ("Supreme Greens").  DBC has an on-going business relationship with plaintiff, a Washington corporation, to manufacture and bottle Supreme Greens on DBC's behalf.  At DBC's request, Cappseals then ships the bottled Supreme Greens to an address for defendant Direct Fulfillment, a Massachusetts limited liability company.  Direct Fulfillment is believed to be related to defendant ITV Direct, Inc., a Massachusetts corporation, with which DBC has entered into a contract that allows ITV Direct to distribute Supreme Greens (the "Contract").  The Contract also requires ITV Direct to purchase Supreme Greens from DBC.  Affidavit of Gregory R. Geremesz, ¶¶ 1-2, annexed hereto as Exhibit 1.

The general pattern of payment to plaintiff for the manufacture and bottling of Supreme Greens is as follows:  First, Cappseals issues an invoice to DBC at the time it ships the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment.  DBC in turn issue an invoice to ITV Direct, which is obligated under the Contract to pay DBC.  Upon receiving payment from ITV Direct, DBC then pays plaintiff for the invoiced amount.  Geremesz Aff., ¶ 3.

The last payment made by ITV Direct to DBC was during the week of February 2, 2004.  At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00, all of which is past-due.  Geremesz Aff., ¶ 4.  DBC, in turn, owes plaintiff the approximate sum of $890,182.09.  Affidavit of Harry N. Anderson, III, ¶ 2, annexed hereto as Exhibit 2.

Gregory Geremesz, CEO, and Michael Howell, President, of DBC have had numerous contacts with ITV Direct's owners and management regarding the defendants' failure to pay the sums due and owing under the Contract.  Most recently, on or about March 11, 2004, Mr. Geremesz had a telephone conversation with Robert Maihos, who is believed to be a co-owner of ITV Direct, regarding payment.  During this telephone conversation, Mr. Maihos stated that "no money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product."  In other words, ITV Direct is withholding the sums due and owing under the Contract (sums owed by ITV Direct for goods it acknowledges receiving) as leverage to force a renegotiation of the Contract to attain rights to certain intellectual property

and proprietary formulas owned by DBC. This refusal by ITV Direct to pay for the Supreme Greens goods it has received has caused DBC to be unable to pay plaintiff. Geremesz Aff., ¶ 5.

ITV Direct acknowledges that it has received all of the Supreme Greens manufactured bottled and shipped by plaintiff. Reportedly, as of March 11, 2004, ITV Direct has sold approximately 45,000 more bottles than what ITV Direct has paid for. It is believed that ITV Direct sells approximately 20,000 to 30,000 bottles per week. Geremesz Aff., ¶ 6.

Defendants failure and refusal to pay plaintiff for the $890,182.09 worth of goods they have received from plaintiff is causing significant financial strain on plaintiff. Plaintiff's entire gross revenues (not profits, but total revenue) in 2003 was approximately $5 million, much of which was expended to employ roughly forty (40) full-time employees and seven (7) part-time employees as well as to pay for manufacturing space, equipment and supplies. As of March 16, 2004, eighteen (18) full-time employees and two (2) part-time employees have been terminated as a direct result of defendants' actions. At $890,182.09, the amount due and owing from the defendants is approximately eighteen percent (18%) of plaintiff gross revenues received by plaintiff for the entire year of 2003. The financial strain being caused to plaintiff by defendants failure and refusal to pay their debt, and by retaining the benefit of the goods shipped to them, has the very real possibility of driving plaintiff into bankruptcy or, even worse, out of business all together in the very near future. Anderson Aff., ¶ 3.

## ARGUMENT

### I.    PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF.

Plaintiff seeks injunctive relief to prevent defendants from (a) transferring any assets (liquid or otherwise) other than in the normal course of business during the course of this case; (b) destroying or otherwise injuring any Supreme Greens, including all bottles and other packaging materials, in its possession or control; and (c) retaining or using any monies received from the sale of Supreme Greens; these monies shall be deposited into an appropriate escrow account for the sole purpose of funding any eventual judgment against Defendant ITV Direct

and/or Direct Fulfillment. See Plaintiff's proposed Order attached hereto as Exhibit A. Plaintiff is entitled to an ex parte temporary restraining order followed by a preliminary injunction (after a hearing) because: (1) it is likely to succeed on the merits of this case at trial; (2) it will suffer irreparable injury if the requested relief is denied; and (3) the balance of equities tips in favor of plaintiff. See Packaging Industries Group Inc. v. Cheney, 380 Mass. 609, 617 (1980). In Massachusetts, the standard for the issuance of a temporary restraining order is identical to the standard for the issuance of a preliminary injunction. Mass. R. Civ. P. 65(a).

A.    Plaintiff is Likely to Succeed on the Merits of its Claim.

In the accompanying Complaint, plaintiff has brought claims against defendant ITV Direct for breach of contract (as third party beneficiary) and violation of M.G.L. c. 93A, and against both defendant ITV Direct and defendant Direct Fulfillment for unjust enrichment.

Since December of 2003, ITV Direct has requested and received over $1.8 million in Supreme Greens under a Contract between it and DBC. These goods were manufactured, bottled, and shipped by plaintiff to ITV Direct's related entity, Direct Fulfillment, with ITV Direct's knowledge that its performance under the Contract was necessary for plaintiff to receive the $890,182.09 it was owed by DBC.

In disregard of its obligations to DBC and plaintiff under the Contract, ITV Direct has failed and refused to pay for the goods it has received for the sole purpose of attempting to gain an unfair competitive advantage over DBC. ITV Direct has clearly breached its obligation to both DBC and plaintiff under the Contract, and it has done so in such a way as to commit an unfair and deceptive practice proscribed by Chapter 93A.

These facts also support plaintiff's claim against both defendants for unjust enrichment because allowing the defendants to retain the benefits of goods without compensation is unjust in light of defendants' knowledge regarding the origin, purpose and value of the goods.

**B.**    <u>Plaintiff Will Suffer Irreparable Harm Without the Requested Relief.</u>

Plaintiff is now owed almost $900,000 – exclusive of interest and costs and disbursements – an amount equal to roughly eighteen percent (18%) of the gross revenues generated by plaintiff in all of 2003. Given this substantial percentage of outstanding revenue, there is a very real possibility that plaintiff will be forced to file for bankruptcy court protection, or worse, close its doors forever, if the defendants continue to fail and refuse to meet their obligations. Once either of these events occur, irreparable harm will be inflicted upon plaintiff (and its employees), harm that can not be remedied by monetary damages once the injury has been suffered. Indeed, as of March 16, 2004, plaintiff has had to terminate eighteen (18) full-time employees and two (2) part-time employees as a direct result of defendants' actions. Plaintiff needs the injunctive relief requested to protect further dissipation of the defendants' assets and to provide it sufficient pre-judgment security for the monies it is highly likely to recover in this lawsuit.

**C.**    <u>The Equities Are In Plaintiff's Favor.</u>

In balancing the relative harms to the parties, it is clear that the defendants will suffer no prejudice if it is enjoined from making extraordinary transfers of assets during this case, or from profiting from the re-sale of goods for which it has not paid. However, plaintiff will be highly prejudiced if no injunction issues and the defendants continue to refuse to pay the amounts owed.

**II.    PLAINTIFF IS ENTITLED TO A WRIT OF ATTACHMENT.**

Rule 4.1(c) of the Massachusetts Rules of Civil Procedure provides that attachments may issue "upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment." As stated in the certificate below, plaintiff and its counsel know of no insurance available to the defendant to satisfy a judgment of $900,000 or greater.

As shown in the preceding section above, it is clear that plaintiff is likely to succeed on the merits of its claims for breach of contract, unfair and deceptive practices, and unjust enrichment because ITV Direct has received goods from plaintiff in excess of $890,000 and has refused all reasonably attempts to collect this amount. Plaintiff knows of no defense to payment of the amounts due. No returns of these goods have been attempted, and the defendants continue to enjoy the benefit of these goods at the expense of plaintiff.

Accordingly, plaintiff requests that a Writ of Attachment issue from this Court to provide pre-judgment security for plaintiff in the amount of $890,182.09.

## III.    PLAINTIFF IS ENTITLED TO AN EX PARTE ATTACHMENT ON TRUSTEE PROCESS.

Plaintiff also seeks an attachment on trustee process against a known trustee of defendant ITV Direct, Beverly National Bank. Upon information and belief, plaintiff is aware that ITV Direct may have at least one bank account at this institution, though plaintiff does not know the amount held such account. As with attachments under Mass. R. Civ. P. 4.1(c), Rule 4.2(c) also provides that attachments on trustee process may issue upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment. Again, for the reasons stated above, plaintiff is highly likely to recover all of the monies owed by ITV Direct, including interest, costs and disbursements.

Plaintiff seeks ex parte relief on the trustee process claim for relief because of ITV Direct's willingness to use its debts for illegal purposes such as unfair competition. Mass. R. Civ. P. 4.2(g) provides for ex parte relief where, among other conditions, (a) there is a clear danger that the defendant if notified in advance of the attachment on trustee process will withdraw the goods or credits from the trustee or (b) there is immediate danger that the defendant will dissipate the credits in the hands of the trustee. As detailed above, ITV Direct has shown a willingness to avoid paying its debts, despite its ability to pay, if it believes it can derive some benefit for itself in the process. Given this, it is reasonable to conclude that a real danger exists that ITV Direct will take further steps to avoid paying its debts, including the movement of its

assets out of the reach of creditors such as plaintiff. The cash assets held by the Beverly National Bank are highly liquid, and there is a high degree of probability that ITV Direct will withdraw these monies if notified of the commencement of this action and this Motion and will place these credits beyond plaintiff's reach, thereby harming plaintiff's pre-judgment security for claims on which it is highly likely to prevail at trial.

WHEREFORE, plaintiff Cappseals, Inc. respectfully requests that this Court enter an order in the form attached hereto as Exhibit A and provide such other and further relief as this Court deems proper.

Respectfully submitted,

CAPPSEALS, INC.
By its attorneys,

Daniel J. Kelly, BBO # 553926
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

DATED: *March 18, 2004*

## CERTIFICATE PURSUANT TO MASS. R. CIV. P. 4.1(f) AND 4.2(g)

The plaintiff and its counsel have no knowledge of the amount of liability insurance, if any, which will be available to satisfy any judgment against the defendant in this action.

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., | Civil Action No. 04-CV-10421-JLT |
| Plaintiff, | |
| v. | |
| HEALTHY SOLUTIONS, L.L.C., et al., | |
| Defendants. | |
| CAPPSEALS, INC., | |
| Plaintiff-in-Intervention, | |
| v. | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, | |
| Intervenor-Defendants. | |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ**

**EXHIBIT 1**

03/18/2004 09:24 FAX 503 224 7524     DUNN CARNEY     ☑004

03/16/2004  21:52  3689499429     Uregon;  B Geremesz     CAPPSEALS INC.     PAGE  02
                                                          858-831-0226     p.1

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

CIVIL ACTION NO. _____

CAPPSEALS, INC., a Washington
corporation,

      Plaintiff,

and

ITV DIRECT, INC., a Massachusetts
corporation; and DIRECT FULFILLMENT,
LLC, a Massachusetts limited liability
company,

      Defendants.

AFFIDAVIT OF GREGORY R.
GEREMESZ IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING
ORDER

STATE OF CALIFORNIA

County of San Bernadino } ss.

I, Gregory R. Geremesz, being first duly sworn, depose and state:

1. I am the Chief Executive Officer of Healthy Solutions, LLC, dba Direct Business Concepts, a California limited liability company ("DBC"). I make this affidavit on my own personal knowledge and, if called to testify, would testify in conformance with this affidavit.

2. DBC owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional supplement known as Supreme Greens with MSM ("Supreme Greens"). DBC has an on-going business relationship with Cappseals, Inc., a Washington corporation ("Cappseals") to manufacture and bottle Supreme Greens on DBC's behalf. At DBC's request, Cappseals then ships the bottled Supreme Greens to an address for Direct Fulfillment. Direct Fulfillment is believed to be related to another Massachusetts entity, ITV Direct, Inc. ("ITV Direct"), with which DBC has entered into a

contract that allows ITV Direct to distribute Supreme Greens (the "Contract"). The Contract also requires ITV Direct to purchase Supreme Greens from DBC.

3. The general pattern of payment to Cappseals for the manufacture and bottling of Supreme Greens follows: First, Cappseals would issue an invoice to DBC at the time it shipped the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment. DBC would in turn issue an invoice to ITV Direct, which is obligated under the Contract to pay DBC. Upon receiving payment from ITV Direct, DBC would then pay Cappseals for the invoiced amount.

4. The last payment made by ITV Direct to DBC was during the week of February 2, 2004. At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00, all of which is past due.

5. Numerous contacts with ITV Direct's owners and management have been made by me, as Chief Executive Officer of DBC, and by Michael Howell, President of DBC, to collect the amounts described in paragraph 4 above. Most recently, on March 11, 2004, I had a telephone conversation with Robert Maihos, whom I believe to be a co-owner of ITV Direct, regarding payment. During this telephone conversation, Mr. Maihos stated that "no money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product." In other words, ITV Direct is withholding the sums described in paragraph 4 (sums owed by ITV Direct for goods it acknowledges receiving) as leverage to force a renegotiation of the Contract to obtain rights to certain intellectual property and proprietary formulas owned by DBC. This refusal by ITV Direct to pay for the Supreme Greens goods it has received has caused DBC to be unable to pay Cappseals.

6. ITV Direct acknowledges that it has received all of the Supreme Greens manufactured and shipped by Cappseals. Reportedly, as of March 11, 2004, ITV Direct has sold approximately 45,000 more bottles than what ITV Direct has paid for. I believe that ITV Direct sells approximately 20,000 to 30,000 bottles per week.

7. ITV Direct's actions are in direct violation of the Contract. As a result, DBC has

H0355040v1                                    -2-

filed a lawsuit against ITV Direct on or about March 3, 2004 seeking recovery of the

$1,821,864.00 ITV Direct owes to DBC under the Contract.

Gregory R. Geremesz

The foregoing instrument was sworn and signed before me on the __16__ day of

_MARCH_ , 2004, by Gregory R. Geremesz.

Notary Public for California
My Commission Expires: __3/11/07__

LISA ANCONA
Commission # 1404981
Notary Public - California
San Bernardino County
My Comm. Expires Mar 11, 2007

T40355040v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., ) | Civil Action No. 04-CV-10421-JLT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |
| CAPPSEALS, INC., ) | |
| ) | |
| Plaintiff-in-Intervention, ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a ) | |
| DIRECT BUSINESS CONCEPTS; ITV ) | |
| DIRECT, INC.; and DIRECT ) | |
| FULFILLMENT, LLC, ) | |
| ) | |
| Intervenor-Defendants. ) | |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS
AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S
OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ**

**EXHIBIT 2**

03/16/2004  15:01  3609449429     DUNN CARNEY     CAPPSEALS INC.     PAGE  02/002

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                              SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT.

                                        CIVIL ACTION NO. _____

CAPPSEALS, INC., a Washington           )
corporation,                            )
                                        )
              Plaintiff,                )
                                        )
and                                     )     AFFIDAVIT OF HARRY N.
                                        )     ANDERSON, III IN SUPPORT OF
                                        )     MOTION FOR TEMPORARY
ITV DIRECT, INC., a Massachusetts       )     RESTRAINING ORDER, PRELIMINARY
corporation; and DIRECT FULFILLMENT,    )     INJUNCTION AND APPROVAL OF
LLC, a Massachusetts limited liability  )     ATTACHMENT AND ATTACHMENTS
company,                                )     ON TRUSTEE PROCESS
                                        )
              Defendants.               )

STATE OF WASHINGTON     )
                        )  ss.
County of Clark         )

I, Harry N. Anderson, III, being first duly sworn, depose and state:

1. I am a co-owner of Cappseals, Inc., a Washington Corporation ("Cappseals"). I make this affidavit on my own personal knowledge and, if called to testify, would testify in conformance with this affidavit.

2. Defendants, ITV Direct, Inc. ("ITV Direct") and Direct Fulfillment LLC ("Direct Fulfillment") (Collectively referred to herein as the "defendants") have received approximately $890,182.09 worth of goods from Cappseals for which no compensation has been paid.

3. Defendants failure and refusal to pay for the $890,182.09 worth of goods they have received from Cappseals is causing significant financial strain on the company. Cappseals' entire gross revenues (not profits, but total revenue) in 2003 was approximately $5 million, much of which was expended to employ roughly forty (40) full-time employees and seven (7) part-time employees as well as to pay for manufacturing space, equipment and supplies. As of the date of

Page 1 - AFFIDAVIT OF HARRY N. ANDERSON, III IN SUPPORT OF MOTION FOR TEMPORARY
                                        RESTRAINING ORDER.
*ODMA\GRPWISE\DUNN-CAR.POST1.CARDNT2:86191.1
CAP14-3

03/18/2004 16:41 9689244809    CAPPSEALS INC    PAGE 03
03/18/2004  FAX 503 224 7224    DUNN CARNEY    ☒003

this affidavit, eighteen (18) full-time employees and two (2) part-time employees have been terminated as a direct result of the financial strain caused by the defendants. At $890,182.09, the amount due and owing from the defendants is approximately eighteen percent (18%) of the gross revenues received by Cappseals for the entire year of 2003. The financial strain being caused to Cappseals by defendants failure and refusal to pay their debt, and by retaining the benefit of the goods shipped to them, has the very real possibility of driving Cappseals into bankruptcy or, even worse, out of business all together in the very near future.

Harry N. Anderson, III

    The foregoing instrument was sworn and signed before me on the _16_ day of _March_, 2004, by Harry N. Anderson, III.



Bonnie J. Anderson
Notary Public for _Vancouver_
My Commission Expires: _1-2-07_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., | Civil Action No. 04-CV-10421-JLT |
| Plaintiff, | |
| v. | |
| HEALTHY SOLUTIONS, L.L.C., et al., | |
| Defendants. | |
| CAPPSEALS, INC., | |
| Plaintiff-in-Intervention, | |
| v. | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, | |
| Intervenor-Defendants. | |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ**

**EXHIBIT A**

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. _____

---

CAPPSEALS, INC., a Washington
Corporation,

               Plaintiff,

and

ITV DIRECT, INC., a Massachusetts
Corporation; and DIRECT
FULFILLMENT, LLC, a Massachusetts
Limited Liability Company,

               Defendants,

Beverly National Bank,

               Trustee Process
               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**

---

      Upon consideration of Plaintiff's Ex Parte Motion and Memorandum in Support for

Temporary Restraining Order, Preliminary Injunction and Approval of Attachment and

Attachments on Trustee Process (the "Motion"), and an ex parte hearing before the Court, the

Court orders as follows:

      1.  The Motion is hereby ALLOWED as to plaintiff Cappseals, Inc. ("Cappseals")

request for a temporary restraining order and for a writ of attachment on trustee process;

      2.  The Court hereby issues a short order of notice and schedules a hearing for the _____

day of _____, 2004, at _____ p.m. on Cappseals' Motion to the extent it requests an

attachment of real or personal property of ITV Direct, Inc. ("ITV Direct") and on Plaintiff's

Motion for a preliminary injunction against both ITV Direct and Direct Fulfillment, LLC

("Direct Fulfillment");

3.    Defendant ITV Direct and defendant Direct Fulfillment are hereby temporarily

restrained pursuant to Mass. R. Civ. P. 65 from (a) transferring, encumbering, or disposing any

of their assets, other than in the ordinary course of business, as well as the assets of any

subsidiary, affiliate, agent or representative, (b) destroying or otherwise injuring any Supreme

Greens, including all bottles and other packaging materials, in its possession, and (c) retaining or

using any monies received from the sale of Supreme Greens; these monies shall be deposited

into an appropriate escrow account for the sole purpose of funding any eventual judgment

against Defendant ITV Direct and/or Direct Fulfillment, until ten (10) days from the date hereof

unless extended or modified by the Court;

4.    Defendant ITV Direct, Inc. is further temporarily restrained pursuant to Mass. R. Civ.

P. 65 from (a) transferring, encumbering, or disposing any assets currently held by it within

Massachusetts or held by trustees doing business within Massachusetts until (a) the scheduled

hearing above on Cappseals' request for an attachment and (b) service of the Summons by

Cappseals on the named trustees herein;

5.    The Court approves an ex parte $890,182.09 attachment of the funds and credits

standing in the name of ITV Direct, Inc. and Direct Fulfillment, LLC at Beverly National Bank.

SO ORDERED.


_____

Justice of the Superior Court

B0355407v1