UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., et al.,<br><br>              Defendants.<br><br>CAPPSEALS, INC.,<br><br>              Plaintiff-in-Intervention,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC,<br><br>              Intervenor-Defendants. | Civil Action No. 04-CV-10421-JLT |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S <u>OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ</u>**

EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                          SUPERIOR COURT DEPARTMENT
                                                    OF THE TRIAL COURT
                                                    CIVIL ACTION NO. _____

CAPPSEALS, INC., a Washington     )
Corporation,                      )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )          PLAINTIFF'S EX PARTE MOTION
ITV DIRECT, INC., a Massachusetts )          AND MEMORANDUM IN SUPPORT
Corporation; and DIRECT           )          FOR TEMPORARY RESTRAINING
FULFILLMENT, LLC, a Massachusetts )          ORDER, PRELIMINARY
Limited Liability Company,        )          INJUNCTION AND APPROVAL OF
                                  )          ATTACHMENT AND ATTACHMENTS
            Defendants,           )          ON TRUSTEE PROCESS
                                  )
Beverly National Bank,            )
                                  )
            Trustee Process       )
            Defendant.            )

Plaintiff Cappseals, Inc. hereby moves ex parte for a temporary restraining order (to be followed by a preliminary injunction after notice and a hearing to the defendants as well as the Court's approval of an attachment and attachment on trustee process for the defendants' failure to pay approximately $890,182.09 when due and owing. Plaintiff needs this pre-judgment relief to protect the large receivable it is owed as a result of its manufacture, bottling, and shipping of a substantial amount of a nutritional supplement known as Supreme Greens with MSM ("Supreme Greens") to defendant ITV Direct, Inc. ("ITV Direct") and Direct Fulfillment, LLC ("Direct Fulfillment") (collectively referred to herein as the "defendants").

## FACTS

Non-party Healthy Solutions, LLC, dba Direct Business Concepts ("DBC"), a California limited liability company, owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional supplement known as

Supreme Greens with MSM ("Supreme Greens"). DBC has an on-going business relationship with plaintiff, a Washington corporation, to manufacture and bottle Supreme Greens on DBC's behalf. At DBC's request, Cappseals then ships the bottled Supreme Greens to an address for defendant Direct Fulfillment, a Massachusetts limited liability company. Direct Fulfillment is believed to be related to defendant ITV Direct, Inc., a Massachusetts corporation, with which DBC has entered into a contract that allows ITV Direct to distribute Supreme Greens (the "Contract"). The Contract also requires ITV Direct to purchase Supreme Greens from DBC. Affidavit of Gregory R. Geremesz, ¶¶ 1-2, annexed hereto as Exhibit 1.

The general pattern of payment to plaintiff for the manufacture and bottling of Supreme Greens is as follows: First, Cappseals issues an invoice to DBC at the time it ships the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment. DBC in turn issue an invoice to ITV Direct, which is obligated under the Contract to pay DBC. Upon receiving payment from ITV Direct, DBC then pays plaintiff for the invoiced amount. Geremesz Aff., ¶ 3.

The last payment made by ITV Direct to DBC was during the week of February 2, 2004. At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00, all of which is past-due. Geremesz Aff., ¶ 4. DBC, in turn, owes plaintiff the approximate sum of $890,182.09. Affidavit of Harry N. Anderson, III, ¶ 2, annexed hereto as Exhibit 2.

Gregory Geremesz, CEO, and Michael Howell, President, of DBC have had numerous contacts with ITV Direct's owners and management regarding the defendants' failure to pay the sums due and owing under the Contract. Most recently, on or about March 11, 2004, Mr. Geremesz had a telephone conversation with Robert Maihos, who is believed to be a co-owner of ITV Direct, regarding payment. During this telephone conversation, Mr. Maihos stated that "no money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product." In other words, ITV Direct is withholding the sums due and owing under the Contract (sums owed by ITV Direct for goods it acknowledges receiving) as leverage to force a renegotiation of the Contract to attain rights to certain intellectual property

and proprietary formulas owned by DBC. This refusal by ITV Direct to pay for the Supreme Greens goods it has received has caused DBC to be unable to pay plaintiff. Geremesz Aff., ¶ 5.

ITV Direct acknowledges that it has received all of the Supreme Greens manufactured bottled and shipped by plaintiff. Reportedly, as of March 11, 2004, ITV Direct has sold approximately 45,000 more bottles than what ITV Direct has paid for. It is believed that ITV Direct sells approximately 20,000 to 30,000 bottles per week. Geremesz Aff., ¶ 6.

Defendants failure and refusal to pay plaintiff for the $890,182.09 worth of goods they have received from plaintiff is causing significant financial strain on plaintiff. Plaintiff's entire gross revenues (not profits, but total revenue) in 2003 was approximately $5 million, much of which was expended to employ roughly forty (40) full-time employees and seven (7) part-time employees as well as to pay for manufacturing space, equipment and supplies. As of March 16, 2004, eighteen (18) full-time employees and two (2) part-time employees have been terminated as a direct result of defendants' actions. At $890,182.09, the amount due and owing from the defendants is approximately eighteen percent (18%) of plaintiff gross revenues received by plaintiff for the entire year of 2003. The financial strain being caused to plaintiff by defendants failure and refusal to pay their debt, and by retaining the benefit of the goods shipped to them, has the very real possibility of driving plaintiff into bankruptcy or, even worse, out of business all together in the very near future. Anderson Aff., ¶ 3.

## ARGUMENT

### I.   PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF.

Plaintiff seeks injunctive relief to prevent defendants from (a) transferring any assets (liquid or otherwise) other than in the normal course of business during the course of this case; (b) destroying or otherwise injuring any Supreme Greens, including all bottles and other packaging materials, in its possession or control; and (c) retaining or using any monies received from the sale of Supreme Greens; these monies shall be deposited into an appropriate escrow account for the sole purpose of funding any eventual judgment against Defendant ITV Direct

and/or Direct Fulfillment. See Plaintiff's proposed Order attached hereto as Exhibit A. Plaintiff is entitled to an ex parte temporary restraining order followed by a preliminary injunction (after a hearing) because: (1) it is likely to succeed on the merits of this case at trial; (2) it will suffer irreparable injury if the requested relief is denied; and (3) the balance of equities tips in favor of plaintiff. See <u>Packaging Industries Group Inc. v. Cheney</u>, 380 Mass. 609, 617 (1980). In Massachusetts, the standard for the issuance of a temporary restraining order is identical to the standard for the issuance of a preliminary injunction. Mass. R. Civ. P. 65(a).

    A.    <u>Plaintiff is Likely to Succeed on the Merits of its Claim.</u>

In the accompanying Complaint, plaintiff has brought claims against defendant ITV Direct for breach of contract (as third party beneficiary) and violation of M.G.L. c. 93A, and against both defendant ITV Direct and defendant Direct Fulfillment for unjust enrichment.

Since December of 2003, ITV Direct has requested and received over $1.8 million in Supreme Greens under a Contract between it and DBC. These goods were manufactured, bottled, and shipped by plaintiff to ITV Direct's related entity, Direct Fulfillment, with ITV Direct's knowledge that its performance under the Contract was necessary for plaintiff to receive the $890,182.09 it was owed by DBC.

In disregard of its obligations to DBC and plaintiff under the Contract, ITV Direct has failed and refused to pay for the goods it has received for the sole purpose of attempting to gain an unfair competitive advantage over DBC. ITV Direct has clearly breached its obligation to both DBC and plaintiff under the Contract, and it has done so in such a way as to commit an unfair and deceptive practice proscribed by Chapter 93A.

These facts also support plaintiff's claim against both defendants for unjust enrichment because allowing the defendants to retain the benefits of goods without compensation is unjust in light of defendants' knowledge regarding the origin, purpose and value of the goods.

4

### B. Plaintiff Will Suffer Irreparable Harm Without the Requested Relief.

Plaintiff is now owed almost $900,000 – exclusive of interest and costs and disbursements – an amount equal to roughly eighteen percent (18%) of the gross revenues generated by plaintiff in all of 2003. Given this substantial percentage of outstanding revenue, there is a very real possibility that plaintiff will be forced to file for bankruptcy court protection, or worse, close its doors forever, if the defendants continue to fail and refuse to meet their obligations. Once either of these events occur, irreparable harm will be inflicted upon plaintiff (and its employees), harm that can not be remedied by monetary damages once the injury has been suffered. Indeed, as of March 16, 2004, plaintiff has had to terminate eighteen (18) full-time employees and two (2) part-time employees as a direct result of defendants' actions. Plaintiff needs the injunctive relief requested to protect further dissipation of the defendants' assets and to provide it sufficient pre-judgment security for the monies it is highly likely to recover in this lawsuit.

### C. The Equities Are In Plaintiff's Favor.

In balancing the relative harms to the parties, it is clear that the defendants will suffer no prejudice if it is enjoined from making extraordinary transfers of assets during this case, or from profiting from the re-sale of goods for which it has not paid. However, plaintiff will be highly prejudiced if no injunction issues and the defendants continue to refuse to pay the amounts owed.

## II. PLAINTIFF IS ENTITLED TO A WRIT OF ATTACHMENT.

Rule 4.1(c) of the Massachusetts Rules of Civil Procedure provides that attachments may issue "upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment." As stated in the certificate below, plaintiff and its counsel know of no insurance available to the defendant to satisfy a judgment of $900,000 or greater.

As shown in the preceding section above, it is clear that plaintiff is likely to succeed on the merits of its claims for breach of contract, unfair and deceptive practices, and unjust enrichment because ITV Direct has received goods from plaintiff in excess of $890,000 and has refused all reasonably attempts to collect this amount. Plaintiff knows of no defense to payment of the amounts due. No returns of these goods have been attempted, and the defendants continue to enjoy the benefit of these goods at the expense of plaintiff.

Accordingly, plaintiff requests that a Writ of Attachment issue from this Court to provide pre-judgment security for plaintiff in the amount of $890,182.09.

### III. PLAINTIFF IS ENTITLED TO AN EX PARTE ATTACHMENT ON TRUSTEE PROCESS.

Plaintiff also seeks an attachment on trustee process against a known trustee of defendant ITV Direct, Beverly National Bank. Upon information and belief, plaintiff is aware that ITV Direct may have at least one bank account at this institution, though plaintiff does not know the amount held such account. As with attachments under Mass. R. Civ. P. 4.1(c), Rule 4.2(c) also provides that attachments on trustee process may issue upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment. Again, for the reasons stated above, plaintiff is highly likely to recover all of the monies owed by ITV Direct, including interest, costs and disbursements.

Plaintiff seeks ex parte relief on the trustee process claim for relief because of ITV Direct's willingness to use its debts for illegal purposes such as unfair competition. Mass. R. Civ. P. 4.2(g) provides for ex parte relief where, among other conditions, (a) there is a clear danger that the defendant if notified in advance of the attachment on trustee process will withdraw the goods or credits from the trustee or (b) there is immediate danger that the defendant will dissipate the credits in the hands of the trustee. As detailed above, ITV Direct has shown a willingness to avoid paying its debts, despite its ability to pay, if it believes it can derive some benefit for itself in the process. Given this, it is reasonable to conclude that a real danger exists that ITV Direct will take further steps to avoid paying its debts, including the movement of its

assets out of the reach of creditors such as plaintiff. The cash assets held by the Beverly National Bank are highly liquid, and there is a high degree of probability that ITV Direct will withdraw these monies if notified of the commencement of this action and this Motion and will place these credits beyond plaintiff's reach, thereby harming plaintiff's pre-judgment security for claims on which it is highly likely to prevail at trial.

WHEREFORE, plaintiff Cappseals, Inc. respectfully requests that this Court enter an order in the form attached hereto as Exhibit A and provide such other and further relief as this Court deems proper.

Respectfully submitted,

CAPPSEALS, INC.
By its attorneys,

Daniel J. Kelly, BBO # 553926
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

DATED: March 18, 2004

CERTIFICATE PURSUANT TO MASS. R. CIV. P. 4.1(f) AND 4.2(g)

The plaintiff and its counsel have no knowledge of the amount of liability insurance, if any, which will be available to satisfy any judgment against the defendant in this action.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., et al.,<br><br>    Defendants. | Civil Action No.  04-CV-10421-JLT |
| CAPPSEALS, INC.,<br><br>    Plaintiff-in-Intervention,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC,<br><br>    Intervenor-Defendants. | |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S <u>OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ</u>**

**EXHIBIT 1**

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

CIVIL ACTION NO. _____

CAPPSEALS, INC., a Washington )
corporation, )
                              )
            Plaintiff, )
                              )
and                           )
                              )
ITV DIRECT, INC., a Massachusetts )
corporation; and DIRECT FULFILLMENT, )
LLC, a Massachusetts limited liability )
company, )
                              )
            Defendants. )

AFFIDAVIT OF GREGORY R.
GEREMESZ IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING
ORDER

STATE OF CALIFORNIA   )
                      ) ss.
County of San Bernadino )

I, Gregory R. Geremesz, being first duly sworn, depose and state:

1. I am the Chief Executive Officer of Healthy Solutions, LLC, dba Direct Business Concepts, a California limited liability company ("DBC"). I make this affidavit on my own personal knowledge and, if called to testify, would testify in conformance with this affidavit.

2. DBC owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional supplement known as Supreme Greens with MSM ("Supreme Greens"). DBC has an on-going business relationship with Cappseals, Inc., a Washington corporation ("Cappseals") to manufacture and bottle Supreme Greens on DBC's behalf. At DBC's request, Cappseals then ships the bottled Supreme Greens to an address for Direct Fulfillment. Direct Fulfillment is believed to be related to another Massachusetts entity, ITV Direct, Inc. ("ITV Direct"), with which DBC has entered into a

Page 1 - AFFIDAVIT OF GREGORY R. GEREMESZ IN SUPPORT OF MOTION FOR
         TEMPORARY RESTRAINING ORDER
C:\DOCUMENTS AND SETTINGS\ADMINISTRATOR\LOCAL SETTINGS\TEMPORARY INTERNET
FILES\OLK8\AFFIDAVIT OF GREG VR GEREMESZ1.DOC
(AP14-1

contract that allows ITV Direct to distribute Supreme Greens (the "Contract"). The Contract also requires ITV Direct to purchase Supreme Greens from DBC.

3. The general pattern of payment to Cappseals for the manufacture and bottling of Supreme Greens follows: First, Cappseals would issue an invoice to DBC at the time it shipped the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment. DBC would in turn issue an invoice to ITV Direct, which is obligated under the Contract to pay DBC. Upon receiving payment from ITV Direct, DBC would then pay Cappseals for the invoiced amount.

4. The last payment made by ITV Direct to DBC was during the week of February 2, 2004. At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00, all of which is past due.

5. Numerous contacts with ITV Direct's owners and management have been made by me, as Chief Executive Officer of DBC, and by Michael Howell, President of DBC, to collect the amounts described in paragraph 4 above. Most recently, on March 11, 2004, I had a telephone conversation with Robert Maihos, whom I believe to be a co-owner of ITV Direct, regarding payment. During this telephone conversation, Mr. Maihos stated that "no money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product." In other words, ITV Direct is withholding the sums described in paragraph 4 (sums owed by ITV Direct for goods it acknowledges receiving) as leverage to force a renegotiation of the Contract to obtain rights to certain intellectual property and proprietary formulas owned by DBC. This refusal by ITV Direct to pay for the Supreme Greens goods it has received has caused DBC to be unable to pay Cappseals.

6. ITV Direct acknowledges that it has received all of the Supreme Greens manufactured and shipped by Cappseals. Reportedly, as of March 11, 2004, ITV Direct has sold approximately 45,000 more bottles than what ITV Direct has paid for. I believe that ITV Direct sells approximately 20,000 to 30,000 bottles per week.

7. ITV Direct's actions are in direct violation of the Contract. As a result, DBC has

filed a lawsuit against ITV Direct on or about March 3, 2004 seeking recovery of the $1,821,864.00 ITV Direct owes to DBC under the Contract.

*Gregory R. Geremesz*

The foregoing instrument was sworn and signed before me on the 16 day of MARCH, 2004, by Gregory R. Geremesz.

*Lena Ancona*
Notary Public for California
My Commission Expires: 3/11/07

[Notary Seal: LENA ANCONA, Commission # 1404981, Notary Public - California, San Bernardino County, My Comm. Expires Mar 11, 2007]

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., et al.,<br><br>                Defendants.<br><br>CAPPSEALS, INC.,<br><br>                Plaintiff-in-Intervention,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC,<br><br>                Intervenor-Defendants. | Civil Action No. 04-CV-10421-JLT |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S <u>OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ</u>**

**EXHIBIT 2**

03/18/2004 09:24 FAX 503 224 7324    DUNN CARNEY    ☒002
03/16/2004 15:01 3509449429    CAPPSEALS INC    PAGE 02

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                           SUPERIOR COURT DEPARTMENT
                                                     OF THE TRIAL COURT

                                                     CIVIL ACTION NO. _____

| | |
|---|---|
| CAPPSEALS, INC., a Washington corporation,  )<br>    Plaintiff,  )<br>and  )<br>ITV DIRECT, INC., a Massachusetts corporation; and DIRECT FULFILLMENT, LLC, a Massachusetts limited liability company,  )<br>    Defendants.  ) | AFFIDAVIT OF HARRY N. ANDERSON, III IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND APPROVAL OF ATTACHMENT AND ATTACHMENTS ON TRUSTEE PROCESS |

STATE OF WASHINGTON    )
                       ) ss.
County of Clark        )

I, Harry N. Anderson, III, being first duly sworn, depose and state:

1. I am a co-owner of Cappseals, Inc., a Washington Corporation ("Cappseals"). I make this affidavit on my own personal knowledge and, if called to testify, would testify in conformance with this affidavit.

2. Defendants, ITV Direct, Inc. ("ITV Direct") and Direct Fulfillment LLC ("Direct Fulfillment") (Collectively referred to herein as the "defendants") have received approximately $890,182.09 worth of goods from Cappseals for which no compensation has been paid.

3. Defendants failure and refusal to pay for the $890,182.09 worth of goods they have received from Cappseals is causing significant financial strain on the company. Cappseals' entire gross revenues (not profits, but total revenue) in 2003 was approximately $5 million, much of which was expended to employ roughly forty (40) full-time employees and seven (7) part-time employees as well as to pay for manufacturing space, equipment and supplies. As of the date of

Page 1 - AFFIDAVIT OF HARRY N. ANDERSON, III IN SUPPORT OF MOTION FOR TEMPORARY
         RESTRAINING ORDER
ODMA\GRPWISE\DUNN-CAR.POST1.CLIENTS:286191.1
CAP143

03/18/2004 09:24 FAX 503 224 7324    DUNN CARNEY    ☒003

this affidavit, eighteen (18) full-time employees and two (2) part-time employees have been terminated as a direct result of the financial strain caused by the defendants. At $890,182.09, the amount due and owing from the defendants is approximately eighteen percent (18%) of the gross revenues received by Cappseals for the entire year of 2003. The financial strain being caused to Cappseals by defendants failure and refusal to pay their debt, and by retaining the benefit of the goods shipped to them, has the very real possibility of driving Cappseals into bankruptcy or, even worse, out of business all together in the very near future.

Harry N. Anderson, III

The foregoing instrument was sworn and signed before me on the 16 day of March, 2004, by Harry N. Anderson, III.



Notary Public for Vancouver
My Commission Expires: 1-2-07

Page 2 - AFFIDAVIT OF HARRY N. ANDERSON, III IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
::ODMA\GRPWISE\DUNN-CAR.POST1.CLIENTS:0216191.1
CAP14-3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., )<br>)<br>                 Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., et al., )<br>)<br>                Defendants. )<br>_____)<br>CAPPSEALS, INC., )<br>)<br>                Plaintiff-in-Intervention, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., d/b/a )<br>DIRECT BUSINESS CONCEPTS; ITV )<br>DIRECT, INC.; and DIRECT )<br>FULFILLMENT, LLC, )<br>)<br>                Intervenor-Defendants. )<br>_____) | Civil Action No. 04-CV-10421-JLT |

**PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO REQEUST FOR SANCTIONS
AND REPLY TO ITV DIRECT, INC.'S AND DIRECT FULFILLMENT, LLC'S
<u>OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQ</u>**

**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                          SUPERIOR COURT DEPARTMENT
                                                                    OF THE TRIAL COURT
                                                                    CIVIL ACTION NO. _____

| | |
|---|---|
| CAPPSEALS, INC., a Washington Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| and | ) ) ) |
| ITV DIRECT, INC., a Massachusetts Corporation; and DIRECT FULFILLMENT, LLC, a Massachusetts Limited Liability Company, | ) ) ) ) ) **ORDER** |
| Defendants, | ) ) ) ) |
| Beverly National Bank, | ) ) ) |
| Trustee Process Defendant. | ) ) ) |

Upon consideration of Plaintiff's Ex Parte Motion and Memorandum in Support for Temporary Restraining Order, Preliminary Injunction and Approval of Attachment and Attachments on Trustee Process (the "Motion"), and an ex parte hearing before the Court, the Court orders as follows:

1. The Motion is hereby ALLOWED as to plaintiff Cappseals, Inc. ("Cappseals") request for a temporary restraining order and for a writ of attachment on trustee process;

2. The Court hereby issues a short order of notice and schedules a hearing for the ____ day of _____, 2004, at ____ p.m. on Cappseals' Motion to the extent it requests an attachment of real or personal property of ITV Direct, Inc. ("ITV Direct") and on Plaintiff's

Motion for a preliminary injunction against both ITV Direct and Direct Fulfillment, LLC ("Direct Fulfillment");

3. Defendant ITV Direct and defendant Direct Fulfillment are hereby temporarily restrained pursuant to Mass. R. Civ. P. 65 from (a) transferring, encumbering, or disposing any of their assets, other than in the ordinary course of business, as well as the assets of any subsidiary, affiliate, agent or representative, (b) destroying or otherwise injuring any Supreme Greens, including all bottles and other packaging materials, in its possession, and (c) retaining or using any monies received from the sale of Supreme Greens; these monies shall be deposited into an appropriate escrow account for the sole purpose of funding any eventual judgment against Defendant ITV Direct and/or Direct Fulfillment, until ten (10) days from the date hereof unless extended or modified by the Court;

4. Defendant ITV Direct, Inc. is further temporarily restrained pursuant to Mass. R. Civ. P. 65 from (a) transferring, encumbering, or disposing any assets currently held by it within Massachusetts or held by trustees doing business within Massachusetts until (a) the scheduled hearing above on Cappseals' request for an attachment and (b) service of the Summons by Cappseals on the named trustees herein;

5. The Court approves an ex parte $890,182.09 attachment of the funds and credits standing in the name of ITV Direct, Inc. and Direct Fulfillment, LLC at Beverly National Bank.

SO ORDERED.

_____
Justice of the Superior Court