UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., et al., <br><br> Defendants. <br><br> CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, <br><br> Intervenor-Defendants. | Civil Action No.  04 CV 10421 JLT |

## COMPLAINT IN INTERVENTION

**(Reach and Apply; Breach of Contract; Action on an Account; Account Stated; Unlawful Business Practice; Unjust Enrichment)**

For its complaint-intervention against defendants, plaintiff-in-intervention Cappseals, Inc. ("Cappseals"), a Washington corporation, alleges and states as follows:

### PARTIES AND JURISDICTION

1. Cappseals is and was at all relevant times a Washington corporation with its principal place of business in Vancouver, Washington.

2. Defendant Healthy Solutions, LLC., dba Direct Business Concepts ("DBC"), is and was at all material times a California limited liability company with its principal place of

business in San Diego, California.

3. Defendant ITV Direct, Inc. ("ITV Direct") is and was at all relevant times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.

4. Defendant Direct Fulfillment, LLC ("Direct Fulfillment") is and was at all relevant times a Massachusetts limited liability company with its principal place of business in Beverly, Massachusetts. On information and belief, Direct Fulfillment is related to ITV Direct and serves as a warehousing facility for ITV Direct.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 because there is diversity among the parties and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) (1-3) because defendants ITV Direct and Direct Fulfillment are Massachusetts corporations and have as their principal place of business Massachusetts and Massachusetts is where a substantial part of the events giving rise to claim occurred.

## FACTS

7. DBC owns certain intellectual property and proprietary formulas for nutritional supplements and other products, including a nutritional supplement known as Supreme Greens with MSM ("Supreme Greens"). On information and belief, DBC has no manufacturing or distribution facilities, but relies upon third parties to manufacture and distribute Supreme Greens on its behalf.

8. ITV Direct distributes Supreme Greens on DBC's behalf pursuant to a contract between the parties (the "Contract"). The Contract also requires ITV Direct to purchase

Supreme Greens from DBC.

9. Cappseals manufactures and bottles Supreme Greens on DBC's behalf pursuant to an on-going business relationship between the parties. At DBC's request, Cappseals has shipped several hundred thousand bottles of Supreme Greens to ITV's related entity, Direct Fulfillment, since August of 2003. ITV Direct has acknowledged that it has received all of the Supreme Greens manufactured and shipped by Cappseals.

10. On information and belief, ITV Direct and Direct Fulfillment have approximately 300,000 bottles of Supreme Greens in their possession or control, and have resold approximately 45,000 more bottles of Supreme Greens than it has been paid for as of March 11, 2004. ITV Direct sells approximately 20,000 to 30,000 bottles per week at an approximate rate of $50.00 to $60.00 per bottle.

11. Over the course of the business relationship between Cappseals and DBC, Cappseals has generally received payment according to the following pattern: (A) Cappseals would issue an invoice to DBC at the time it has shipped the bottled Supreme Greens to ITV Direct's related entity, Direct Fulfillment; (B) DBC would in turn issue an invoice to ITV Direct; (C) Upon receipt and payment from ITV Direct, DBC would then pay Cappseals for the amounts due and owing under the original invoices issued by Cappseals. Although this is the general pattern of payment, DBC's obligation to pay Cappseals is not contingent upon payment by ITV Direct to DBC.

12. At this time, ITV Direct owes DBC the approximate sum of $1,821,864.00 for Supreme Greens manufactured, bottled and shipped to ITV Direct by Cappseals. ITV Direct has refused to perform its obligation to pay DBC these sums under the Contract. DBC owes

Cappseals the approximate sum of $890,182.09 for these same Supreme Greens, the entire sum of which is now past-due.

13. On information and belief, DBC and ITV Direct are involved in on-going negotiations that include proposals to modify the Contract between them, to modify DBC's interest in the intellectual property related to the Supreme Greens, and to reduce the amounts owed to DBC by ITV Direct. Further, DBC is no longer responding to inquiries from Cappseals in a meaningful way. As a result, Cappseals believes a settlement between DBC and ITV Direct that will reduce Cappseals ability to collect amounts owed to it may be imminent.

### FIRST CLAIM FOR RELIEF
**(Reach and Apply:  DBC and ITV Direct)**

14. Cappseals realleges paragraphs 1 through 13 above and incorporates them herein by this reference as if fully set forth.

15. DBC owes Cappseals the approximate sum of $890,182.09 for the manufacture, bottling and shipping of a several hundred thousand bottles of Supreme Greens to ITV Direct and its related entity, Direct Fulfillment, in Massachusetts. This entire sum owed by DBC to Cappseals is now past-due.

16. ITV Direct owes DBC the approximate sum of $1,821,864.00 for the same Supreme Greens described above.

17. On information and belief, DBC has no other assets known to Cappseals to satisfy the judgment Cappseals expects to recover from DBC. Indeed, both DBC and its counsel have made representations to Cappseals that DBC, in the absence of payment by ITV Direct, has no

assets with which to pay Cappseals. Further, Cappseals does not know whether or when the monies owed by ITV Direct to DBC will be paid because ITV Direct has instigated legal proceedings that have brought these monies and certain intellectual property rights related to the Contract between DBC and ITV Direct into dispute.

18.  Cappseals knows of no other available remedy at law to enforce payment of a judgment in its favor.

19.  Pursuant to M.G.L. c. 214, Section 3(6), Cappseals seeks to have this court (1) enjoin DBC from selling, transferring, assigning, or otherwise disposing of, alienating or hypothecating its interest in any and all monies due or to become due to DBC from ITV Direct, or its interest in any and all intellectual property related to Supreme Greens; (2) enjoin ITV Direct from selling, transferring, assigning, or otherwise disposing of, alienating or hypothecating any and all Supreme Greens in its possession or control, or any interest it may have in the first $890,182.89 of monies due or to become due to DBC by ITV Direct; (3) order the first $890,182.09 of monies due or to become due from ITV Direct to DBC to be paid into court or to be held in escrow by ITV Direct; (4) determine the amount of monies the defendants owe to Cappseals and issue judgment thereof, together with interest and costs; (5) permit Cappseals to reach and apply the first $890,182.09 of monies due and to become due from ITV Direct to DBC to any judgment Cappseals recovers against DBC; (6) appointed a special master for the purpose of determining and tracing the interest of DBC and the monies due or to be become due from ITV Direct to DBC and that the special master be ordered to reach and apply said assets to set aside the judgment Cappseals recovers against DBC; and (7) further empower the special master to do all necessary acts to reach and apply the first $890,182.09 of monies due or to become due from ITV Direct to DBC to any judgment Cappseals recovers in the within

action.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract: DBC)

20.     Cappseals realleges paragraphs 1 through 19 above and incorporates them herein by this reference as if fully set forth.

21.     Between December 2003 and March 2004, defendant DBC and Cappseals entered into a series of contracts whereby Cappseals was to manufacture, bottle, and ship several hundred thousand bottles of Supreme Greens to DBC's downstream customer, ITV Direct and its related entity, Direct Fulfillment.

22.     Cappseals has performed all of its obligations under these contracts, or its performance has been excused.

23.     Defendant DBC has failed and refused to perform its obligations under these contracts to pay Cappseals approximately $890,182.09, the entire sum of which is now past-due. Defendant DBC's refusal and failure to pay the sums constitutes a breach of the contracts entered between defendant DBC and Cappseals.

24.     As a result of defendant DBC's breach, Cappseals has been damaged in the approximate sum of $890,182.09, plus interest thereon at the statutory rate, plus costs and disbursements.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract: ITV Direct)

25.     Cappseals realleges 1 through 24 above and incorporates them herein by this reference as though fully set forth.

26. At all material times, ITV Direct was aware that Cappseals manufactured, bottled, and shipped the Supreme Greens it purchased from DBC under the Contract.

27. At all materials times, ITV Direct's performance under the Contract (payment to DBC) was necessary to satisfy DBC's obligation to pay Cappseals for the Supreme Greens Cappseals manufactured, bottled and shipped to ITV Direct and its related entity, Direct Fulfillment.

28. Based on the above allegations, Cappseals was and is a third-party beneficiary of the Contract between DBC and ITV Direct.

29. ITV Direct's failure and refusal to pay for the sums due and owing under the Contract constitutes a breach of the agreement.

30. As a result of ITV Direct's breach of the Contract, Cappseals has been damaged in the approximate sum of $890,182.09, plus interest thereon the statutory rate, plus costs and disbursements.

**FOURTH CLAIM FOR RELIEF**

**(Action on an Account:  DBC)**

31. Cappseals realleges paragraph 1 through 30 above and incorporates them herein by this reference as though fully set forth.

32. In or around August of 2003, defendant DBC opened an account with Cappseals whereby DBC was allowed to purchase certain goods from Cappseals on credit.  Between approximately August 2003 and March of 2004, all charges incurred by DBC were debited to its account with Cappseals and all payments made by DBC to Cappseals were credited to the

account.

33. There is now due and owing from DBC to Cappseals the principal sum of $890,182.09, together with interest thereon at the statutory rate and continuing to accrue thereafter until paid in full.

## FIFTH CLAIM FOR RELIEF
### (Account Stated: DBC)

34. Cappseals realleges paragraph 1 through 33 above and incorporates them herein by this reference as though fully set forth.

35. In or around March of 2004, defendant DBC and Cappseals agreed the amount stated as due and owing under the account was the correct amount due and owing under DBC's account with Cappseals.

36. There is now due and owing from defendant DBC to Cappseals the principal sum of $890,182.09, together with interest thereon at the statutory rate and continuing to accrue thereafter until paid in full.

## SIXTH CLAIM FOR RELIEF
### (Unlawful Business Practices: ITV Direct)

37. Cappseals realleges paragraphs 1 through 36 above and incorporates herein by this reference as though fully set forth.

38. On or about March 11, 2004, Gregg Geremesz, Chief Executive Officer of DBC, had a telephone conversation with Robert Maihos, who is believed to be a co-owner of ITV Direct, regarding payment of the sums due and owing under the contract. During this telephone

conversation, Mr. Maihos stated that, "No money will be paid to DBC until the current contract is renegotiated and DBC gives up rights to the Supreme Greens product." In other words, ITV Direct is withholding these sums due and owing under the contract (goods it has acknowledged receiving) as leverage to force a renegotiation of the Contract to retain rights to certain intellectual property and proprietary formulas owned by DBC.

39. ITV Direct's failure and refusal to pay the sums due and owing under the Contract for the reason described in paragraph 35 above constitutes an unfair method of competition and an unfair or deceptive act in the conduct of trade, which is prescribed by Section 2 of M.G.L. c. 93A.

40. ITV Direct's acts were and are willful and/or knowing violations of Section 2 of M.G.L. c. 93A.

41. As a result of defendant ITV Direct's unfair competition, Cappseals has been damaged in the approximate sum of $890,182.09, plus interest thereon at the statutory rate, plus costs and disbursements, plus reasonable attorney's fees.

### SEVENTH CLAIM FOR RELIEF

**(Unjust Enrichments:  Defendants ITV Direct and Direct Fulfillment)**

42. Cappseals realleges paragraph 1 through 41 above and incorporates them herein by this reference as though fully set forth.

43. As described above, Cappseals has shipped approximately $890,182.09 worth of Supreme Greens to defendants ITV Direct and Direct Fulfillment.  These goods have been received by and for the benefit of Direct Fulfillment and ITV Direct and, despite their awareness

of these facts, neither of these defendants has paid Cappseals for the value of these goods.

44. Under these circumstances, it would be unjust to allow ITV Direct and Direct Fulfillment to retain the benefit of these goods.

45. As a result of Direct Fulfillment and ITV Direct's unjust enrichment, Cappseals has been damaged in the approximate sum of $890,182.09, plus interest thereon at the statutory rate, plus costs and disbursements.

WHEREFORE, Cappseals prays for relief against the defendants as follows:

1. On Cappseals' First Claim for Relief, (1) an injunction restraining DBC from selling, transferring, assigning, or otherwise disposing of, alienating or hypothecating its interest in any and all monies due or to become due to DBC from ITV Direct, or its interest in any and all intellectual property related to Supreme Greens; (2) an injunction restraining ITV Direct from selling, transferring, assigning, or otherwise disposing of, alienating or hypothecating any and all Supreme Greens in its possession or control, or any interest it may have in the first $890,182.89 of monies due or to become due to DBC by ITV Direct; (3) an order requiring the first $890,182.09 of monies due or to become due from ITV Direct to DBC to be paid into court or to be held in escrow by ITV Direct; (4) a determination of the amount of monies the defendants owe to Cappseals and issue judgment thereof, together with interest and costs; (5) an order permitting Cappseals to reach and apply the first $890,182.09 of monies due and to become due from ITV Direct to DBC to any judgment the Cappseals recovers against DBC; (6) an order appointing a special master for the purpose of determining and tracing the interest of DBC and the monies due or to be become due from ITV Direct to DBC and that the special master be ordered to reach and apply said assets to set aside the judgment Cappseals recovers against DBC;

and (7) an order further empowering the special master to do all necessary acts to reach and apply the first $890,182.09 of monies due or to become due from ITV Direct to DBC to any judgment the Cappseals recovers in the within action;

2. On Cappseals' Second Claim for Relief, judgment against DBC in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

3. On Cappseals' Third Claim for Relief, judgment against ITV Direct in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

4. On Cappseals' Fourth Claim for Relief, judgment against ITV Direct in the principal sum of $890,182.09, trebled pursuant to Section 11 of M.G.L. c. 98A, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein, and reasonable attorneys fees incurred herein;

5. On Cappseals' Fifth Claim for Relief, judgment against DBC in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

6. On Cappseals' Sixth Claim for Relief, judgment against DBC in the principal sum of $890,192.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

7. On Cappseals' Seventh Claim for Relief, judgment against ITV Direct and Direct

-12-

Fulfillment in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

8. For such other and further relief the court deems just and proper.

                                        Respectfully submitted,
                                        CAPPSEALS, INC.
                                        By its attorneys,

                                        Daniel J. Kelly, BBO# 553926
                                        GADSBY & HANNAH LLP
                                        225 Franklin Street
                                        Boston, MA 02110
DATED: April 8, 2004                    (617) 345-7000

B0358722v1