UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.<br>　　　　Plaintiff,<br>v.<br><br>HEALTHY SOLUTIONS, LLC, et al.,<br>　　　　Defendants.<br>────────────────────────<br>CAPPSEALS, INC.<br>　　　　　Plaintiff-in-Intervention,<br>v.<br><br>HEALTHY SOLUTIONS, LLC, d/b/a DIRECT<br>BUSINESS CONCEPTS; ITV DIRECT, INC.;<br>and DIRECT FULFILLMENT, LLC,<br>　　　　　Intervenor-Defendants.<br>────────────────────────<br>HEALTHY SOLUTIONS, LLC dba DIRECT<br>BUSINESS CONCEPTS, a California limited<br>liability company; HEALTH SOLUTIONS, INC.,<br>a California corporation; ALEJANDRO<br>GUERRERO, an individual;<br>　　　　　Counterclaim Plaintiffs,<br>v.<br>ITV DIRECT, INC., a Massachusetts corporation;<br>DIRECT FULFILLMENT LLC, a Massachusetts<br>limited liability company, and DOES 1-10,<br>inclusive,<br>　　　　　Counterclaim Defendants. | Civil Action No. 04-CV-10421-JLT<br><br>Judge Joseph L. Tauro<br><br>ANSWER OF DEFENDANTS HEALTHY<br>SOLUTIONS, LLC, HEALTH SOLUTIONS,<br>INC., ALEJANDRO GUERRERO,<br>MICHAEL HOWELL, AND GREG<br>GEREMESZ |

Defendants Healthy Solutions, LLC, Health Solutions, Inc., Alejandro Guerrero, individually as an officer and director of Health Solutions, Inc., Michael Howell, individually and as a member of Healthy Solutions, LLC, and as an officer of Health Solutions, Inc., and Greg Geremesz, individually and as a member of Healthy Solutions, LLC, and as an officer of Health Solutions, Inc., (collectively "Defendants") plead by way of Answer to the Complaint and in allegation of various causes of action pleads:

Answer: Healthy Solns, Health Solns
Guerrero, Howell, Geremesz

## JURISDICTION

1.    Defendants admit the allegations of Paragraph 1.

2.    Defendants admit that this Court has personal jurisdiction over the Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, deny same.

## VENUE

3.    Defendants admit the allegations of Paragraph 3.

## PARTIES

4.    Defendants admit the allegations of Paragraph 4.

5.    Defendants admit the allegations of Paragraph 5.

6.    Defendants admit the allegations of Paragraph 6.

7.    Defendants admit the allegations of Paragraph 7.

8.    Defendants admit the allegations of Paragraph 8.

9.    Defendants admit the allegations of Paragraph 9.

## FACTS

10.    Defendants admit the allegations of Paragraph 10.

11.    Defendants admit that ITV has utilized infomercials for the promotion of a variety of nutritional products.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, deny same.

12.    Defendants deny the allegations of Paragraph 12.

13.    Defendants deny the allegations of Paragraph 13.

14.    Defendants deny the allegations of Paragraph 14.

15.    Defendants admit the allegations of Paragraph 15.

16.    Defendants admit the allegations of Paragraph 16.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, deny same.

18.    Defendants admit that defendant Guerrero at some point advised ITV that he had not applied to register the trademark "SUPREME GREENS with MSM" and admit that ITV

suggested registering a different mark for the product.    Defendants deny the remainder of the allegations of Paragraph 18.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, deny same.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, deny same.

21.    Defendants admit that they received orders for millions of dollars worth of product from ITV and deny that any success of the first infomercial was due solely through the efforts of ITV.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 21 and, therefore, deny same.

22.    Defendants deny the allegation that to continue the momentum in the marketing of the product, Defendants encouraged ITV to produce and air a second infomercial for "Supreme Greens with MSM."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 22 and, therefore, deny same.

23.    Defendants admit that they agreed to reduce the per bottle purchase price of the product to $6.00.  Defendants deny the remainder of the allegations of Paragraph 23.

24.    Defendants admit that a $7,500 check was cashed and deny the remainder of the allegations of Paragraph 24.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, deny same.

26.    Defendants deny the allegations of Paragraph 26.

27.    Defendants admit, on information and belief, that ITV sent multiple e-mails to defendant Geremesz urging a purchase of "supremegreens.com" website. Defendants deny the remainder of the allegations of Paragraph 27.

28.    Defendants deny the allegations of Paragraph 28.

## COUNT I - BREACH OF CONTRACT

29.    Denied unless otherwise admitted as indicated above.

30.    Denied.

31.    Denied.

3                   Answer: Healthy Solns, Health Solns
                    Guerrero, Howell, Geremesz

32.    Denied.

33.    Denied.

## COUNT II - CONVERSION

34.    Denied unless otherwise admitted as indicated above.

35.    Denied.

36.    Denied.

## COUNT III - MISREPRESENTATION

37.    Denied unless otherwise admitted as indicated above.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

## COUNT IV - VIOLATION OF M.G.L. C. 93A

43.    Denied unless otherwise admitted as indicated above.

44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, deny same.

45.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, deny same.

46.    Denied.

## COUNT V - ACCOUNTING/APPOINTMENT OF RECEIVER

47.    Denied unless otherwise admitted as indicated above.

48.    Denied.

49.    Denied.

50.    Denied.

4                    Answer: Healthy Solns, Health Solns
                     Guerrero, Howell, Geremesz

## COUNT VI - DECLARATORY RELIEF

51.  Denied unless otherwise admitted as indicated above.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

### FIRST AFFIRMATIVE DEFENSE

57.  The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

58.  Defendants' statements, acts and omissions, if any there were, are privileged.

### THIRD AFFIRMATIVE DEFENSE

59.  Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

60.  On information and belief, Plaintiff has breached the April 2003 Distribution Agreement, infringed Defendants' trademark, violated defendant Guerrero's publicity rights and/or has acted in a manner that constitutes unfair competition under Federal, California and/or Massachusetts law.

61.  Plaintiff's claims are, therefore, barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

62.  Plaintiff's claims are barred by the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

63.  Defendants' statements with respect to Plaintiff, if any there were, were true and, therefore, are not actionable.

Answer: Healthy Solns, Health Solns
          Guerrero, Howell, Geremesz

## SEVENTH AFFIRMATIVE DEFENSE

64.     Defendants' statements with respect to Plaintiff, if any there were, were mere statements of opinion and, therefore, are not actionable.

## EIGHTH AFFIRMATIVE DEFENSE

65.     The alleged contract(s) or agreement(s) Plaintiff complains of is invalid for want of a valid offer or acceptance.

## NINTH AFFIRMATIVE DEFENSE

66.     The alleged contract(s) or agreement(s) Plaintiff complains of is invalid because Defendants did not accept Plaintiff's alleged offer.

## TENTH AFFIRMATIVE DEFENSE

67.     The alleged contract(s) or agreement(s) Plaintiff complains of is invalid because revocation of an underlying offer was revoked before any alleged acceptance.

## ELEVENTH AFFIRMATIVE DEFENSE

68.     The alleged contract(s) or agreement(s) Plaintiff complains of is invalid for want of mutual assent.

## TWELVTH AFFIRMATIVE DEFENSE

69.     The Plaintiff was under a pre-existing duty to fulfill its obligations under the April 2003 Distribution Agreement.  The alleged contract(s) or agreement(s) Plaintiff complains of is invalid for want of consideration.

## THIRTEENTH AFFIRMATIVE DEFENSE

70.     By way of its conduct, Plaintiff rescinded the alleged contract(s) or agreement(s) it complains of was breached.

## FOURTEENTH AFFIRMATIVE DEFENSE

71.     Plaintiff is not the true owner of the mark "SUPREME GREENS with MSM".

Answer: Healthy Solns, Health Solns
Guerrero, Howell, Geremesz

## FIFTEENTH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims are barred by the doctrine of acquiescence.


WHEREFORE, Defendants pray that:

A.    Plaintiff takes nothing by way of its Complaint;

B.    Defendants be awarded its costs, including attorney fees as allowed by the law; and

C.    For such other and further relief as allowed by the law.

Respectfully submitted,
HEALTHY SOLUTIONS, LLC,
HEALTH SOLUTIONS, INC.,
ALEJANDRO GUERRERO,
MICHAEL HOWELL,
GREG GEREMESZ
By its and their attorneys,


Becky V. Christensen, Esq. CA State Bar # 147013
Craig McLaughlin, Esq. CA State Bar #182876
LEVIN & O'CONNOR
384 Forest Avenue, Suite 13
Laguna Beach, CA  92651
(949) 497-7676

Dustin F. Hecker
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts  02199-8004
DATED: April 19, 2004          (617) 973-6100


**I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY HAND/MAIL ON**

In accordance with separately-filed Certificate of Service, copies of these pleadings were filed on the counsel of record by California counsel for the defendants by Federal Express on 4-19-04.

7          Answer: Healthy Solns, Health Solns
Guerrero, Howell, Geremesz