UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV, INC. <br>           Plaintiff, <br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., et al., <br><br>           Defendants. <br><br> AND RELATED CASES | Case No. 04-CV-10421-JLT <br><br><br><br><br><br> Hearing Date: May 20, 2004 <br> Time:         10:30 a.m. <br> Place: Courtroom 20, 7th Floor <br>        1 Courthouse Way <br>        Boston, Massachusetts |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR TEMPORARY
<u>RESTRAINING ORDER</u>**


HEALTHY SOLUTIONS, LLC, et al.,

By their attorney(s)


Becky V. Christensen, Esq. (State Bar No. 147013)
Craig McLaughlin, Esq. (State Bar No. 182876)
LEVIN & O'CONNOR
384 Forest Avenue, Suite 13
Laguna Beach, CA 92660
Telephone: 949 497-7676
Facsimile:  949 497-7679

**I.     INTRODUCTION**

In Reply to Plaintiff's Opposition to Defendants' Motion for Temporary Restraining Order[1], Defendants present new evidence that Plaintiff ITV Direct, Inc. ("ITV") has lied under penalty of perjury and continues, in express contradiction to its own officer's sworn declaration, to willfully and intentionally air "Supreme Greens" infomercials which feature spokesman, Alejandro Guerrero without his consent. Further, ITV continues selling and profiting from Supreme Greens for which it has not paid.

Robert A. Maihos, principal shareholder, Director, and Treasurer of ITV and federal felon stated under penalty of perjury on April 9, 2004 in proceedings before the United States District Court for the Central District of California, the Hon. Robert Timlin, Presiding:

> "14.  <u>ITV has cancelled all future media purchases in connection with the Supreme Greens infomercial</u>, and is <u>actively substituting other infomercials for media time that ITV has already purchased</u>, at substantial expense. ITV expects that, while the Supreme Greens infomercial may run in a few markets over the next several days, <u>it will be completely replaced within 7 to 10 days [April 16 to 19]</u>. <u>ITV has no intention to air the Supreme Greens infomercial in the future,</u> and intends to sell off existing inventory through reorders and its autoship program. The autoship program is a contract with our customers to deliver them product in the future at regular intervals." (Emphasis added). (Decl. Robert Maihos in Opposition to Plaintiffs' Motion for Temporary Restraining Order, U.S. Dist. Ct. C.D. Cal. Case No. ED CV 04-00236-RT (SGLx) filed 4/9/04, Exh. A in Support of Defendants' Reply in Support of Defendants' Motion for TRO filed concurrently herewith).

These statements of fact and "intention" are false. ITV in fact has continued to air the infomercial over and over again on multiple channels as recently as April 28, 2004, well past the

---

[1] Plaintiff ITV filed its Opposition on May 5, 2004, but did not serve upon Defendants until May 10, 2004. Service was prompted by two requests from Defendants' counsel.

"intended" date and directly contrary to the claim that media buys had been cancelled or other infomercials substituted. [Exh. B, Dec. Cantanese, Infomercial Monitoring Service Inc. filed concurrently]. So much for ITV's statements of intention.

In his most recent Affidavit dated April 30, 2004, Maihos specifically admits that "ITV has contacted a manufacturer" and "<u>certain raw materials have been ordered</u> by the manufacturer for possible production of ITV's own greens product . . .", but Maihos now denies that there is any "intention" to produce counterfeit Supreme Greens. (Emphasis added). [Decl. Maihos 4/30/04, ¶19]. This directly contradicts four independent statements of ITV's agents, two in writing and two verbal, that ITV had already ordered unauthorized Supreme Greens. [Decl. Guerrero in Support dated 4/19/04, ¶8-9]. If ITV's latest pronouncements are entirely true and without artifice or deception, then ITV should have no objection to agreeing not to produce Supreme Greens and to stop airing the infomercials. ITV stated on April 9, 2004 under penalty of perjury:

> "14. . . .<u>ITV has no intention to air the Supreme Greens infomercial in the future, and intends to sell off existing inventory through reorders and its autoship program.</u> The autoship program is a contract with our customers to deliver them product in the future at regular intervals." (Emphasis added). [Decl.Maihos dated 4/09/04 (Cal. Action) filed herewith as Exh. A].

If this statement made on April 9, 2004 were true and there is no ITV "intent" to sell anything but genuine product, then there is no need to advertise via infomercial because all sales after April 9, 2004, according to Maihos' sworn statement, would be "<u>existing inventory through reorders and its autoship program.</u>" <u>Id</u>. Reorders and autoships do not require advertising. ITV's conduct contradicts ITV's April 9, 2004 declaration. We know that ITV in fact has continued to advertise and to sell Supreme Greens, authentic or otherwise, well after these statements were made. [Dec. Cantanese, Infomercial Monitoring Service. Exh. B].

Mr. Maihos' false statements and ITV's other misleading statements in this proceeding show that ITV is highly likely to be secreting its gains from the sale of product it has not paid for. Those

gains are likely to vanish if ITV is not immediately enjoined.

In its Opposition to Defendants' Motion for Temporary Restraining Order, Plaintiff ITV also misleads when it falsely accuses Defendant Alejandro Guerrero of fraud. This is another transparent attempt to shoehorn such allegations into yet another excuse to avoid paying Defendant Healthy Solutions, LLC for product it ordered, product it received without the slightest objection, and product it continues to sell.

A Temporary Restraining Order should stop the Supreme Greens infomercials and freeze the proceeds of the sale of Supreme Greens to avoid further irreparable injury to defendants and allow expedited discovery.

**II.    DISCUSSION**

The Distribution Agreement of April 2003 is no longer in effect. Thus, ITV has no right to use Defendant Guerrero's name and likeness. ITV's use is also prohibited by Massachusetts and California law. ITV owes Healthy Solutions, LLC over $1.8 million.

ITV first selectively ignores the Distribution Agreement by failing to pay, contradicts its statements on mark ownership, contradicts all payment provisions and asserts a variety of claims never agreed to by Defendants. ITV then brazenly claims that the same Agreement should protect it from its own misconduct. Combined with ITV's false statements, irreparable harm is apparent and Defendants' Motion should be granted.

**A.    DEFENDANTS CONTINUE TO BE CLEARLY AND IRREPARABLY HARMED BY ITV'S CONTINUED AIRINGS OF THE INFOMERCIAL AND ITV'S CONTINUED CONTROL OF PROCEEDS FROM THE SALE OF SUPREME GREENS. ITV'S CONDUCT AND POSITION SHOW THAT IT CANNOT BE BELIEVED.**

ITV's principle shareholder, Director, Treasurer, and federally convicted felon, Mr. Robert A. Maihos, has stated under penalty of perjury that ITV "has no intention to air the Supreme Greens infomercial in the future." The airing of Supreme Greens infomercials, however, has not stopped.

[Dec. Cantanese, Independent Monitoring Service, Exh. B] . If ITV has no intention of running more Supreme Greens infomercials, then ITV should not be opposing Defendants' request for injunctive relief barring ITV from further airings and use of Alex Guerrero's likeness and name. It also follows that the harm to ITV of enjoining further airings is non-existent.

**B.     THE FUNDS FROM THE SALE OF SUPREME GREENS WILL VANISH IF ITV IS NOT ENJOINED.**

The statements of ITV reveal its true motivation to continue to misappropriate Guerrero's name and image to sell Supreme Greens, regardless of the product's source. Even according to Robert Maihos, Supreme Greens with MSM$^{TM}$ has achieved great popularity as evidenced by 55,000 internet searches for "Supreme Greens" in February 2004. [Decl. Robert Maihos, ¶7 (April 30, 2004), Plaintiff's Opposition]. According to a recent report by REVShare, the Supreme Greens infomercial has succeeded for ITV as the 22nd most popular infomercial in March of 2004. [Exh. D]. There is no other ITV infomercial on the report.

It is believed that ITV is currently selling Supreme Greens with MSM$^{TM}$ product at an average rate of 20,000 bottles per week for about $25-$30 per bottle through its call center and web site. ITV has not controverted these assertions by Mr. Geremesz. [Decl G. Geremesz, ¶18, ¶20, Exh. B of Defendants' Motion] At such a rate, ITV is bringing in about $500,000 per week. ITV continues to make hundreds of thousands of dollars from improper infomercial airings and continues to sell Supreme Greens product it has not paid for, if genuine. If not, such sales are prohibited by law as counterfeit. This money has not been shared with Defendants. Indeed the purchase price of $6.00 per unit has not been paid.

ITV generally referenced its expenses vaguely as "millions," but the money flowing to ITV and its President is apparent. In a local Beverly, Massachusetts newspaper article about ITV's President and "Info-Merlin" Donald Barrett, Mr. Barrett is quoted: "He says he can produce one infomercial for under $10,000 . . . ." [*Info-Merlin*, North Shore, pg. 4, Jan. 9, 2004, by Dinah Cardin, Exh. E hereto.] Showing off his successful look in the article's photograph, the author

quotes Mr. Barrett further: "Barrett says he's always wanted this particular $4,000 suit that he bought during a trip to Las Vegas.  His Beverly home sits on 11 acres and he drives expensive cars." *Id*. at pg. 2.  By Donald Barrett's own admissions, it is clear where the funds from sales have gone and are going.  As Bob Dylan sings, "it doesn't take a weatherman to know which way the wind blows."

If the order requiring an escrow fund is not granted, this income will likely vanish with sales of the product, frustrating and greatly harming Defendants as well as Cappseals, Inc., the Plaintiff-in-Intervention.  ITV's revenue should be put in escrow until this case is resolved.

## C.   ITV'S NEWFOUND ALLEGATIONS OF FRAUD ARE UNSUPPORTED, ARE UNTRUE, AND ARE NOT A DEFENSE TO ITS OBLIGATION TO PAY

In its Opposition, ITV now accuses Defendant Guerrero of fraud.  ITV's tactic, however, is but the latest in ITV's growing laundry list of manufactured alleged excuses for repudiation and breach.  According to the plain language of the Distribution Agreement dated 4/03/03, there has been no fraud or bad faith by Defendants. [Agreement, Defendant's Motion, 4/19/04, Geremesz Dec. ¶9, Exh. 3]. Indeed, Defendant Guerrero was not even a party to the Distribution Agreement, despite ITV's false statement that he signed it. [Plaintiff's Opposition, pg. 6, last para.] Indeed, Alejandro ("Alex") Guerrero was designated merely as a spokesperson for ITV's infomercial. [Agreement, ¶16(b)4,  Defendant's Motion, 4/19/04, Exh. 3]  Consistently, ITV provides no support for its baseless conclusions.

Moreover, according to the Agreement, it was ITV that had complete discretion as to whether to utilize Defendant Guerrero as a spokesperson.  It was also ITV that exercised total control over the editing of Supreme Greens infomercials, including edits over the objections of Defendant Guerrero.  [Agreement, ¶16(b), (c), Defendant's Motion, 4/19/04, Exh. 3; Decl. A. Guerrero, ¶3 , 5/13/04, Exh. C hereto.]

In its Opposition, ITV's reference to contact by the FTC is yet another smokescreen. ITV asserts that a monetary claim against it by the FTC would be the responsibility of Defendants.  While ITV makes a number of scurrilous allegations about Defendant Guerrero as a pretext for not

paying money owed, it fails to mention that another ITV infomercial, "Coral Calcium Daily" from Robert "Barefoot," is also under scrutiny. Alex Guerrero never misrepresented or misled ITV about his credentials, his work or his product. [Dec. Guerrero dated 5/12/04, Exh. C ¶3-4]. ITV had copies of his diplomas, received articles and other publications about the components of Supreme Greens with MSM$^{TM}$, and otherwise was fully informed. *Id.* The allegations that ITV has been misled or can blame Alex Guerrero are as disingenuous as their "intention" to stop airing the infomercial. ITV is the one who controlled the infomercial, edited it, and controlled what was aired and when.

ITV is also legally incorrect. In its Opposition, ITV cites *Martinelli v. Siegal*, 176 F.2d 98 (1st Cir. 1949) for the proposition that ITV may rescind a contract after fraud is discovered. Martinelli, a licensee under the Act, defended an action brought by Siegal before the Secretary of Agriculture for the full contract price of Siegal's purportedly "good" grapes that were rejected by Martinelli on delivery as decayed.

First, even a cursory review of *Martinelli* indicates that its holding is limited to the Perishable Agricultural Commodities Act of 1930 and that the Act does not apply to this case. Secondly, the dispute in *Martinelli* was between *parties* to a contract. As stated above, Defendant Guerrero was not a party to the Agreement. Lacking privity with him, ITV cannot avoid its obligations to Healthy Solutions, LLC, the contracting party, by accusing Defendant Guerrero of fraud. Third, ITV admits that it placed "purchase orders to Healthy Solutions for the purchase of the Supreme Greens with MSM product in varying quantities" through February 6, 2004. ITV does not controvert Mr. Geremesz' sworn statement that ITV has received all the product shipped under the purchase orders and that ITV refused to pay the more than $1.8 million owed. [Decl. G. Geremesz, ¶18, ¶20, Defendants' Motion.]

**D.    ITV'S CLAIMS THAT IT HAS NOT PROFITED, MAY HAVE A SET OFF, AND SHOULD SOMEHOW BE OTHERWISE EXCUSED ARE DIRECTLY CONTRARY TO THE PARTIES' WRITTEN AGREEMENT AND LEGALLY INSUFFICIENT TO OPPOSE DEFENDANTS' MOTION.**

In further attempts to avoid its obligations under the Agreement, ITV claims that it spent millions of dollars producing and marketing the Supreme Greens infomercial and product. In refusing to pay Healthy Solutions, LLC any portion of the $1,821,864 owing for the products received, ITV asserts that "sales of Supreme Greens product did not generate sufficient income for ITV to recoup its tremendous investment in marketing and sales on a national level." [ITV Complaint, ¶21.]

These allegations contradict the Agreement which requires ITV to pay for all such expenses and does not require ITV to "recoup" them before paying for the product it does not dispute it received. The Agreement, signed by both parties and containing an integration clause says:

> "<u>Distributor (ITV) shall be responsible for all expenses incurred</u> by it in connection with the implementation and performance of its duties under this Agreement, including but not limited to, advertising and promotion expenses; and any and all sales and other taxes, or charges which may be imposed on Distributor in connection with its business." [Agreement, ¶9, Defendant's Motion, 4/19/04, Exh. 3]

Assuming *arguendo* that substantial expenses were somehow a legitimate excuse for ITV's repudiation and breach, ITV has not and cannot show that its expenses related to the Agreement outpaced ITV's income from its promotion and sales of Supreme Greens with MSM$^{TM}$. It does not wish to do so because the gains are likely being improperly diverted. The expedited discovery Defendants seek will likely uncover such activity.

ITV's diversionary tactics do little but kick up dust in its attempts to deflect the underlying claims of Defendants. ITV even wrongly asserts set-off. However, "absent some bad faith by (Healthy Solutions LLC) in the sale of goods itself, (ITV) lacks a good faith defense under the U.C.C. to (Healthy Solutions LLC's) claim for price." *C.R. Bard, Inc. v. Medical Electronics Corp.*, 529 F.Supp. 1382, 1386 (D. Mass. 1982). Even if, for purposes of argument only, that the Agreement was subsequently modified, such modification addressed "the termination of the (existing) distributorship agreement (in favor of an alleged new one) rather than the actual sale of goods." *Id.* at 1387.

U.C.C. § 2-717 "is not a general set-off provision permitting a buyer of goods to adjust its continuing contract obligations according to the equities perceived by the buyer." *C.R. Bard*, 529 F.Supp. at 1387. "The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract." U.C.C. § 2-717.

However, in contravention to U.C.C. § 2-717, ITV never notified Healthy Solutions, LLC to deduct from the price. Indeed, to invoke such a remedy, "the asserted breach must go to the essence of the transaction under which the seller seeks to recover his price." *C.R. Bard*, 529 F.Supp. at 1387. And here, as in *C.R. Bard*, "there is no hint that seller acted improperly in any way regarding the actual sale or delivery of goods." *Id*. (Emphasis added).

ITV continues in freshly minted attempts to avoid its obligations under the Agreement. In its shotgun approach, ITV has not made a single charge that Healthy Solutions, LLC acted improperly regarding the sale or delivery of the product. As a matter of law, ITV has no defense to claims to payment alleged by Defendant Healthy Solutions, LLC. As such, Defendants are likely to prevail at trial on the account stated and are thus entitled to the current relief they seek.

E. **DEFENDANTS WILL ALSO PREVAIL ON THE MARK ISSUES BECAUSE ITV'S STATEMENTS IN OPPOSITION ARE LEGALLY IRRELEVANT.**

Additionally, ITV's claims of ownership of the Supreme Greens trademark also miserably fail in light of the explicit language of the Agreement acknowledging that "Manufacturer produces and sells a vegetable/grass/algae food supplement known as Supreme Greens with MSM" [Agreement, page 1,¶2, Defendant's Motion, 4/19/04, Exh. 3] Moreover, without a writing, ITV's assertion of ownership by transfer of the mark fails as a matter of law. "Assignments shall be by instruments in writing duly executed." 15 U.S.C. § 1060. Consistently, ITV has produced no evidence of a writing. Simply stated, ITV's desire for the mark does not operate to transfer its ownership. In the interest of all parties, Defendants' proposed order should thus be granted.

### III.  CONCLUSION

For all of the reasons stated above, Defendants respectfully requests that this Court issue a temporary restraining order against Plaintiff ITV, Inc., its officers, owners, agents, servants and all those participating with them, enjoining them from the actions set forth specifically in the Proposed Temporary Restraining Order and an Order to Show Cause as to why they should not be so preliminarily enjoined pending the resolution of this case.

Dated: May ___, 2004                    Respectfully submitted,

/s/ Becky V. Christensen
Becky V. Christensen, Esq. (State Bar No. 147013)
Craig McLaughlin, Esq. (State Bar No. 182876)
LEVIN & O'CONNOR
384 Forest Avenue, Suite 13
Laguna Beach, CA 92660
Telephone:  949 497-7676
Facsimile:  949 497-7679
email: bvc@levin-oconnor.com

\\Lhpdc\l&h\CLIENT FILES\2290 Healthy Solutions\Pleadings\TRO\Replymemop&aTRO5-13-04[bvc].doc

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2004, a copy of foregoing REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Katherine E. Perrelli<br>Peter S. Brooks<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210<br>(617) 946-4800<br>(617) 946-4801 Fax<br>pbrooks@seyfarth.com<br>Kperrelli@seyfarth.com | Daniel J. Kelly<br>GADSBY HANNAH LLP<br>225 Franklin Street<br>Boston, MA 02110<br>617 345-7000<br>617 345-7050 Fax<br>dkelly@ghlaw.com<br>cpriolo@ghlaw.com<br><br>Attorneys for Plaintiff-in-Intervention<br>CAPPSEALS, INC. |

Christian H. Pedersen
William D. Norman
**METAXAS, NORMAN & PIDGEON, LLP**
900 Cummings Center, Suite 207T
Beverly, MA 01915
(978) 927-8000
(978) 922-6464 Fax
cpedersen@mnplaw.com

Attorneys for ITV Direct, Inc. and
Intervenor-Defendant
DIRECT FULFILLMENT, LLC

                                                /s/ Becky V. Christensen
                                                Becky V. Christensen
                                                Craig McLaughlin
                                                LEVIN & O'CONNOR
                                                384 Forest Avenue
                                                Suite 13
                                                Laguna Beach, CA 92660
                                                949 497-7676
                                                949 497-7679 Fax
                                                email: bvc@levin-oconnor.com

REPLY MEMO P&A TRO