# EXHIBIT A

DIANA TABACOPOULOS (SBN: 128238)
CHRISTOPHER C. LARKIN (SBN: 119950)
JEFFREY A. KOBULNICK (SBN: 228299)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

CHRISTOPHER F. ROBERTSON
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile:  (617) 946-4801

Attorneys for Defendant
ITV DIRECT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| HEALTHY SOLUTIONS, LLC, a California limited liability company, dba DIRECT BUSINESS CONCEPTS; HEALTH SOLUTIONS, INC., a California corporation; DR. ALEJANDRO GUERRERO, and individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>ITV DIRECT, INC., a Massachusetts corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. ED CV 04-00236-RT (SGLx)<br><br>**DECLARATION OF ROBERT MAIHOS IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

I, ROBERT MAIHOS, declare as follows:

1. I am a principal shareholder of defendant ITV Direct, Inc. ("ITV"), and am responsible for the day-to-day operations of ITV. I make this declaration on the basis of my own personal knowledge of the facts set forth herein and could testify competently thereto if called to do so.

2. On April 4, 2003, ITV entered into an exclusive "Distribution Agreement" with a California limited liability corporation, Healthy Solutions, LLC, for the manufacture and distribution of a product known as "Supreme Greens with MSM". A copy of that Distribution Agreement is attached hereto as Exhibit A. The Distribution Agreement is governed by Massachusetts law.

3. Between April 4, 2003 and February 6, 2004, ITV issued purchase orders to Healthy Solutions for the purchase of the Supreme Greens with MSM product in varying quantities.

4. In order to promote the sale of Supreme Greens, ITV expended millions of dollars on advertising for the product, primarily through the production and airing of two separate infomercials featuring Healthy Solutions founder and principal shareholder, Dr. Alex Guerrero. ITV also developed the logo and labels for Supreme Greens with MSM, and with the encouragement and approval of Healthy Solutions filed an application for federal registration of the name of the product. Contrary to plaintiffs' assertions, that trademark application has not been finally refused, but is still pending.

5. In late 2003, ITV learned that Healthy Solutions had filed a competing trademark application for federal registration of the name "Supreme Greens with MSM," in violation of the parties' agreement that the trademark would belong to ITV. In early 2004, the parties orally modified the prior Distribution Agreement to include sales of Supreme Greens with MSM over the Internet, transfer ownership of the website address www.supremegreens.com, and the withdrawal of Healthy Solutions' competing trademark application. In connection with this agreement, ITV expended well in excess of a million dollars on additional marketing and advertising for the product, which it has yet to recoup from sales of the product. In addition, on January 9, 2004 ITV forwarded a check in an additional amount of $7,500 to confirm Healthy Solution's agreement to transfer ownership of the

2

LA1 6460639.1

website. Healthy Solutions has cashed this check, confirming the agreement. A copy of this letter and the check is attached as Exhibit B.

6. In February 2004, ITV learned that, despite the modified agreement, payment for the website and ITV's continued expenditures on marketing and advertising, Healthy Solutions had failed to provide an accounting of Internet sales to ITV and had failed to withdraw its trademark application as promised, causing substantial injury to ITV. Healthy Solutions has also sought to establish relationships with other distributors, despite the exclusivity provision in the Distribution Agreement. Based on these breaches of contract and other acts, ITV has refused to pay Healthy Solutions under the Distribution Agreement, and on March 2, 2004 filed an action in the United States District Court for the District of Massachusetts against Healthy Solutions, Guerrero, and others, alleging breach of contract, conversion, misrepresentation, and violations of Massachusetts state law. A copy of that Complaint is attached hereto as Exhibit C. The following day, on March 3, 2004, Healthy Solutions filed this action against ITV, alleging breach of the same contract. A copy of that original complaint is attached hereto as Exhibit D.

7. ITV has been substantially damaged by Healthy Solutions' breach of contract, conversion and misrepresentation, as alleged in its complaint filed on March 2, 2004 in Massachusetts. ITV believes that its damages caused by Healthy Solutions' conduct exceed any amounts that Healthy Solutions currently claims is owed to them.

8. I understand from a review of the plaintiffs' motion for a temporary restraining order that the plaintiffs claim that ITV has produced, or is well into the process of producing, a nutritional supplement bearing the mark "Supreme Greens" that was manufactured by an entity other than Healthy Solutions. That claim is false. ITV has never manufactured, bottled or sold any product under the label "Supreme Greens with MSM" that was not delivered by Healthy Solutions or one

3

of its subcontractors. I am aware of no "fake," "phony," or "counterfeit" products whatsoever currently in the marketplace, and ITV has neither produced nor sold any such product.

9. In addition, ITV has not produced any labels bearing the name "Supreme Greens with MSM," and does not intend to produce labels bearing the name "Supreme Greens with MSM" pending resolution of the issue of the ownership of that trademark.

10. In his original declaration dated April 6, 2004, Guerrero stated that he had a conversation with me on or about March 24, 2004 in which I told him that ITV had received approximately 50,000 bottles of product from an unidentified manufacturer. This alleged conversation never occurred, and I never spoke to Guerrero on that date. I was in Florida on March 24, 2004, and, since approximately mid-March 2004, all direct conversations between Guerrero and I have ceased. Instead, discussions regarding possibly resolving our disputes were being conducted by an impartial third-party intermediary, Todd Stanwood. The alleged statement that Guerrero asserts that I made is utterly false, as ITV has never received any bottles of any Supreme Greens product other than from Healthy Solutions.

11. In his "amended" declaration dated April 8, 2004, Guerrero omits any reference to a conversation between him and me on March 24, 2004, and now states that he had a conversation with Mr. Stanwood on that date. Although Mr. Stanwood was authorized to act as a neutral intermediary, I at no time authorized him to make the representations contained in paragraph 8 of Guerrero's amended declaration regarding the ordering of 50,000 bottles of an "imposter" product bearing the Supreme Greens label. Moreover, I would not have authorized Mr. Stanwood to make such representations because ITV did not order 50,000 bottles of an "imposter" of the Supreme Greens product, let alone 50,000 bottles of such

4

product bearing the Supreme Greens mark. I understand that Mr. Stanwood denies making the statements attributed to him in the amended Guerrero declaration.

12. In his amended declaration, Guerrero also states in paragraph 8 that "on or about March 29, 2994 [sic] Defendant again asserted it had ordered 50,000 bottles of the phony product." I never spoke to Guerrero on or about March 29, 2004, nor did I authorize anybody to make this representation to him. I again understand that Mr. Stanwood denies making any such statement to Guerrero.

13. ITV has contacted a manufacturer with which it has an existing relationship regarding the possible production of a greens product other than Supreme Greens, but no product has been manufactured. All that has occurred is that certain raw materials have been ordered by the manufacturer for possible production of ITV's own greens product, a product that ITV is, of course, fully entitled to sell. No product has been bottled, no product has been labeled, and no product has been sold. Nor is the sale of any greens product imminent, as ITV has no agreement with any manufacturer to produce such a product and no current plans to authorize such production. Even assuming that manufacture of such a product were to commence immediately, the earliest time at which ITV could bring it to market is approximately 30 to 60 days from now. If any such product is produced for marketing, it will not be sold under the "Supreme Greens with MSM" mark unless and until the issue of the ownership of that mark is resolved in favor of ITV through the declaration of ITV's ownership that ITV has sought in its complaint in the Massachusetts action and would seek in this Court.

14. ITV has cancelled all future media purchases in connection with the Supreme Greens infomercial, and is actively substituting other infomercials for media time that ITV has already purchased, at substantial expense. ITV expects that, while the Supreme Greens infomercial may run in a few markets over the next several days, it will be completely replaced within 7 to 10 days. ITV has no intention to air the Supreme Greens infomercial in the future, and intends to sell off

5

existing inventory through reorders and its autoship program. The autoship program is a contract with our customers to deliver them product in the future at regular intervals.

15. Finally, although I understand that plaintiffs have not alleged any claims for violation of any claimed trade secrets in their complaint, I understand that both Guerrero and Geremesz contend that the formula for the Supreme Greens product delivered to ITV is a trade secret and insinuate that ITV is using or will use that alleged trade secret. As plaintiffs admit at page 12 of their memorandum of points and authorities, however, ITV has never been given access to any "secret formula." The root ingredients in plaintiffs' product are prominently displayed on the bottles they manufacture and deliver.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9 day of April, 2004 at Orlando, Florida.

_____
ROBERT MAIHOS