UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV, INC. | ) |
| | ) Case No. 04-CV-10421-JLT |
| Plaintiff, | ) |
| v. | ) Judge Joseph L. Tauro |
| | ) |
| HEALTHY SOLUTIONS, L.L.C., et al., | ) **ANSWER BY DEFENDANT** |
| | ) **HEALTHY SOLUTIONS, LLC TO** |
| Defendants. | ) **COMPLAINT OF CAPPSEALS, INC.** |
| | ) **PLAINTIFF IN INTERVENTION** |
| _____ | ) |
| CAPPSEALS, INC. | ) |
| | ) |
| Plaintiff-in-Intervention, | ) |
| v. | ) |
| | ) |
| HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT | ) |
| BUSINESS CONCEPTS; ITV, INC.; and DIRECT | ) |
| FULFILLMENT, LLC, | ) |
| | ) |
| Intervenor-Defendants. | ) |
| _____ | ) |
| RELATED CASES | ) |
| _____ | ) |

HEALTHY SOLUTIONS, LLC.

By their attorneys(s)

Becky V. Christensen, Esq. (State Bar No. 147013)
Craig McLaughlin, Esq. (State Bar No. 182876)
LEVIN & O'CONNOR
384 Forest Avenue, Suite 13
Laguna Beach, California  92651
Tel: (949) 497-7676
 Fax (949) 497-7679

## ANSWER

Defendant Healthy Solutions, LLC dba Direct Business Concepts ("DBC") hereby responds to the Complaint of Plaintiff-in-intervention Cappseals, Inc. ("Cappseals") as follows:

### PARTIES AND JURISDICTION

1. DBC admits the allegations of Paragraph 1.
2. DBC admits the allegations of Paragraph 2.
3. DBC admits the allegations of Paragraph 3.
4. DBC admits the allegations of Paragraph 4.
5. DBC admits the allegations of Paragraph 5.
6. DBC admits that venue is currently proper for the reasons stated in Paragraph 6.

### FACTS

7. DBC admits that it has a property interest in certain intellectual property and proprietary formulas for nutritional supplements and other products, including Supreme Greens with MSM$^{TM}$ ("Supreme Greens") and denies that it is currently the sole owner. DBC admits the remainder of the allegations of Paragraph 7.

8. DBC admits that ITV Direct, Inc. was under a contract with DBC at one time to distribute Supreme Greens and is informed and believes that ITV Direct, Inc. currently distributes Supreme Greens. DBC admits that the contract required ITV Direct to purchase Supreme Greens from DBC and denies the remainder of the allegations of Paragraph 8.

9. DBC is informed and believes that Cappseals had manufactured and bottled Supreme Greens on DBC's behalf pursuant to an on-going relationship between the parties. DBC admits on information and belief that Cappseals shipped several hundred thousand bottles of Supreme Greens to Direct Fulfillment, LLC since August of 2003. DBC admits that ITV Direct, Inc. has acknowledged receipt of all the Supreme Greens that Cappseals has manufactured and shipped. DBC

is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 9 and therefore denies same.

10. DBC admits, on information and belief, that as of March 11, 2004, ITV Direct, Inc. sold approximately 45,000 more bottles of Supreme Greens than it paid for. DBC admits, on information and belief, that ITV Direct, Inc. had been selling approximately 20,000 to 30,000 bottles of Supreme Greens per week at about $30 per bottle. DBC is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies same.

11. DBC admits the allegations of Paragraph 11, except that DBC denies that DBC's obligation to pay Cappseals is not contingent on the upon payment by ITV Direct, Inc. to DBC.

12. DBC admits the allegations of Paragraph 12, except that DBC denies that DBC owes Cappseals anything and denies that any amount is past due.

13. DBC denies the allegations of Paragraph 13.

## FIRST CLAIM FOR RELIEF

### (Reach and Apply: DBC and ITV Direct)

14. DBC denies the allegations of Paragraph 14 unless admitted above.

15. DBC denies the allegations of Paragraph 15.

16. DBC admits that ITV Direct, Inc. owes DBC the approximate sum of $1,821,864.00 for Supreme Greens ITV Direct, Inc. has received, but has not paid for. DBC denies that it currently owes Cappseals anything.

17. DBC admits that it does not have sufficient assets, other than a receivable interest in funds owed by ITV Direct, Inc., to satisfy a judgment of approximately $890,182.09. DBC is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 17, if they exist, and therefore denies same.

18. DBC is without knowledge or sufficient information to form a belief as to the truth of

the allegations of Paragraph 18, if they exist, and therefore denies same.

19. Paragraph 19 appears to state legal conclusions and thus does not require a response. Otherwise, DBC is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 19, if they exist, and therefore denies same.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract: DBC)

20. DBC denies the allegations of Paragraph 20 unless admitted above.

21. DBC admits that it placed purchase orders with Cappseals for the manufacture, bottling, and shipping of several hundred thousand bottles of Supreme Greens for shipment to ITV Direct, Inc. and its related entity Direct Fulfillment, with the mutual understanding that Cappseals would be paid for the product after ITV Direct, Inc. accepted the product and paid DBC for it. DBC is without knowledge or sufficient information to form a belief as to the truth of the remainder of the allegations of Paragraph 21 and therefore denies same.

22. DBC is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies same.

23. DBC denies the allegations of Paragraph 23.

24. DBC denies the allegations of Paragraph 24.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract: ITV Direct)

25. To the extent not answered above, the remainder of the allegations of Paragraph 25 is not directed to DBC and thus does not require a response.

26. The allegations of Paragraphs 26, 27, 28, 29, and 30 are not directed to DBC and thus do not require a response.

## FOURTH CLAIM FOR RELIEF

### (Action on an Account: DBC)

31. DBC denies the allegations of Paragraph 31 unless admitted above.

32. DBC denies the allegations of Paragraph 32.

33. DBC denies the allegations of Paragraph 33.

### FIFTH CLAIM FOR RELIEF

### (Action Stated: DBC)

34. DBC denies the allegations of Paragraph 34 unless admitted above.

35. DBC denies the allegations of Paragraph 35.

36. DBC denies the allegations of Paragraph 36.

### SIXTH CLAIM FOR RELIEF

### (Unlawful Business Practices: ITV Direct)

37. To the extent not answered above, the remainder of the allegations of Paragraph 37 is not directed to DBC and thus does not require a response.

38. The allegations of Paragraphs 38, 39, 40, and 41 are not directed to DBC and thus do not require a response.

### SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichments: ITV Direct and Direct Fulfillment)

42. To the extent not answered above, the remainder of the allegations of Paragraph 42 is not directed to DBC and thus does not require a response.

43. The allegations of Paragraphs 43, 44, and 45 are not directed to DBC and thus do not require a response.

### **AFFIRMATIVE DEFENSES**

### DBC'S FIRST AFFIRMATIVE DEFENSE

1. Cappseals fails to state a claim upon which relief can be granted.

### DBC'S SECOND AFFIRMATIVE DEFENSE

2. Cappseals' claims fail pursuant to the statute of frauds.

### DBC'S THIRD AFFIRMATIVE DEFENSE

3. Condition preceding any duty by DBC to pay, if a duty at all, never occurred.

### DBC'S FOURTH AFFIRMATIVE DEFENSE

4. The parties operated under an implied condition that DBC's duty to pay, if a duty at all, did not arise until goods were delivered to, accepted by, and paid for by another.

### DBC'S FIFTH AFFIRMATIVE DEFENSE

5. The parties course of dealing indicated that DBC's duty to pay, if a duty at all, did not arise until goods were delivered, accepted, and DBC was paid for them by ITV Direct, Inc.

### DBC'S SIXTH AFFIRMATIVE DEFENSE

6. Cappseals failed to mitigate its damages and avoid waste.

Dated: May 17, 2004                    Respectfully submitted,

By: /s/Becky V. Christensen
    Becky V. Christensen, Esq. (State Bar No. 147013)
    Craig McLaughlin, Esq. (State Bar No. 182876)
    LEVIN & O'CONNOR
    384 Forest Avenue, Suite 13
    Laguna Beach, California  92651
    Tel: (949) 497-7676; Fax (949) 497-7679

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2004, a copy of foregoing ANSWER BY DEFENDANT HEALTHY SOLUTIONS, LLC TO COMPLAINT OF CAPPSEALS, INC. PLAINTIFF IN INTERVENTION was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Katherine E. Perrelli<br>Peter S. Brooks<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210<br>(617) 946-4800<br>(617) 946-4801 Fax<br>pbrooks@seyfarth.com<br>Kperrelli@seyfarth.com | Daniel J. Kelly<br>GADSBY HANNAH LLP<br>225 Franklin Street<br>Boston, MA 02110<br>617 345-7000<br>617 345-7050 Fax<br>dkelly@ghlaw.com<br>cpriolo@ghlaw.com<br><br>Attorneys for Plaintiff-in-Intervention<br>CAPPSEALS, INC. |

Christian H. Pedersen
William D. Norman
METAXAS, NORMAN & PIDGEON, LLP
900 Cummings Center, Suite 207T
Beverly, MA 01915
(978) 927-8000
(978) 922-6464 Fax
cpedersen@mnplaw.com

Attorneys for ITV Direct, Inc. and
Intervenor-Defendant
DIRECT FULFILLMENT, LLC

/s/ Becky V. Christensen
Becky V. Christensen
Craig McLaughlin
LEVIN & O'CONNOR
384 Forest Avenue
Suite 13
Laguna Beach, CA 92660
949 497-7676
949 497-7679 Fax
email: bvc@levin-oconnor.com