

71 Ops. Cal. Atty. Gen. 54                                                                 Page 1
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

                         Office of the Attorney General
                              State of California

                            **\*1** Opinion No. 87-103
                               March 3, 1988

THE BOARD OF MEDICAL QUALITY ASSURANCE


  THE BOARD OF MEDICAL QUALITY ASSURANCE has requested an opinion on the following question:

  May Certified Acupuncturists who are not licensed physicians and surgeons use the initials "O.M.D." and the title "Oriental Medical Doctor" in advertising their acupuncture practice?


CONCLUSION


  A Certified Acupuncturist who is not licensed as a physician and surgeon under the Medical Practice Act may not use the initials "O.M.D." or the title "Oriental Medical Doctor," without more, in advertising an acupuncture practice.  However, he or she may use the initials or the title in conjunction with further information that removes the implication that the acupuncturist is licensed as a physician and surgeon.


                                    ANALYSIS


  Acupuncture, an aspect of traditional Chinese medicine, is a method of directly treating bodily dysfunction and a mode of controlling pain. (Cf. Bus. & Prof.Code, § § 2075, 4925, et seq.; 69 Ops.Cal.Atty.Gen. 29, 34 (1986); 57 Ops.Cal.Atty.Gen. 341, 342 (1974).)  In 1980 the Legislature added a chapter 12 to the Healing Arts Division, 2, of the Business and Professions Code (§ 4925, et seq.) to establish a framework for its practice in this state and to regulate and control its practitioners.
(Stats. 1980, ch. 1313, p. 4526, § 11.5;  cf., Bus. & Prof.Code, § 4926.)
[FN1]¶

  The enactment, now known as the Acupuncture Licensure Act (Stats . 1987, ch. 1190, § 1), vests the regulation of the practice of acupuncture with an eleven- member Acupuncture Examining Committee under the jurisdiction of the Division of Allied Health Professions of the Board of Medical Quality Assurance. (§ § 4928, 4933; cf. § § 4927(b).)  No person may practice acupuncture in California unless he or she possesses an acupuncturist's license issued by the Committee. (§ 4935.)

  "Acupuncture" is defined as:
    "... the stimulation of a certain point or points on or near the surface of the body by the insertion of needles to prevent or modify the perception of pain or to normalize physiological functions, including pain control, for the treatment of certain diseases or dysfunctions of the body and includes the techniques of electroacupuncture, cupping, and moxibustion." (§ 4927, subd. (e).)

                      Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 1:04-cv-10421-JLT   Document 32-6   Filed 05/19/2004   Page 2 of 8

71 Ops. Cal. Atty. Gen. 54                                                    Page 2
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

The acupuncturist's license authorizes the holder to engage in the practice of "acupuncture" and in connection therewith "to perform or prescribe the use of oriental massage, acupressure, breathing techniques, exercise or nutrition, including the incorporation of drugless substances and herbs as dietary supplements to promote health." [FN2] (§ 4937.)

The Acupuncture Examining Committee is charged with establishing standards for schools and colleges offering education and training in the practice of acupuncture (§ 4939; cf. § 4944, subd. (b)), and an applicant for licensure must, inter alia, successfully complete such a program. (§ 4938, subd. (b).) [FN3] We understand that the Committee has now approved some fifteen schools toward that end.

**\*2** Completion of a course of study at an institution has traditionally been recognized by the granting of a degree which both historically and today testifies to the recipient's competence in the particular discipline. (Compare e.g., R.S. Hoyt, Europe In The Middle Ages (N.Y.: Harcourt, Brace & Co., 1957) at p. 316; Haskins, The Renaissance of the 12th Century (N.Y.: Meridien Books [Harvard Univ. Press] 1957) at 370-371, 382; and C.H. Haskins, The Rise Of Universities (Ithaca, N.Y.: Cornell Univ. Press, 1957) at pp . 11, 24, with Brandwein v. California Bd. of Osteopathic Ex'rs (9th Cir. 1983) 708 F.2d 1466, 1469, and Ed.Code, § § 94310.1(b)(1)(E), 94310.2(a)(3); 94310.3(a)(12).)

Several acupuncturists practicing in California have received a degree in the field of oriental medicine upon completion of their studies, either from schools here or abroad. The degree is denominated a "doctorate", one in oriental medicine, and is sometimes called "Oriental Medical Doctor" or "O.M.D." The question presented here is whether they may use that title Oriental Medical Doctor and the initials O.M.D. in advertising their acupuncture practice. We conclude the use of the title or the initials alone would not be proper, but that either might be used in connection with advertising an acupuncture practice when accompanied by further information that removes the implication that the acupuncturist is licensed as a physician and surgeon.

Section 2054 of the Medical Practice Act, ["MPA"] (Bus. & Prof.Code, div. 2, ch. 5, § 2000, et seq.) makes it a misdemeanor for any person who is not licensed as a physician and surgeon under the Act to utilize, inter alia, the initials "M.D." or any other terms or letters to indicate or imply that he or she is a physician or is entitled to practice medicine under it. The section provides:
 "Any person who uses in any sign, business card, or letterhead, or in any advertisement, the words 'doctor' or 'physician,' the letters or prefix 'Dr.,' the initials 'M.D.,' or any other terms or letters indicating or implying that he or she is a physician and surgeon, or practitioner under the terms of this or any other law, or that he or she is entitled to practice hereunder, or who represents or holds himself or herself out as a physician and surgeon, physician, surgeon, or practitioner under the terms of this or any other law, without having at the time of so doing a valid, unrevoked, and unsuspended certificate as a physician and surgeon under this chapter, is guilty of a misdemeanor." (Emphasis added.)

The essence of the section has been part of California law since at least 1913. (Stats. 1913, ch. 354, p. 34, § 17.) It was enacted to ensure that "every person engaged in professional activities [would] properly represent himself in his true capacity by an appropriate title." (Lawton v. Board of Medical Examiners (1956) 143 Cal.App.2d 256, 261; cf. Brandwein v. California Bd. of Osteopathic Ex'rs, supra, 708 F.2d at 1469.) "Th[e] simple requirement, so easily complied with, was not aimed particularly at the person who was willing to incur the odium of actual fraud, but was designed to offer a much wider protection to the public by assuring it a reasonable certainty of knowing in every case precisely with whom it was dealing." (Lawton v. Board of Medical Examiners, supra, quoting Berry v. Alderson (1922) 59 Cal.App. 729, 732.)

**\*3** The use of initials and professional titles in connection with a healing arts practice serves to inform the public "with whom it [is] dealing." Historically there have been, and there exists today, several "schools" or approaches to the practice of medicine, e.g., the allopathic, the osteopathic, the chiropractic, the

Case 1:04-cv-10421-JLT     Document 32-6     Filed 05/19/2004     Page 3 of 8

71 Ops. Cal. Atty. Gen. 54                                                   Page 3
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

homeopathic, the eclectic, the naturopathic, etc. (64 Ops.Cal.Atty.Gen. 672-673 & 673, fn. 3 (1981); cf. 67 Ops.Cal.Atty.Gen. 98-99 & 99 fn. 2 (1984).)  When a practitioner uses a particular set of initials or a particular title in connection with his or her practice, it tells the public in exactly which of those "schools" he or she is versed and practices. (Brandwein v. California Bd. of Osteopathic Ex'rs, supra, 708 F.2d 1469, 1473; People v. Christie (1949) 95 Cal.App.2d Supp. 919, 922; cf. Dare v. Bd. of Medical Examiners (1943) 21 Cal.2d 790, 802; 49 Ops.Cal.Atty.Gen. 104, 111 (1967).)

   The initials "M.D." and the title "medical doctor" or "doctor of medicine" have been appropriated to designate graduates and practitioners of the allopathic school of medicine. (Brandwein v . California Bd. of Osteopathic Ex'rs, supra, 708 F.2d at 1473, cf. People v. Christie, supra, 95 Cal.App.2d Supp. at 922-923.)  Other titles and their abbreviated sets of initials have similarly been reserved for graduates and practitioners of the other "schools". (E.g., D.O. [doctor of osteopathy], D.C. [doctor of chiropractic], D .N. [doctor of naturopathy], etc.; see § 2453; Dare v. Bd. of Medical Examiners, supra, 21 Cal.2d at 802; Brandwein v. California Bd. of Osteopathic Ex'rs, supra; People v. Christie, supra, at 920; Oosterveen v. Board of Medical Examiners, supra, 112 Cal.App.2d at 205.) The various designations are representations to members of the public which it is expected they will rely upon in selecting a healing arts practitioner.  Thus the differences between the designations are carefully maintained to distinguish between the various types of practitioners to aid in that selection, by making it clear as to exactly which school of practice a practitioner adheres. (Brandwein v. California Bd. of Osteopathic Ex'rs, supra, at 1469, 1473; cf., People v. Christie, supra, at 922.)

   As mentioned, the initials "M.D." and the title "Medical Doctor" are familiarly associated with allopathic physicians.  Their use by a person in California tells the public that he or she has in fact met California standards to be licensed as a physician and surgeon by the California Board of Medical Quality Assurance. (Lawton v. Board of Medical Examiners, supra, at 260, 261; Oosterveen v. Board of Medical Examiners (1952) 112 Cal.App.2d 201, 206; Garfield v. Board of Medical Examiners (1950) 99 Cal.App.2d 219, 223; People v. Sapse (1980) 104 Cal.App.3d Supp. 1, 10.) Section 2054 reserves their use for persons who are so licensed, and thus it has been held that its prohibition would apply to a person who is not licensed to practice medicine under the Medical Practice Act, even though (1) he might have received an M.D. degree and (2) was licensed to practice medicine in another state or foreign country and (3) was not actually practicing medicine in California. (Lawton v. Board of Medical Examiners, supra, at 260;  see also Oosterveen v. Board of Medical Examiners, supra, 112 Cal.App.2d at 206; People v. Sapse, supra, 104 Cal.App.3d Supp. at 8-10;  Brandwein v. California Bd. of Osteopathic Ex'rs, supra, 708 F.2d at 1493.)

   **\*4** When we look at section 2054 we see that it defines two separate offenses in one sentence having complex syntax.  The first part is taken with identical wording from former section 2142, and the second from similar wording that formerly appeared in section 2142.10.  Section 2030 of the MPA tells us that the section is to be construed as a restatement and continuation of those former sections, and not as a new enactment. [FN4]  In relevant part, section 2054 makes it illegal for any person to:
   --"use[ ] in any sign, business card or letterhead, or in an advertisement, ... the initials 'M.D.,'
   any other terms or letters indicating or implying that he or she is a physician or practitioner under the terms of [the Medical Practice Act] or any other law or that he or she is entitled to practice thereunder, --to represent[ ] or hold[ ] himself or herself out as a physician ... or practitioner under this or any other law,
     without having at the time of so dong a valid, unrevoked and unsuspended certificate as a physician and surgeon under [the MPA] ...." (Emphasis added.)

   Looking to the first part of the section we notice that (a) the words "the initials 'M.D.' " are separated from (b) the clause "terms or letters that would indicate or imply that [a person] is a physician", by a comma and the words "or any other." Such a construction indicates that the Legislature has separated and then

Copr. ©  West 2004 No Claim to Orig. U.S. Govt. Works

Case 1:04-cv-10421-JLT   Document 32-6   Filed 05/19/2004   Page 4 of 8

71 Ops. Cal. Atty. Gen. 54                                                    Page 4
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

equated the two, i.e., it has felt that the use of the initials or the title without more would ordinarily indicate or imply that a person was in fact a physician and entitled to practice under the MPA. (Cf. People v. Smith (1955) 44 Cal.2d 77, 78-79; Scally v. Pacific Gas & Electric Co. (1972) 23 Cal.App.3d 806, 819; Wholesale T. Dealers v. National Etc. Co. (1938) 11 Cal.2d 634, 659; and compare Furnish v. Board of Medical Examiners (1957) 149 Cal.App.2d 326, 329-330, with Board of Trustees v.Judge (1975) 50 Cal.App.3d 920, 927-928.)

We therefore find from the plain wording of section 2054 that the use of the initials "M.D." or the expanded title "Medical Doctor," without more, by one who is not a licensed physician, would violate both parts of section 2054: (1) it would ordinarily indicate or imply the person was licensed as a physician to practice medicine under the MPA, and thus also (2) constitute a representation or holding out of that status to the public.

We deal however, with the use of the initials "O.M.D." and the title "Oriental Medical Doctor." As we proceed to show, we do not believe that section 2054 permits a certified acupuncturist to use those appellations, without more, despite his or her having received a degree so designated. As we have seen, one's having received a degree is quite irrelevant in deciding whether one may use it in connection with a professional practice. Clearly an acupuncturist who may have received an "M.D." degree from a school, either here or abroad, could not use those initials or the designation "Medical Doctor" without being licensed as a physician under the Medical Practice Act. We do not believe the addition of the initial "O." or the word "Oriental" changes that.

*5 In People v. Christie, supra, 95 Cal.App.2d Supp. 919, the defendant held himself out to the public by business cards and a sign on his office window as a "chiropractic physician", and was thereafter convicted of having violated section 15 of the Chiropractic Act (Stats. 1923, p. xx) which prohibited, inter alia, in language similar to section 2054, a chiropractor from using the word "physician". (Id. at 920.) On appeal Christie contended that on a proper construction of the statute, he did not violate it. The court rejected the contention:
 "We are not impressed with the argument that defendant has saved himself from violating the act by adding the word 'chiropractic' to the word 'physician.' There can be no use of the word 'physician' by a practitioner of the healing arts except to color and imply a license to practice with drugs." (95 Cal.App.2d Supp. at 923; emphasis added.)
We find similar problem with an unamplified use of the title "Oriental Medical Doctor" or its initials "O.M.D." for we feel that it does not diffuse the implication that the holder is licensed as a physician and surgeon.

The appellation, of recent vintage, is plainly a misnomer. Certainly the Legislature has not recognized it, but instead has referred to the discipline involved as "oriental medicine through acupuncture" (§ 4926), with the adjective "oriental" properly modifying the substantive "medicine," and it has referred to the practitioners thereof as "acupuncturists." (§ § 4927(d), 4735, 4737 .) The public can understand those designations and learn something about the practitioners. But the recently created designation "Oriental Medical Doctor" and the initials "O.M.D." derived therefrom play it differently: The proper substantive, "medicine" is made into an adjective, "medical" and affixed to a new substantive, "doctor" to form the forbidden compound noun "medical doctor," and then attempt is made, as in Christie, to avoid violating the law by affixing the adjective "oriental" thereto. The result, "oriental medical doctor," does not properly tell the public anything about the practice or its practitioners, and is nothing more than an attempt, as was made in Christie, to share a designation (M.D.) that has been exclusively reserved to others for a very long time and which has become so familiarly associated with them. It is just such a misappropriation that section 2054 was enacted to prevent, and we find it violated here when the title or the abbreviated initials are used without more to advertise an acupuncture practice.

The discipline involved is "oriental medicine" (§ § 4926, 4935, 4937) and if a bona fide doctorate is obtained therein, a practitioner should properly hold a "doctorate in oriental medicine" or "D.O.M." and could perhaps properly be called a

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 1:04-cv-10421-JLT   Document 32-6   Filed 05/19/2004   Page 5 of 8

71 Ops. Cal. Atty. Gen. 54                                               Page 5
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

"Doctor of Oriental Medicine."   This construction not only comports the Legislature's designation of practitioners in other fields (e.g., § § 2472, 2473 [practitioners of podiatry are Doctors of Podiatric Medicine]; cf. D.O.'s, Doctors of Osteopathy;  D.C.'s, Doctors of Chiropractic;  D.V.M.'s, Doctors of Veterinary Medicine), but also follows the construction of such designations recognized in common parlance ever since they first came into being. (See King v. Board of Medical Examiners (1944) 65 Cal.App.2d 644, 651;  Hoyt, Europe In The Middle Ages, op. cit. supra, at p. 316.)

  **\*6** We therefore conclude that section 2054 would prohibit a Certified Acupuncturist from using the designation "Oriental Medical Doctor" or the initials "O.M.D." without more in advertising his or her practice.  The implication is still present that the reference designates a physician, i.e., a person licensed as a physician and surgeon under the MPA.

  For similar reasons use of the designations without more would also violate section 2274 (formerly § 2395) of the Medical Practice Act. That section provides:
    "The use by any licensee of any certificate, of any letter, letters, word, words, term, or terms either as a prefix, affix, or suffix indicating that he or she is entitled to engage in a medical practice for which he or she is not licensed constitutes unprofessional conduct."
Certified acupuncturists are licensees of the Board of Medical Quality Assurance, receiving their certificates from the Acupuncture Certification Committee of the Division of Allied Health Professions of that Board. (§ § 4927(b);  4928;  4933; 4938.)  Their using the initials "O.M.D." or the title "Oriental Medical Doctor" without more would violate the section for it would not dispel an indication that the holder is licensed as a physician and surgeon.

  For the same reason we believe that use of the title Oriental Medical Doctor or the initials "O.M.D.," without more, would also violate sections 651 and 17500 of the Business and Professions Code. Since we resolve the basic issue on the basis of section 2054 and 2278 of the MPA, we need not fully expound on their reach.  To explain them nevertheless, section 651 makes it unlawful-- a misdemeanor (id., subd. (f)) and ground for disciplinary action (id., subd. (g))--for a healing arts licensee to disseminate any form of public communication containing a false, fraudulent, misleading or deceptive statement for the purpose of, or likely to induce, directly or indirectly, the rendering of professional services (id., subds. (a), (b).)  The proscription extends to professional cards, office signs, letterheads, telephone and medical directories, and similar professional notices and devices. (Id., subd. (e).)  For the workings of section 651, a "false, fraudulent, misleading, or deceptive statement" is defined to include one which contains a misrepresentation of fact (id., subd. (b)(1)), or is likely to create false or unjustified expectations of favorable results (id., subd. (b)(3)), or contains representations or implications that in reasonable probability will cause an ordinarily prudent person to misunderstand or be deceived (id., subd. (b)(5)).

   Section 17500 has a similar thrust.  It makes it unlawful, inter alia, for any person to make or disseminate any misleading statement in any advertising device or in any other manner or means whatever, in order to perform professional services or to induce the public to enter into any obligation relating thereto.

  We have found herein that the use of the title "Oriental Medical Doctor" or the initials "O.M.D." by a Certified Acupuncturist in his or her advertising, without further information to indicate what type of practice is actually involved, would be inherently deceptive because without additional information those designations imply that a person is licensed as a physician and surgeon to practice medicine.  For the same reason, an unamplified usage of the designations would violate sections 651 and 17500.  It would constitute a "false, fraudulent, misleading, or deceptive statement" within the meaning of the former's proscription, and a statement with a capacity to deceive within the meaning of the latter.

  **\*7** These observations however are not absolute and do not mean that Certified Acupuncturists who do hold a doctorate degree in Oriental Medicine are completely prohibited from using the title Oriental Medical Doctor or the initials "O.M.D." to

Case 1:04-cv-10421-JLT   Document 32-6   Filed 05/19/2004   Page 6 of 8

71 Ops. Cal. Atty. Gen. 54                                          Page 6
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

stylize themselves in their advertising. The foregoing has assumed that the use of the designations would be unaccompanied by any further information which could dispel the presumptive implication that the person was a physician. However, when other material appears with the terms that would serve to dispel that implication, we do not believe a violation of the foregoing statutes would occur. Indeed, another section of the Medical Practice Act and a regulation of the Acupuncture Certification Committee patterned upon it, as well as a certain general provision of the Business and Professions Code, seem to contemplate that such is proper. The prohibition of section 2054 must be read to harmonize with them. (Cf. Palos Verdes Faculty Association v. Palos Verdes Peninsula School District (1978) 21 Cal.3d 650, 659; Tripp v. Swoap (1976) 17 Cal.3d 671, 679; Moyer v . Workmen's Compensation Appeals Board (1977) 10 Cal.3d 222, 230.) We thus read it as a presumptive violation which can be overcome if the terms are used with other information so that context dispels their ordinary implication that an allopathic practice is involved. Such additional information must make it clear that the person is an acupuncturist, not a physician.

Section 2278 (formerly § 2409) of the Medical Practice Act provides:
"Unless a person authorized under this chapter [i.e., the MPA] to use the title 'doctor' or the letters or prefix 'Dr.' holds a physician's and surgeon's certificate, the use of such title, letters, or prefix without further indicating the type of certificate held, constitutes unprofessional conduct." (Emphasis added.)

The Acupuncture Certification Committee has adopted a regulation patterned on this section which permits Certified Acupuncturists to use the designation "Doctor" or the abbreviation "Dr." if (1) they hold a doctorate in acupuncture from an institution approved, accredited, or authorized pursuant to section 94310 of the Education Code, and (2) they also further indicate the type of doctorate it is . (16 Cal.Code of Regs., § 1399.463.) [FN5]

The statute and the regulation thus express an intention on the part of the Legislature and of the Acupuncture Examining Committee that persons not licensed as physicians might still use the term "doctor" and the abbreviation "Dr." as long as they accompany it with further information to adequately inform the public as to exactly what type of practice is involved. Because of the ambiguity inherent in the term "doctor," without such further amplification an implication would arise that the person involved was a physician and surgeon. [FN6] We have shown herein that the addition of "Oriental Medical" to the term "Doctor" is insufficient to dispel that implication. However, additional information can serve that purpose. Thus if a Certified Acupuncturist possesses a degree that is denominated "Oriental Medical Doctor," we believe that under section 2278 and the Committee's regulation he or she could use it in his or her advertising, if sufficient additional notation accompanies it to dispel the inherent implication that the person is a physician and surgeon. [FN7]

*8 For example, section 651 of the Business and Professions Code deals with professional advertising by persons licensed under division 2 of the Business and Professions Code, i.e., healing arts licensees. Subdivision (h)(7) of the section specifically states that such advertising may include,
"[a] statement of names of schools and postgraduate clinical training programs from which the practitioner has graduated, together with degrees conferred."
If Certified Acupuncturists have received an O.M.D./Oriental Medical Doctor degree, they would be able to include that fact in connection with their advertising their educational background. However it should be noted that the authority that subdivision (h)(7) provides to use one's degrees, couples it to also indicating the names of the schools and postgraduate clinical training programs in which they were obtained.

We need not explore what other types of further information should be provided that when coupled with the use of the title "Oriental Medical Doctor" or the initials "O.M.D." would legitimize their usage. That of course would depend on the particular context and forum for the usage and each individual situation. Generally speaking though, that the additional information must be of such a nature to remove the implication that the acupuncturist is licensed as a physician and

Copr. ©  West 2004 No Claim to Orig. U.S. Govt. Works

Case 1:04-cv-10421-JLT    Document 32-6    Filed 05/19/2004    Page 7 of 8

71 Ops. Cal. Atty. Gen. 54                                              Page 7
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

surgeon.

We therefore conclude that while a Certified Acupuncturist who is not licensed as a physician and surgeon under the Medical Practice Act may not use the initials "O.M.D." or the title "Oriental Medical Doctor" by themselves in advertising his or her acupuncture practice, if he or she possesses a degree that is so styled, he or she may use the initials or the title if it is accompanied with additional information that removes the implication that the acupuncturist is licensed as a physician and surgeon under the MPA.

JOHN K. VAN DE KAMP

Attorney General

RONALD M. WEISKOPF

Deputy Attorney General

[FN1]. Hereinafter, all unidentified section references will be to the Business and Professions Code.

[FN2]. Strictly speaking, the latter activity did not traditionally come within the practice of acupuncture (zhenjiu) but were subsumed, together with acupuncture in the broader practice of "Chinese medicine". The distinction was and is maintained in China in designating the practitioners of each: acupuncturists are called zhenjiu yishen or acupuncture doctor, and practitioners of the broader discipline are called zhong yi or Chinese Medicine Doctor. The Legislature has fused the two in establishing under the Act "a framework for the practice of the art and science of oriental medicine through acupuncture." (§ § 4926, 4937.)

[FN3]. An applicant must also pass an examination testing his or her competence in the field (§ 4938, subd. (c)) and complete a clinical internship (id., subd. (e)).

[FN4]. Section 2030 provides:
  "The provisions of this chapter insofar as they are substantially the same as provisions relating to the same subject matter of previous medical practice acts shall be construed as restatements and continuations thereof, and not as new enactments."

[FN5]. The Committee's regulation provides:
  "It is unprofessional conduct for an acupuncturist to use the title 'Doctor' or the abbreviation 'Dr.' in connection with the practice of acupuncture unless he or she possesses a license or certificate which authorizes such use or possesses an earned doctorate degree from an accredited, approved or authorized educational institution as set forth in Section 94310 of the California Education Code which is in acupuncture, Oriental medicine, a biological science, or is otherwise related to the authorized practice of an acupuncturist as set forth in Sections 4927 and 4937 of the Code.
  "The use of the title 'Doctor' or the abbreviation 'Dr.' by an acupuncturist as authorized above without further indicating the type of license, certificate or degree which authorizes such use, constitutes unprofessional conduct." (Tit. 16, Cal. Code of Regs., § 1399.463; emphasis added.)

[FN6]. The case of King v. Board of Medical Examiners, supra, 65 Cal . App.2d 644 demonstrates some of the difficulties with the use of the term "doctor" in the

71 Ops. Cal. Atty. Gen. 54                                                              Page 8
**(Cite as: 1988 WL 385189 (Cal.A.G.))**

English language.  Unlike some other languages, its usage in English is ambiguous since it both refers (1) generally to anyone who holds a doctorate, as well as (2) specifically to just physicians and surgeons. (Cf., Id. at 651;  see also 57 Ops.Cal.Atty.Gen. 79, 80-81 (1974).)   Other languages have a special word for the specific reference. (E.g., French:  le medecin; German:  der Arzt; Spanish:  el medico; Portuguese:  o medico).

[FN7]. It is interesting to note that while the Committee's regulation was patterned on section 2278 of the Medical Practice Act, it was adopted upon the authority, inter alia, of section 2054 of the Act. We consider that to be another indication that the Committee has prohibited Certified Acupuncturists from using the bare term "doctor" in connection with their advertising, because the resulting implication would be that the reference was to a physician.  By extension though, that would also be true of a similar unexplained bare use of the other terms set forth in section 2054 as well.  As we have seen, one of those is the initials "M.D.," and we have shown that the addition of the initial "O." is not sufficient by itself to dispel the unwarranted implication.

71 Ops. Cal. Atty. Gen. 54, 1988 WL 385189 (Cal.A.G.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works