UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC. ) | Civil Action No. 04-CV-10421-JLT |
| ) | |
| Plaintiffs, ) | Honorable Joseph L. Tauro |
| v. ) | |
| ) | **MOTION OF DEFENDANTS HEALTHY** |
| HEALTHY SOLUTIONS, LLC, et al, ) | **SOLUTIONS, LLC, HEALTH** |
| ) | **SOLUTIONS, INC., AND ALEJANDRO** |
| Defendants. ) | **GUERRERO TO CONSOLIDATE CASES** |
| ) | |
| _____ ) | |
| CAPPSEALS, INC. ) | |
| ) | |
| Plaintiff-in-Intervention, ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a ) | |
| DIRECT BUSINESS CONCEPTS; ITV ) | |
| DIRECT, INC.; and DIRECT FULFILLMENT, ) | |
| LLC, ) | |
| ) | |
| Intervenor-Defendants. ) | |
| _____ ) | |
| RELATED CASES ) | |

**INTRODUCTION**

1.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendants Healthy Solutions, LLC, dba Direct Business Concepts; Health Solutions, Inc.; and Alejandro Guerrero (together "Healthy Solutions") hereby provide notice of related cases and move to consolidate the instant action for all purposes with *ITV Direct, Inc. v. Healthy Solutions et al.*, Civil Action No. 04-CV-10421-JLT (the "Massachusetts Action").

2.     The instant action was originally filed on March 3, 2004, in U.S. District Court, Central District of California, Eastern Division (the "California Action"). One day prior to the

filing of the California Action, the Massachusetts Action was filed by ITV Direct, Inc. ("ITV") against all named Defendants and others[1]. On April 14, 2004, the California Action was ordered transferred to this District[2] by U.S. District Court Judge Robert J. Timlin. Judge Timlin ordered the transfer pursuant to the first-to-file rule and because there were indeed common parties and questions of law and fact common to the Massachusetts Action.

3. As of the writing of this motion, ITV did not answer Plaintiffs' Complaint or Amended Complaint in the California Action. Plaintiffs did Answer (as defendants) and Counterclaim against ITV in the Massachusetts Action. The Counterclaim alleges virtually the same facts and makes virtually the same claims, and a few more, against ITV as were made in the Amended Complaint of the California Action. In large part, Healthy Solutions' allegations and claims are duplicated in the Counterclaim of the action sought by way of this motion to become the receptacle of the California Action.

4. Counsel for Healthy Solutions conferred with ITV's counsel pursuant to Local Rule 7.1(a)(2). Counsel for ITV stated that it would not oppose this motion. Consolidating the cases will serve the interests of justice, will promote judicial economy, will avoid inconsistent results, and will not prejudice ITV or any other party to the Massachusetts Action. Healthy Solutions' motion to consolidate should thus be granted.

**ARGUMENT**

5. Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." If this requirement is met, a court typically has broad discretion to decide whether consolidation is

---

[1] The other parties to the Massachusetts Action currently are Defendants Michael Howell and Greg Geremesz, as individuals and each as officers of Healthy Solutions, LLC, Plaintiff-in-intervention, Cappseals, Inc., Healthy Solution, LLC's supplier of Supreme Greens to ITV, and Direct Fulfillment LLC, a shipping and receiving arm of ITV.
[2] The transfer of the case to Judge William G. Young, instead of to Judge Joseph L. Tauro may have been inadvertent.

appropriate. See, e.g., *Sutcliffe Storage & Warehouse Co. v. U.S.*, 162 F.2d 849, 851 (1st Cir. 1947)." *New England Energy, Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 7 (1st Cir. 1988), *cert. denied*, 489 U.S. 1077; 109 S. Ct. 1527; 103 L. Ed. 2d 832 (1989). Indeed, consolidation is encouraged unless prejudice is shown by the opposing party. "A motion for consolidation will usually be granted unless the party opposing it can show demonstrable prejudice." *Seguro de Servicio de Salud v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (internal citations omitted). (Prejudice shown by terms parties' contracts reciting disparate venues for arbitration proceedings.) Location of arbitration venue is surely not at issue here. Both actions are currently pending within the same District. There would be no prejudice to any party by the grant of the instant motion.

6. Both actions involve "a common question of law or fact" and, thus, satisfy the only requirement for consolidation under Rule 42(a). Although it is sufficient for purposes of Rule 42(a) if the actions involve only *one* common question of law *or* fact, the actions involve a *multitude* of common questions of both law *and* fact. Those common questions are not merely peripheral issues; they go to the very heart of the two actions.

7. The common questions of law and fact are, indeed, abundant. Judge Timlin's order transferring the California Action was based on 1.) the first to file rule, 2.) the "Massachusetts Action implicates the same parties, and 3.) both actions involve the same core issues concerning the parties respective rights to the 'Supreme Greens' trademark and the breach of a distributorship agreement between Health Solutions and ITV Direct." [Timlin Order, Ex. A hereto.] Furthermore, a review of Healthy Solutions' Amended Complaint in the California Action [Ex. B hereto without exhibits] and the Counterclaim in the Massachusetts Action [Ex. C hereto without exhibits] show that they are virtually identical in allegations of fact and legal claims against ITV. Indeed, all ten of Healthy Solutions' causes of action in the Amended

Complaint are included in the Counterclaim[3]. Some of the common questions of law and fact include, but are not limited to, the following: (i) interpretation of the underlying Distribution Agreement entered into by ITV and Healthy Solutions, LLC, (ii) determination of the parties' rights and liabilities with respect to the Agreement in view of both parties' claims of breach thereof, (iii) determination of ownership of the trademark "Supreme Greens with MSM$^{TM}$", (iv) determination of whether ITV infringed the trademark, (v) determination under the Lanham Act and under California law whether ITV engaged in unfair competition, and (vi) determination, under California law, whether ITV violated Alejandro Guerrero's rights to publicity.

8.  The addition in the Counterclaim of a few similar causes of action under Massachusetts law, also arising out of the same core of common facts, such as violation of Alejandro Guerrero's publicity rights, violation of Sec. 11 of M.G.L. c. 98A, and reach and apply, in no way alters the unquestionable conclusion that common questions of law and fact so predominate the actions that there remains no doubt that the instant motion should be granted. Indeed, the California and Massachusetts Actions are so nearly identical that the common legal and factual issues overwhelm any minor issues that are not common to both cases. *See Allen* v. *McEntee*, Nos. 92-0776, 92-2151, 1993 WL 121,513, at *3 (D.D.C. Apr. 5, 1993) ("The near identity of the complaints in these two actions provides ample basis for consolidation.").

9.  This Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice and will produce significant savings of time and resources for the Court and the parties. In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort and perhaps inconsistent results.

---

[3] It is presumed that ITV, had it answered Healthy Solutions' Amended Complaint in the California Action, would have filed a counterclaim alleging facts and legal claims virtually identical to those contained in its Complaint in the Massachusetts Action.

10. Consolidation will achieve substantial efficiencies and savings without sacrificing fairness. Because both actions were filed only one day apart, they are at virtually the same point in the pretrial process. Indeed, a scheduling conference[4] has yet to be held in either action. Moreover, since ITV has agreed to not oppose this motion, it has conceded that consolidation will not prejudice ITV. Indeed, consolidation will prejudice no one.

## CONCLUSION

11. For the foregoing reasons, Healthy Solutions, LLC, dba Direct Business Concepts; Health Solutions, Inc.; and Alejandro Guerrero hereby move to consolidate the instant action for all purposes with *ITV Direct, Inc. v. Healthy Solutions et al.*, Civil Action No. 04-CV-10421-JLT.

Dated: May 26, 2004

    Respectfully submitted,
    HEALTHY SOLUTIONS, LLC,
    HEALTH SOLUTIONS, INC.,
    ALEJANDRO GUERRERO,
    MICHAEL HOWELL,
    GREG GEREMESZ
    By its and their attorneys,

    /s/ Craig McLaughlin
    Becky V. Christensen, Esq. CA State Bar # 147013
    Craig McLaughlin, Esq. CA State Bar #182876
    LEVIN & O'CONNOR
    384 Forest Avenue, Suite 13
    Laguna Beach, CA 92651
    (949) 497-7676
    (949)497-7679 fax

    Dustin F. Hecker
    POSTERNAK BLANKSTEIN & LUND LLP
    Prudential Tower
    800 Boylston Street
    Boston, Massachusetts 02199-8004
    (617) 973-6100

---

[4] In the instant action, the Scheduling Conference is currently set for June 7, 2004.

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on May 26, 2004, a copy of foregoing MOTION OF DEFENDANTS HEALTHY SOLUTIONS, LLC, HEALTH SOLUTIONS, INC., AND ALEJANDRO GUERRERO TO CONSOLIDATE CASES was filed electronically. Notice of this filing will be sent to call parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Katherine E. Perrelli
Peter S. Brooks
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800
(617) 946-4801 Fax
pbrooks@seyfarth.com
Kperrelli@seyfarth.com

Christian H. Pedersen
William D. Norman
<u>METAXAS, NORMAN & PIDGEON, LLP</u>
900 Cummings Center, Suite 207T
Beverly, MA 01915
(978) 927-8000
(978) 922-6464 Fax
cpedersen@mnplaw.com

Attorneys for ITV Direct, Inc. and Intervenor-Defendant
DIRECT FULFILLMENT, LLC

Daniel J. Kelly
GADSBY HANNAH LLP
225 Franklin Street
Boston, MA 02110
617 345-7000
617 345-7050 Fax
dkelly@ghlaw.com
cpriolo@ghlaw.com

Attorneys for Plaintiff-in-Intervention
CAPPSEALS, INC.

 

/s/ Becky V. Christensen
Becky V. Christensen
Craig McLaughlin
LEVIN & O'CONNOR
384 Forest Avenue
Suite 13
Laguna Beach, CA 92660
949 497-7676
949 497-7679 Fax
email: bvc@levin-oconnor.com