# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., ) | Civil Action No. 04-CV-10421-JLT |
| Plaintiff, ) | |
| v. ) | |
| HEALTHY SOLUTIONS, L.L.C., et al., ) | |
| Defendants. ) | |
| CAPPSEALS, INC., ) | |
| Plaintiff-in-Intervention, ) | |
| v. ) | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, ) | |
| Intervenor-Defendants. ) | |
| RELATED CASE: | |
| HEALTHY SOLUTIONS, LLC et al. | Civil Action No 04-10829-JLT |
| Plaintiffs, | |
| v. | |
| ITV DIRECT, et al., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER GOVERNING THE
## PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Inasmuch as documents, things, interrogatory answers, admissions, deposition transcripts, and information of whatever kind will be sought, produced, or exhibited by and between the parties to the above-captioned action, and such information may be sought from non-parties,

which information may be alleged to contain confidential or proprietary business or financial information;

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES UNDER FED. R. CIV. P. 26(c) THAT:

1.    The term CONFIDENTIAL INFORMATION means any information designated as confidential by the producing party, including (without limitation) documents, information contained in documents, and information revealed during a deposition or in responses to interrogatories or requests to admit. The designation CONFIDENTIAL INFORMATION shall be limited to information which is of a business, commercial, financial or scientific nature, is not publicly available from other sources, and is generally treated as confidential by the designating party.

2.    To be subject to this Stipulated Protective Order, any tangible items must be visibly marked by the producing party as CONFIDENTIAL in a manner that will not interfere with the legibility of the written information.  Notwithstanding the foregoing, a producing party's inadvertent failure to designate material CONFIDENTIAL in accordance with the terms of this paragraph will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.  At any time after the production of documents or information which the producing party considers to be CONFIDENTIAL, the producing party or person may make a written request that specifically identifies the documents or information and asks that they be designated and treated as CONFIDENTIAL.  The receiving party shall immediately designate the identified documents or information accordingly and from then on will treat the documents or information as such.

3.    Confidential information, as defined in Paragraph 1, disclosed at the deposition (a) of a party, or (b) of one of its past or present officers, directors, employees, or agents, or (c) of an expert/consultant retained by a party, may be designated as CONFIDENTIAL INFORMATION by (i) an oral statement to that effect on the record, or (ii) a written statement to that effect within ten business days of the receipt of the transcript of the deposition.  The entire transcript of any deposition shall be treated as CONFIDENTIAL INFORMATION until the expiration of ten business days after the receipt of the transcript of the deposition.  Should deposition testimony be designated as CONFIDENTIAL or by an oral statement to that effect on the record, all persons in attendance at the deposition who, pursuant to the terms of this Stipulated Protective Order, do not have access to such information, shall be excluded from attendance at such portion or portions of the deposition at which such information will be disclosed.

4.    CONFIDENTIAL INFORMATION shall be used only for the purposes necessary to this litigation and not for any commercial, business, or other competitive purpose, and shall not be disclosed, given, shown, made available, or communicated in any way to anyone other than:

    (A)    the Court;

    (B)    the attorneys of record for each of the parties to this litigation, and their partners, associates, paralegals, stenographic personnel, or other employees;

    (C)    the lawfirm of Dunn Carney Allen Higgins & Tongue, LLP, and their partners, associates, paralegals, stenographic personnel, or other employees;

    (D)    experts retained in connection with this action;

    (E)    a non-party who authored or received the confidential information; and

(F)      any other person to whom the parties agree in writing.

5.      Prior to the disclosure of CONFIDENTIAL INFORMATION to any expert, the person to whom the information will be disclosed must read this Order and execute a copy of the Joinder of Stipulated Protective Order (attached as Exhibit A) agreeing to be bound by the terms of this Order.

6.      All CONFIDENTIAL INFORMATION filed with the Court shall be filed in sealed envelopes or containers which contain a statement substantially in the following form:

> CONFIDENTIAL
>
> This envelope (or container) contains documents, materials, or other things which are subject to a protective order; this envelope (or container) is not to be opened nor the contents displayed or revealed except by the Court or agreement of the parties.

The party filing the CONFIDENTIAL INFORMATION with the Court shall comply fully with the procedures set forth in Local Rule 7.2 regarding Impoundment and notify the Clerk that what is being filed should be accorded the treatment required by this Order.

7.      In the event that a party is served with a subpoena calling for production of CONFIDENTIAL INFORMATION designated by the non-receiving party, the receiving party shall notify the non-receiving party of the subpoena within three (3) business days after service and shall not disclose any CONFIDENTIAL INFORMATION without the written consent of the non-receiving party or by order of the court.  The non-receiving party shall be copied with any pleadings to be filed by the receiving party opposing the disclosure of CONFIDENTIAL INFORMATION and may, at its own expense, file such additional pleadings as it deems necessary to protect its interests.

8.      Within sixty days after the conclusion of this litigation, including any appeals, any CONFIDENTIAL INFORMATION (including copies and originals, but excluding any copies

submitted to the court in connection with any filing) shall, at the request of the party who designated the information confidential, be certified as destroyed or returned to the designating party.

9.      Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any CONFIDENTIAL INFORMATION shall relieve such person from the obligation of maintaining the confidentiality of such information.

10.     Nothing in this Stipulated Protective Order shall prohibit the use of, or reference to, any CONFIDENTIAL INFORMATION in court or in any deposition; provided, however that the party using or planning to use such information shall take all reasonable steps to eliminate or minimize the risk of disclosure to unauthorized persons.

11.     If any party objects to the designation of any discovery materials as CONFIDENTIAL, the party shall state the objection by letter to counsel for the party making the designation.  If the parties are then unable to resolve the objection, any party may move the Court to revoke, modify, or amend a party's designation of information as CONFIDENTIAL within 15 days of receipt of the letter of objection.  Until the Court rules on any such motion, the discovery materials shall continue to be deemed CONFIDENTIAL under the terms of this Order. In any Court proceeding regarding CONFIDENTIAL INFORMATION, the burden shall be on the party asserting the claim to demonstrate that any document or information is CONFIDENTIAL.

12.     In the event anyone shall violate or threaten to violate any term of this Stipulated Protective Order, the parties hereto agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Stipulated Protective Order shall not

employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.

13.    Neither the taking of any action in accordance with the provisions of this Stipulated Protective Order nor the failure to object thereto shall be construed as a waiver of any claim or defense in this action.

14.    Anything contained in this Stipulated Protective Order to the contrary notwithstanding, the restrictions of this Order shall not apply to any information which:

> (A)    the Court finds does not constitute Confidential Information as defined herein; or

> (B)    is at the time of disclosure known to the receiving party from any source independent of the disclosing party and which source had the right to make such disclosure;

> (C)    has been or is at the time of the disclosure, published or otherwise publicly known other than as a result of disclosure by the receiving party, violation of this order, or violation of any other obligation or requirement of confidentiality; or

> (D)    has been disclosed by the designating party to a person not employed by or affiliated with the designating party, and who has not agreed to maintain the information as confidential.

15.    In any formal discovery proceedings which involve the obtaining of information from unrelated third parties, whether or not such discovery is compelled by subpoena or court order, either party shall have the right to designate as CONFIDENTIAL any information which is or may be produced or disclosed by such third parties to the extent that said information would

have been so designatable pursuant to this Stipulated Protective Order had it instead been produced or disclosed by a party to this litigation.

16.     The provisions of this Order shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect.  The Court shall retain jurisdiction over the parties and any other person bound by this Order to enforce this Order.

.

Respectfully submitted,

ITV DIRECT, INC. and DIRECT
FULFILLMENT, LLC

HEALTHY SOLUTIONS, LLC, HEALTH
SOLUTIONS, INC., ALEJANDRO
GUERRERO, MICHAEL HOWELL, and GREG
GEREMESZ,

By their attorney(s),

By their attorneys

 /s/ Peter S. Brooks
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

 /s/ Dustin F. Hecker
Dustin F. Hecker, BBO #5491710
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
Telephone:    (617) 973-6131

CAPPSEALS, INC.,

By their attorney(s),

 /s/ Daniel J. Kelly
Daniel J. Kelly, BBO #553926
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

SO ORDERED:    _____
                    United States District Judge Joseph L. Tauro

Dated:  August 10, 2004

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV DIRECT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 04-CV-10421-JLT |
| v. | ) |
| | ) |
| HEALTHY SOLUTIONS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| RELATED CASES | ) |
| | ) |

## JOINDER OF STIPULATED PROTECTIVE ORDER

I, _____, acknowledge that I have read the Stipulated

Protective Order executed by the parties under Fed.R.Civ.P. 26(c), and entered in this action by

the U.S. District Court for the District of Massachusetts on _____

that I understand the terms thereof, that I wish to join and agree to be bound by such terms, and

that I submit to the jurisdiction of that Court for the purpose of enforcing the Stipulated

Protective Order.

_____

Dated:_____