UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.<br><br>   Plaintiff,<br>v.<br><br>HEALTHY SOLUTIONS, LLC, et al.,<br><br>   Defendants.<br><br>AND RELATED ACTIONS | ) Civil Action No. 04-CV-10421-JLT<br>)<br>) Judge Joseph L. Tauro<br>)<br>)<br>) ANSWER OF DEFENDANTS HEALTHY<br>) SOLUTIONS, LLC, HEALTH SOLUTIONS,<br>) INC., ALEJANDRO GUERRERO,<br>) MICHAEL HOWELL, AND GREG<br>) GEREMESZ TO ITV DIRECT, INC.'s FIRST<br>) AMENDED COMPLAINT<br>)<br>)<br>)<br>) |

  Defendants Healthy Solutions, LLC, Health Solutions, Inc., Alejandro Guerrero, individually as an officer and director of Health Solutions, Inc., Michael Howell, individually and as a member of Healthy Solutions, LLC, and as an officer of Health Solutions, Inc., and Greg Geremesz, individually and as a member of Healthy Solutions, LLC, and as an officer of Health Solutions, Inc., (collectively "Defendants") by way of Answer to Plaintiff ITV DIRECT, INC.'s First Amended Complaint state:

**JURISDICTION**

  1.  Defendants admit the allegations of Paragraph 1.

  2.  Defendants admit that this Court has personal jurisdiction over the Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, deny same.

## VENUE

3. Defendants admit the allegations of Paragraph 3.

## PARTIES

4. Defendants admit the allegations of Paragraph 4.
5. Defendants admit the allegations of Paragraph 5.
6. Defendants admit the allegations of Paragraph 6.
7. Defendants admit the allegations of Paragraph 7.
8. Defendants admit the allegations of Paragraph 8.
9. Defendants admit the allegations of Paragraph 9.

## FACTS

10. Defendants admit the allegations of Paragraph 10.

11. Defendants admit that ITV has utilized infomercials for the promotion of a variety of nutritional products. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, deny same.

12. Defendants admit that they were in communication with Plaintiff on behalf of defendants Healthy Solutions LLC and Health Solutions Inc. and sought information about products.

13. Defendants admit that discussions relating to Supreme Greens were ongoing in early 2003, but deny the remaining allegations of Paragraph 13.

14. Defendants admit that discussions relating to the product were ongoing, but deny the remaining allegations of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants admit the allegations of Paragraph 16, but lack information sufficient to form a belief as to the basis for ITV Direct's business decisions and therefore deny the allegations regarding them.

17. Defendants admit that an infomercial was produced, and that Plaintiff bore most of the expenses of the production; however, Defendants deny the remaining allegations of Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, deny same.

19. Defendants admit that Healthy Solutions provided ingredient lists and suggested dosage information and that defendants did not disclose the precise formula. The remaining allegations of Paragraph 19 are denied.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, deny same, except that ownership of the mark was discussed extensively, but ownership was never transferred to Plaintiff, nor did defendants agree to transfer ownership of the mark to Plaintiff.

22. Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, deny the same.

23. Defendants deny that ITV's efforts were solely responsible for the sales of the products. Defendants lack sufficient information to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, deny the same.

24. Defendants admit that the parties attempted to resolve their differences through negotiations which never resulted in agreement. Defendants deny the remainder of the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants admit that at least two informercials were produced and that production costs were paid by Plaintiff, but defendants lack sufficient information to form a belief as to the remainder of the allegations of Paragraph 27 and therefore deny the same.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants admit that ITV sent many e-mails, but deny the remaining allegations of Paragraph 29.

30. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 30 and therefore deny the same.

31. Defendants did not make the agreements represented in Paragraph 31 and deny the same.

32. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 32 and therefore deny the same.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 34 and therefore deny the same.

35. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 35 and therefore deny the same.

36. Defendants admit they received an improper indemnification demand from Plaintiff, but deny the remaining allegations of Paragraph 36.

37. Defendants admit Paragraph 37.

## COUNT I - BREACH OF CONTRACT

38. Denied unless otherwise admitted as indicated above.
39. Denied.
40. Denied.
41. Denied.
42. Denied.

## COUNT II - CONVERSION

43. Denied unless otherwise admitted as indicated above.
44. Denied.
45. Denied.

## COUNT III – MISREPRESENTATION AND FRAUD IN THE INDUCEMENT

46. Denied unless otherwise admitted as indicated above.
47. Denied.
48. Denied.
49. Denied.
50. Denied.
51. Denied.

### COUNT IV-MISREPRESENTATION AND FRAUD

52. Denied unless otherwise admitted as indicated above.

53. Denied.

54. Defendants lack sufficient information to form a belief as to Plaintiff's post transaction claims of reliance and discovery and therefore deny the same.

55. Denied.

56. Denied.

57. Denied.

### COUNT V-INDEMNIFICATION

58. Denied unless otherwise admitted as indicated above.

59. Denied.

60. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 60 and therefore deny the same.

61. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 61 and therefore deny the same.

62. Denied.

63. Denied.

### COUNT VI- VIOLATION OF M.G.L. C. 93A

64. Denied unless otherwise admitted as indicated above.

65. Admitted.

66. Admitted.

67. Denied.

### COUNT VII - ACCOUNTING/APPOINTMENT OF RECEIVER

68. Denied unless otherwise admitted as indicated above.

69. Denied.

70. Denied.

71. Denied.

## COUNT VIII - DECLARATORY RELIEF

72. Denied unless otherwise admitted as indicated above.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## FIRST AFFIRMATIVE DEFENSE

78. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

79. Defendants' statements, acts and omissions, if any there were, are privileged.

## THIRD AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

81. On information and belief, Plaintiff has breached the April 2003 Distribution Agreement, infringed Defendants' trademark, violated defendant Guerrero's publicity rights and/or has acted in a manner that constitutes unfair competition under Federal, California and/or Massachusetts law.

82. Plaintiff and its owners, officers and directors have made false statements under oath relating to the facts and circumstance of this case

83. Plaintiff's claims are, therefore, barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred by the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

85. The alleged contract(s) or agreement(s) Plaintiff complains of are invalid for want of a valid offer or acceptance.

### SEVENTH AFFIRMATIVE DEFENSE

86. The alleged contract(s) or agreement(s) Plaintiff complains of is invalid because Defendants did not accept Plaintiff's alleged offer.

### EIGHTH AFFIRMATIVE DEFENSE

87. The alleged contract(s) or agreement(s) Plaintiff complains of is invalid because revocation of an underlying offer was revoked before any alleged acceptance.

### NINTH AFFIRMATIVE DEFENSE

88. The alleged contract(s) or agreement(s) Plaintiff complains of is invalid for want of mutual assent.

### TENTH AFFIRMATIVE DEFENSE

89. The Plaintiff was under a pre-existing duty to fulfill its obligations under the April 2003 Distribution Agreement. The alleged contract(s) or agreement(s) Plaintiff complains of is invalid for want of consideration.

### ELEVENTH AFFIRMATIVE DEFENSE

90. By way of its conduct, Plaintiff rescinded the alleged contract(s) or agreement(s) it complains of was breached.

### TWELFTH AFFIRMATIVE DEFENSE

91. Plaintiff is not the true owner of the mark "SUPREME GREENS with MSM".

### THIRTEENTH AFFIRMATIVE DEFENSE

92 Plaintiff's claims are barred by the doctrine of acquiescence.

WHEREFORE, Defendants pray that:

A. Plaintiff takes nothing by way of its Complaint;

B. Defendants be awarded its costs, including attorney fees as allowed by the law; and

C. For such other and further relief as allowed by the law.

<div style="margin-left:40%">
Respectfully submitted,
HEALTHY SOLUTIONS, LLC,
HEALTH SOLUTIONS, INC.,
ALEJANDRO GUERRERO,
MICHAEL HOWELL,
GREG GEREMESZ
By its and their attorneys,

/s/ Becky V. Christensen
Becky V. Christensen, Esq. CA State Bar # 147013
Craig McLaughlin, Esq. CA State Bar #182876
LEVIN & O'CONNOR
384 Forest Avenue, Suite 13
Laguna Beach, CA  92651
(949) 497-7676

Dustin F. Hecker
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts  02199-8004
(617) 973-6100
</div>

DATED: August 16, 2004

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2004, a copy of foregoing ANSWER OF DEFENDANTS HEALTHY SOLUTIONS, LLC, HEALTH SOLUTIONS, INC., ALEJANDRO GUERRERO, MICHAEL HOWELL, AND GREG GEREMESZ TO ITV DIRECT, INC.'s FIRST AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent to call parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Peter S. Brooks | Daniel J. Kelly |
| Susan W. Gelwick | GADSBY HANNAH LLP |
| SEYFARTH SHAW LLP | 225 Franklin Street |
| Two Seaport Lane, Suite 300 | Boston, MA 02110 |
| Boston, MA 02210 | 617 345-7000 |
| (617) 946-4800 | 617 345-7050 Fax |
| (617) 946-4801 Fax | dkelly@ghlaw.com |
| pbrooks@seyfarth.com | cpriolo@ghlaw.com |
| Kperrelli@seyfarth.com | |
| | Attorneys for Plaintiff-in-Intervention CAPPSEALS, INC. |

/s/ Becky V. Christensen
Becky V. Christensen
Craig McLaughlin
LEVIN & O'CONNOR
384 Forest Avenue
Suite 13
Laguna Beach, CA 92660
949 497-7676
949 497-7679 Fax
email: bvc@levin-oconnor.com