UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., et al., <br><br> Defendants. <br><br> CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, <br><br> Intervenor-Defendants. | Civil Action No. 04-CV-10421-JLT |

**PLAINTIFF-IN-INTERVENTION CAPPSEALS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS <u>ITV DIRECT, INC. AND DIRECT FULFILLMENT LLC</u>**

### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 37(a)(2), Plaintiff-in-Intervention Cappseals, Inc. ("Cappseals") hereby respectfully moves this Court to compel Intervenor Defendants ITV Direct, Inc. and Direct Fullfillment, LLC (collectively "ITV") to: (i) supplement their initial disclosures regarding claimed damages, including the production of all documents which support their damages claim, and (ii) produce documents responsive to this Court's May 24, 2004 Order ("Discovery Order"). Cappseals seeks such relief because, despite its requests, ITV has refused

to produce indisputably relevant documents and has failed to provide a computation of damages as required under Local Rule 26.1(B).

As to Cappseals, this case involves the Defendants' failure to pay Cappseals for almost one million dollars of dietary supplements called Supreme Greens with MSM ("Supreme Greens"), which supplements were manufactured and shipped to ITV by Cappseals at the request of defendant Healthy Solutions, LLC d/b/a Direct Business Concepts ("Healthy Solutions") (ITV and Healthy Solutions are hereinafter collectively referred to as "Defendants"). The Defendants do not dispute that Cappseals manufactured and shipped these supplements; however they have refused to pay for the supplements, each claiming that they are not responsible for payment. Cappseals therefore had no choice but to intervene in this litigation in order to preserve its right to be paid.

ITV, however, has failed to produce documents relevant to Cappseals claims, including documents and a report which sets forth, among other things, ITV's sale of the Supreme Greens shipped to it by Cappseals, as well as ITV's current inventory of Supreme Greens. Additionally, ITV has not, despite Cappseals' request to do so, supplemented its damages disclosure in order to provide the required computation of alleged damages, or produced the documents upon which it relies to support its damages. Such inaction on the part of the ITV is prejudicing Cappseals' ability to support its claims.

## II.   RELEVANT FACTS

In or around August 2003, Healthy Solutions began issuing purchase orders to Cappseals, on a weekly or near weekly basis, requesting that Cappseals manufacture and bottle Supreme Greens. On or about November 11, 2003, Healthy Solutions issued a standing purchase order to Cappseals requesting that Cappseals manufacture 50,000 bottles of Supreme Greens per week for shipment directly to ITV.

Between December 29, 2003 and February 5, 2004, Cappseals made six weekly shipments to ITV containing a total of approximately 303,644 bottles of Supreme Greens. For each of the six weekly shipments of Supreme Greens to ITV by Cappseals, Healthy Solutions issued an invoice to ITV noting the specific date and quantity of goods shipped to ITV by Cappseals. The total amount due and owing to Healthy Solutions by ITV for the 303,644 bottles of Supreme Greens shipped by Cappseals is $1,821,864.

Neither Healthy Solutions nor ITV has ever notified Cappseals of any non-conformity relating to the 303,644 bottles of Supreme Greens shipped to ITV. However, neither Healthy Solutions or ITV has paid for these goods, despite Healthy Solutions acknowledgement to Cappseals that it has an outstanding balance owed to Cappseals for these goods. Healthy Solutions, however, asserts that it is without resources to pay Cappseals because of ITV's refusal to pay Healthy Solutions for these same goods.

### III.    PROCEDURAL HISTORY

On May 24, 2004, this Court issued a Discovery Order which required, among other things, all parties to: (i) submit sworn statements in accordance with Local Rule 26.1(B), which statements were to provide an itemization of all economic losses and a computation of damages, and (ii) produce and/or make available "all documents, data compilations and tangible things…that are relevant to disputed facts alleged with particularity in the pleadings". A copy of the Discovery Order is attached for the Court's convenience as Exhibit A. The Court further ordered that no additional discovery shall take place without further order of the Court. See Exhibit A. The broad scope of the Court's Discovery Order was further expounded upon at a status conference in August 2004, during which the Court noted that no document requests should be necessary in this case given the breadth of the Discovery Order.

On July 7, 2004, counsel for Cappseals requested that ITV counsel produce an accounting report ("Report"), which report was ordered to be produced in a separate litigation brought by the Federal Trade Commission ("FTC") against ITV and Healthy Solutions.  A true and accurate copy of the July 7, 2004 correspondence is attached hereto as Exhibit B.  ITV counsel responded that the Report was not called for by the Discovery Order, nor was it relevant to their claims or defenses, and therefore refused to produce it.  A true and accurate copy of ITV's response is attached hereto as Exhibit C.

On December 13, 2004, counsel for Cappseals again requested production of the Report, as well as requesting that ITV supplement its damages disclosures.[1]  A true and accurate copy of the December 13, 2004 correspondence is attached hereto as Exhibit D.  To date, ITV has not responded in any fashion to Cappseals' December 13, 2004 correspondence.  Further, on January 5, 2005, counsel for Cappseals called counsel for ITV in order to discuss Cappseals' December 13, 2004 correspondence.  ITV's counsel, however, has not returned the call, nor has it produced the Report or supplemented its damages disclosures.

## IV.    ARGUMENT

### A.    The Report, and its Supporting Documents, are Relevant to Cappseals' Claims.

The Federal Rules of Civil Procedure provide that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…".  See Fed. R. Civ. P. 26(b)(1).  Further, the Court's May 24, 2004 Discovery Order required the production of all documents which are relevant to the disputed facts as set forth in the pleadings.  See Exhibit A.  Relevance broadly encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case.  Hickman v. Taylor, 329 U.S. 495, 501

---

[1] While Cappseals' December 13, 2004 letter also requested that Healthy Solutions supplement its damages disclosures, it is not moving herein for supplementation by Healthy Solutions.

4

(1947).  The objecting party bears the burden of persuasion that the information sought is not relevant to the issues in this case.  W.N. Provenzano, Inc. v. Monahan & Co., Ltd. (In re Monahan & Co., Ltd), 18 B.R. 637, 640 (1982).

The Report that Cappseals seeks was to provide, among other things, an accounting relating to ITV's sale of Supreme Greens, which accounting was to include: (i) all revenues collected by ITV regarding its sale of Supreme Greens, (ii) the amount of all refunds provided by ITV to customers, (iii) information sufficient to show the flow of all monies from the sale of Supreme Greens, (iv) all costs and expenses incurred by ITV in connection with the sale of Supreme Greens, (v) net profits obtained by ITV in connection with the sale of Supreme Greens, and (vi) the location and amount of assets of ITV.  A copy of the Preliminary Injunction Order requiring the Report is attached hereto as Exhibit E.[2]  This information is directly relevant to Cappseals claims, including its breach of contract and reach and apply claims.  For example, Cappseals makes the following allegations in its complaints:

> Cappseals manufactures and bottles Supreme Greens on DBC's [Healthy Solutions'] behalf pursuant to an on-going business relationship between the parties.  At DBC's [Healthy Solutions'] request, Cappseals has shipped several hundred thousand bottles of Supreme Greens to ITV's related entity, Direct Fulfillment, since August of 2003.  ITV Direct has acknowledged that it has received all of the Supreme Greens manufactured and shipped by Cappseals.
>
> On information and belief, ITV Direct and Direct Fulfillment have approximately 300,000 bottles of Supreme Greens in their possession or control, and have resold approximately 45,000 more bottles of Supreme Greens than it has been paid for as of March 11, 2004.  ITV Direct sells approximately 20,000 to 30,000 bottles per week at an approximate rate of $50.00 to $60.00 per bottle.

---

[2] The Report was to be done by an independent accounting firm and provided to both ITV and Healthy Solutions. Therefore, in Cappseals December 13, 2004 request, it requested the Report from either ITV or Healthy Solutions, to no avail.  However, since Healthy Solutions would not have the supporting documentation for the Report, Cappseals has only moved to compel the production of the Report and its supporting documentation from ITV.

5

See Cappseals' Complaint, ¶¶ 9-10.  ITV, however, has effectively denied all the allegations in these paragraphs, therefore leaving Cappseals unable to determine whether ITV has the Supreme Greens which Cappseals shipped, and, if so, what amount of Supreme Greens it has in its possession versus what amount has been sold.  Further, ITV has effectively denied all paragraphs in Cappseals' counts for its breach of contract and reach and apply claims, and has asserted affirmative defenses, including that Cappseals' claims are barred by lack of consideration, fraud and fraud in the inducement, and anticipatory breach and repudiation.  Therefore, the quantity of Supreme Greens ITV received from Cappseals, what ITV has subsequently done with the Supreme Greens, and what monies ITV has received from the sale of these goods, if any, is information directly relevant to Cappseals' claims.  Moreover, ITV has put such claims directly in dispute by virtue of its blanket denials.  Therefore, the Report, and its supporting documentation, is relevant and should have been produced.[3]

    ITV's counsel claims that such documents are not called for by the Court's Discovery Order.  As shown above, however, these documents certainly relate to the disputed facts in the pleadings and therefore were required to be produced pursuant to the Discovery Order.  Further, ITV's objection to producing these documents on the grounds that they are "not relevant to *our* claims or defenses" (See Exhibit C (emphasis added)) misses the point – the standard is whether the documents are relevant to *any* party's claim or defense.  See Fed. R. Civ. P. 26(b)(1) (emphasis added).  As such, ITV's objections are without merit and the documents must be produced.

---

[3] ITV has not produced any documentation regarding specific sales or its inventory of Supreme Greens.  Other than a few invoices from Healthy Solutions, ITV's production is devoid of any documents regarding what has happened to the Supreme Greens once received by ITV, if at all.  Therefore, the Report, as well as the documentation relied upon to generate the report, is relevant to Cappseals claims and must be produced.

6

### B. ITV Has Failed to Comply with its Initial Disclosure Obligations Concerning Damages.

ITV has failed to disclose a computation of damages in accordance with Local Rule 26.1 as required by this Court's May 24, 2004 Discovery Order. Local Rule 26.1(B) requires a claimant to submit a sworn statement that "itemizes all economic loss and provides a computation of damages for which recovery is sought…". L.R. 26.1(B)(1)(a). ITV's statement, however, is simply a conclusory statement which provides no guidance as to what damages are being sought:

> Because ITV's damages will be a function of any ultimate resolution with the FTC, I am unable to calculate its damages with specificity at this time. However, I preliminarily calculate that ITV's damages to be well in excess of several million dollars.

See ITV's Local Rule 26.1(B) Affidavit of Robert Maihos ("ITV's Statement"). ITV's Statements falls far short of the Local Rule 26.1(B) requirements, as ITV has not provided any computation of damages at all. More importantly, however, is that ITV's Statement provides no basis for Cappseals to determine what damages ITV is seeking, if any, from Healthy Solutions regarding Healthy Solutions standing purchase order to Cappseals, which order directed Cappseals to manufacturer and ship Supreme Greens directly to ITV. As such, Cappseals is left in the dark to determine what interplay, if any, exists between ITV's claimed damages against Healthy Solutions, and Cappseals.

Further, ITV has alleged that based on misrepresentations by Healthy Solutions, ITV paid millions of dollars to Healthy Solutions for "product orders" and domain name charges. See ITV Complaint at ¶ 41. To the extent that ITV is seeking damages for its payment to Healthy Solutions for Supreme Greens, such damages are directly relevant to Cappseals because, pursuant to the parties course of dealings, ITV would pay Healthy Solutions for the Supreme Greens shipped by Cappseals, and then Healthy Solutions would forward payment to Cappseals

out of ITV's payment. However, ITV has not produced any of documents upon which it relies to support its damages claims regarding its payments to Healthy Solutions for the Supreme Greens. As such, ITV must be compelled to provide a basis and computation, as well as supporting documentation, for damages claimed.

WHEREFORE, for the reasons stated above, Cappseals respectfully requests that this Court order ITV to: (i) produce the Report and all of its supporting documentation, (ii) supplement its damages disclosures to provide an itemization of economic loss, a computation of damages and production of all supporting documentation, and (iii) for any further relief as this Court deems just and proper.

## V.    REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Cappseals respectfully requests a hearing on its Motion to Compel, as it believes such hearing may assist the court in resolving this dispute.

>     Respectfully submitted,
>     CAPPSEALS, INC.
>     By its attorney,
>
>     /s/ Kristin M. Cataldo
>     Daniel J. Kelly BBO# 553926
>     dkelly@ghlaw.com
>     Kristin M. Cataldo, BBO # 654033
>     kcataldo@ghlaw.com
>     Gadsby Hannah LLP
>     225 Franklin Street
>     Boston, MA 02110
>     (617) 345-7000

DATED:  January 12, 2005

B0396876.PDF

## LOCAL RULE 7.1 AND 37.1 CERTIFICATIONS

    I, Kristin M. Cataldo, state that on July 7, 2004 and December 13, 2004, I wrote letters to counsel for ITV requesting the relief sought in this Motion to Compel. Counsel for ITV has not responded in any fashion to the December 13, 2004 correspondence. I additionally placed a call to counsel for ITV on January 5, 2005 in order to discuss the subject matter of my December 13, 2004 letter, but my call has gone unreturned for seven days.

                                                                                        /s/ Kristin M. Cataldo  
                                                                                        Kristin M. Cataldo