# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.,<br>         Plaintiff,<br><br>v.<br><br>HEALTHY SOLUTIONS, LLC, et al.,<br>         Defendants.<br><br>RELATED CASES | CIVIL ACTION NO. 04-CV-10421-JLT |

## ITV DIRECT'S AND DIRECT FULFILLMENT'S OPPOSITION TO CAPPSEALS, INC.'S MOTION TO COMPEL

Plaintiff/Intervenor Defendant ITV Direct, Inc. and Intervenor Defendant Direct Fulfillment, LLC (collectively, "ITV"), submit this opposition to Plaintiff-in-Intervention Cappseals, Inc.'s ("Cappseals") Motion to Compel. For the reasons set forth below, Cappseals has failed to show that it is entitled to the discovery that it seeks, namely asset discovery contained in a confidential report created solely for the Federal Trade Commission pursuant to a court order in an unrelated action pending in this District. Its motion must therefore be denied in its entirety.

## PRELIMINARY STATEMENT

Cappseals intervened in this action as a result of a debt that it alleges is owed by defendant Healthy Solutions, LLC ("Healthy Solutions"). Pursuant to its contract with Healthy Solutions, Cappseals manufactured a dietary supplement known as Supreme Greens with MSM ("Supreme Greens" or the "Product") for Healthy Solutions. After Healthy Solutions failed to pay Cappseals for over $800,000 worth of Product, Cappseals intervened in this action to seek recovery from Healthy Solutions for its breach of contract, and, if successful, to satisfy that judgment through amounts that Healthy Solutions alleges it is owed by ITV. Cappseals also

intervened because a judge of the Massachusetts Superior Court previously ruled that Cappseals has no direct relationship with ITV and no basis for any direct cause of action against ITV. Thus, Cappseals sole claim against ITV is as a potential reach and apply defendant for amounts that Healthy Solutions claims, but has not proven, are due and owing by ITV. That claim only becomes ripe when Cappseals, *first*, obtains a final judgment against Healthy Solutions *and second*, Healthy Solutions obtains some form of recovery against ITV.

Demonstrating the multiple obstacles that Cappseals faces, Healthy Solutions has raised numerous defenses to Cappseals' claims, and this Court has already denied Cappseals' motion for summary judgment. In addition, ITV asserts that the value of any claim that Healthy Solutions might have against ITV, i.e. its "property," must be offset by any recovery that ITV receives against Healthy Solutions on its claims for fraud and indemnification. Only if Healthy Solution's actually recovers any amounts from ITV would Cappseals' ability to reach and apply those amounts arise. On ITV's indemnification claim alone, the amounts that Healthy Solutions must pay to ITV may exceed several million dollars and will far exceed the amount of any debt that ITV owes to Healthy Solutions. Thus, it is highly unlikely that there will be any "property" – in the form of a monetary judgment in Healthy Solutions' favor – for Cappseals to attach.

None of the discovery that Cappseals is now seeking is relevant to the disputed facts at issue concerning Cappseals' claims for reach and apply, and therefore is not encompassed by this Court's Discovery Order. Cappseals is seeking nothing more than premature asset discovery as to a third party defendant to which it has not, and may never, obtain a judgment. Specifically, in an unrelated FTC action pending in this District, Judge O'Toole ordered ITV to hire an independent accounting firm to prepare a financial report solely for use by the FTC and ITV. According to the specific terms of the order, this report has been designated as confidential by

Judge O'Toole, and has not been provided to Healthy Solutions or any parties other than ITV and the FTC. This report contains absolutely no information relevant to Cappseals breach of contract claims against Healthy Solutions, but rather contains confidential information regarding ITV's assets. Under well settled law, Cappseals' premature attempt to obtain asset discovery before any judgment has been rendered even on its claims against Healthy Solutions, never mind as between Healthy Solutions and ITV, must be denied.

## I.    **FACTUAL BACKGROUND**

ITV is in the business of marketing and distributing various healthcare related products to individual and retail customers through the utilization of infomercials. In or about early 2003, defendants Michael Howell ("Howell") and Greg Geremesz ("Geremesz") and defendant "Dr. Alex Guerrero" ("Guerrero") (collectively, "Healthy Solutions Defendants"), met with ITV to discuss whether ITV could develop a market for an organic dietary supplement developed by Guerrero, which was known as Supreme Greens. During these meetings, Guerrero represented to ITV that he was a doctor and stated that he operated an active clinic with a number of patients. He also made numerous health claims about Supreme Greens, which he claimed were supported by documentary and clinical evidence.

On April 4, 2003, ITV entered into an exclusive "Distribution Agreement" with Guerrero's company, Healthy Solutions, for the manufacture and distribution of Supreme Greens. The Distribution Agreement provided that ITV would produce an infomercial for the Product featuring Dr. Alex Guerrero, and that ITV would be the exclusive distributor of the Product in connection with the infomercial. The Distribution Agreement identified Healthy Solutions as the manufacturer of the Supreme Greens product and made no mention whatsoever of any third party manufacturer or producer of Supreme Greens. Nowhere in the agreement is

any other party mentioned or identified, nor did the parties contemplate any specific third party as the manufacturer of the Product.  Between April 4, 2003 and February 6, 2004, ITV issued purchase orders to Healthy Solutions for the purchase of Supreme Greens in varying quantities.

In order to market the sale of Supreme Greens, ITV expended millions of dollars on advertising for the Product, primarily through the production and airing of two separate infomercials featuring Guerrero.  In the infomercial and in other media, Guerrero states that he is a doctor and an OMD (doctor of oriental medicine), and that he operates a clinic in California, where he has many patients with life-threatening diseases.  He also made numerous controversial claims regarding the health benefits of Supreme Greens.  In support of these claims, Guerrero represented that he conducted a study of over 200 terminally ill patients through his clinic, and that all but eight of these patients are still alive.  On several occasions, Guerrero confirmed to ITV that he possessed competent and reliable documentary and clinical support for each and every representation he made in the infomercials.

ITV's only contractual relationship in connection with its purchases or the manufacture of Supreme Greens was with Healthy Solutions.  At no time has ITV had any contract or agreement with Cappseals, communicated directly with Cappseals regarding the manufacture of Supreme Greens (or, for that matter, at all), or agreed to pay Cappseals directly for product ordered by ITV from Healthy Solutions.  ITV has never submitted a purchase order to Cappseals for the manufacture of Supreme Greens, and Cappseals has never submitted an invoice to ITV based upon any such purchase order.  Healthy Solutions' decision to order product from Cappseals was entirely its own and was never discussed with, recommended by, or approved by ITV or any representative of ITV.

In the Distribution Agreement, Healthy Solutions agreed to indemnify and hold harmless ITV and its officers, directors, employees, shareholders and affiliates from any and all claims, lawsuits, actions and proceedings in court or by any governmental unit, relating to the manufacture and content of Supreme Greens, and claims made by Guerrero concerning the claimed impact the Product would have on the health of users of the Product.

During 2004, ITV was contacted by both the United States Food and Drug Administration ("FDA") and the FTC concerning the health claims that Guerrero has made in connection with Supreme Greens, both in the product labeling and packaging information provided by Guerrero and Healthy Solutions and in the infomercials. Each agency indicated that they do not believe that Guerrero is a doctor, or that Healthy Solutions or Guerrero can provide competent and reliable scientific evidence to support the health claims made by Guerrero in connection with Supreme Greens. As a result of the FDA's investigation, ITV engaged in corrective action at its own expense to correct label defects and alleged misrepresentations by Guerrero as identified by the FDA in connection with the Product. Thereafter, on May 25, 2004, the FTC filed a civil injunction action in the District of Massachusetts against ITV and Healthy Solutions, seeking millions of dollars in restitution for allegedly false claims made by Guerrero.

Based on Guerrero's fraudulent representations concerning the Product, Healthy Solution's indemnification obligations, and other breaches under the Distribution Agreement, ITV has refused to pay Healthy Solutions for Product ordered under the Distribution Agreement and filed this action. In its Amended Complaint, ITV alleges that it has been and will continue to be substantially damaged by, *inter alia*, Healthy Solutions Defendants' fraud and breach of contract. ITV believes that its damages caused by Healthy Solutions' conduct far exceed any amounts that Healthy Solutions currently claims is owed for Product, and that ITV is entitled to

indemnification for these amounts under the Distribution Agreement, as well as set-off to Healthy Solutions' claim. As a result, it is highly unlikely that ITV will owe any "debt" to Healthy Solutions that Cappseals can reach and apply in this action.

Despite these facts, Cappseals is seeking to compel asset discovery immediately from ITV in the hopes of determining whether ITV can satisfy some speculative judgment it believes it will obtain at some future date in this action. Although Cappseals will not succeed in establishing that ITV owes a debt to Healthy Solutions that it can attach, it is well settled that it is not entitled to the discovery it seeks before a final judgment is entered against both Healthy Solutions in the first instance, and then ITV in the second.

## II.    LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) only permits discovery of "any matter, not privileged, that is relevant to the claim or defense of any party," so long as it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery is not, however, without its limitations. Under the federal discovery rules, a litigant is prohibited from seeking discovery of a party's assets and financial information prior to obtaining a final judgment against that party. Further, a litigant may be denied an opportunity to engage in discovery if his pleadings and affidavits have "not made even a minimal showing warranting the requested discovery." MacKnight v. Leonard Morse Hosp., 828 F.2d 48, 51 (1st Cir. 1978). Here, Cappseals has not met the relevancy requirement of Rule 26, and cannot articulate one legitimate reason as to why it is entitled to discover a confidential report containing information relating to ITV's assets, which is entirely irrelevant to its claims in this action, prior to any judgment in this case.

**A.    Cappseals Is Not Entitled To Discover A Confidential Report Prepared For The FTC In Unrelated Litigation, Which Is Irrelevant to This Action.**

By its motion, Cappseals seeks an order requiring ITV to produce a confidential report that was prepared for the FTC in a case entitled <u>Federal Trade Commission v. Direct Marketing Concepts, et al.</u>, C.A. No. 04-1136-GAO ("FTC Action"), in which Cappseals is not a party and has no interest. The confidential information that Cappseals seeks relates to ITV's operations and assets, which is entirely irrelevant to either its claims against Healthy Solutions under their contract, or its attendant reach and apply claim against ITV.

First, the report and supporting documentation that Cappseals seeks is an accounting that was prepared by an independent accounting firm in August 2004 <u>solely</u> for the FTC and ITV pursuant to an order by Judge O'Toole in the FTC Action (the "Confidential Report"). (<u>See</u> Preliminary Injunction Order, attached as Exhibit E to Cappseals' Motion.) The Confidential Report relates to ITV's and Direct Marketing Concepts, Inc.'s ("DMC") business operations in their sale and marketing of Supreme Greens, as well as the assets of these entities and their principal shareholder, Donald Barrett (collectively, "ITV Defendants"). Contrary to Cappseals' representation in its Motion, the Report was <u>not</u> provided to Healthy Solutions or any of the other defendants in the FTC Action, nor was it filed with the Court. (<u>See</u> Preliminary Injunction Order, p. 24 ¶ B, attached as Exhibit E to Cappseals' Motion.). Instead, Judge O'Toole specifically ordered that the Report be provided solely to the FTC and the ITV Defendants, and that "<u>such information gathered by and reports prepared by the accounting firm shall be designated as confidential information</u>." (<u>Id</u>., p. 25) (emphasis added). Cappseals is clearly not entitled to discovery of a report or its supporting documentation that was prepared solely for the

eyes of the FTC and ITV in an unrelated litigation, which the Court has ordered be held

confidential in that case.[1]

This confidential Report would not only be inadmissible as evidence in this action, but

Cappseals has failed to meet its burden and show that the Report would lead to the discovery of

admissible evidence on its claims.  The information contained in the Report relates to the ITV

Defendants' business operations, expenses and profits associated with the sale and marketing of

Supreme Greens, and the location and amount of their assets, which are wholly unrelated to

Cappseals' claims against ITV for reach and apply.[2]  (See Preliminary Injunction Order, pp. 24-

25, attached as Exhibit E to Cappseals' Motion.)  Cappseals fails to explain how the information

in the Report is "directly relevant to Cappseals claims," and its bald assertion is clearly

insufficient under Rule 26(b)(1).  (See Cappseals' Memorandum of Law, pp. 5-6).

To succeed on its claims under the Massachusetts reach and apply statute, Cappseals

must first establish that there is a "debt" owed to it by Healthy Solutions pursuant to their

contract.  Hunter v. Youthstream Media Networks, Inc., 241 F. Supp. 2d 52, 57 (D. Mass. 2002).

The confidential Report containing ITV's business operations and asset information is entirely

irrelevant to this inquiry.  Healthy Solutions admits that it placed purchase orders with Cappseals

---

[1] In effect, Cappseals is seeking a modification of Judge O'Toole's Preliminary Injunction Order issued in the FTC Action, to remove the confidential protection accorded the report.  We presume this Court would be loathe to upset this ruling by a fellow judge, particularly where the discovery sought is otherwise outside of the normal bounds of discovery.  The far better course would have been for Cappseals to seek leave to intervene in the FTC Action and then move to modify the Judge O'Toole's Preliminary Injunction Order, rather than attempting to circumvent the process by obtaining these documents in this action.  Of course, the same arguments would apply in that action for denying any such motion.

[2] Cappseals fails to realize that it has no direct action against ITV and must rely solely on its reach an apply claim. Cappseals never had any contractual relationship whatsoever with the ITV defendants, has never even communicated with ITV, and cannot establish that it is a third party beneficiary of the Distribution Agreement between ITV and Healthy Solutions, LLC, in which only Healthy Solutions itself is identified as the "manufacturer" of the product.  As a result, the Massachusetts Superior Court has already rejected Cappseals' breach of contract claim, finding that absent any evidence that it was an intended beneficiary of the agreement between ITV and Healthy Solutions, Cappseals is nothing more than an incidental beneficiary with no standing to bring an action directly against defendants.

for the manufacture of several hundred thousand bottles of Supreme Greens for which it has not paid. The second step requires Cappseals to establish that ITV owes a debt to Healthy Solutions that is subject to attachment. <u>Hunter</u>, 241 F. Supp. 2d at 57, <u>quoting</u> <u>General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc.</u>, 188 F. Supp. 2d 73, 76 (D. Mass. 2002). Here, Cappseals seeks to attach approximately $890,000 of an alleged $1.8 million debt that ITV purportedly owes Healthy Solutions for 300,000 bottles of Supreme Greens that was shipped to ITV. Again, information about the ITV Defendants' assets is entirely irrelevant to the issue of whether ITV has meritorious defenses to Healthy Solutions' claims.[3]

ITV has admitted that they received deliveries of Supreme Greens under the terms of a Distribution Agreement with Healthy Solutions. In that regard, ITV has produced to Cappseals all documents that are relevant to these deliveries. For example, ITV has produced all packing slips indicating the quantity of Supreme Greens product that was received by Direct Fulfillment. ITV has also produced all purchase orders from DMC to Healthy Solutions for Supreme Greens, and invoices sent by Healthy Solutions to DMC and ITV for such product. Further, despite Cappseals' claims to the contrary, ITV has produced financial spreadsheets indicating the payments made by ITV to Healthy Solutions for such Product and a listing of the invoices that were not paid by ITV. ITV has also produced all relevant communications between Healthy Solutions and ITV, all information related to the infomercial, and all labeling and advertising information. In short, ITV has produced all information required by this Court's prior order that relates to the promotion and sale of Supreme Greens.

---

[3] The mere fact that ITV denied some of the allegations of Cappseals' complaint and asserted affirmative defenses does not entitle Cappseals to unlimited discovery into the finances of ITV when these finances are not even in issue. Cappseals is well aware of the bases for ITV's defenses against Healthy Solutions in this action, as they are set forth in the allegations of ITV's Amended Complaint and the numerous pleadings filed by ITV in this action.

Cappseals' bald assertion that the Confidential Report and supporting documentation is directly relevant to its claims of liability is completely unfounded, and is insufficient to meet its burden on this Motion to show why it is entitled to circumvent an order entered by another Judge of this Court and obtain asset discovery from ITV at this stage in the litigation.

**B.    Cappseals Is Not Entitled To Asset Discovery Prior to Obtaining A Judgment**

It is clear that by this Motion, Cappseals is really seeking to disregard the rules of discovery and obtain information regarding ITV's assets prior to obtaining a final judgment. The federal discovery rules generally prohibit a litigant from discovering facts about a party's assets and financial information prior to obtaining a judgment against that party. See, e.g., Resolution Trust Corporation v. Thorton, 41 F.3d 1539, 1547 (D.C. Cir., 1994) (discovery of party's assets not appropriate prior to final judgment); Sanderson v. Winner, 507 F.2d 477, 480 (10th Cir. 1974) (defendants not entitled to discovery of assets and financial documents until judgment is obtained); Seabulk Towing, Inc. v. Oceanografia S.A, 2002 WL 1837855, *2-3 (E.D.La. 2002) (motion for protective order granted where plaintiff failed to provide a sufficient basis to show that pre-judgment discovery of defendants assets was relevant to its claims). As is apparent from Rule 69 of the Federal Rules of Civil Procedure, such asset discovery is properly sought only if, and not until, Cappseals has obtained a final judgment against ITV.[4] See Bonilla v. Trebol Motors Corporation, 1997 U.S.Dist. LEXIS 4370, 4395 (D.P.R. 1997) ("'Nor do we see the defendants have any legitimate concern as to whether plaintiffs will be able to pay a judgment for costs in the event that such a judgment is entered. Defendant will have ample opportunity for discovery under Rule 69 Fed.R.Civ.P. if it obtains judgment.'") (quoting Sanderson v. Winner,

---

[4] In pertinent part, Rule 69 provides: "In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided by these rules."

507 F.2d 477, 479-80 (10th Cir. 1974)); <u>Buntzman v. Springfield Redevelopment Authority</u>, 146 F.R.D. 33 (D. Mass. 1993) (financial condition of defendant relevant only if defendant has made the same an issue in the case).

Here, where the financial status of ITV is irrelevant to Cappseals' direct claims against Healthy Solutions and reach and apply claims against ITV, Cappseals has not shown a basis for departing from the general rule that discovery of a defendant's – not to mention a reach and apply defendant – assets prior to the entry of judgment is not permitted.  <u>See Resolution Trust Corporation v. Feffer</u>, 793 F. Supp. 11, 14 (D.D.C. 1992) (RTC not entitled to discovery of financial information of respondents for purpose of discerning ability to satisfy a judgment, which is irrelevant to issue of liability).  Accordingly, this Court should not permit Cappseals to circumvent Fed. R. Civ. P. 69, obtain irrelevant information and invade information designated as confidential by another judge of this District without some showing of need, which Cappseals has not established here.  <u>See E. A. Miller v. South Shore Bank</u>, 405 Mass. 95 (1989) (parties may be denied discovery if no minimal showing warranting the requested discovery).

**C.     ITV's Has Disclosed Its Damages To The Extent
Known, Such That Its Damages On Its Indemnification Claim
Will Far Exceed Any Amounts Cappseals' Claims It Is Due**

As its last ditch argument, Cappseals asserts that ITV has failed to disclose a computation of its damages in accordance with Local Rule 26.1, and seemingly ignores the information contained in ITV's statement of its damages.  (<u>See</u> Cappseals' Memorandum of Law, p. 7.)  As Cappseals is well-aware, one of ITV's primary claims against Healthy Solutions in this action is for indemnification under the express terms of the Distribution Agreement.  That indemnification would include all restitution, penalties or fines that may be assessed against ITV in the FTC Action or by the FDA, as a result of Healthy Solutions' fraudulent representations about

Guerrero's status as a doctor, the health claims about the Product, the scientific substantiation for such health claims, or the labeling of the Product.[5]

ITV's potential legal exposure to the FTC as a result of the Healthy Solutions Defendants' fraudulent representations, i.e., ITV's damages on its indemnification claim, may well be "in excess of several million dollars" as ITV disclosed pursuant to Local Rule 26.1.  (See Cappseals' Memorandum of Law, p. 7).  The measure of damages in an FTC action may be calculated as the total gross revenue to ITV from the sale Supreme Greens, which could exceed $16 million.  See, e.g., FTC v. Febre, 128 F.3d 530, 534-535 (7th Cir. 1997) (damages calculated as total revenues).   In addition to these amounts, ITV has incurred substantial legal costs defending the action, in the hundreds of thousands of dollars.  These amounts continue to climb. As Cappseals is well aware, therefore, the exact amount of damages for which ITV is entitled to indemnification from the Healthy Solutions Defendants is necessarily dependent on the conclusion of the FTC Action, the result of which is unknowable at this time.

In any event, Cappseals is not "left in the dark" as to ITV's damages claim, as the potential indemnification that ITV will be entitled to from the Healthy Solutions Defendants for the action brought by the FTC far exceeds any amounts that the Healthy Solutions Defendants claim they are due from ITV under the Distribution Agreement, which debt Cappseals is seeking

---

[5] The Distribution Agreement provides that:

> Manufacturer [Healthy Solutions] agrees upon demand to defend, indemnify and hold harmless Distributor [ITV], its officers, directors, employees, shareholders and affiliates from any and all claims, lawsuits, actions and proceedings in any court or by any governmental unit arising out of or relating to the Product as manufactured, its contents or impact n the health of any person.

to attach.[6]  See Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 13 (1st Cir. 1987) (withholding of amounts due as a set-off is appropriate).

Contrary to Cappseals' assertions, ITV has also provided Cappseals with documentation to support its claims against Healthy Solutions for the damages sustained as a result of Healthy Solutions' fraud and breach of contract, which include payments made to Healthy Solutions for product, as well as amounts expended on media and marketing for Supreme Greens.  In this action, ITV has produced documents showing, *inter alia*, Healthy Solutions invoices to ITV, payments made by ITV to Healthy Solutions for Supreme Greens, and the monthly media costs for the Supreme Greens infomercials.  Among other things, these documents and the testimony of several witnesses reflect that the expenses, including millions of dollars of media costs expended in promoting the Supreme Greens product, resulted in over $2.5 million of additional losses to ITV in connection with Supreme Greens.  Thus, Cappseals is well aware of the basis for ITV's damages, and that the damages sought by ITV far exceed the $1.8 million that Healthy Solutions claims it is due under the Distribution Agreement, which Cappseals is seeking to attach.

---

[6] If Cappseals requires more specificity at this time, ITV calculates its damages on the indemnification claim to be in excess of $16 million.

**<u>CONCLUSION</u>**

For all of the foregoing reasons, Cappseals' Motion to Compel confidential financial

documents relating to the assets of ITV must be denied.

                                  Respectfully submitted,
                                  ITV DIRECT, INC.
                                  By their attorney(s),

                                   /s/ Susan W. Gelwick
                                  Peter S. Brooks, BBO #058980
                                  Christopher F. Robertson, BBO #642094
                                  Susan W. Gelwick, BBO #567115
                                  Seyfarth Shaw LLP
                                  Two Seaport Lane, Suite 300
                                  Boston, MA 02210-2028
                                  Telephone:     (617) 946-4800
                                  Telecopier:    (617) 946-4801

Dated: January 26, 2005

14