UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |
| CAPPSEALS, INC., ) | Civil Action No. 04-CV-10421-JLT |
| ) | |
| Plaintiff-in-Intervention, ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a ) | |
| DIRECT BUSINESS CONCEPTS; ITV ) | |
| DIRECT, INC.; and DIRECT ) | |
| FULFILLMENT, LLC, ) | |
| ) | |
| Intervenor-Defendants. ) | |

**CAPPSEALS, INC.'S MEMORANDUM SUPPORTING ITS
MOTION FOR SANCTIONS AGAINST ITV DIRECT, INC.**

Plaintiff-in-Intervention Cappseals, Inc.'s (hereinafter "Cappseals") submits this

memorandum in support of its Motion for Sanctions against plaintiff ITV Direct, Inc.

(hereinafter "ITV Direct") pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and

Local Rule 37.1. ITV has exhibited no sense of urgency to comply with this Court's February 1,

2005 Order (the "Order" – docket No. 69) letting deadlines come and go without even so much

as a phone call to opposing counsel. The Order specifically required ITV to supplement its

disclosures by February 15, 2005 in response to a motion to compel previously filed by

Cappseals. However, ITV has not supplemented its disclosures with a single document, leaving

Cappseals with a mere 507 pages of material produced in 2004. At the same time, Cappseals has

reason to believe there may be upwards of 50,000 relevant documents in ITV's possession. ITV's willful failure to comply in good faith with the Order has undermined Cappseals' efforts to compile information critical to its claims and its conduct must be sanctioned.

## I.  BACKGROUND

### A.  Cappseals Has Relied On Unsubstantiated Damages and Liabilities To Offset Amounts Owed to Cappseals.

Cappseals' sole interest in this litigation is to be paid for a large number of goods it manufactured and shipped to ITV at the direction of Healthy Solutions, LLC, d/b/a Direct Business Concepts (hereinafter "DBC").  These goods consisted of a dietary supplement called Supreme Greens.  Upon information and belief, ITV has sold all of the goods shipped at five to ten times the sale price.

There has never been a dispute over the quality of the products manufactured and shipped by Cappseals to ITV.  Rather, ITV has cited tangential and – what Cappseals believes to be – pretextual affirmative defenses and claims against DBC as a basis for withholding payment from Cappseals.  ITV has also cited its potential liability in a proceeding initiated by the FTC against itself and DBC as a reason to withhold payment from Cappseals.[1]  However, ITV has not produced even the most basic information regarding its damages and liabilities including but not limited to the sales and profits generated by the goods Cappseals supplied.  Instead ITV has only vaguely alluded to its alleged damages within its Initial Disclosures, and, ITV has produced little if any relevant documentation.  More specifically, ITV has produced a mere 507 pages of

---

[1]    The dispute between ITV and DBC concerns an alleged oral modification of a distribution agreement between the parties (purportedly giving ITV Direct rights to a trademark, a domain name, and to a percentage of profits derived from website sales) and to representations made by both parties in connection with marketing the goods at issue.  This latter issue is central to a separate lawsuit recently filed by the Federal Trade Commission (hereinafter "FTC") against both ITV Direct and DBC, as well as their respective affiliates and principals, FTC vs. Direct Marketing Concepts, Inc., Civil Action No. 04-11136-GAO (the "FTC Proceeding").  The FTC Proceeding further alleges that ITV Direct has made false or misleading statements when marketing an unrelated product and that ITV Direct inflated its sales by enrolling unsuspecting consumers into its auto-billing and auto-shipment programs.  Tellingly, Cappseals is not a party to the FTC Proceeding.

information while actively concealing or unjustifiably delaying production of the vast majority of documents supporting its claims.

**B.      ITV Is Ordered To Supplement Its Automatic Disclosures But Fails To Comply.[2]**

After conferencing with counsel for ITV, on January 12, 2005, Cappseals filed a Motion to Compel ITV to supplement its Initial Disclosures and, consistent with Rule 26, produce documents responsive to this Court's May 24, 2004 Discovery Order.  During the parties Status Conference on February 1, 2005, the Court heard oral arguments and issued an Order compelling ITV to (i) supplement its disclosures by February 15, 2005, and, (2) submit a representative for a Rule 30(b)(6) deposition by February 25, 2005.

After the February 15th deadline came and went without any supplementation, counsel for Cappseals contacted counsel for ITV reiterating their obligations and the need to conference issues surrounding the outstanding supplementation in order to avoid burdening this Court with their noncompliance.  Over the following weeks, and, after additional requests by Cappseals, ITV finally began a piece-meal supplementation by submitting a three-page letter articulating categories of damages and round approximations of the damages it has suffered.  However, ITV did not supplement its disclosures with a single document.

More than a week after the February 15th deadline, counsel for ITV finally agreed to review its documents and immediately provide (1) a reconciliation of outstanding documents to be produced, and (2) a firm date when production will occur so that its 30(b)(6) deposition (Ordered by the Court to occur by February 25) could finally go forward.  As of this date, ITV has still not followed through on its promises having not produced any documents so as to

---

[2]      The facts within this section are supported by the Affidavit of Scott A. Silverman that was filed concurrently with Cappseals Motion for Sanctions.

3

supplement its disclosure requirements and having failed to provide the promised representations as to what is outstanding and when it intends to comply with the Order.

Interestingly, ITV has produced over 40,000 paper documents to the FTC predominantly relating to the marketing, sales and billing practices for Supreme Greens.  The FTC also has been given electronic material of ITV that provides them access to an additional 10,000 relevant e-mails.  As of the filing of this motion, ITV has produced only 507 pages of documents to Cappseals through productions in 2004.  Cappseals has never been given access to, nor has it ever been aware of  any relevant electronic media.

## II.     ARGUMENT

ITV has failed to comply in good faith with its disclosure obligations and the Order requiring supplementation of information supporting the extensive damages it has vaguely alluded to throughout this case.  ITV's failure to comply with its obligations to make - theoretically - automatic disclosures is needlessly costing Cappseals thousands of dollars because of ITV's indifferent attitude towards both the rules of civil procedure and the Order of this Court. Cappseals has already demonstrated that it is entitled to the information it seeks.  ITV has been ordered to produce the information.  Now after exhausting all available avenues of negotiation, Cappseals is forced to bring this motion for sanctions.

Rule 37(b)(2) provides sanctions for willfully disobeying a Court Order, including default of the disobeying party.  When a party willfully fails to comply with a court order, the court has broad discretion to issue sanctions; and such decisions lie in the sound discretion of the district court. *Benitz-Allende v. Alcan Aluminum Do Brasil, S.A.*, 857 F.2d 26 (1st Cir. 1988); *Marquis Theatre Group v. Condado Mini Cinema*, 846 F.2d 86 (1st Cir. 1988); *Atlantic Cape Fisheries v. Hartford Fire Insurance Co.*, 509 F.2d 557 (1st Cir. 1975); *Kozlowski v. Sears, Roebuck and*

*Co.*, 71 F.R.D. 594,597 (D. Mass. 1976). Here, Cappseals requests that this Court sanction ITV in the following manner for its obstructive discovery tactics pursuant to Rule 37(b)(2)(C):

1.      Strike the claims of ITV Direct, Inc. against Healthy Solutions L.L.C.;

2.      Strike the defenses of ITV Direct, Inc. that it may have against claims brought by Healthy Solutions L.L.C. and Cappseals, Inc.;

3.      Prohibit Healthy Solutions L.L.C. from offering affirmative evidence on the amounts of their claims and defenses; and

4.      Award Cappseals, Inc. its costs and attorneys' fees incurred pursuing discovery from Healthy Solutions L.L.C., including those charges incurred preparing and arguing its original motion to compel and the present motion for sanctions.

Rather than use the Order as a reminder to comply with its discovery obligations, ITV has blatantly ignored the direction of the Court. ITV began piece-meal disclosure only after Cappseals urged compliance. However, as of this date ITV has still yet to supplement its disclosures with a single document – while also refusing to identify what documents remain outstanding. From all available information it appears 50,000 pages of paper and electronic documents may have been withheld by ITV. ITV should not be allowed to prosecute claims and maintain defenses that it is so blatantly unwilling to substantiate. Accordingly, the sanctions identified above are appropriate based upon ITV's misconduct and feigned compliance with the Order, especially so close to the final pre-trial conference of April 5, 2005 mutually agreed upon by all the parties.

## III.    CONCLUSION

Cappseals respectfully requests that this Court sanction ITV pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure in the following manner:

1.      Strike the affirmative claims ITV Direct, Inc. has asserted against Healthy Solutions L.L.C. in this case;

2.      Strike the defenses ITV Direct, Inc. has asserted or may assert against claims brought by Healthy Solutions L.L.C. and Cappseals, Inc.;

B0404333v1

3.      Prohibit Healthy Solutions L.L.C. from offering affirmative evidence on the amounts of their claims and defenses; and

4.      Award Cappseals, Inc. its costs and attorneys' fees incurred pursuing discovery from Healthy Solutions L.L.C., including those charges incurred preparing and arguing its original motion to compel and the present motion for sanctions.

Cappseals also respectfully requests that this Court issue an Order immediately compelling ITV to:

1.      Preserve all relevant electronic media;

2.      Copy and produce to Cappseals one copy of all relevant electronic media; and

3.      Copy and produce to Cappseals one copy of all relevant documents.

Respectfully submitted,
CAPPSEALS, INC.
By its attorneys,


/s/ Scott A. Silverman
Daniel J. Kelly BBO# 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO #638087
ssilverman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
DATED:  March 3, 2005              (617) 345-7000

B0404333v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and accurate copies of the foregoing <u>Cappseals, Inc.'s Memorandum Supporting Its Motion For Sanctions Against ITV Direct, Inc.</u> was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

Peter S. Brooks          <u>pbrooks@seyfarth.com</u>

Susan W. Gelwick         <u>sgelwick@seyfarth.com</u>

Dustin F. Hecker         <u>dhecker@pbl.com</u>

Christopher F. Robertson     crobertson@seyfarth.com

<u>Via Facsimile and First Class Mail, postage prepaid:</u>

Becky Christensen
O'CONNOR CHRISTENSEN & MCLAUGHLIN LLP
1920 Main Street, Suite 150
Irvine, CA 92614

/s/ Scott A. Silverman
Daniel J. Kelly BBO# 553926
<u>dkelly@ghlaw.com</u>
Scott A. Silverman, BBO #638087
<u>ssilverman@ghlaw.com</u>
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
DATED:  March 3, 2005          (617) 345-7000

B0404333v1