UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, <br><br> Intervenor-Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 04-CV-10421-JLT

### AFFIDAVIT OF SCOTT A SILVERMAN

I, Scott A. Silverman, being duly sworn, do hereby depose and state that:

1. My name is Scott A. Silverman, and I am an associate with the law firm of Gadsby Hannah LLP located in Boston, MA. I am counsel for the Plaintiff-in-Intervention, Cappseals, Inc. ("Cappseals"). I submit this Affidavit in support of Cappseals Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2) resulting from the failure of ITV Direct, Inc. ("ITV") to comply with this Court's Order of February 1, 2005. This Affidavit also serves to place the documents described below before the court, and, to further attest, based upon personal knowledge, to the facts contained herein.

B0404368v1

2. After conferencing with counsel for ITV, on January 12, 2005, Cappseals filed a Motion to Compel ITV to supplement its Initial Disclosures and, consistent with Rule 26, produce documents responsive to this Court's May 24, 2004 Discovery Order.

3. During the parties Status Conference on February 1, 2005, the Court heard oral arguments and issued an Order compelling ITV to (i) supplement its disclosures by February 15, 2005, and, (2) submit a representative for a Rule 30(b)(6) deposition by February 25, 2005.

4. As of February 18, 2005, ITV had not supplemented any of its Disclosures.

5. Submitted herewith as **Exhibit 1** is a true and accurate copy of a letter that I hand delivered to counsel for ITV on February 18, 2005 reiterating their obligations under the Order and the need to conference their noncompliance to avoid motion practice.

6. Shortly after my February 18th letter, I received a call from counsel for ITV, Christopher Robertson, apologizing for their delay and promising supplementation by Wednesday the following week (February 23, 2005).

7. On February 23, 2005 at 9:23 pm, I received an e-mail from Attorney Robertson again apologizing for ITV's delay and promising ITV's supplementation by the following morning. A true and accurate copy of Attorney Robertson's email is attached as **Exhibit 2**.

8. At 3:46 pm on February 25, 2005 - 9 days after the court ordered deadline of February 15, 2005 - I finally received a three page letter from Attorney Robertson purporting to serve as ITV's disclosure supplementation. A true and accurate copy of Attorney Robertson's February 15th letter is attached as **Exhibit 3**.

9. On February 28, 2005, I conducted a telephone conference with Attorney Robertson to address the deficiencies in ITV's supplementation, in particular the fact that ITV had not produced any of the documents discussed during the hearing on February 1st.

2

10. Attorney Robertson, identified at least one bankers box of documents that he knew had not been produced to Cappseals, while asserting that production may be prohibited by an Order of Judge O'Toole in the related proceeding, *FTC vs. Direct Marketing Concepts, Inc.,* Civil Action No. 04-11136-GAO. Pursuant to my request, counsel for ITV finally agreed to review its document production and immediately provide (1) a reconciliation of outstanding documents to be produced, and (2) a firm date when production will occur so that its 30(b)(6) deposition (Ordered by the Court to occur by February 25) could finally go forward. Attorney Robertson also agreed to explore with his client the possibility of a stipulation regarding confidentiality that would address any potential concerns caused by Judge O'Toole's Order thereby removing any impediment to a complete disclosure of information in this case.

11. Pursuant to my request, attorney Robertson agreed to speak with his clients and respond with information regarding ITV's document production by the morning of Tuesday, March 1, 2005.

12. As of the filing of this Motion, I have not received any return phone call from Attorney Robertson, ITV has not produced any documents so as to supplement its disclosure requirements, and, despite counsel's assurances, ITV has failed to reconcile whether their document production is complete.

13. Through conversations with the FTC I have learned that the FTC is in possession of over 40,000 paper documents from ITV predominantly relating to the marketing, sales and billing practices for Supreme Greens. The FTC also has access to electronic material of ITV that provides them access to an additional 10,000 relevant e-mails.

14. As of the filing of this motion, ITV has produced only 507 documents to Cappseals through productions in 2004.

Sworn to under the pains and penalties of perjury this 3rd day of March, 2005.

/s/ Scott A. Silverman
Scott A. Silverman

**CERTIFICATE OF SERVICE**

I hereby certify that true and accurate copies of the foregoing Affidavit of Scott A. Silverman with exhibits was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

Via electronic notification:

Peter S. Brooks          pbrooks@seyfarth.com

Susan W. Gelwick         sgelwick@seyfarth.com

Dustin F. Hecker         dhecker@pbl.com

Christopher F. Robertson     crobertson@seyfarth.com

Via Facsimile & First Class Mail, postage prepaid:

Becky Christensen
O'CONNOR CHRISTENSEN & MCLAUGHLIN LLP
1920 Main Street, Suite 150
Irvine, CA 92614

/s/ Scott A. Silverman
Daniel J. Kelly BBO# 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO #638087
ssilverman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

DATED: March 3, 2005          (617) 345-7000

4