UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., et al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| CAPPSEALS, INC.,<br><br>            Plaintiff-in-Intervention,<br><br>v.<br><br>HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC,<br><br>            Intervenor-Defendants. | Civil Action No. 04-CV-10421-JLT |

**AFFIDAVIT OF SCOTT A SILVERMAN**

**Exhibit 1**



# GADSBY HANNAH LLP

Scott A. Silverman
ssilverman@ghlaw.com

Tel: 617 345 7077
Fax: 617 204 8077

February 18, 2005

VIA HAND DELIVERY

Christopher F. Robertson
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
     617 345 7050

www.ghlaw.com

Re:   Healthy Solutions, LLC, et al, v. ITV Direct, Inc.

Dear Attorney Robertson:

Pursuant to Judge Tauro's February 1, 2005 Order, your client, ITV Direct, was obligated to supplement its Rule 26 disclosures by February 15, 2005. As of this date, we have not received any supplementation. Additionally, no representative of ITV Direct has contacted our office with any explanation or excuse as to why your client has failed to comply the Court's Order. Please notify me immediately when we can expect to receive ITV Direct's supplementation so that we can avoid the need for judicial intervention.

On a related note, Cappseals' motion for access to confidential material is still pending with Judge O'Toole in the matter, *FTC v. Direct Marketing Concepts, Inc.*, Civil Action No.04-11136-GAO. While Judge Tauro authorized an expedited 30(b)(6) deposition, resolution of the Motion for Access, and, ITV Direct's supplementation were logical pre-requisites to the deposition. Accordingly, please find a Notice of Deposition attached hereto scheduling the 30(b)(6) deposition of ITV Direct for Thursday, March 3, 2005 at 10:00 at the offices of Gadsby Hannah LLP. I am hopeful that during this time Judge O'Toole will authorize the release of the accounting report prepared by ITV Direct for the FTC. Notwithstanding Judge O'Toole's ruling, I will expect to receive ITV Direct's supplementation well before March 3rd so that we have adequate time to prepare for the deposition.

Very truly yours,

Scott A. Silverman

SAS:vay
Enclosures
cc:   Becky V. Christensen, Esq.
      Dustin F. Hecker, Esq.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS LLC, et al, )<br>)<br>Defendants. )<br>_____ )<br>)<br>AND RELATED CASES )<br>_____ ) | Civil Action No. 04-CV-10421-JLT<br><br>Honorable Joseph L. Tauro |

### NOTICE OF DEPOSITION

To:  Dustin F. Hecker, Esq.                                Christopher Robertson, Esq.
     Posternak Blankstein & Lund, LLP              Seyfarth Shaw LLP
     Prudential Tower                                         World Trade Center East
     800 Boylston Street                                     Two Seaport Lane, Suite 300
     Boston, MA 02199-8004                              Boston, MA 02210-2028

     Becky Christensen, Esq.
     Levin & O'Conner
     384 Forest Avenue, Suite 13
     Laguna Beach, California 92651

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Cappseals, Inc., by its attorneys, will take the deposition upon oral examination of **ITV Direct, Inc.** by an officer(s), director(s), employee(s), managing agent or other person (a) having the most knowledge regarding or (b) having obtained company information reasonably available with respect to the topics listed on Schedule A attached hereto. The deposition will take place on **Thursday, March 3, 2004 at 10:00 a.m.,** at the offices **of Gadsby Hannah LLP, 225 Franklin Street,**

Boston, MA, before an officer authorized by law to administer oaths. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

Respectfully submitted,
CAPPSEALS, INC.
By its attorneys,

Daniel J. Kelly BBO# 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO #638087
ssilverman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

DATED: February 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day true copies of the Notice of Deposition was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via Hand Delivery</u>:

Christopher F. Robertson
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

<u>Via First Class Mail and Facsimile</u>:

Becky Christensen
Levin & O'Conner
384 Forest Avenue, Suite 16
Laguna Beach, CA 92651-2132

Dustin F. Hecker,
Posternak, Blankstein, LLP
800 Boylston Street
Boston, Ma 02199

By: _____
Date: 2-18-05

2

## SCHEDULE A

### Designation of Subject Matter Areas
### Pursuant to Fed. R. Civ. P. 30(b)(6)

### DEFINITIONS

The definitions contained herein shall not be taken to amend or modify the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, but are instead intended to be incorporated into each of the requests to which they relate as if the language herein was stated in those requests.

1. The term "document" shall include, but not be limited to: (1) written, printed, or graphic material of any kind; (2) electronically, magnetically, or mechanically recorded material of every type and description, however produced or reproduced; and (3) every non-identical copy of the foregoing.

2. The term "communication" means any written, oral, or electronic transmission of fact, information, intention, or opinion, including utterance, notation, or statement of any nature whatsoever, and including but not limited to documents, correspondence, memoranda or notes, even if such writings are merely record and are not transmitted to third parties.

3. The term "correspondence" includes but is not limited to letters, telegrams, inter or intra-office memoranda, work communications, notes and memoranda of meetings or oral communications and sound recordings and transcripts thereof, and all other written or electronic communications of whatever form.

4. The term "and" and the term "or" shall, where the context permits, be construed to mean "and/or".

5. The term "any" shall be deemed to include and encompass the terms "each" and "all".

3

6.  The term "concerning" shall include the terms "evidencing", "constituting", "pertaining to", "having as its subject matter", "reflecting", "relating to", "referring to" or "describing".

7.  The term "person" is defined to include the plural as well as the singular and is further defined to include any natural person as well as any company, corporation, firm, association, joint venture, partnership, or other legal entity.

8.  "You," "your," or "ITV" refers to the plaintiff and defendant-in-counterclaim, ITV Direct, Inc., and (1) any of its partners, agents, servants, employees, subsidiaries or parents and (2) any person who acts or has acted on its behalf.

9.  "Healthy Solutions" refers to the defendant and plaintiff-in-counterclaim, Healthy Solutions, LLC and (1) any of its partners, agents, servants, employees, subsidiaries or parents and (2) any person who acts or has acted on its behalf.

10. The "Distribution Agreement" means the contract between ITV and Healthy Solutions described in paragraph 16 of ITV's Amended Complaint whereby ITV became a distributor of "Supreme Greens with MSM".

## DOCUMENTS TO BE PRODUCED

ITV is hereby required to designate the person or persons best able to testify on its behalf fully and completely as to the following subject areas all of which should be read consistent with Fed. R. Civ. P. 26 and local Rule 26.1 dictating ITV's obligation to disclose information that may support its claims or defenses:

1.  Any and all documents, agreements and contracts, including all addenda, modifications, extensions and amendments thereto, by and between ITV and Healthy Solutions.

2.  Any and all correspondence or communications by and between ITV and Healthy Solutions concerning the Distribution Agreement;

4

3. The facts, circumstances and documents that support ITV's claim that Healthy Solutions agreed to modify the Distribution Agreement so that ITV could recoup expenses;

4. The facts, circumstances and documents that support ITV's claim that Healthy Solutions agreed to assign to ITV the domain name "supremegreens.com";

5. The facts, circumstances and documents that support ITV's claim that Healthy Solutions agreed to pay ITV a royalty on all products sold directly by Healthy Solutions to end users;

6. The facts, circumstances and documents that support ITV's claim that Healthy Solutions agreed to reduce the purchase price of products as identified in the Distribution Agreement;

7. The facts, circumstances and documents that support ITV's claim that it owned the trademark or tradename "Supreme Greens with MSM";

8. The facts, circumstances and documents that support ITV's claim that Healthy Solutions breached its contract with ITV by failing to pay amounts ITV was owed;

9. The facts, circumstances and documents that support ITV's claim that Healthy Solutions breached its contract with ITV by failing to withdraw its application of the trademark "Supreme Greens with MSM";

10. The facts, circumstances and documents that support ITV's claim that Healthy Solutions converted funds and property of ITV, including ITV's royalties, trademarks, and domain names;

11. The facts, circumstances and documents that support ITV's claim that Healthy Solutions fraudulently induced ITV to enter the Distribution Agreement and spend money marketing and branding "Supreme Greens with MSM";

12. The facts, circumstances and documents that support ITV's claims for indemnification against Healthy Solutions;

13. The facts, circumstances and documents that support ITV's claim of unfair and deceptive business practices against Healthy Solutions;

14. The facts, circumstances and documents that support ITV's claim that Healthy Solutions made false and competing claims to ITV's intellectual property;

15. The facts, circumstances and documents that support ITV's claim that Healthy Solutions breached the covenant of good faith and fair dealing implied as a term within their Distribution Agreement;

16. The facts, circumstances and documents that support ITV's claim that Healthy Solutions converted money and property of ITV;

17. The facts, circumstances and documents surrounding ITV's receipt of products shipped pursuant to the Distribution Agreement;

18. All economic loss and computation of damages resulting from any of the facts, circumstances, allegations or claims identified in paragraphs 4 through 17 herein;

19. All documents that were used to support ITV's computation of economic loss and damages;

20. All documents upon which ITV based any computation of damages, including documents concerning the nature and extent of ITV's injuries;

21. All expenses incurred marketing and branding the product "Supreme Greens with MSM";

22. All expenses and damages incurred as a result of any governmental investigation concerning the labeling and health claims associated with "Supreme Greens with MSM";

6

23. The defenses and affirmative defenses of ITV that have been asserted in response to the counter-claims initiated by Healthy Solutions in this action; and

24. Any other matters reasonably related to the subject matter of the instant litigation or which may arise during the course of the deposition.

B0402827v1

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                    0275
CONNECTION TEL              919493766105
SUBADDRESS
CONNECTION ID
ST. TIME                    02/18 12:54
USAGE T                     02'12
PGS. SENT                   9
RESULT                      OK
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) |
| CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention, <br><br> v. <br><br> HEALTHY SOLUTIONS, L.L.C., d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC.; and DIRECT FULFILLMENT, LLC, <br><br> Intervenor-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 04-CV-10421-JLT

**AFFIDAVIT OF SCOTT A SILVERMAN**

**Exhibit 2**

# Silverman, Scott

| | |
|---|---|
| **From:** | Robertson, Christopher [crobertson@seyfarth.com] |
| **Sent:** | Wednesday, February 23, 2005 9:23 PM |
| **To:** | Silverman, Scott |
| **Subject:** | Response to your Letter |

Scott:

Following up on our call last week, I will be sending a response to your letter tomorrow morning, supplementing ITV's damages disclosure. I apologize for the short delay, but I had a minor case emergency flare up this week. Also, I presume that we still have not received any order from O'Toole? If we do, please let me know and we will respond accordingly.

Thanks.

Chris

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., et al., )<br>)<br>Defendants. )<br>_____)<br>CAPPSEALS, INC., )<br>)<br>Plaintiff-in-Intervention, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., d/b/a )<br>DIRECT BUSINESS CONCEPTS; ITV )<br>DIRECT, INC.; and DIRECT )<br>FULFILLMENT, LLC, )<br>)<br>Intervenor-Defendants. )<br>)| Civil Action No. 04-CV-10421-JLT |

**AFFIDAVIT OF SCOTT A SILVERMAN**

**Exhibit 3**

Feb-24-2005 03:45pm From- T-311 P.001/004 F-718



# SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
Fax (617) 946-4801
www.seyfarth.com

## Facsimile Transmission

Date:  February 24, 2005

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| **Scott A. Silverman** | Gadsy Hannah | 617-345-7077 | **617-204-8077** |

FROM:  Christopher F. Robertson
PHONE:
RE:  REPLY FAX NO.: (617) 946-4801

| File No: | 3596516-000006 | Number of Pages, Including Cover: | 4 |
|---|---|---|---|

☐ Hard copy to follow  ☐ Hard copy will not follow
☐ Per your request  ☐ Please review and revise if necessary
☐ Please telephone me

**MESSAGE:**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE 617-946-4988 AS SOON AS POSSIBLE.

# SEYFARTH SHAW LLP
ATTORNEYS

Writer's direct phone
(617) 946-4989

Writer's e-mail
crobertson@seyfarth.com

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

February 24, 2004

**BY FAX AND REGULAR MAIL**

Scott A. Silverman, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02210

Re:   ITV Direct, Inc. v. Healthy Solutions, LLC, et al.
      U.S.D.C. C.A. No. 04-cv-10421-JLT

Dear Mr. Silverman:

I am writing to respond to your letter to me dated February 18, 2005. As a preliminary matter, I believe that the parties are still awaiting a ruling from Judge O'Toole concerning Cappseals' motion to amend the Preliminary Injunction Order in the FTC litigation. In the event that Judge O'Toole rules that production of the confidential report prepared by ITV Direct's accountants is warranted, we are prepared to produce the report provided to the FTC, as well as the underlying documentation compiled by the company's accountants to prepare that data. That certified report confirms that ITV Direct lost over $2.5 million in connection with the Supreme Greens promotion. These losses were the direct result of the fraudulent representations made by Alejandro Guerrero to ITV Direct and its principals.

By way of supplementation of ITV Direct's damages disclosures in this case, the claims that ITV Direct has brought against Healthy Solutions, LLC, Health Solutions, Inc. and the individual defendants (collectively "Healthy Solutions") include claims for breach of contract, conversion, misrepresentation and fraud in the inducement, misrepresentation and fraud, indemnification and violation of Chapter 93A.

With respect to the breach of contract and fraud claims, ITV Direct believes that its damages include the certified $2.5 million in losses from the Supreme Greens promotion, which includes substantial media expenses and other costs associated with the program, as detailed in the audited financial report provided to the FTC. In addition, based on the sales data confirmed in the audit and the reduction in sales due to Healthy Solutions' breach of contract and fraud, ITV Direct lost an additional several million dollars in revenues from future sales had the promotion continued. For example, a simple comparison of revenue data from March 2004, when the program was running in wide release, to May 2004 when airing of the program was

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

BO1 15698983.1

**SEYFARTH SHAW** LLP
ATTORNEYS

reduced and eventually stopped altogether, shows a reduction in revenue in excess of $1.4 million per month. Even a conservative estimate of expected revenues from the program would result in damages to ITV Direct in the several millions of dollars. This damage is further compounded when typical rates of continuity sales are considered. In total, therefore, using an extremely conservative estimate, ITV Direct's operating and business damages from Healthy Solution's breach of contract and fraud is in excess of $4 million.

In addition to the above, another component of ITV Direct's damages against Healthy Solutions is the lost sales of the Supreme Greens product through the Internet. Healthy Solutions breached its agreement to assign the web domain to ITV Direct. During that period, based upon published data, the web site received over 55,000 hits per month. These sales should have been routed to ITV Direct, but were instead routed to Healthy Solutions. Although we have requested specific data from Healthy Solutions regarding the amount of web sales, that information has not yet been provided. However, based on our review of some of the data provided by Healthy Solutions, as well as our estimates of typical rates of sales through the Internet, ITV Direct believes that these sales total at least several hundred thousand dollars. In the event we obtain more specific data regarding those sales from Healthy Solutions, we will supplement this disclosure accordingly.

As to the claim for indemnification, ITV Direct is currently in the midst of active litigation with the Federal Trade Commission over the health claims made by Mr. Guerrero in the Supreme Greens infomercial. As we have reported in the past, the FTC has asserted that it is entitled to recover on behalf of consumers the entire amount of revenue from the sales of Supreme Greens through the infomercial. This revenue, again based upon the audited report provided to the FTC, exceeds $14 million. In addition to this revenue, ITV Direct has expended substantial attorneys fees in connection with defending the FTC investigation and action, as well as inquiries by the FDA. These fees continue to climb, but already exceed several hundred thousand dollars.

Finally, ITV Direct has brought a claim under M.G.L. Chapter 93A, which provides for the recovery of multiple damages, interest and attorneys fees. Given the egregiousness of Mr. Guerrero's misrepresentations, including the misrepresentation that he was a doctor and OMD in violation of California criminal statutes, there appears to be little doubt that Healthy Solutions' conduct in this case amounted to a willful false and deceptive business practice, requiring at least double damages, interest and attorneys' fees. The attorneys' fees alone in this case, which include litigating the case on two coasts, are also in the hundreds of thousands of dollars.

In response to the notice of deposition issued to ITV Direct, we can confirm that the witnesses for the company will be Donald Barrett and Wayne Callahan. Each witness is prepared to testify for half a day. As you know, Mr. Barrett is the President of the company and will testify as to the substantial business damage caused by Healthy Solutions' breach of contract and fraud, as well as the indemnification issues. Mr. Callahan, the company's accountant, will testify regarding the losses sustained by the company in connection with the Supreme Greens

BO1 15698983.1



Scott A. Silverman, Esq.
February 24, 2005
Page 3

promotion, as well as the detailed financial information prepared by the company and audited by the independent auditing firm. As we discussed, neither of these witnesses is available on March 3, 2005, and I will be traveling out of state as well. Please provide alternative proposed dates and I will confirm with each witness their availability.

I trust this letter addresses the issues in your letter of February 18, 2005 and provides the supplementation contemplated by Judge Tauro's order. Please feel free to call me if you have any questions.

Very truly yours,

SEYFARTH SHAW LLP

Christopher F. Robertson

cc:   Becky V. Christensen, Esq. (by mail)
      Dustin F. Hecker, Esq. (by mail)

BO1 15698983.1