UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV DIRECT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, LLC, et al., )<br>)<br>Defendants. )  | CIVIL ACTION NO. 04-CV-10421-JLT |
| RELATED CASES )<br>)<br>) |  |

**ITV DIRECT'S OPPOSITION TO
CAPPSEALS, INC.'S MOTION FOR SANCTIONS**

Plaintiff, ITV Direct, Inc. ("ITV" or "Plaintiff"), submits this opposition to Plaintiff-in-Intervenor Cappseal, Inc.'s ("Cappseals") Motion for Sanctions. For the reasons set forth below, Cappseals has no basis for its motion, where ITV has provided the supplemental damages disclosure as required by this Court's order and is prohibited from producing the confidential documents sought by Cappseals unless and until Judge O'Toole lifts his confidentiality order, which he has not done. The motion must therefore be denied.

**PRELIMINARY STATEMENT**

Frustrated by the lack of a ruling on its motion for access to confidential information ("Motion for Access") that is still pending before Judge O'Toole in an unrelated matter entitled FTC v. Direct Marketing Concepts, Inc., C.A. No. 04-11136-GA ("FTC Action"), Cappseals comes before this Court in its second attempt to end-run around the court process by again seeking to obtain in this action documents that have been deemed confidential in the FTC Action before such access has been permitted by Judge O'Toole. The documents that Cappseals seeks consist of a confidential report prepared by an accounting firm for the FTC pursuant to a

preliminary injunction order entered by Judge O'Toole in the FTC Action ("Preliminary Injunction Order"), and the underlying documentation compiled by the accountants to prepare the data contained in the report. The report and all of the supporting documentation and work papers have been designated "confidential" by Judge O'Toole.

At a conference with the parties on February 1, 2005 regarding Cappseals' then pending motion to compel the production of this confidential information, this Court allowed Cappseals the opportunity to file a motion with Judge O'Toole seeking permission to obtain the confidential information, recognizing that ITV cannot be ordered to turn over any of the documents that have been designated confidential, unless and until Judge O'Toole permits such access. The Court also directed ITV to supplement its damages disclosure that was previously produced to the parties in accordance with Local Rule 26.1 of the United States District Court for the District of Massachusetts. ITV provided such supplementation in a detailed three-page letter itemizing its economic loss and explaining its computation of its damages for each of its claims asserted against defendant Healthy Solutions, LLC and its principals ("Healthy Solutions"). Nothing more is required of ITV under this Court's Order of February 1, 2005 unless and until Judge O'Toole rules on Cappseals' pending Motion for Access. Nevertheless, although that motion is still pending, Cappseals filed this motion for sanctions, seeking to dismiss all of ITV's claims and affirmative defenses in this action for ITV's failure to produce to Cappseals those very documents that this Court has already ruled it cannot order ITV to produce.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     Factual Background

Cappseals intervened in this action as a result of a debt that it alleges is owed by Healthy Solutions. Pursuant to its contract with Healthy Solutions, Cappseals manufactured a dietary supplement developed by defendant "Dr. Alex Guerrero" ("Guerrero") and known as Supreme

Greens with MSM ("Supreme Greens" or the "Product") for Healthy Solutions. After Healthy Solutions failed to pay Cappseals for over $800,000 worth of Product, Cappseals intervened in this action to seek recovery from Healthy Solutions for its breach of contract, and, if successful, to satisfy that judgment through amounts that Healthy Solutions alleges it is owed by ITV. Thus, Cappseals sole claim against ITV is as a potential reach and apply defendant for amounts that Healthy Solutions claims, but has not proven, are due and owing by ITV. This Court has already denied Cappseals' motion for summary judgment as to these claims.

ITV asserts that the value of any claim that Healthy Solutions might have against ITV, i.e. its "property," must be offset by any recovery that ITV receives against Healthy Solutions on its claims for breach of contract, fraud and indemnification, which may exceed several million dollars and will far exceed the amount of any debt that ITV owes to Healthy Solutions. ITV's claims against Healthy Solutions stem from a "Distribution Agreement" entered into by these parties on April 4, 2003 for the manufacture and distribution of Supreme Greens, and the representations made by Guerrero and other principals of Healthy Solutions regarding this Product. The Distribution Agreement provided that ITV would produce an infomercial for the Product featuring Guerrero, that ITV would be the exclusive distributor of the Product in connection with the infomercial, and identified Healthy Solutions as the Product's manufacturer.

In order to market the sale of Supreme Greens, ITV expended millions of dollars on advertising for the Product, primarily through the production and airing of two separate infomercials featuring Guerrero. In the infomercial and in other media, Guerrero states that he is a doctor and an OMD (doctor of oriental medicine), and that he operates a clinic in California, where he has many patients with life-threatening diseases. He also made numerous controversial claims regarding the health benefits of Supreme Greens. In support of these claims, Guerrero

represented that he conducted a study of over 200 terminally ill patients through his clinic, and that all but eight of these patients are still alive. On several occasions before and after the infomercial was produced, Guerrero confirmed to ITV that he possessed competent and reliable documentary and clinical support for each and every representation he made in the infomercials.

In the Distribution Agreement, Healthy Solutions agreed to indemnify and hold harmless ITV and its officers, directors, employees, shareholders and affiliates from any and all claims, lawsuits, actions and proceedings in court or by any governmental unit, relating to the manufacture and content of Supreme Greens, and claims made by Guerrero concerning the claimed impact the Product would have on the health of users of the Product.

During 2004, ITV was contacted by both the United States Food and Drug Administration ("FDA") and the FTC concerning the health claims that Guerrero has made in connection with Supreme Greens, both in the product labeling and packaging information provided by Guerrero and Healthy Solutions and in the infomercials. Each agency indicated that they do not believe that Guerrero is a doctor, or that Healthy Solutions or Guerrero can provide competent and reliable scientific evidence to support the health claims made by Guerrero in connection with Supreme Greens. Thereafter, on May 25, 2004, the FTC filed a civil injunction action in the District of Massachusetts against ITV and Healthy Solutions, seeking millions of dollars in restitution for allegedly false claims made by Guerrero.

  B. **<u>Procedural History And Discovery</u>**

Based on Guerrero's fraudulent representations concerning the Product, Healthy Solution's indemnification obligations, and other breaches under the Distribution Agreement, including Healthy Solutions' failure to account to ITV for internet sales, ITV has refused to pay Healthy Solutions for Product ordered under the Distribution Agreement and filed this action. In

4

its Amended Complaint, ITV alleges that it has been and will continue to be substantially damaged by, *inter alia*, Healthy Solutions Defendants' fraud and breach of contract. See ITV's Amended Complaint. ITV believes that its damages caused by Healthy Solutions' conduct far exceed any amounts that Healthy Solutions currently claims is owed for Product, and that ITV is entitled to indemnification for these amounts under the Distribution Agreement, as well as set-off to Healthy Solutions' claim. Id.

During 2004, a substantial amount of discovery occurred between the parties in this case. Pursuant to their obligations under Local Rule 26.1 and this Court's discovery order, Healthy Solutions and its principals (through which Cappseals seeks to reach and apply) produced a total of about 300 pages of documents. ITV produced approximately 600 pages of documents, several videotapes and transcripts. (Affidavit of Christopher Robertson ("Robertson Aff.", ¶8.) In addition, ITV provided an affidavit from Robert Maihos ("Maihos") that set forth its damages disclosures pursuant to Local Rule 26.1. Cappseals has produced less than 50 pages of documents, limited solely to invoices and purchase orders. (Robertson Aff., ¶8.) Six depositions occurred, including depositions of all of the principals of each of the corporate parties. Cappseals' counsel chose not to appear and participate in any of those depositions. (Id., ¶9.)

Unsatisfied with the affidavit provided by ITV, on January 12, 2005 Cappseal's filed a motion to compel the production of a confidential financial report prepared by ITV in the FTC Action, as well as supplementation of ITV's damages disclosure. By letter dated December 13, 2004, Cappseals' counsel Kristin Cataldo defined "damages disclosures" as an itemization of all economic losses and a computation of damages, which is consistent with Local Rule 26.1. This letter was attached as an exhibit to Cappseals' motion to compel.

After a hearing on February 1, 2005, this Court issued an order on Cappseals' motion to compel (the "Order"). That Order allowed Cappseals to file a motion with Judge O'Toole on or before February 3, 2005, seeking relief from his existing Preliminary Injunction Order and access to the confidential financial report prepared for the FTC. See Court's February 1, 2005 Order attached as Exhibit A to the Robertson Aff. filed herewith. According to Judge O'Toole's Preliminary Injunction Order, not only is the financial report confidential, but also the underlying documents and the audit work papers gathered to prepare the report. See June 23, 2004 Preliminary Injunction Order, at 25 (O'Toole, J.) ("Such information gathered by and reports prepared by the accounting firm shall be designated as confidential information.").

This Court's Order also required ITV to supplement its damages disclosure by February 15, 2005 and ordered a Rule 30(b)(6) deposition of ITV on or before February 25, 2005. In doing so, ITV and its counsel presumed that this Court believed that Judge O'Toole would rule on Cappseals' motion by those dates. (Robertson Aff., 2.) Immediately after the conference, counsel for ITV informed Cappseals' counsel that in order to provide the calculations for its supplemental damages disclosure, it would necessarily involve references to the confidential report and supporting documents that were going to be the subject of its Motion for Access. Cappseals' counsel did not object to the proposal that ITV would provide the supplemental damages disclosure and confidential documents as soon as Judge O'Toole had ruled on Cappseals' motion. (Id., ¶3.) ITV assumed that Judge O'Toole's ruling would come well before February 15, 2005.

On February 3, 2005, Cappseals filed its motion with Judge O'Toole. That motion was not opposed by any of the parties. On February 18, 2005, ITV's counsel received a letter from counsel for Cappseals inquiring about ITV's supplemental damages disclosures. (Id., ¶5.)

6

Because no ruling had issued from Judge O'Toole, and based on the discussion between counsel following the Court's conference, ITV's counsel believed that Cappseals' counsel had agreed that ITV would provide its supplemental damages disclosure as soon as there had been a ruling on Cappseals' Motion for Access.  (Id.¶¶ 4-5.)  Counsel for ITV called counsel for Cappseals to discuss their understanding that the supplementation of ITV's damages disclosure would be postponed.  Cappseals' counsel then requested that ITV provide the supplemental disclosure notwithstanding that no ruling had been made by Judge O'Toole, which ITV's counsel represented it would do within the next five days.  (Id., ¶¶5-6.)

On February 24, 2005, ITV provided by letter the detailed supplemental damages disclosure requested by Cappseals' counsel in its motion to compel and ordered by the Court on February 1, 2005.  (Id., ¶7.)  That letter is attached to the Robertson Affidavit as Exhibit B.  In that same letter, ITV identified the two witnesses who will be testifying on behalf of ITV, and confirmed that they were prepared to testify regarding ITV's damages caused by Healthy Solutions' conduct.  Because Judge O'Toole has not ruled on Cappseals' Motion for Access, the parties have agreed to postpone this Rule 30(b)(6) deposition of ITV. (Robertson Aff., ¶6.)  In the event that Judge O'Toole grants their motion, ITV's counsel also informed Cappseals' counsel that ITV is prepared to comply with this Court's discovery order immediately, by providing the confidential report and supporting work papers sought by Cappeals.

## LEGAL ARGUMENT

### A.     ITV Has Complied With This Court's Discovery Order

Pursuant to this Court's Order, and ITV was directed to "**supplement its damages disclosures** as discussed in open court by February 15, 2005."  In addition, this Court required Cappseals to file its Motion for Access by February 3, 2005.  ITV's previous damages

7

disclosures had been provided in with accordance with Local Rule 26.1(B)(1) by the affidavit of Maihos, which included a statement as to the economic loss suffered by ITV. The Maihos Affidavit also indicated that ITV's damages included an indemnification claim against Healthy Solutions, and that the amount of its damages under that claim would be a function of any ultimate resolution of the pending FTC Action against ITV, Healthy Solutions, and other defendants. At that time, ITV preliminarily calculated its damages to be well in excess of several million dollars.

Based on the deadlines in the Court's Order, ITV and its counsel presumed that this Court believed that Judge O'Toole would rule on Cappseals' Motion for Access by the date on which it was required to supplement its disclosures, as the disclosures would contain references to the confidential report and supporting work papers. (Robertson Affidavit, ¶2.) ITV's counsel even discussed this issue with counsel for Cappseals following the Court's conference, and believed that they had reached an understanding that ITV would provide its supplemental damages disclosure along with the confidential report and supporting documents once Judge O'Toole had issued his ruling on Cappseals' Motion for Access. (Id., ¶3.) Because no ruling had yet issued, ITV's counsel was surprised to receive Cappseals' letter of February 18, 2005 requesting the supplementation, as counsel believed that Cappseals' counsel had agreed that the supplementation would be provided at the same time as the confidential documents. (Id., ¶4.) ITV's counsel then called Cappseals' counsel, and the two agreed that ITV would provide its supplemental damages disclosure within a few days, notwithstanding the lack of any ruling from Judge O'Toole. (Id., ¶¶ 5-6.)

Under Local Rule 26.1(B)(1)(a), a plaintiff's damages disclosure "itemizes all economic loss and provides a computation of damages for which recovery is sought, if any, sustained

8

before the date of service of process." In accordance with Local Rule 26.1 and this Court's Order, ITV supplemented its damages disclosure and provided it to Cappseals on February 24, 2005.[1] This detailed three-page letter supplements ITV's previous damages disclosure and itemizes the losses that ITV has incurred with respect to its breach of contract and fraud claims against the Healthy Solutions defendants, which includes at least $2.5 million in losses from the Supreme Greens promotion as detailed in the confidential financial report prepared for the FTC. In addition, ITV provided a computation of damages for which is seeks recovery from the Healthy Solutions defendants under its fraud, breach of contract, M.G.L. Chapter 93A and indemnification claims.[2] As noted, its claim for indemnification is necessarily dependent on the outcome of the pending litigation in the FTC Action regarding any liability of ITV in connection with the health claims made by Guerrero in the Supreme Greens infomercial.

By providing this supplementation of its damages disclosure, ITV has done all that it is required to do pursuant to this Court's Order, which did not require the production of any documents by ITV unless Judge O'Toole permits Cappseals to have access to the confidential report. The Court's Order also expressly stated that "[n]o additional discovery will be permitted without leave of this court."

---

[1] Cappseals' counsel is incorrect in stating that he received the disclosures on February 25, 2005 at 3:46 p.m., which were faxed on February 24, 2005 at 3:45 p.m., as evidenced in the fax line on the letter.

[2] Cappseals' only acknowledgement of ITV's numerous claims and affirmative defenses asserted against Healthy Solutions in the present lawsuit is the dismissive assertion that such claims are "tangential" and "pretextual." (Cappseals' Memorandum, p. 2.) Regardless of Cappseals' characterization of such claims and defenses, if proven, they are a complete defense to any claim brought by Healthy Solutions in this action and a bar to any recovery by Cappseals on its claim to reach and apply. See Shaw's Supermarkets, Inc. v. Delgiacco, 410 Mass. 840, 842 (1991) ("a contract induced by fraudulent misrepresentations is voidable ..."); Espinal v. Liberty Mutual Ins. Co., 47 Mass. App. Ct. 593, 598 (1999) (rejecting argument that reach and apply defendant could not raise fraud between itself and principal defendant to defeat liability). Furthermore, ITV is entitled to indemnification from Healthy Solutions under the Distribution Agreement for any penalties or fines that may be assessed against ITV by the FTC as a result of Defendants' fraudulent representations about Guerrero's status as a doctor, the health claims about the Product, and the scientific substantiation for such health claims. ITV's potential legal exposure to the FTC far exceeds any amounts that the Defendants claim they are due under the Distribution Agreement.

Evidently unsatisfied with ITV's supplemental damages disclosure, which confirms that ITV's damages caused by Healthy Solutions are far in excess of any amounts that Healthy Solutions claims is due for the Product, and frustrated that there has not been a ruling on its Motion for Access, Cappseals continues to badger ITV for confidential documents that it cannot produce.  Cappseals is now seeking sanctions based on ITV's failure to provide such confidential documents.

ITV has produced to Cappseals all documents that support its claims, losses, and likely damages in this case that have not been deemed confidential under Judge O'Toole's preliminary injunction order in the FTC Action.  That order specifically provides that the "information gathered by and reports prepared by the accounting firm shall be designated as confidential information."  See Judge O'Toole's Preliminary Injunction Order, p. 25.  Thus, any data and documents that support the calculations set forth in the financial report have been deemed confidential, and cannot be produced to Cappseals until there has been a ruling on its Motion for Access.  As this Court did not have the authority to amend the preliminary injunction order of another judge to require ITV to produce a confidential report, that includes the supporting documentation for that report which has specifically been designated as confidential.

In the event that Judge O'Toole lifts his confidentiality order in connection with the financial report and supporting work papers, ITV is prepared to comply with this Court's discovery order immediately, by providing the confidential report and supporting work papers to Cappseals. (Robertson Affidavit, ¶6.)  However, in the absence of an order from Judge O'Toole, these documents cannot be produced.  Thus, Cappseals' motion is wholly without basis and must be denied.

## B. Cappseals Is Not Entitled To Documents Provided To The FTC Under A Court Order In The FTC Action And That Are Wholly Unrelated To The Claims And Affirmative Defenses In This Case.

By its motion, Cappseals' ignores the fact that this Court did not order ITV to produce further documents other than the confidential report and, in fact, ruled that no further discovery could be taken. Although Cappseals boldly claims that ITV has been "actively concealing" or withholding the "vast majority of documents supporting its claims," it has not identified one single document that it believes ITV is withholding, and its counsel failed to appear at any of the depositions of ITV's principals in this case in order to question the witnesses regarding the documents it now claims are being withheld. (Cappseals' Memorandum of Law, p. 3.). Further, Cappseals alleges that the FTC is in possession of thousands of pages of documents from ITV that have not been produced in this action, which "predominantly relat[e] to the marketing, sales and billing practices for Supreme Greens," as well as emails. (Id., p. 4.) Aside from the approximately 600 pages of documents ITV has already produced in this action, and the documents that have been deemed confidential by Judge O'Toole, none of the documents that were produced to the FTC are relevant to any of the claims and affirmative defenses in this action.[3]

First, such documents were provided to the FTC pursuant to Judge O'Toole's Preliminary Injunction Order in the FTC Action, which involves numerous claims that are entirely unrelated to any of the issues in this case. The FTC investigation with respect to ITV involved a review of the entirety of, not only ITV's business, but also the business of another company, Direct

---

[3] Certain relevant documents that support ITV's claims are necessarily in the hands of Healthy Solutions, and cannot be produced by ITV. For example, part of ITV's breach of contract claim involves Healthy Solutions' failure to account for internet sales and provide a portion of the profits from those sales to ITV. Healthy Solutions is the only party that has access to the documents evidencing these sales, and if the documentary support for this claim for damages is lacking, that is due to the failure of Healthy Solutions to all of the relevant documents pertaining to these sales.

11

Marketing Concepts ("DMC"). This investigation related to ITV's and DMC's marketing techniques, telephone sales, disclaimers, automatic shipments program, web sites, as well as other facets of their businesses, and was not focused solely on Supreme Greens, but also included all other products marketed by ITV and DMC. Cappseals has not articulated how any such documents are relevant to the somewhat narrow claims in this action.

Further, under Judge O'Toole's Preliminary Injunction Order, which was issued pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the FTC, as an investigatory arm of the Federal Government, was granted access to the premises of ITV and DMC, and reviewed virtually every document maintained by these companies, only <u>after</u> it sustained its burden of proof at the preliminary injunction stage. Judge O'Toole permitted the FTC to inspect documents at ITV's and DMC's offices relating to: advertising or marketing of products; product safety issues; business relationships between any of the defendants in that action and any other entity; the financial status of the defendants in the FTC Action; transactions, correspondence and communications by or between consumers and any of the defendants in the FTC Action; and actions or communications with law enforcement agency, consumer groups, or the Better Business Bureau. <u>See</u> Preliminary Injunction Order, pp. 30-31. These categories of documents are wholly unrelated to the claims and defenses at issue in this case. Cappseals' bald contention that the thousands of documents reviewed by the FTC are somehow relevant to the narrow claims and affirmative defenses at issue in this case is entirely without basis.

This case is relatively straightforward. Cappseals claims that it is owed amounts for products it manufactured and delivered at the direction of Healthy Solutions. Healthy Solutions in turn has sued ITV for amounts it claims are owed to it by ITV for that same product. ITV has sued Healthy Solutions for fraud and breach of contract and indemnification. All of the relevant

12

documents concerning these claims, other than the confidential report and supporting work papers that fall under Judge O'Toole's Preliminary Injunction Order, have been produced. By this Court's Order no further discovery is allowed. As a result, Cappseals motion for sanctions is entirely without any merit and must be denied.

## CONCLUSION

Based on the foregoing, Cappseals' motion for sanctions against ITV must be denied.

Respectfully submitted,
ITV DIRECT, INC.
By their attorney(s),

/s/ Susan Gelwick
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

Dated: March 17, 2005