# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV DIRECT, INC., <br>     Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, et al., <br>     Defendants. <br><br> RELATED CASES | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 04-CV-10421-JLT |

## AFFIDAVIT OF CHRISTOPHER F. ROBERTSON

I, Christopher F. Robertson, being duly sworn, do hereby depose and state that:

1. I am an attorney admitted in the Commonwealth of Massachusetts and am associated with the law firm of Seyfarth Shaw, LLP, counsel for Intervenor Defendant ITV Direct, Inc. I submit this affidavit in opposition to the Intervenor Plaintiff Cappseal's motion for sanctions.

2. After a hearing on February 1, 2005, this Court issued an order on Cappseals' motion to compel. That order, attached hereto as Exhibit A, required Cappseals to file a motion with Judge O'Toole on or before February 3, 2005 seeking relief from his existing preliminary injunction order, in order to gain access to the confidential report that Cappseals had sought in connection with its motion to compel. This Court's order also required ITV to supplement its damages disclosure by February 15, 2005 and ordered a Rule 30(b)(6) deposition of ITV on or before February 25, 2005. In setting these deadlines, I presumed that the parties and this Court believed that Judge O'Toole would rule on Cappseals' motion by those dates. The Court ordered that no other discovery would be permitted without leave of Court.

2

3. Immediately after the hearing on February 1, 2005, I informed Cappseals' counsel that upon a favorable ruling by Judge O'Toole on Cappseals' motion, we would produce not only the confidential report prepared in accordance with Judeg O'Toole's Preliminary Injunction Order, but also the supporting work papers that had also been expressly deemed confidential by Judge O'Toole's order. In addition, I informed Cappseals' counsel that we would not oppose their motion for access to such information. Also, I explained to counsel that because much of the detail for ITV's damages supplementation would be contained in the confidential report and supporting work papers that ITV could not yet produce, it was most practical for us to produce the supplemental disclosure along with the confidential documents. There was no objection from Cappseals' counsel at that time.

4. On February 15, 2005, Judge O'Toole had still not ruled on Cappseals' motion for access to confidential information. As a result of the understanding I thought I had reached with Cappseals' counsel that the supplemental damages disclosure would be produced when ITV Direct produced the confidential report and work papers that would be referenced therein, I did not provide the damages supplementation on that date.

5. On February 18, 2005 I received a letter from Scott Silverman, counsel for Cappseals, inquiring about ITV's supplemental damages disclosures. I then called Attorney Silverman to inquire whether there had been any ruling by Judge O'Toole, and was advised by Attorney Silverman that he had called Judge O'Toole's clerk to facilitate a ruling on the motion, but no such ruling had issued. Apparently frustrated by Judge O'Toole's failure to rule on Cappseals' unopposed motion, Attorney Silverman referred to Judge O'Toole as "rude."

6. Because no ruling had issued from Judge O'Toole, and consistent with the understanding I thought I had reached with Cappseals' counsel, I again discussed postponing the

2

preparation of ITV's supplemental damages disclosures in light of the fact that this supplementation would include references to the confidential report and supporting documentation. Attorney Silverman requested that we provide the supplemental disclosure notwithstanding that no ruling had been made by Judge O'Toole. I informed Attorney Silverman that I would provide the disclosure within a few days and he did not object that schedule. We also agreed to postpone the Rule 30(b)(6) deposition of ITV until Judge O'Toole had ruled on Cappseals' motion. In addition, I informed Attorney Silverman of the witnesses who will testify on behalf of ITV.

7.     On February 24, 2005, I provided ITV's supplemental damages disclosure ordered by the Court by means of a three page letter to Attorney Silverman. That letter is attached hereto as Exhibit B. In that same letter, I confirmed that two witnesses were prepared to testify as Rule 30(b)(6) witnesses regarding ITV's damages caused by Healthy Solutions' conduct.

8.     In accordance with its Local Rule 26.1 obligations, ITV has already produced approximately 600 pages of documents, several videotapes and transcripts in this action. Cappseals has produced to ITV less than 50 pages of documents, and Healthy Solutions and its principals produced a total of about 300 pages of documents to ITV. Attorney Silverman has never articulated to me what relevant documents he believes that ITV is currently withholding in this action.

9.     Six depositions were conducted in this action, including depositions of all of the principals of the corporate parties. Counsel for Cappseals did not appear at any of the depositions, or question any of ITV's principals as to the documents they believe ITV is withholding.

Sworn to under the pains and penalties of perjury this 17th day of March 2005.

                                                /s/ Christopher Robertson
                                                Christopher F. Robertson