UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., et al., )<br>)<br>Defendants. )<br>)<br>CAPPSEALS, INC., )<br>)<br>Plaintiff-in-Intervention, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., d/b/a )<br>DIRECT BUSINESS CONCEPTS; ITV )<br>DIRECT, INC.; and DIRECT )<br>FULFILLMENT, LLC, )<br>)<br>Intervenor-Defendants. ) | Civil Action No. 04-CV-10421-JLT |

**CAPPSEALS, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST ITV DIRECT, INC.**

Plaintiff-in-Intervention Cappseals, Inc. (hereinafter "Cappseals") respectfully submits this Reply to the Opposition filed by ITV Direct, Inc. ("ITV"). In response to Cappseals' Motion to Compel, this Court issued its February 1, 2005 Order (the "Order" – docket No. 69) that required ITV to supplement its disclosures by February 15, 2005. ITV blatantly ignored this Order letting the deadline pass without even a call to opposing counsel. Now, ITV has manufactured an implausible fiction detailed in Mr. Robertson's affidavit whereby Cappseals supposedly acquiesced to a waiver of the Court imposed deadline minutes after the Court provided the relief that Cappseals had desperately sought. Cappseals never waived (nor could it waive) the Court imposed deadlines and ITV has no legitimate excuse for its non-compliance.

ITV also asserts that *all* of the tens of thousands of documents it has chosen to withhold from production are either irrelevant, or, relate to an accounting report (the "Report") deemed confidential and controlled by Judge O'Toole in a separate lawsuit recently filed by the Federal Trade Commission (hereinafter the "FTC") against ITV, *FTC vs. Direct Marketing Concepts, Inc.*, Civil Action No. 04-11136-GAO (the "FTC Action").  This argument is a disingenuous attempt to focus the Court's attention away from the core issues raised by Cappseals' Motion for Sanctions, that is, it has become clear that ITV has purposely concealed *thousands* of documents relevant to this proceeding that are *not* covered by a confidentiality order in this or any other proceeding.

### I.   ADDITIONAL RELEVANT FACTS

**A.   General Background.**

Cappseals' sole interest in this litigation is to be paid for a large number of goods it manufactured and shipped to ITV at the direction of Healthy Solutions, LLC, d/b/a Direct Business Concepts (hereinafter "DBC").  These goods consisted of a dietary supplement called Supreme Greens (the "Product").  Upon information and belief, ITV has sold all of the goods shipped at five to ten times the sale price.

There has never been a dispute over the quality of the products manufactured and shipped by Cappseals to ITV on various dates through February 5, 2004.[1]  Rather, ITV has cited tangential and – what Cappseals believes to be – pretextual affirmative defenses and claims against DBC as a basis for withholding payment from Cappseals.  Specifically, ITV claims a fraud perpetuated by DBC caused ITV to unnecessarily spend "millions of dollars" on marketing the Supreme Greens product through infomercials.  ITV also claims DBC must indemnify it against potential liability in the FTC Action wherein the FTC maintains ITV and DBC are

---

[1]   Between December 29, 2003, and February 5, 2004, Cappseals made six weekly shipments to ITV containing a total of approximately 303,644 bottles of the Product.  The details of these shipments are described in the affidavit of Harry Anderson III previously submitted to this Court (Docket No. 43, Ex. 1).

responsible for restitution to consumers for their alleged deceptive marketing of the Product.[2] ITV claims the cumulative total of these two categories of unspecified "damages" must be set-off against any amount owed to Cappseals. ITV Opposition, pp. 4-5. This right of "set-off" represents the thrust of ITV's defense against the payment claims of Cappseals. However, ITV has refused to produce any documents to substantiate its damages and/or that relate to its blind reliance on DBC's representations when marketing the Product through infomercials.

**B.     While the FTC Investigates ITV, ITV Continues to Market the Product and Accept Shipments From Cappseals.**

As detailed in the Declaration of Kial Young submitted in the FTC Action, in October, 2003 the FTC contacted ITV with a request for substantiation of the claims made in the "original infomercial" ITV used to market the Product.[3] Despite ITV's claims that it expended "millions" of dollars marketing the Product based on DBC's "fraud", ITV's use of the "original infomercial" continued unabated for months after it had been warned by the FTC that the infomercial contained unsubstantiated information.

Documentary evidence regarding this inconsistency is just one example of categories of material that exist but have not been produced. As an exhibit to a brief filed by the FTC on December 27, 2004 the FTC attached a February 23, 2004 e-mail (the "February 23rd e-mail") produced from ITV's files that indicates ITV management was still directing personnel to assure the use of the "original infomercial" in late February, 2004 over four months after the FTC notified ITV of substantiation problems.[4] Not only did ITV continue to disseminate unsubstantiated claims months after the FTC's demands, evidence like the February 23rd e-mail also demonstrates that ITV accepted all shipments from Cappseals (the last occurring on

---

[2]     Among other issues, the FTC action concerns claims that both ITV Direct and DBC made false or misleading statements when marketing the product manufactured by Cappseals. Tellingly, Cappseals is not a party to the FTC Proceeding.

[3]     Decl. Kial Young, ¶7. A true and accurate copy of Mr. Young's Declaration is attached as **Exhibit A** to the Supplemental Affidavit of Scott Silverman.

[4]     The FTC's December 27, 2004 brief and the February 23, 2004 ITV e-mail are attached as **Exhibit B** to Mr. Silverman's Supplemental Affidavit.

3

February 5, 2004) well before it ceased its knowing conduct questioned by the FTC. Young Decl., ¶¶7-14. The February 23rd e-mail has never been produced in this litigation.

C.  **ITV's Document Production Before Cappseals Motion to Compel and Motion for Sanctions.**

As opposed to the "approximate 600 documents" ITV claims to have produced (Robertson Aff., ¶8), ITV has instead produced a mere 507 pages of information while actively concealing or unjustifiably delaying production of the vast majority of documents supporting its claims.[5] At the same time, ITV has produced over 40,000 paper documents to the FTC predominantly relating to the marketing, sales and billing practices for Supreme Greens. The FTC also has been given electronic material of ITV that provides them access to an additional 10,000 relevant e-mails.

D.  **After Cappseals Files Its Motion For Sanctions ITV's "Supplements" its Automatic Disclosures by Providing the Same Exact 507 pages that Were Previously Produced.**

On March 4, 2005, the day *after* Cappseals filed its Motion for Sanctions – *and almost three weeks after its supplementation was Ordered by the Court* – in a feigned attempt at compliance, ITV finally produced what was purportedly its supplemental disclosure of documents. However, the material produced consisted of the *exact* same 507 pages of documents that ITV had previously provided through multiple productions in 2004.[6] These were also the same 507 pages of documents described in Cappseals Motion for Sanctions. This production was still missing the 40,000 (approx.) pages of paper documents or any of the 10,000 (approx.) pages of electronic documents relating to the marketing of the Product that have already been produced in the FTC Action.

E.  **ITV Finally Begins to Produce Material Related to Its Marketing of Supreme Greens.**

On March 9, 2005, one week after the Cappseals' Motion for Sanctions was filed – *and almost one month after its supplementation was Ordered by the Court* - ITV sent over another

---

[5]  Of the 507 pages of documents produced by ITV there is one transcript of an infomercial produced by ITV.
[6]  The cover-letter to ITV's March 4, 2005 production is attached as **Exhibit C** to the Mr. Silverman's Supplemental Affidavit.

4

box of material consisting of seven video tapes and two audio tapes that had never been produced before.[7] The videotapes contain footage used in various versions of infomercials ITV aired to market the Product. Despite the representations in Mr. Robertson's Affidavit, **no** transcripts were produced with the videotapes.

## II.    ARGUMENT

**A.    ITV Failed to Comply With The Court's Order.**

ITV wishes the Court to believe that its conduct is justified because Cappseals apparently agreed to an indefinite delay of production minutes after its motion to compel was granted. Cappseals has never agreed to a delay in supplementation. Cappseals counsel has never participated in any conversation where such a waiver of the Order was even discussed. Instead, Cappseals has consistently expressed its immediate need for all of ITV's documents in any communication with ITV's counsel.[8] The Order directed supplementation yet ITV did nothing. It was only after Cappseals filed its Motion for Sanctions that ITV finally started producing material related to its marketing efforts. ITV now claims that its cavalier attitude towards this Court's directive was a "misunderstanding" justified by a phantom conversation minutes after the Court finally gave Cappseals the relief it had long sought.

The Order required Cappseals to seek Judge O'Toole's permission for production of a specific accounting report (the "Report") identified during discovery. Cappseals has filed a motion with Judge O'Toole requesting disclosure of the Report. Judge O'Toole has not acted on Cappseals Motion. However, ITV's supplementation obligations were never contingent on Judge O'Toole's decision on the Report and ITV has never claimed anything other than accounting records are protected by Judge O'Toole's confidentiality order. The fact that the videotapes seemingly represent the "tip of the iceberg" is probably reason why ITV felt

---

[7]    See Mr. Silverman's Supplemental Affidavit, ¶5 and **Exhibit D**.
[8]    See Mr. Silverman's Supplemental Affidavit, ¶6.

compelled to manufacture "agreements" with Cappseals and reason why it has chosen to raise a belated and unreasonable application of Judge O'Toole's order inconsistent with its prior representations.

**B.    Documents Regarding ITV's Marketing Efforts and Communications with the FTC are Relevant to ITV's Defense of "Set-Off".**

As the facts regarding ITV's marketing of the Product begin to dribble in, it has become clear that it was continuing to market the Product and accept shipments from Cappseals months after being directed to revise its marketing efforts and substantiate the claims within its infomercial. From the representations of the FTC and the discovery of the February 23, 2004 e-mail, it has also become clear that there are documents detrimental to ITV regarding its marketing efforts that have been withheld from production in this case. The information obtained by the FTC – and withheld from Cappseals – will undoubtedly reveal that ITV never reasonably relied upon the alleged misrepresentations of DBC such that it has no legitimate defense against claims for payment of the Product. Reasonable reliance is an inherent element of any claim for Fraud. *Nei v. Burley*, 388 Mass. 307, 311 (1983); *Bishay v. Foreign Motors, Inc.*, 416 Mass. 1, 12 (1993). Cappseals must be given access to any documentation regarding ITV's marketing efforts, the revisions to its marketing efforts, communications with DBC and the FTC, as well as any other category of documents relating to the Product.

Cappseals originally filed its Motion to Compel because it had an immediate need for the documents and information that ITV had not voluntarily agreed to provide as was its obligation under Rule 26. Rule 26(a)(1)(B) requires "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." The Court's February 1st Order should have been sufficient reminder

6

that ITV was obligated to produce all documents relevant to its claims and defenses not just the discrete material it has unilaterally chosen to produce. ITV has ignored its obligations and disregarded this Court's Order. Cappseals needed (and still needs) a complete disclosure by ITV so that it can prepare for Trial and defend the claims of off-set asserted by ITV.

### III.   CONCLUSION

Cappseals respectfully requests that this Court sanction ITV pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure in the following manner:

1. Strike the affirmative claims ITV Direct, Inc. has asserted against Healthy Solutions L.L.C. in this case;

2. Strike the defenses ITV Direct, Inc. has asserted or may assert against claims brought by Healthy Solutions L.L.C. and Cappseals, Inc.;

3. Prohibit ITV Direct, Inc. from offering affirmative evidence on the amounts of their claims and defenses; and

4. Award Cappseals, Inc. its costs and attorneys' fees incurred pursuing discovery from ITV Direct, Inc., including those charges incurred preparing and arguing its original motion to compel and the present motion for sanctions.

Cappseals also respectfully requests that this Court issue an Order immediately compelling ITV to:

1. Preserve all relevant electronic media;

2. Copy and produce to Cappseals one copy of all relevant electronic media; and

3. Copy and produce to Cappseals one copy of all relevant documents.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CAPPSEALS, INC.<br>By its attorneys, |
|  | /s/ Scott A. Silverman<br>Daniel J. Kelly BBO# 553926<br>dkelly@ghlaw.com<br>Scott A. Silverman, BBO #638087<br>ssilverman@ghlaw.com<br>Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 |
| DATED: March 21, 2005 | (617) 345-7000 |

8

## CERTIFICATE OF SERVICE

  I hereby certify that true and accurate copies of the foregoing was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

Peter S. Brooks    pbrooks@seyfarth.com

Susan W. Gelwick    sgelwick@seyfarth.com

Dustin F. Hecker    dhecker@pbl.com

Christopher F. Robertson    crobertson@seyfarth.com

<u>Via Facsimile & First Class Mail, postage prepaid:</u>

Becky Christensen
O'CONNOR CHRISTENSEN & MCLAUGHLIN LLP
1920 Main Street, Suite 150
Irvine, CA 92614

            /s/ Scott A. Silverman
            Daniel J. Kelly BBO# 553926
            dkelly@ghlaw.com
            Scott A. Silverman, BBO #638087
            ssilverman@ghlaw.com
            Gadsby Hannah LLP
            225 Franklin Street
            Boston, MA 02110
DATED: March 21, 2005      (617) 345-7000