UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., ) | Civil Action No. 04-CV-10421-JLT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |
| CAPPSEALS, INC., ) | |
| ) | |
| Plaintiff-in-Intervention, ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, L.L.C., d/b/a ) | |
| DIRECT BUSINESS CONCEPTS; ITV ) | |
| DIRECT, INC.; and DIRECT ) | |
| FULFILLMENT, LLC, ) | |
| ) | |
| Intervenor-Defendants. ) | |

**CAPPSEALS, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ALLOWING
ITV DIRECT, INC.'S AND HEALTHY SOLUTION'S MOTION TO DISMISS**

Plaintiff-in-Intervention, Cappseals, Inc. ("Cappseals") respectfully requests that this Court reconsider its Order granting the motion to dismiss (the "Motion to Dismiss") filed by plaintiffs/counter-defendants, ITV Direct, Inc. ("ITV"), defendants/counter-claimants Healthy Solutions, L.L.C. ("Healthy Solutions") and other related entities (hereinafter collectively referred to as the "Moving Parties"). The Moving Parties filed their Motion to Dismiss *incorrectly* indicating it was "assented to" by all parties – thereby resulting in the Court's speedy decision issued earlier today. ***Cappseals does NOT assent to the Motion to Dismiss.*** Rather, Cappseals strenuously opposes the motion and must be given the opportunity to reveal the fatal

flaws of the Moving Parties' efforts articulated more fully herein.[1]

First and foremost, the Motion to Dismiss as filed is a misleading attempt to avoid a preliminary injunction specifically prohibiting a compromise of claims by the Moving Parties. The Motion to Dismiss also breaches the settlement agreement reached by *ALL* parties that was unequivocally expressed to the Court during a hearing on February 1, 2005 (the "February 1st Hearing").

When Cappseals initially intervened in this case, it was granted a preliminary injunction that specifically prevented Healthy Solutions from compromising its claims so as to protect Cappseals' reach and apply action against ITV. (Docket No. 10)(the "Preliminary Injunction")[2]. Thereafter, during a status conference on February 1, 2005 the parties provided the Court with details of a settlement agreement "pairing down" the contested issues in the case and preserving Cappseals' reach and apply claims consistent with the Preliminary Injunction (the "Settlement Agreement"). However, under the guise of a "joint motion" - seemingly unopposed - the Moving Parties have compromised Healthy Solutions' claims and have thereby breached the Settlement Agreement while also surreptitiously bypassing the Court's Preliminary Injunction.

## I.    BACKGROUND

**A.    The April 14th Preliminary Injunction.**

On April 14 2004, based on the Court's consideration of Cappseals' pleadings, and the Court's ***"express finding that Cappseals, Inc. will suffer irreparable harm if the account receivable held by…(DBC)…is not protected from …compromise,"*** the Court granted Cappseals a preliminary injunction:

---

[1] The Moving Parties filed their Motion to Dismiss at 4:08 p.m. on March 30th. Some two hours later, after Cappseals claimed to be blind-sided by their efforts, at 5:47 p.m., the Moving Parties filed the requisite Rule 7.1 Certificate correctly indicating that Cappseals opposed their motion. Apparently, the Moving Parties' failure to include the certificate within their Motion to Dismiss further concealed Cappseals' opposition from the Court.

> (1) *enjoining Healthy Solutions*, L.L.C. d/b/a Direct Business Concepts *from selling, compromising, transferring, assigning, or otherwise disposing of, alienating or hypothecating its interest in any and all monies due or to become due to DBC from ITV Direct for the manufacture and shipment of Supreme Greens to ITV Direct or its interest in any and all intellectual property related to Supreme Greens*; and
>
> (2) enjoining ITV Direct from disbursing any monies to Healthy Solutions or transfer or assign any assets to Healthy Solutions until further order of this court.

See Docket No. 7 (emphasis added). Subsection (1) of the Preliminary Injunction became permanent pursuant to this Court's Order. (Docket No. 91).

## B.  The Parties' Settlement Agreement.[3]

On February 1, 2005, the parties appeared before this Court for a status conference. In response to the Court's inquiry about settlement discussion, Ms. Becky Christensen, attorney for Healthy Solutions, clearly represented to the Court "in principle we have agreed to allow the product supplier to enter judgment against us." Transcript p. 8. Ms. Christensen continued, "and then we have agreed in principle with Mr. Robertson who represents ITV Direct and Direct Fulfillment that we will release each other *except to the extent that Healthy Solutions [i.e. DBC] owes money to the supplier manufacturer of goods*." Transcript. p. 8 (emphasis added). In summary, she stated "*the three sets of attorneys are in agreement, that Cappseals' rights to bring its claims and ITV Direct's rights would not be impaired by letting us out.*" Transcript p. 11 (emphasis added).

ITV's counsel expressed its assent to the agreement in stating that ITV is "willing to resolve our issues with Healthy Solutions only to the extent that we would essentially each step into the shoes of the other. And [Cappseals] would still have their claims against us but we

---

[2]  As discussed more fully herein, by Order of the Court, the portion of the Preliminary Injunction that prevented Healthy Solutions from compromising its claims against ITV has now become a *Permanent* Injunction.

would also retain our affirmative defenses and rights to setoff. Basically that we would be able to make those defenses at any trial in this action[.]" Transcript pp. 9-10.

**C.     The Moving Parties Breach The Settlement Agreement.**

Despite the clear representations to the Court as to the understanding between the parties, on March 29, 2005, ITV's proposed draft of the Joint Pre-trial Memorandum indicated that ITV and Healthy Solutions would be filing a Stipulation and Motion to Dismiss all claims that they have raised against each other in the Amended Complaint and the Counter Claim. Cappseals immediately responded in a letter dated March 30, 2005, informing counsel for the Moving Parties that such an agreement would violate the parties' Settlement Agreement as represented to the Court.[4] Later on March 30, 2005, the Moving Parties in fact filed their "joint" Motion to Dismiss as an "assented" to motion within the Court's electronic filing system.[5]

Earlier today the Court granted the Moving Parties' Motion thereby necessitating this Request for Reconsideration.

## II.     ARGUMENT

**A.     Dismissing Healthy Solutions' Claims Violates the Court's Permanent Injunction.**

The Moving Parties have sought – and surreptitiously achieved – Court endorsement of their compromise in an attempt to extinguish Cappseals' reach and apply action specifically protected by the Preliminary Injunction. The Preliminary Injunction was granted as part of customary practice under Massachusetts law that exists to protect third-party reach and apply

---

[3]     The facts articulated in this section are supported by the certified transcript of the February 1, 2005 status conference submitted herewith as Exhibit 1. Citations to the transcript will appear as "Transcript, p.__".
[4]     Cappseals' March 30, 2005 letter to counsel for ITV and Healthy Solutions is attached as Exhibit 2.
[5]     Although the parties to the Motion to Dismiss aver that their actions will have only a negligible impact on Cappseals' rights, this position is completely disingenuous as ITV has already stated within its pretrial memorandum that the requested dismissal will pave the way for completely extinguishing Cappseals' claims. In fact, ITV has expressly stated its position that the dismissal would compromise Cappseals' interest in collecting Healthy Solution's account receivable, thus causing the irreparable harm to Cappseals that the Preliminary Injunction was created to prevent.

claims from being compromised by related entities wishing to settle their claims. As discussed above, by Order of the Court, Subsection (1) of the Preliminary Injunction became a permanent injunction preventing Healthy Solutions from compromising its claims against ITV.

The Massachusetts "reach and apply" statute, M.G.L. c. 214, § 3(6), provides a statutory basis for Cappseals to reach Healthy Solutions' property and to apply that interest in payment of their debt. *Salvucci v. Sheehan*, 349 Mass. 659, 662 (1965) (reach and apply is recognized as an equitable attachment, and the process combines in one proceeding matters of both law and equity); *McCarthy v. Rogers*, 295 Mass. 245, 247 (1936). In considering an action to reach and apply, the court must engage in a two-step analysis. First, the plaintiff must show the existence of a debt owed to it by the defendant. *Massachusetts Electrical Co. v. Athol One, Inc.,* 391 Mass. 685, 687; *General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc.*, 188 F. Supp. 2d 73, 76 (D. Mass. 2002). Second, the plaintiff must show that the property sought to be reached and applied is incapable of attachment or of taking on execution in a legal action. *Id.*

Here, Cappseals has established both of the elements necessary to succeed in its reach and apply action. First, Cappseals has established a debt owed by Healthy Solutions to Cappseals in the amount of $890,182.09.[6]

Cappseals can also establish the second requirement under the statute (that the property sought to be reached and applied is incapable of attachment or of taking on execution in a legal action). Here, the debt owed by ITV to Healthy Solutions is the debt that Cappseals seeks to "reach." However, the Motion to Dismiss filed by the Moving Parties asks the Court to dismiss

---

[6] This sum was initially alleged in Cappseals' pleadings and later established by Cappseals' acceptance of Healthy Solution's March 30, 2005 Offer of Judgment in which Healthy Solutions allowed Cappseals to enter judgment against Healthy Solutions in the amount of $890,182.09 together with pre and post-judgment interest (Docket No. 85).

with prejudice Healthy Solutions' claim asserting a right to that money. Based upon the motion now granted, ITV will assert that Cappseals' reach and apply claims have been forever extinguished.

When an action to reach and apply is sought pending the determination of the substantive issues, "<u>it is the practice to issue a temporary injunction</u> whereby the property is taken into the control of the court and is charged with an equity for the security for the plaintiff." *Salvucci,* 349 Mass. at 662 (emphasis added). In addition, prior to a final determination of any of the foregoing, a property holder like Cappseals is ordinarily enjoined against transfer or alteration of the property in order that it may be preserved until final adjudication. *Id*. The standard for determining whether to issue an injunction is whether the moving party can show that will suffer irreparable harm without the injunction should it prevail on the merits. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 616-617 (1980). The court must assess the risk of irreparable harm to each party and grant an injunction where the balance of risks "cuts in favor of the moving party." *Id.* at 617

Based on the Court's consideration of Cappseals' pleadings, the Court **expressly found** "that Cappseals, Inc. will suffer irreparable harm if the account receivable held by…(DBC)…is not protected from …compromise." Thus there is no question that Cappseals is at risk of irreparable harm if the Moving Parties are allowed to bypass what is now a *Permanent* Injunction. Furthermore, Cappseals now has a judgment against Healthy Solutions thereby making the need to enforce the *Permanent* Injunction even more compelling.

**B.     The Motion to Dismiss Violates the Parties' Settlement Agreement.**

In Massachusetts, settlement agreements made orally and in open court are enforceable. See *Correia v. DeSimone*, 34 Mass. App. Ct. 601, 604 (Mass. App. Ct., 1993). An enforceable settlement agreement requires agreement on its material terms by representatives authorized to

settle the case. See *Flebotte v. Dow Jones & Co.*, at *8 2001 U.S. Dist. LEXIS 21327 (citing *Therma-scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000 and *McKelvey v. American Seafoods,* No. C99-2108L, 2000 WL 33179292, at *1 (W.D. Wash. Apr. 7, 2000). Agreements made in open court have the imprimatur of legitimacy that other agreements lack and are thus upheld by the court.  See *Paixao v. Paixao*, 429 Mass. 307, 309 (Mass., 1999). To allow a party to renounce such an agreement made in court by its representative would be unfair and illogical. The Superior Court has reinforced this rule as recently as January 2005 in *Marshall, et al. v. Burchell, et al.*, Lawyers Weekly No. 12-002-05 (Super. Ct. 2005)("It defies logic and fundamental principals of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in the same forum, especially when the judge and other litigants appear to have relied on that acknowledgment.") citing *Correia v. DeSimone*, 34 Mass. Appt. Ct. 610 at 604 (1993).

It is undisputed from the record that all the parties at the February 1st conference were in agreement on the material terms of a settlement agreement.  As was represented to the Court, Healthy Solutions agreed to allow Cappseals to enter judgment against it for the $890,182.09 due on the goods delivered to ITV.  In addition, ITV and Healthy Solutions were to settle their claims while preserving Cappseals' reach and apply action against ITV.  It cannot be more simply stated than as Ms. Christensen explained, "***the three sets of attorneys are in agreement***." Moreover, the assent of each party was made by their respective attorneys to the Court.

Based on the representations at the February 1st hearing and the subsequent communications among counsel, Cappseals has been preparing for the pre-trial hearing, and, preparing its portions of the joint pre-trial memorandum with the understanding that the issues to be litigated had already been "paired down" as represented to the Court.  Allowing ITV and

Healthy Solutions to rescind their agreement would result in significant prejudice to Cappseals. Not only would it affect Cappseals' legal claims against ITV, in addition, it would affect the expedient resolution of this action, a goal expressed by all parties. For the reasons stated herein, Cappseals respectfully requests that this Court deny the Motion to Dismiss as it is in violation of Settlement Agreement.

### III.  CONCLUSION

Through their efforts in filing the Motion to Dismiss the Moving Parties have breached the Settlement Agreement reached by all the parties and reported to the Court on February 1, 2005. By granting the Motion to Dismiss, the Court has inadvertently contravened the injunction it issued against Healthy Solutions and ITV thereby fueling ITV's argument that Cappseals is now prevented from pursuing its reach and apply action. Accordingly, the Court must reconsider its Order granting the Motion to Dismiss and DENY the motion for the reasons stated herein.

Respectfully submitted,
CAPPSEALS, INC.
By its attorneys,

/s/ Scott A. Silverman
Daniel J. Kelly BBO# 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO #638087
ssilverman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
DATED: April 4, 2005        (617) 345-7000

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the foregoing was served on the attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification</u>:

| | |
|---|---|
| Peter S. Brooks | pbrooks@seyfarth.com |
| Susan W. Gelwick | sgelwick@seyfarth.com |
| Dustin F. Hecker | dhecker@pbl.com |
| Christopher F. Robertson | crobertson@seyfarth.com |
| Becky Christensen | bvc@ocmiplaw.com |

                /s/ Scott A. Silverman
                Daniel J. Kelly BBO# 553926
                dkelly@ghlaw.com
                Scott A. Silverman, BBO #638087
                ssilverman@ghlaw.com
                Gadsby Hannah LLP
                225 Franklin Street
                Boston, MA 02110
DATED:  April 4, 2005        (617) 345-7000

B0408676v1