
GADSBY HANNAH LLP

Scott A. Silverman
ssilverman@ghlaw.com

Tel: 617 345 7077
Fax: 617 204 8077

March 30, 2005

VIA FACSIMILE

Christopher F. Robertson
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Becky Christensen
Attorney
O'CONNOR CHRISTENSEN & MCLAUGHLIN LLP
1920 Main Street, Suite 150
Irvine, CA 92614

225 Franklin Street
Boston MA 02110

Tel 617 345 7000
Fax 617 345 7050

www.ghlaw.com

Re:   ITV v. Healthy Solutions, et al.

Dear Counsel:

    At 10:30 pm last night we finally received ITV's proposed draft of the Joint Pre-trial Memorandum. While this belated dissemination of the draft will inherently compromise Cappseals' ability to finalize its portions of the joint submission in a timely manner, there are more disturbing issues raised by the representations ITV has made within the document. Specifically, it appears that ITV and Healthy Solutions will be filing a Stipulation and Motion to Dismiss all claims that they have raised against each other in the Amended Complaint and the Counter Claim. This "new understanding" will not preserve Cappseals' claims against ITV. As you are well aware, this is completely inconsistent with the agreement reached by all the parties as represented to the court during our hearing on February 1, 2004.

    For your convenience, I have attached a copy of the relevant pages from the transcript of our February 1st hearing. The representations made by both of you on behalf of your respective clients indicated, without qualification or reservation, that all three parties had reached an agreement in principal which would result in Cappseals obtaining an agreement for judgment from Healthy Solutions while preserving its claims against ITV. Both of you articulated to Judge Tauro in great detail the manner in which our joint settlement would work.[1] The

---

[1] As recently as March 28, 2005 our agreement was confirmed by Ms. Christensen in an e-mail to counsel for ITV, wherein she stated "I had understood that we had agreed in principle to a joint "walk away" with a mutual dismissal of all claims amongst our client except to the extent that Cappseals has a claim and Chris and I had represented that to Judge Tauro."

B0408120v1

Christopher F. Robertson

**GADSBY HANNAH** LLP

Becky Christensen
March 30, 2005
Page 2

only caveat that was ever raised with Judge Tauro was the parties need to reconcile the settlement with the existing injunction that addressed dissipation of assets. Obviously, this ministerial issue did not impact any material aspect of the parties' agreement or the binding effect of the parties' representations.

In Massachusetts, settlement agreements made orally and in open court are enforceable. See *Correia v. DeSimone*, 34 Mass. App. Ct. 601, 604 (Mass. App. Ct., 1993). An enforceable settlement agreement requires agreement on its material terms by representatives authorized to settle the case. See *Flebotte v. Dow Jones & Co.*, at *8 2001 U.S. Dist. LEXIS 21327 (citing *Therma-scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000 and *McKelvey v. American Seafoods*, No. C99-2108L, 2000 WL 33179292, at *1 (W.D. Wash. Apr. 7, 2000). Agreements made in open court have the imprimatur of legitimacy that other agreements lack and are thus upheld by the court. See *Paixao v. Paixao*, 429 Mass. 307, 309 (Mass., 1999). To allow a party to renounce such an agreement made in court by its representative would be unfair and illogical. The Superior Court has reinforced this rule as recently as January 2005 in *Marshall, et al. v. Burchell*, et al., Lawyers Weekly No. 12-002-05 (Super. Ct. 2005)("It defies logic and fundamental principals of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in the same forum, especially when the judge and other litigants appear to have relied on that acknowledgment.") citing *Correia v. DeSimone*, 34 Mass. Appt. Ct. 610 at 604 (1993).

It is undisputed from the record that all the parties at the February 1st conference were in agreement on the material terms of a settlement agreement.[2] Moreover, the assent of each party was made by their respective attorneys in open court before Judge Tauro. Under Massachusetts law, the settlement agreement made amongst the parties is thus enforceable.

Based on the representations at the February 1st hearing and the subsequent communications among counsel, Cappseals has been preparing for the pre-trial hearing, and, preparing its portions of the joint pre-trial memorandum with the understanding that the issues to be litigated had already been "paired down" as represented to Judge Tauro. With the joint pre-trial memorandum ostensibly due over the next day, our office has attempted to communicate with both of you to reconcile this issue and to discuss coordinating the filing of the joint pre-trial memorandum. If in fact we are misinterpreting the language within the draft pre-trial, or, if we are misunderstood your intentions in any way please notify us immediately. Otherwise, we intend to raise these matters with the court and seek enforcement of the settlement agreement and appropriate sanctions against the offending parties and their counsel.

---

[2] See transcript p. 11 (Ms. Christensen: "the three sets of attorneys are in agreement.")

B0408120v1

Christopher F. Robertson                               **GADSBY HANNAH** LLP

Becky Christensen
March 30, 2005
Page 3

    I look forward to hearing from both of you as soon as possible so that we can coordinate filing the pre-trial in a reasonable and timely manner, and, to discuss the issue of settlement with an eye towards maintaining the agreement that was reached by all of the parties.

                                Very truly yours,

                                Scott A. Silverman

SAS:vay
Enclosure
cc: Daniel J. Kelly

B0408120v1

2-1-05taurohealthy.txt

                                                                    1

1              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
2
   * * * * * * * * * * * * * *
3  HEALTHY SOLUTIONS, LLC,     *
   et al                       *
4           Plaintiffs,        *
                               *
5           vs.                *    CIVIL ACTION
                               *    No. 04-10421-JLT
6  ITV DIRECT, INC.            *
   et al                       *
7           Defendants.        *
   * * * * * * * * * * * * * *
8
           BEFORE THE HONORABLE JOSEPH L. TAURO
9             UNITED STATES DISTRICT JUDGE
                   STATUS CONFERENCE
10
   A P P E A R A N C E S
11
           SEYFARTH SHAW LLP
12         World Trade Center East
           Two Seaport Lane, Suite 300
13         Boston, Massachusetts 02210
           for the plaintiff ITV Direct
14         By:  Christopher F. Robertson, Esq.

15

16

17         LEVIN & O'CONNOR
           384 Forest Avenue, Suite 13
18         Laguna Beach, California 92651
           for the defendants in the counterclaim
19         By:  Becky V. Christensen, Esq.

20

21

22
                                    Courtroom No. 20
23                                  John J. Moakley Courthouse
                                    1 Courthouse Way
24                                  Boston, Massachusetts 02210
                                    February 1, 2005
25                                  10:45 a.m.


                                                                    2

1    APPEARANCES, CONTINUED

                          Page 1

```
                            2-1-05taurohealthy.txt
 2

 3
            GADSBY & HANNAH LLP
 4          225 Franklin Street
            Boston, Massachusetts 02110
 5          for the plaintiff in intervention Cappseals
            By: Daniel J. Kelly, Esq.
 6              Scott A. Silverman, Esq.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19
                    CAROL LYNN SCOTT, CSR, RMR
20                      Official Court Reporter
                     One Courthouse Way, Suite 7204
21                    Boston, Massachusetts 02210
                            (617) 330-1377
22

23

24

25
```

                                                                    3

```
 1                         P R O C E E D I N G S

 2              THE COURT:  Have you worked out your dispute

 3    with respect to Judge O'Toole's order?

 4              MR. KELLY:  We have not, Your Honor.  My name
```

```
                        2-1-05taurohealthy.txt
20              MR. ROBERTSON:  Sure.
21              MS. CHRISTENSEN:  I've been the quiet one,
22   Your Honor, for a reason, which is we've had some very --
23              THE COURT:  You are holding the money.
24         (Laughter.)
25              MS. CHRISTENSEN:  Well, I wish we were.  We
```

                                                                9

```
1    had some very productive settlement discussions just this
2    morning.  And we have agreements in principle but we could
3    use the Court's assistance in making sure that we do this
4    properly.
5              Here's the overall framework.
6              Mr. Robertson's client had received over 300,000
7    bottles of goods.  Those were sold to Mr. Robertson's client
8    by my clients.
9              Mr. Kelly represents the company that actually made
10   this product and shipped it.  My client and Mr. Kelly's
11   clients have not been paid.  Our claim is 1.8 million
12   without interest.  Theirs is $890,000 plus, without interest
13   or cost for fees and so forth.
14             My clients would like to move on with their lives
15   and get out of the litigation.  And so in principle we have
16   agreed to allow the product supplier to enter judgment
17   against us.
18             And then we have agreed in principle with
19   Mr. Robertson who represents ITV Direct and Direct
20   Fulfillment that we will release each other except to the
21   extent that Healthy Solutions owes money to the supplier
22   manufacturer of the goods.
```

```
                         2-1-05taurohealthy.txt
23            THE COURT:  Who is?
24            MR. KELLY:  My client, Judge, Cappseals.
25            MS. CHRISTENSEN:  Now, you say --
```

                                                              10

```
 1            THE COURT:  You mean to the extent he owes
 2   money to you?
 3            MS. CHRISTENSEN:  No.  To the extent that he
 4   owes my client and carving out what we owe to Mr. Kelly's
 5   client who is the supplier, the manufacturer of this
 6   product.
 7            Where we need the Court's assistance is if the
 8   Court --
 9            THE COURT:  You have got a million eight
10   coming to you but you have got to pay for the foods.
11            MS. CHRISTENSEN:  Correct.
12            THE COURT:  Which is eight hundred thousand.
13            MR. KELLY:  Nine hundred thousand plus
14   interest.
15            THE COURT:  Nine hundred thousand.  So that
16   leaves nine hundred thousand.  And you are saying that that
17   would end the case except that his client is owed some money
18   by your client?
19            MR. ROBERTSON:  Actually, Your Honor, the way
20   this works is that there is a claim by Cappseals against
21   Healthy Solutions and a claim by Healthy Solutions against
22   us.. We have counterclaims against Healthy Solutions.
23            We are willing to resolve our issues with Healthy
24   Solutions only to the extent that we would essentially each
25   step in the shoes of the other.  And they would still have
```

2-1-05taurohealthy.txt

11

1  their claims against us but we would also retain our
2  affirmative defenses and rights of setoff.  Basically that
3  we would be able to make those defenses at any trial in this
4  action --
5           THE COURT:  You are just paring it down.
6           MR. ROBERTSON:  Paring it down, yes.
7           THE COURT:  That doesn't excite me, so I will
8  stick with you.  You just lost my interest.
9       Why can't you settle the whole thing?
10          MR. ROBERTSON:  Because we are still actively
11 engaged in litigation with the Federal Trade Commission who
12 in their view has determined that all of this money we are
13 fighting about is likely to go back to them.  So we can't --
14          THE COURT:  Well, that is a different case.
15 Why doesn't that just go before --
16          MR. ROBERTSON:  Because we have an
17 indemnification agreement with her client that they're
18 liable for any amounts that we ultimately have to pay.  And
19 so --
20          MS. CHRISTENSEN:  Your Honor, we don't agree
21 with that at all but we're willing to let it all go so that
22 my clients can move on with their lives and do business.
23      We have an indemnity action against his clients in
24 Judge O'Toole's court which is in the FTC action.
25      But the barrier for my client in settling simply

12

2-1-05taurohealthy.txt

1  has to do with the existence of the court's injunction. And
2  we want to be careful, and the three sets of attorneys are
3  in agreement, that Cappseals' rights to bring its claims and
4  ITV Direct's rights would not be impaired by letting us out.
5  And that's where we need the Court's assistance, that we
6  don't run afoul of the injunction that says that we can't
7  compromise the only asset that we have, which is the
8  receivable for over 1.8 million.
9         THE COURT: Well, as long as everybody agrees
10 to it, I mean, I am not going to stand in your way.
11        What you have to do is to come up with an agreement
12 for judgment that sets all of this down in some
13 understandable way. And if you are looking for approval
14 from me, I will approve it as long as everybody else is
15 agreed to it.
16        MR. KELLY: We just don't want to interfere,
17 Judge, with our continued prosecution of these claims. We'd
18 like to get this discovery as you suggested completed as
19 soon as possible and a trial date so that we can go forward
20 on this.
21        THE COURT: Well, we can do that too. So
22 there are two distinct features here.
23        One is some agreement you are going to enter into
24 that pares down the issues.
25        And the second, the continuation of the discovery

13

1  in what will be the remaining case regardless of what
2  happens in this settlement agreement. And that requires you
3  going to Judge O'Toole for permission to get the