UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br>       Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, et al., <br><br>       Defendants. <br><br> RELATED CASES | ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION NO. 04-CV-10421-JLT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF ITV DIRECT'S AND INTERVENOR-DEFENDANT DIRECT FULFILLMENT, LLC'S MOTION FOR RECONSIDERATION OF THIS COURT'S <u>ORDER PRECLUDING CERTAIN EVIDENCE AT TRIAL</u>**

Plaintiff and intervenor-defendant ITV Direct, Inc. and intervenor-defendant Direct Fulfillment, LLC (collectively, "ITV" or "Plaintiff") hereby submit this motion for reconsideration of the order entered by this Court on April 11, 2005 (the "Order"), which was proposed by intevenor-plaintiff Cappseals, Inc. ("Cappseals") and prevents ITV from introducing evidence at trial that was not produced by April 5, 2005, the date of the Final Pretrial Conference. It was not until April 11, 2005, that Judge O'Toole permitted ITV to produce to Cappseals the financial report and all of the supporting schedules and balance sheets that had been designated confidential by a court order in an unrelated action pending before Judge O'Toole. ITV immediately produced all such documents to Cappseals on April 12, 2005, which total over 1300 pages. ITV should not be precluded from introducing any of these documents that were produced after April 5, 2005, which documents support its affirmative defenses to Cappseals' claim for reach and apply, when it was prohibited from producing these financial documents before April 11, 2005.

## I.     PROCEDURAL HISTORY

On two separate occasions, Cappseals came before this court requesting that ITV be compelled to produce a financial report that was prepared for the FTC in an action entitled FTC v. Direct Marketing Concepts, Inc., C.A. No. 04-11136-GAO ("FTC Action") and the underlying documentation compiled by the accountants to prepare the data contained in the report.  As part of the preliminary injunction entered in the FTC Action, Judge O'Toole ordered ITV to retain an accounting firm to ascertain information relating to:  revenues collected by ITV and the flow of all such monies, net profits to ITV, costs incurred by ITV, and refunds provided to consumers by ITV, in connection with the sale or marketing of Supreme Greens, the product at issue ("Supreme Greens").  The accounting firm was also ordered to determine the location and amount of all assets of ITV, and to review all transfers of assets in excess of ten thousand dollars ($10,000).  The preliminary injunction order further provided that ***"[s]uch information gathered by and reports prepared by the accounting firm shall be designated as confidential information."***  See June 23, 2004 Preliminary Injunction Order, at 24-25 (O'Toole, J.) (emphasis added), the relevant portions of which are attached hereto as Exhibit A.

Because both the report and all of the underlying documentation had been designated "confidential" by Judge O'Toole in the FTC Action, ITV could not produce, and this Court could not order the production of, any of these documents to Cappseals, unless and until Judge O'Toole permitted this production.  As a result, at a hearing on February 1, 2005, this Court instructed Cappseals to file a motion for access to confidential information in the FTC Action ("Motion for Access"), in which Cappseals could request that Judge O'Toole allow it to have access to the confidential report and supporting documents.  See Court's Order of February 1, 2005.

While its Motion for Access was still pending before Judge O'Toole, Cappseals then filed a motion for sanctions against ITV based on its failure to produce the very documents that had been designated confidential by Judge O'Toole, and sought to prevent ITV from introducing any evidence as to its damages or its affirmative defenses at trial. At the Final Pretrial Conference on April 5, 2005, this Court denied Cappseals' motion for sanctions, specifically stating that it would not bar ITV from asserting its affirmative defenses or from testifying about its damages, but that it would preclude ITV from offering any documents that did not contain a bates stamp label. See official transcript of the Final Pretrial Conference at pp. 13-14, attached hereto as Exhibit B. Following the conference, this Court issued an order denying the motion for sanctions, but allowing Cappseals to propose an order preventing ITV from introducing at trial documents that were not previously produced in discovery. See Court's Order of April 5, 2005.

Cappseals then proposed an order that sought to prevent ITV from introducing any documents at trial that were not produced by April 5, 2005, the date of the Final Pretrial Conference. As discussed at the Final Pretrial Conference, due to the fact that Judge O'Toole had not yet ruled on Cappseals' pending Motion for Access, ITV had not yet produced the financial report prepared for the FTC or any of the supporting work papers for that audit, all of which have been deemed confidential by the order of Judge O'Toole. For this reason, ITV filed an objection to Cappseals' proposed order, which defendant Healthy Solutions, LLC joined. On April 11, 2005, this Court entered the order proposed by Cappseals, adding that "the court will determine, at trial, whether the financial report prepared by ITV Direct for the FTC will be admissible." Order of April 11, 2005.

The parties in the FTC Action appeared before Judge O'Toole for a status hearing on April 11, 2005, during which Judge O'Toole permitted ITV to produce the confidential report

3

and supporting documentation to Cappseals, and entered an order later that same day. On April 12, 2005, ITV produced all such documents to Cappseals, which bear bates stamp numbers ITV 000568 – ITV 001905.

## II.     LEGAL ARGUMENT

The Order prevents ITV from introducing any documents at trial that were not produced by April 5, 2005. However, until April 11, 2005, ITV was unable to produce any of the work papers underlying the financial report prepared for the FTC Action because, in addition to the report itself, ***all of the financial information and work papers*** that were used to prepare the report were also deemed confidential by Judge O'Toole. See June 23, 2004 Preliminary Injunction Order, at 25 (O'Toole, J.) ("*Such information gathered by and reports prepared by the accounting firm shall be designated as confidential information.*"). This includes approximately 1330 pages of schedules, spreadsheets and balance sheets that were gathered, compiled and utilized by the accountants to prepare the report for the FTC.

In the Order, the Court also stated that it would consider whether the report itself would be admissible at the time of trial. At that time, this Court may not have understood that, in addition to the report, all the supporting work papers and schedules for the report had also been deemed confidential and could not have been produced to Cappseals until Judge O'Toole permitted such production. The Court also may not have been aware that these financial documents are essential to ITV's affirmative defenses, which the Court ruled it would not bar ITV from asserting, and that ITV would need to introduce some of the supporting documents underlying the report at trial.

By precluding ITV from introducing evidence as to its damages and affirmative defenses at trial, this Court has sanctioned ITV for abiding by the preliminary injunction order in the FTC

4

Action and waiting until Cappseals' Motion for Access had been allowed before producing documents that were designated as confidential. This is essentially the sanction requested by Cappseals in its motion for sanctions, which this Court denied. Pursuant to Federal Rule of Civil Procedure 37(c), sanctions should not be imposed on a party who has "substantial justification" for withholding otherwise discoverable material. Fed. R. Civ. P. 37(c). Where a court order in the FTC Action prevented subsequent disclosure, ITV clearly had "substantial justification" for withholding these documents until April 12, 2005.[1]

It was not until one week after the Final Pretrial Conference, on April 11, 2005, that Judge O'Toole ruled on Cappseals' Motion for Access, finally permitting ITV to produce the report and all of the supporting work papers for the audit to Cappseals. ITV has now produced to Cappseals all of these financial documents. Cappseals has over a month and a half to review these documents prior to the trial in this action, which is scheduled for May 31, 2005, and will not be prejudiced by the fact that another court order prevented ITV from producing these documents at an earlier time.

ITV, however, will be severely prejudiced if it is prohibited from introducing at trial any of these financial documents that were produced one week after the April 5, 2005 deadline set by the Order. The financial information included within this production is essential to ITV's affirmative defenses and claims against Healthy Solutions, which are also defenses to Cappseals' claim for reach and apply, and, *inter alia*, document the losses that ITV has suffered on its marketing of Supreme Greens due to the FTC's investigation and discovery that defendant

---

[1] In addition, in sanctioning ITV for the failure to provide discovery under Rule 37, this Court must set forth its reasons for the decision. The Order of April 11, 2005 does not contain a statement of reasons for this sanction. See Metrocorps, Inc. v. Eastern Massachusetts Jr. Drum & Bugle Corps Ass'n, 912 F.2d 1, 3 (1st Cir. 1990).

Alejandro Guerrero was not a doctor and had no clinical support for the health claims he made to ITV about Supreme Greens.

## **CONCLUSION**

ITV should not be sanctioned by this Court and precluded from offering damages evidence at trial, which evidence is contained in these supporting schedules and work papers for the financial report, when ITV was prohibited by the order of Judge O'Toole from producing this information <u>prior to April 11, 2005</u>. Pursuant to Federal Rule of Civil Procedure 37(c), ITV had substantial justification for not producing these documents by April 5, 2005.

WHEREFORE, ITV requests that the Court reconsider and vacate the order entered on April 11, 2005 and enter an order preventing ITV from introducing documents at trial that were not previously produced to Cappseals in this action. A proposed order has been submitted with this motion.

        Respectfully submitted,

        ITV DIRECT, INC.

        By their attorney(s),

        /s/ Susan Gelwick
        Peter S. Brooks, BBO #058980
        Christopher F. Robertson, BBO #642094
        Susan W. Gelwick, BBO #567115
        Seyfarth Shaw LLP
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:    (617) 946-4800
        Telecopier:    (617) 946-4801

Dated: April 25, 2005