UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>HEALTHY SOLUTIONS, L.L.C., et al., )<br><br>Defendants. )<br>CAPPSEALS, INC., )<br><br>Plaintiff-in-Intervention, )<br><br>v. )<br><br>HEALTHY SOLUTIONS, L.L.C., d/b/a )<br>DIRECT BUSINESS CONCEPTS; ITV )<br>DIRECT, INC.; and DIRECT )<br>FULFILLMENT, LLC, )<br><br>Intervenor-Defendants. ) | Civil Action No. 04-CV-10421-JLT |

## CAPPSEALS, INC.'S OPPOSITION TO ITV'S
## MOTION FOR RECONSIDERATION

Plaintiff-in-Intervention, Cappseals, Inc., ("Cappseals") respectfully submits this

opposition to ITV Direct, Inc.'s ("ITV") Motion for Reconsideration which seeks to re-hash

arguments already fully briefed, argued and decided. With trial approaching, and ITV refusing

to produce thousands of relevant documents, this Court issued its order of April 11, 2005 (the

"April 11th Order") precluding the use of documents at trial if they were not produced before

April 5, 2005. The April 11th Order came after ITV was originally compelled to produce all of

its internal accounting records by the February 15, 2005 deadline established by this Court's

order of February 1, 2005 (the "February 1st Order"). Instead, ITV chose to unjustifiably hide

behind an unreasonable interpretation of an order from Judge O'Toole in a related proceeding

delaying production of 1,200 pages of internal accounting records until April 13, 2005 – well

beyond multiple deadlines established by this Court.

Judge O'Toole's Order never cloaked ITV's internal accounting records with any sort of confidentiality making only the "information gathered and ***reports*** prepared" by a specially designated accounting firm subject to any protection.  In fact, when Judge O'Toole finally addressed Cappseal's Motion for Access, the accounting report was clearly his only concern:

> Electronic Status conference held.  Order entered granting Motion for Leave to File – Plaintiff is directed to file the amended complaint forthwith.  Granting Motion  - **ITV Direct, Inc. is directed to give Cappseals, Inc. a copy of the <u>accounting report</u> prepared pursuant to Part VI of the Court's June 23, 2004 Preliminary Injunction Order (Docket No. 32), which production shall be subject to the protective order covering confidential information exchanged in Civil Action No. 04-10421-JLT** (Lyness, Paul).[1] (emphasis added)

In an effort to wind back the clock, ITV has regurgitated the same arguments that this Court considered when issuing the April 11th Order.  ITV simply seeks the Court's admission of a mistake without coming forward to say so.  Unfortunately, this comes when no mistake has been made and all parties have fully briefed the relevant issues highlighting the inadequacy of ITV's compliance with its discovery obligations.  Judge O'Toole never precluded ITV from producing its internal accounting records and the April 11th Order justifiably prevents the use of documentation ITV has purposely withheld until the eve of trial.  Accordingly, ITV's motion for reconsideration must be denied.

## I.     BRIEF PROCEDURAL HISTORY

### A.     General Background.

Cappseals' sole interest in this litigation is to be paid for a large number of goods it manufactured and shipped to ITV at the direction of Healthy Solutions, LLC, (hereinafter

---

[1]     Judge O'Toole's Order of April 12, 2005 has no docket number.  A true and accurate copy of the electronic order is attached as Exhibit A.

"Healthy Solutions").  These goods consisted of a dietary supplement called Supreme Greens (the "Product").

There has never been a dispute over the quality of the products manufactured and shipped by Cappseals to ITV.  Rather, ITV has cited tangential and – what Cappseals believes to be – pretextual affirmative defenses and claims against Healthy Solutions as a basis for withholding payment from Cappseals.  Specifically, ITV claims a fraud perpetuated by Healthy Solutions caused ITV to unnecessarily spend "millions of dollars" on marketing the Product through infomercials.  ITV also claims Healthy Solutions must indemnify it against potential liability in a separate lawsuit filed by the Federal Trade Commission (hereinafter the "FTC") against ITV, *FTC vs. Direct Marketing Concepts, Inc.*, Civil Action No. 04-11136-GAO (the "FTC Action") wherein the FTC maintains ITV and Healthy Solutions are responsible for restitution to consumers for their alleged deceptive marketing of the Product.   ITV claims the cumulative total of these two categories of unspecified "damages" must be set-off against any amount owed to Cappseals.  This right of "set-off" represents the thrust of ITV's defense against the payment claims of Cappseals.  However, ITV has refused to produce any documents to substantiate its damages and/or that relate to its blind reliance on Healthy Solutions representations when marketing the Product.

**B.    ITV's Delinquent Productions.**

In response to Cappseals' Motion to Compel, this Court issued its February 1st Order (Docket No. 69) that required ITV to supplement its disclosures by February 15, 2005.  The February 1st Order also required ITV to submit to a 30(b)(6) deposition by February 25, 2005 so that Cappseals could conduct a legitimate test of the material ITV was supposed to produce.  Instead of complying with its disclosure and discovery obligations – and this Court's February 1st Order – ITV unilaterally withheld documents depriving Cappseals the ability to test the

completeness, accuracy and preparation of its accounting material – matters critical to any legitimate cross examination at the time of trial.

On March 4, 2005, the day after Cappseals filed its Motion for Sanctions – and almost three weeks after its supplementation was Ordered by the Court – in a feigned attempt at compliance, ITV finally produced what was purportedly its supplemental disclosure of documents. However, the material produced consisted of the exact same 507 pages of documents that ITV had previously provided through multiple productions in 2004. Subsequent to its March 4th production, on March 9, 2005, one week after the Cappseals' Motion for Sanctions was filed – and almost one month after its supplementation was Ordered by the Court - ITV sent over another box of material consisting of seven video tapes and two audio tapes that had never been produced before.

During a pre-trial hearing on April 5, 2005 the Court heard arguments on Cappseals Motion for Sanctions and, thereafter, requested a proposed order from Cappseals regarding the use of documents at trial. Thereafter, **both** parties submitted proposals that resulted in the Court's April 11th Order. Finally, on April 13, 2005 ITV produced 1,300 pages of internal accounting records because they may "support its affirmative defenses."[2] Approximately 1,200 pages of the documents produced represent nothing more than ITV's internal accounting records – with the Report constituting 60 pages.[3]

---

[2]    ITV represents that production of its accounting records was made on April 12, 2005. However, on April 12, 2005 the only document that was received by Cappseals was an unaccompanied fax cover sheet indicating a package of documents had been *sent* – the production of documents was not actually made until April 13, 2005.
[3]    All of the productions by ITV – including the April 13th production - still fail to include 40,000 (approx.) pages of paper documents and 10,000 (approx.) pages of electronic documents relating to the marketing of the Product that have already been produced in the FTC Action.

The only excuse ITV has ever offered for its delay is the fact that a Court ordered accounting report (the "Report") was deemed confidential and was controlled by Judge O'Toole in the FTC Action.

## II.    ARGUMENT

### A.    ITV Does Not Meet the Standard for Motion for Reconsideration.

It is well recognized that ITV's request for reconsideration must be justified by a change in circumstances and not an effort to get a second "bite of the apple." "The Court should grant a motion for reconsideration of an interlocutory order only when movant demonstrates (1) an intervening change in law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Davis v. Lehane*, 89 F.Supp.2d 142, 147 (D. Mass 2000), citations omitted. Simply rehashing arguments already put before the court is not sufficient to warrant reconsideration. *Id* at 147-148, citing *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr.D.Mass. 1992). See also *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990) cited with approval in *Davis*, 89 F. Supp. 2d at 148. ("A party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend."), aff'd, 948 F.2d 1529 (10th Cir. 1991), cert. dismissed, 503 U.S. 915 (1992).

In the face of the doctrines detailed above, ITV wishes to re-serve to the Court the issue of its belated - and still incomplete – production of documents hoping that it can create sufficient confusion to warrant this Court's concern. However, ITV has provided no new facts or circumstances, no new legal arguments, and no reasonable basis for its current request other than advising the Court "you don't get it." This type of legal position does not serve any legitimate basis for the Court to reconsider its previous ruling.

While there has been an intervening ruling by Judge O'Toole in the FTC Action, it had no impact on ITV's ability to produce the vast majority of its April 13th production. ITV's

supplementation obligations were never contingent on Judge O'Toole's decision on the Report as its internal accounting records were never protected by any confidentiality.

**B.    ITV Cannot Be Allowed To Selectively Choose the Information it Will Exchange in Discovery.**

Having actively concealed thousands of documents from Cappseals throughout the discovery process, on the eve of trial scheduled for May 31, 2005, ITV has finally chosen to produce certain records that it has selectively chosen as beneficial for its claims and defenses. This need is the impetus for ITV's production rather than compliance with Judge O'Toole's Order that never purported to control anything other than the Report and, potentially, the work papers of the specially appointed accounting firm.  If ITV wanted to produce its internal accounting records it was always free to do so – any other conclusion defies logic or common sense.

Cappseals has been denied timely access to ITV's accounting records that has in turn prejudiced its ability to test the accuracy and completeness of the records in a 30(b)(6) deposition that had also been mandated by the February 1st Order.[4]  This is the exact reason why the Court issued its April 11, 2005 Order precluding the parties' ability to rely on documents that had not already been produced in the litigation.  The only exception to the prohibition against delayed production was the Report because of the pending ruling by Judge O'Toole.  There was never any confidentiality order – from Judge O'Toole or otherwise – that prevented ITV from producing its internal accounting records in a timely fashion.  If ITV wished to use such documents at the time of trial, ITV should have produced the documents in a timely fashion during the discovery process.

### III.    CONCLUSION

WHEREFORE, Cappseals respectfully requests the Court deny ITV's Motion for

Reconsideration.

                        Respectfully submitted,

                        CAPPSEALS, INC.
                        By its attorneys,


                        /s/ Scott A. Silverman
                        Daniel J. Kelly BBO# 553926
                        dkelly@ghlaw.com
                        Scott A. Silverman, BBO #638087
                        ssilverman@ghlaw.com
                        Gadsby Hannah LLP
                        225 Franklin Street
                        Boston, MA 02110
DATED:  April 29, 2005          (617) 345-7000

---

[4]     ITV has still never produced more than 40,000 outstanding documents relating to its sale and marketing of the product at issue in this litigation.  Details of this discrepancy were more fully articulated within the submissions supporting Cappseals' Motion for Sanctions.

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true and accurate copy of the foregoing was served on the attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

Peter S. Brooks   pbrooks@seyfarth.com

Susan W. Gelwick   sgelwick@seyfarth.com

Dustin F. Hecker   dhecker@pbl.com

Christopher F. Robertson  crobertson@seyfarth.com

Becky Christensen   bvc@ocmiplaw.com

       /s/ Scott A. Silverman
       Daniel J. Kelly BBO# 553926
       dkelly@ghlaw.com
       Scott A. Silverman, BBO #638087
       ssilverman@ghlaw.com
       Gadsby Hannah LLP
       225 Franklin Street
       Boston, MA 02110
DATED:  April 29, 2005  (617) 345-7000