UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ITV DIRECT, INC., <br>     Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC et al., <br>     Defendants. <br><br> CAPPSEALS, INC., <br>     Plaintiff-in-Intervention, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, d/b/a <br> DIRECT BUSINESS CONCEPTS; ITV <br> DIRECT, INC.; and DIRECT <br> FULFILLMENT, LLC, <br>     Intervenor-Defendants. | * * * * * * * * * * * * * * * * * * | Civil Action No. 04-10421-JLT |

ORDER

May 9, 2005

TAURO, J.

This court hereby orders that:

1. <u>Plaintiff ITV Direct's and Intervenor-Defendant Direct Fulfillment, LLC's Motion for Reconsideration of this Court's Order Precluding Certain Evidence at Trial</u> [#100] is DENIED. See the relevant pages of the transcript for the April 5, 2005 Pretrial Conference [#99] attached as an appendix.

IT IS SO ORDERED.

/s/ J. Tauro
United States District Judge

```
 1   (indicating).
 2              THE COURT:  I think that if you get the
 3   report, then you look through that and see if you need
 4   anything else.
 5              MR. KELLY:  Judge, I cannot -- we had this
 6   fight a month and a half ago.
 7              The report, as you can see, is only about, what,
 8   fifteen pages.  We need the underlying financial data and
 9   all the other documents which support their affirmative
10   defenses.
11              They have given us five hundred pages of simply
12   invoices.  Or you should strike their affirmative defenses.
13              They should not be able to sort of hide behind this
14   confidentiality order and say we can't give you anything
15   because of this confidentiality.  There is no reason that
16   Judge O'Toole's order on the confidentiality of that report
17   has anything to do with all of their records associated with
18   these affirmative defenses.
19              You required them to produce them.  We want them
20   and we want to try the case.
21              MR. BROOKS:  We have produced all the records
22   that relate to our affirmative defenses.  The only thing we
23   have not produced is a damage study that was performed by
24   certified public accountants by order of the FTC, which is
25   subject to Judge O'Toole's order.  Everything else they
```

1    have.

2        What they're fighting about is all of these other
3    documents relating to other business activities unrelated to
4    Supreme Greens, unrelated to Healthy Solutions or Cappseals.
5    We have other products.

6        The FTC has received all of those documents of our
7    other business activities. They want all of that. They
8    want everything that the FTC has had access to, which is
9    every business record that we have. It's got nothing to do
10    with this product, nothing to do with these parties.

11        We had produced everything that relates to our
12    claims and our counterclaims. The only thing that is
13    missing is the detail of the damage analysis of this report
14    (indicating) which we have said over and over again we will
15    produce to them the moment, the day that Judge O'Toole says
16    it's released from my confidentiality.

17        THE COURT: He is making this representation.
18    He puts his ticket on the line when he does that.

19        MR. SILVERMAN: Your Honor, and I think that's
20    a mistake because we already have provided to this court a
21    document that shows that that is just not the case.

22        The FTC in communications that I have had with them
23    have specifically represented that the vast majority of the
24    documents which they say goes over about fifty thousand
25    relates to Supreme Greens. And, in fact, they have filed