UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ITV DIRECT, INC., | * | |
| Plaintiff, | * | |
| v. | * | No. 04-CV-10421-JLT |
| HEALTHY SOLUTIONS, LLC et al., | * | |
| Defendants. | * | |

\* \* \* \* \*

RESPONSE AND OBJECTIONS OF NON-PARTY
FEDERAL TRADE COMMISSION TO TRIAL SUBPOENA
*DUCES TECUM* ISSUED ON BEHALF OF
PLAINTIFF-IN-INTERVENTION CAPPSEALS, INC.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B) and 45 (d)(2), non-party the Federal Trade Commission (Commission), responds and objects on the following grounds to the trial subpoena *duces tecum*, dated May 6, 2005, which Plaintiff-in-Intervention Cappseals, Inc. (Cappseals) served upon the Commission in the above-captioned action:

1.  The district court lacks jurisdiction, pursuant to Fed. R. Civ. P. 45(b)(2), to enforce the trial subpoena *duces tecum* issued to the Commission on behalf of Cappseals since the Commission's principal place of business, its documents, and its employees are all located outside of the Commonwealth of Massachusetts and more than 100 miles from the courthouse in Boston, Massachusetts.

2.  As stated in the response of William Blumenthal, General Counsel of the Commission, dated May 15, 2005 (attached as Exh. A), which replied to a letter request, dated May 6, 2005, from Scott A. Silverman, counsel for Cappseals, Cappseals' request for live trial

testimony and the production of agency investigative are not justified under relevant law, including Commission Rule 4.11, 16 C.F.R. § 4.11.

3. Compliance with the subpoena is unduly burdensome in that it requests testimony about and documents concerning communications between the Commission and plaintiff ITV Direct, Inc. (ITV) and its principal, Donald Barrett, that are as available to Cappseals from ITV and Barrett as they would be from the Commission and, thereby, imposes an improper burden upon the public resources and impairs the Commission's ability to carry out the law enforcement and other responsibilities mandated by Congress.

4. Compliance with the subpoena is unduly burdensome in that it does not give the Commission sufficient time to collect and review all responsive documents and, where appropriate, to prepare a privilege log.

5. As explained in Exh. A, to the extent the subpoena seeks non-public internal agency documents and the investigative files of the Commission (and testimony concerning them) concerning ITV and any of its principals, it seeks documents and testimony that are not relevant under Fed. R. Civ. P. 26.

6. Compliance with the subpoena is unduly burdensome in that, as explained in Exh. A, the testimony and documents relevant to the subpoena issued on behalf of Cappseals' that are neither privileged or non-public already are in the public domain, having been filed in the form of declarations and exhibits in the Commission's law enforcement action styled, *FTC v. Direct Marketing Concepts*, No.04-1136-GAO (D. Mass.).

6. The subpoena improperly and indiscriminately call for testimony and the production of documents that are protected from disclosure by the attorney-client, work product, and deliberative process privileges.

7. The subpoena is overbroad.

        William Blumenthal
        General Counsel

        _____
        John Andrew Singer

        FEDERAL TRADE COMMISSION
        600 Pennsylvania Ave., NW
        Washington, DC 20580
        (202) 326-3234
        Fax (202) 326-2477
        E-mail: jsinger@ftc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, I served the foregoing by Federal Express on the following:

| | |
|---|---|
| Scott A. Silverman<br>Gadbsy Hannah<br>225 Franklin St.<br>Boston, MA 02110 | Peter S. Brooks<br>Susan W. Gelwick<br>Christopher F. Robertson<br>Seyfarth Shaw<br>Two Seaport Lane - Ste. 300<br>Boston, MA 02210-2028 |
| Becky V. Christensen<br>O'Connor Christensen & McLaughlin<br>1920 Main Street - Ste. 150<br>Irvine, CA 92614 | Dustin F. Hecker<br>Posternak, Blankstein & Lund<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-8004 |

        _____
        John Andrew Singer