**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ITV DIRECT, INC.,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>HEALTHY SOLUTIONS, LLC, et al.,  )<br>  )<br>      Defendants.  )<br>  )<br>RELATED CASES  )<br>  ) | CIVIL ACTION NO. 04-CV-10421-JLT |

**AFFIDAVIT OF PETER S. BROOKS**

Peter S. Brooks, under oath, deposes and says

1.  I am an attorney admitted to practice law in the Commonwealth of Massachusetts and in this court. I represent and have served as lead counsel for the plaintiffs and defendants-in-counterclaim in this action. This affidavit is made as to facts of my own personal knowledge.

2.  I am lead counsel in the case of Harwood Capital Corp. v. Erin Carey presently pending in the Housing Court for Suffolk County in the Commonwealth of Massachusetts. That case is presently scheduled for a three-day jury trial commencing May 31, 2005. I attended a final pre-trial conference on May 11th and at that time I was informed that the case would in fact proceed on May 31st and the trial judge made it clear that no request for a continuance would be entertained.

3.  When I was informed that the case would in fact proceed on that date, I immediately communicated with my clients in this case and my client in that case. Both clients have insisted that I continue to serve as their trial counsel and have declined my offer to have another lawyer at this firm try the case for them.

4.      In light of the conflict, I am asking that this court continue this trial. It is very difficult to get a jury trial in the Housing Court and the judge has already indicated that he would not be inclined to grant a continuance.

5.      I believe there are further grounds for the continuance of the trial in this case. First, the defendants have filed a request for clarification. They, as I, are confused about the case to be tried to this court. It was my understanding that only the claim of the intervenor Cappseals would be tried on May 31st. This would require, however, that the plaintiff put on its case against the defendant since the plaintiffs' claims against the defendant are also the basis for its defense to the claims of the intervenor. Now I understand the defendants believe that they must then present their defenses and counterclaims against the plaintiff as they feel that their rights may be injured if they do not do so. Thus, what was represented to be a very short bench trial on the intervenor's complaint now may be blooming into a several week trial for which the parties have made a demand for a jury. I believe the clarification of these issues is appropriate.

6.      Finally, I have been informed that Cappseals intends to call me as a witness in this case. I have attached hereto a copy of a letter that I received from the intervenor's counsel on May 9th. It is suggested that I may be disqualified from acting as counsel to the plaintiffs in this action because, in Cappseals view, I am a necessary witness. I believe this issue also needs to be resolved promptly and before trial. If I am to be a witness in this case, then I will need to have another attorney act as trial counsel and significant time will be required for new counsel to become familiar with the facts and legal issues in the case.

Signed under the penalties of perjury this 19th day of May, 2005.

/s/ Peter S. Brooks  
Peter S. Brooks

2