

MAY 9 2005

GADSBY HANNAH LLP

Scott A. Silverman
ssilverman@ghlaw.com

Tel: 617 345 7077
Fax: 617 204 8077

May 9, 2005

VIA FACSIMILE & FIRST CLASS MAIL

Peter S. Brooks, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Re: <u>Healthy Solutions, LLC, et al, v. ITV Direct, Inc.</u>

225 Franklin Street
Boston MA 02110

Tel 617 345 7000
Fax 617 345 7050

www.ghlaw.com

Dear Attorney Brooks:

There are certain preliminary matters that we need to resolve before our upcoming trial on May 31, 2005. In an effort to make the beginning of trial as efficient as possible, and to avoid any unnecessary disputes on admissibility issues, by Monday, May 23, 2005 I will forward you a list of proposed exhibits and witnesses that we intend to use during our case-in-chief. I am hopeful that you will extend us the same courtesy by providing a list of the exhibits you intend on using during your case-in-chief, as well as a list of witnesses in the order that you will put them on the stand. Thereafter, we can exchange objections. Please contact me at your earliest convenience if you are opposed to this mutual exchange.

As indicated in Cappseals' Pre-Trial Memorandum, we intend to call you personally as a witness to testify concerning communications between your office and the Federal Trade Commission regarding its investigation of ITV. We also intend to question you regarding your involvement in editing the script used during the "re-shoot" of the Supreme Greens infomercial as evidenced by Deposition Exhibit 36. Accordingly, please consider this a formal request for you to confirm your attendance at the time of the trial. Alternatively, please inform me whether you will agree to accept service of a subpoena seeking trial testimony.

I am sure that you are well aware of the consequences that may flow from your participation in the trial as a witness. One issue that may arise is the potential of disqualification – a consequence which is favored under circumstances where you may be deemed to be testifying against your client. See *Siguel v. Allstate Life Insurance Company*, 141 FRD 393, 396(Mass. 1992). Such circumstances can be avoided, however, if your testimony concerns uncontested

B0413134v1

Peter S. Brooks, Esq.
May 6, 2005
Page 2

GADSBY HANNAH LLP

issues. Accordingly, if ITV agrees to stipulate to certain facts the issue of disqualification can be avoided.

Specifically, Cappseals requests the following stipulations:

1. ITV agrees to the authenticity and admissibility of deposition exhibit 36;

2. In September, 2003, ITV was aware that the FTC had asserted the original version of the Supreme Greens information contained unsubstantiated claims; and

3. Attorneys at Seyfarth Shaw made the edits and notations included within the transcript that is Exhibit 36 in an effort to counsel ITV concerning how to conform its practices to respond to the concerns raised by the FTC.

If ITV agrees to the above enumerated stipulations your testimony, if still necessary at all, would only relate to "uncontested" issues, thereby eliminating any disqualification concerns. If ITV is unwilling to agree on the requested stipulations, testimony from you will undoubtedly be necessary because the FTC's communications regarding its investigation of ITV seems to have been exclusively with your office.

Obviously, the issues surrounding the FTC's investigation of ITV, including your communications with the FTC on behalf of ITV, are only necessary if ITV decides to press its defenses and counterclaims including its alleged right of setoff against Cappseals' causes of action. If ITV has a contrary plan, please advise immediately.

I look forward to hearing from you as soon as possible so that we can address these issues in advance of trial. Thank you for your cooperation.

Sincerely,

Scott A. Silverman

SAS:mh
cc: Becky Christensen, Esq.
    Daniel J. Kelly, Esq.

B0413134v1