UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., et al., )<br>)<br>Defendants. )<br>)<br>CAPPSEALS, INC., )<br>)<br>Plaintiff-in-Intervention, )<br>)<br>v. )<br>)<br>HEALTHY SOLUTIONS, L.L.C., d/b/a )<br>DIRECT BUSINESS CONCEPTS; ITV )<br>DIRECT, INC.; and DIRECT )<br>FULFILLMENT, LLC, )<br>)<br>Intervenor-Defendants. )| Civil Action No. 04-CV-10421-JLT |

**CAPPSEALS, INC.'S OPPOSITION TO ITV'S
<u>MOTION FOR RECONSIDERATION</u>**

Plaintiff-in-Intervention, Cappseals, Inc., respectfully submits this opposition to ITV Direct, Inc.'s Motion to Continue Trial as each issue raised in its motion could have – and should have – been raised and resolved during the April 5, 2005 pre-trial conference that occurred ***more than six weeks ago***. Rather than communicate with the undersigned counsel to resolve the typical pre-trial issues that remain, ITV has filed the present motion on the eve of trial in a desperate move to indefinitely delay its payment of the amounts owed to Cappseals. Accordingly, ITV's motion should be denied and trial should proceed on May 31, 2005 as previously agreed by the parties and scheduled by the Court. As further grounds supporting its opposition Cappseals states as follows:

**Trial Should Not Be Delayed To Accommodate
ITV's Failure to Communicate**

ITV asserts that the present case should be continued to an undetermined date because its lead counsel has a "competing" trial scheduled to proceed in the Boston Housing Court on the same date – May 31, 2005. However, ITV provides no indication in any of its filings that counsel for ITV made the Boston Housing Court aware of this Court's previously scheduled trial date on May 31. It is also entirely unclear from ITV's submissions which court scheduled trial first. Even if the Boston Housing Court case has been scheduled for trial on May 31, 2005 for an extended period of time, counsel for ITV should have disclosed this fact during our pre-trial hearing on April 5th. In any event, ITV has let Cappseals and the Healthy Solutions parties continue to prepare for trial when the issue of a competing trial date clearly should have been vetted weeks ago. Cappseals should not be burdened with the expense of preparing for trial a second time due to ITV's failure to communicate.

**ITV Has Known Cappseals Required Mr. Brooks' Testimony For Months**

Almost 2 months ago, on March 31, 2005, Cappseals served ITV with its portions of the joint pre-trial memorandum wherein it clearly disclosed its intent to call ITV's counsel, Peter Brooks, as a witness at the time of trial.[1] To the extent ITV saw this as a problematic issue, it also should have raised it as a concern during the April 5th pre-trial hearing.[2] As has become their practice in this litigation, ITV has not conferred with opposing counsel in an effort to address issues before burdening the Court with a dispute. Cappseals has actively sought

---

[1] Mr. Brooks was listed as witness number 11 in the draft Cappseals provided to ITV on March 31, 2005. Mr. Brooks was still listed as a witness when Cappseals submitted its portion of the pre-trial memorandum to this Court on April 1, 2005 (Docket No. 90).

[2] It should not come as an overwhelming surprise that Mr. Brooks may be called to testify – ITV has waived the attorney-client privilege and produced communications between ITV and Mr. Brooks regarding the FTC's investigation – a set of circumstances at the heart of ITV's defenses when and if they are to be tried.

reasonable middle ground in terms of stipulations to *avoid* potential issues regarding disqualification. ITV never responded to the May 9, 2005 letter (Brooks Aff. Ex. 1) – instead choosing ignore Cappseals request and using its complete failure to communicate as a justification for further delay.

Even if ITV refuses to agree to any of the stipulations offered by Cappseals, the testimony necessary from attorney Brooks' is only relevant to the issues surrounding ITV's defenses and counter-claims against Healthy Solutions to be tried during the second "phase" of our trial  As a matter of law, ITV's defenses based upon fraud, misrepresentation and breaches of the distribution agreement with Healthy Solutions (the "Distribution Agreement"), can not serve as a set off against amounts Cappseals is owed under the applicable purchase orders and should not be admissible during the first phase of our trial.

### ITV Has No Right to Set-off, And, Cappseals' Claims Can Be Adjudicated In A Brief Trial

At the conclusion of trial, Cappseals intends to file a motion for summary judgment precluding any further argument that ITV can use a potential judgment it hopes to recover from Healthy Solutions as a set off against the indebtness owed Cappseals under the purchase orders because of ITV's acceptance and subsequent sale of the products at issue. Although ITV Direct has filed suit against Healthy Solutions, none of its claims relate to the purchase of the goods delivered to, and accepted by, ITV pursuant to purchase orders exchanged, amongst the parties. None of ITV's claims alleged any nonconformity or imperfect tender relating to Cappseals' production and delivery of the Supreme Greens product to ITV. Rather, ITV's claims relate solely to the Distribution Agreement.

Massachusetts courts have, when determining whether the right to setoff is available under M.G.L. c. 106, § 2-717, distinguished distribution agreements from contracts for the

delivery of goods (purchase orders).  See *Travenol Laboratories, Inc. v. Zotal, Ltd*, 394 Mass. 95, 474 N.E.2d 1070 1073 (1985); *C.R. Bard, Inc. v. Medical Electronics Corp.*, 529 F. Supp. 1382 (D. Mass. 1982) Accordingly, Claims on the Distribution Agreement cannot be used as setoff against amounts owing the sale of goods because a buyer's "obligation to pay for goods tendered and accepted does not arise under the 'same contract' as the alleged breach of an exclusive dealing or distributorship arrangement by the seller." *Travenol*, 394 Mass. at 98. In addition, as this court stated in *C.R. Bard*,

> Even if …[the buyer]…properly stated facts sufficient to set out each element of those defenses, it still would lack a defense to …[the seller's]… claim since those theories, like the good faith defense, **address the termination of the distributorship agreement rather than the actual sale of the goods** ." (emphasis added)

*C.R. Bard* at 1387. This interpretation of the UCC is wholly consistent with the findings of other jurisdictions analyzing the same issue.   Because ITV's claims pertain to the Distribution Agreement and not to the deliveries of the goods which remain unpaid, ITV is not entitled to setoff.

## Cappseals' Equitable Claims Do Not Raise Jury Trial Rights

Finally, ITV asserts that its rights to a jury trial may be impeded if trial proceeds as currently scheduled.  However, the initial issues scheduled to be tried include Cappseals' claims which are equitable in nature and do not implicate any parties' rights to a jury trial, especially when the underlying debt between Cappseals and Healthy Solutions has already been established through a judgment of this Court.  (Docket No. 91)  This "phase" of the trial could be completed in less than two days.

-5-

    WHEREFORE, ITV's motion should be denied, the trial should proceed on May 31, 2005, and Cappseals should not be forced to sacrifice the time and resources it has expended complying with the Court's directive to prepare for trial.

                                                    Respectfully submitted,

                                                   CAPPSEALS, INC.
                                                   By its attorneys,

                                                 /s/ Scott A. Silverman
                                                 Daniel J. Kelly BBO# 553926
                                                 dkelly@ghlaw.com
                                                 Scott A. Silverman, BBO #638087
                                                 ssilverman@ghlaw.com
                                                 Gadsby Hannah LLP
                                                 225 Franklin Street
                                                 Boston, MA 02110
DATED: April 8, 2005                       (617) 345-7000

-6-

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served on the attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

| | |
|---|---|
| Peter S. Brooks | pbrooks@seyfarth.com |
| Susan W. Gelwick | sgelwick@seyfarth.com |
| Dustin F. Hecker | dhecker@pbl.com |
| Christopher F. Robertson | crobertson@seyfarth.com |
| Becky Christensen | bvc@ocmiplaw.com |

                                                  /s/ Scott A. Silverman
                                                Daniel J. Kelly BBO# 553926
                                                dkelly@ghlaw.com
                                                Scott A. Silverman, BBO #638087
                                                ssilverman@ghlaw.com
                                                Gadsby Hannah LLP
                                                225 Franklin Street
                                                Boston, MA 02110
DATED:  April 8, 2005                    (617) 345-7000

SXS0563v1