**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ITV DIRECT, INC.,   )   )   Plaintiff,   )   )   v.   )   )   HEALTHY SOLUTIONS, LLC, et al.,   )   )   Defendants.   )   )   )   RELATED CASES   )   ) | CIVIL ACTION NO. 04-CV-10421-JLT |

**PLAINTIFF ITV DIRECT'S AND INTERVENOR-DEFENDANT**
**DIRECT FULFILLMENT, LLC'S REPLY TO CAPPSEALS'**
**OPPOSITION TO THEIR MOTION TO CONTINUE TRIAL**

Plaintiff and intervenor-defendant ITV Direct, Inc. and intervenor-defendant Direct

Fulfillment, LLC (collectively, "ITV" or "plaintiffs") reply to the opposition filed by Plaintiff-in-

Intervention, Cappseals, Inc. ("Cappseals") to ITV's motion to continue the trial presently

scheduled for May 31, 2005.

      A.     The Boston Housing Court Trial Was Scheduled Before The Pretrial
             Conference In This Case.

Undersigned counsel's jury trial in the Boston Housing Court in the case of Harwood

Capital Corp. v. Carey was scheduled by Judge Winik on March 16, 2005.  It was not until the

pretrial conference in that case, which was held on May 11, 2005, that undersigned counsel was

notified by the Housing Court that the trial date was a date certain and that there would be no

further continuances.  Thus, when undersigned counsel appeared at the Pretrial Conference

before this Court on April 4, 2005, he was not aware that the Housing Court trial date was a date

certain and assumed, as with many state court trial dates, that the case would not necessarily

proceed on that date.  The undersigned counsel brought this conflict to the Court's attention as

soon as it became clear that the Housing Court would not grant a continuance of undersigned

counsel's jury trial.  See Supplemental Affidavit of Peter S. Brooks, ¶¶ 2-4, filed herewith.

        B.        There Is A Need For Clarification Of What Issues Are To Be Tried

Cappseals still persists in seeking to call the undersigned counsel as a witness in this case,

although it admits in its opposition that undersigned counsel's testimony is not relevant to its

claims in the "first phase" of the trial.  Cappseals also asserts that ITV's defenses based upon

fraud, misrepresentation and breaches of the distribution agreement it entered into with

defendant Healthy Solutions, LLC ("Healthy Solutions") cannot serve as a set-off against

amounts Cappseals claims it is due under its contract with Healthy Solutions.  Thus, there should

be no need for Cappseals to call the undersigned counsel as a witness in this case.

In any event, Cappseals claims that the testimony of the undersigned counsel is relevant

to the issues surrounding ITV's defenses and claims against Healthy Solutions to be tried in the

"second phase" of the trial.  Therefore, the parties need clarification from this Court as to what

issues are to be tried by this Court, as it will impact whether or not Cappseals will attempt to call

the undersigned counsel as a witness in this case, thereby raising the issue of whether another

attorney of this firm must now be assigned to act as the lawyer for the plaintiffs during the trial.

See Rule 3.7(b) of the Massachusetts Rules of Professional Conduct.  It will also impact whether

or not ITV and Healthy Solutions have a right to a jury trial on some of the issues in this case.

Accordingly, ITV requests that the trial of this matter should be continued and that a

further pre-trial conference be held to resolve some of these outstanding issues.  There is no

merit to Cappseals' assertion that it will be "forced to sacrifice the time and resources it has

expended" preparing for trial, as there should be no duplication of the efforts of its counsel if a

short continuance is granted.

ITV DIRECT, INC. and
DIRECT FULFILLMENT, LLC

By their attorney(s),


 /s/ Peter S. Brooks
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated:  May 24, 2005

3