UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV DIRECT, INC.,<br>        Plaintiff,<br><br>v.<br><br>HEALTHY SOLUTIONS, LLC, et al.,<br>        Defendants.<br><br>RELATED CASES | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-CV-10421-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ITV DIRECT'S MOTION TO STRIKE AFFIDAVIT OF KIAL YOUNG FILED IN SUPPORT OF CAPPSEALS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(e), plaintiff ITV Direct Inc. ("ITV") moves to strike the Affidavit of Kial S. Young (the "Young Affidavit") that was filed by Plaintiff in Intervention Cappseals, Inc. ("Cappseals") in support of its motion for summary judgment on its reach and apply claim against ITV ("Cappseals' Motion"). As grounds for this motion, ITV states that the Young Affidavit, which was filed in an unrelated proceeding brought by the Federal Trade Commission ("FTC") against ITV and others in May 2004, is inadmissible hearsay evidence and cannot be admitted under any of the exceptions to the hearsay rule. Accordingly, because the Young Affidavit fails to comply with the requirements of Fed. R. Civ. P. 56(e), the court must strike it in its entirety.

**LEGAL ARGUMENT**

Under Rule 56(e) of the Federal Rules of Civil Procedure, an affidavit submitted in support of a motion for summary judgment must meet certain minimum, mandatory requirements, including that it be made on personal knowledge and that it set forth facts that

would be admissible in evidence. Fed. R. Civ. P. 56(e). In ruling on a motion for summary judgment, a court should exclude from consideration affidavits or portions thereof that fail to comply with the requirements of Rule 56(e). Garside v. Osco Drug, Inc., 895 F.2d 46 (1st Cir. 1990); Fed. R. Civ. P. 56(e).

A.  **The Young Affidavit Is Inadmissible Hearsay And This Court Must Strike The Affidavit In Its Entirety Pursuant to Rule 56(e).**

The Young Affidavit was originally filed by the FTC in May of 2004 in support of the civil injunction action it filed against ITV, Healthy Solutions, LLC, and other defendants in the U.S. District Court for the District of Massachusetts ("FTC Action"). Cappseals is not a party to the FTC action, and its claims are entirely unrelated to the claims filed by the FTC. Kial S. Young ("Young") is an attorney and an investigator for the FTC, and participated in the FTC's investigation of ITV in connection with the FTC Action. (See Young Affidavit, attached as Exhibit 3 to Affidavit of Scott Silverman, filed in support of Cappseals' Motion.) The Young Affidavit summarizes out of court communications that the FTC had with ITV, its counsel and with ITV employees, including statements made by ITV or its counsel in connection with the FTC's investigation. These statements are relied on by Cappseals in support of its motion.

The Young Affidavit itself is classic hearsay, as it is an out of court statement by the declarant that Cappseals offers to prove the truth of the matter asserted therein, and it is inadmissible in its entirety. Fed. R. Evid. 801(c). In order for the Court to consider Young's Affidavit under Rule 56(e), the affidavit itself must be admissible under some exception to the hearsay rule, and the statements within the Young Affidavit must also be admissible.

Cappseals will be unable to establish that the Young Affidavit falls within any of the exceptions to the hearsay rule. Federal Rule of Evidence 804 provides a limited exception to the hearsay rule for certain former testimony of an unavailable witness, which does not apply here.

2

Pursuant to Fed. R. Evid. 804(b)(1), testimony given by an unavailable witness at hearing or at a deposition in a different proceeding can only be admitted "so long the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by cross-examination."  Republic Security Corp. v. Puerto Rico Aqueduct and Sewer Authority, 674 F. 2d 952, 957 (1st Cir. 1982); Trigones v. Bissonette, 296 F. 3d 1, 7 (1st Cir. 2002).  Young is an FTC investigator and is not a witness in this case, and ITV has never had the opportunity or similar motive to cross-examine Young as to the statements she made in her affidavit.  As a result, the Young Affidavit does not fall within the hearsay exception for former testimony set forth in Fed. R. Evid. 804(b)(1) and it is inadmissible.  Because there are no guarantees of the trustworthiness of the Young Affidavit, it also fails to fall within the residual hearsay exception found in Fed. R. Evid. 807.  See U.S. v. Patrick, 248 F.3d 21 (1st Cir. 2001) (statements must be sufficiently trustworthy to qualify for admission under the limited residual hearsay exception.)

Moreover, the Young Affidavit contains hearsay within hearsay, as it sets forth numerous assertions to which Young cannot testify, concerning out of court statements made by ITV, ITV's counsel, former ITV employees, and by the other attorneys and staff of the FTC.  (See, e.g., Young Aff., ¶¶ 5, 7, 8, 10, 12-14, 17.)  These hearsay statements are inadmissible at trial, and cannot be considered on a motion for summary judgment.  Garside v. Osco Drug, Inc., 895 F.2d 46 (1st Cir. 1990); Fed. R. Civ. P. 56(e).  In addition to this double hearsay, it is also unclear whether Young has personal knowledge for certain general statements she makes throughout her affidavit regarding the FTC attorneys or FTC staff.  (See, e.g., Young Affidavit, ¶¶6,11, 13-15, 17.)  "Statements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant."  Perez v. Volvo Car

Corporation, 247 F.3d 303 (1st Cir. 2001).  Accordingly, the Young Affidavit is inadmissible to support Cappseals' Motion.  Fed. R. Civ. P. 56(e).

### **CONCLUSION**

For the foregoing reasons, this Court must strike the Young Affidavit offered in support of Cappseals' Motion in its entirety as inadmissible hearsay.  In addition, this Court must strike paragraphs 6, 9, and 13 of Cappseals' Statement of Undisputed Facts, as these paragraphs rely on the Young Affidavit as the only support for the statements made therein.

Respectfully submitted,

ITV DIRECT, INC.

By their attorney(s),

/s/ Susan W. Gelwick

Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Dated:  June 13, 2005                                    Telecopier:     (617) 946-4801

BO1 15720541.1