UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| ITV DIRECT, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| HEALTHY SOLUTIONS, LLC, ET. AL., | ) |
| Defendants. | ) |
| | |
| CAPPSEALS, INC., | ) |
| Plaintiff-in-Intervention | ) C. A. No. 04-CV10421-JLT |
| v. | ) |
| HEALTHY SOLUTIONS, LLC, d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC. AND DIRECT FULFILLMENT, LLC. | ) |
| Intervenor-Defendants. | ) |

**CAPPSEALS, INC.'S OPPOSITION TO ITV'S MOTION TO STRIKE
THE AFFIDAVIT OF KIAL YOUNG**

Cappseals, Inc. ("Cappseals") respectfully opposes ITV Direct, Inc.'s Motion to Strike the Affidavit of Kial Young on the following grounds:

1.  ITV seeks to strike the affidavit of Kial Young (the "Young Affidavit") because it contains hearsay. However, almost each and every paragraph within the Young Affidavit details direct conversations and communications with counsel for ITV – a party to this action. Federal Rule of Evidence 801(d)(2) states "A statement is not hearsay if – The statement is offered against a party and is … the party's own statement, in either an individual or a representative capacity …" The Young Affidavit would even be admissible at trial pursuant to the residual

hearsay exception. Federal Rule of Evidence 807 that provides:

> [a] statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interests of justice will best be served by admission of the statement into evidence.

The residual exception to the hearsay rule serves a number of functions, it provides the courts with flexibility to deal with unanticipated and new situations, it helps preserve the integrity of the specifically enumerated exceptions, and it facilitates the basic purpose of the rules of evidence: truth ascertainment and fair adjudication of controversies. *U.S. v. Sposito*, 106 F.3d 1042, 1048 (1st Cir. 1997). Courts have specifically found affidavits admissible at under Rule 807. See *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79 (3rd Cir. 2001); *F.T.C. v. Amy Travel Service, Inc.*, 875 F.2d 564, 576-77 (7th Cir. 1989) (consumer affidavits admitted under the residual exception to the hearsay rule); See also *Chicago District Council of Carpenters Pension Fund v. Wauconda Roofing Co., Inc.*, 2003 WL 21209849 (N.D. Ill. 2003) (affidavits admitted under Rule 807).

2. ITV asserts that the Young Affidavit is not made on personal knowledge. However, ITV's allegation that Ms. Young had no personal knowledge of the issues she addresses is not supported by any *evidence* that she lacks knowledge of what she is saying. Rather, the Young Affidavit contains explicit statements wherein Ms. Young swears - based upon personal knowledge – to her active involvement in direct conversations and communications with ITV's representatives during the Federal Trade Commissions investigation of ITV's business practices and the ensuing litigation that arose therefrom.

3. ITV also asserts that it "has never had the opportunity or similar motive to cross-examine

Young as to the statements made in her affidavit." ITV Motion at 3. Whether ITV has had an opportunity to cross-examine Ms. Young in the present matter or the action entitled *FTC vs. Direct Marketing Concepts, Inc.*, Civil Action No. 04-11136-GAO (the "FTC Action") is irrelevant. Similar to answers to interrogatories and deposition testimony, affidavits may be used in a summary judgment process even when the opposing party has not had an opportunity to "cross-examine":

> that the affidavit should not have been considered by the District Court in ruling on the motion for summary judgment because Oto is now unavailable to testify, is actually a challenge to the affidavit's admissibility at trial. To mix the two would require us to read a "cross examination" requirement into Rule 56 that is not there. Certainly, the affidavit would not be admissible at trial unless he were able to cross-examine Oto as to its contents. A motion for summary judgment brought under Federal Rule of Civil Procedure 56, however, has no such requirement. Rule 56 merely provides for the submission of affidavits in support of or opposition to a motion for summary judgment. As long as the affidavit meets the requirements of subsection (e), it can be considered by the District Court in ruling on the motion, much the same that answers to interrogatories or depositions (which may contain inadmissible material) can be considered by the court. Since Oto's affidavit was "in the precise form" contemplated by Rule 56, was made under oath and based upon his personal knowledge, we hold that the District Court did not err in considering its contents in ruling on the motion for summary judgment.

*Oto v. Metropolitan Life Ins. Co.*, 224 f.3 601, 604-605 (7th Cir. 2000).

4.      Finally, whether the Young Affidavit is admissible is a somewhat irrelevant issue because ITV specifically chose not to oppose any of the factual allegations contained within Cappseals' Rule 56.1 statement. More specifically, there were three (3) paragraphs (¶¶ 6, 9 & 13) within Cappseals' Rule 56.1 Statement that were supported by the Young Affidavit. Many of the factual assertions within these paragraphs were confirmed by deposition testimony from – and affidavits filed by - ITV's own principals. More importantly, nowhere within any of ITV's responsive filings (including its statement purportedly filed pursuant to Rule 56.1 (Docket No. 125) did ITV object, oppose or question any of the factual allegations within the above cited

paragraphs. Accordingly, all of the facts supported by the Young Affidavit have been deemed admitted for the purposes of this summary judgment process.

> Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. ***Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.***
>
> Rule 56.1 (emphasis added)

5.    Accordingly, it is apparent that ITV does not contest any of the factual allegations in the Young Affidavit, and is moving to strike them only in an effort to gain a "procedural" advantage. Litigation of this magnitude is not a game, however, and motions to strike affidavits whose factual allegations are not contested are pointless.

For all of these reasons, ITV's Motion to Strike should be DENIED.

        Cappseals, Inc.
        By its attorneys,

        /s/ Scott A. Silverman
        Peter Antonelli, BBO # 661526
        pantonelli@ghlaw.com
        Scott A. Silverman, BBO # 638087
        ssilverman@ghlaw.com
        Daniel J. Kelly, BBO # 553926
        dkelly@ghlaw.com
        Gadsby Hannah LLP
        225 Franklin Street
        Boston, MA  02110
        (617) 345-7000

## CERTIFICATE OF SERVICE

  I hereby certify that true and accurate copies of the foregoing <u>Cappseals, Inc.'s Memorandum of Law in Support of Its Motion for Summary Judgment</u> was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

Peter S. Brooks    pbrooks@seyfarth.com

Susan W. Gelwick    sgelwick@seyfarth.com

Dustin F. Hecker    dhecker@pbl.com

Christopher F. Robertson    crobertson@seyfarth.com

                /s/ Scott A. Silverman
                Daniel J. Kelly BBO# 553926
                dkelly@ghlaw.com
                Scott A. Silverman, BBO #638087
                ssilverman@ghlaw.com
                Gadsby Hannah LLP
                225 Franklin Street
                Boston, MA 02110
DATED: June 17, 2005         (617) 345-7000

B0418207v1