UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ITV DIRECT, INC., | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| HEALTHY SOLUTIONS, LLC et al., | * | |
|     Defendants. | * | |
| _____ | * | Civil Action No. 04-10421-JLT |
| CAPPSEALS, INC., | * | |
|     Plaintiff-in-Intervention, | * | |
| | * | |
| v. | * | |
| | * | |
| HEALTHY SOLUTIONS, LLC, d/b/a | * | |
| DIRECT BUSINESS CONCEPTS; ITV | * | |
| DIRECT, INC.; and DIRECT | * | |
| FULFILLMENT, LLC, | * | |
|     Intervenor-Defendants. | * | |

MEMORANDUM

July 20, 2005

TAURO, J.

    Between December 2003 and February 2004, Plaintiff ITV Direct, Inc. ("ITV") received six shipments of a health supplement called "Supreme Greens" (hereinafter "goods") from Defendant Healthy Solutions, LLC.[1] ITV accepted the goods, never claimed non-conformity, and never suggested that Healthy Solutions acted improperly in any way regarding the actual sale or delivery of the goods. The price of the goods totals $1,821,864, and ITV has not paid the bill.[2]

---

[1] See Joint Stipulations of Fact [#113] ¶ 34.

[2] Id. ¶¶ 6, 9, 12, 15, 18, 21, 34.

ITV refuses to pay for the goods because it alleges that Healthy Solutions breached the parties' distribution agreement by failing to pay ITV royalties from web site sales, failing to withdraw a trademark application, failing to assign the domain name "supremegreens.com" to ITV, and failing to indemnify ITV in a lawsuit brought against ITV by the Federal Trade Commission.[3]  Healthy Solutions denies these allegations and has brought a counterclaim against ITV for the price of the goods delivered and accepted.

Healthy Solutions, however, did not manufacture the goods.  Rather, Healthy Solutions purchased the goods from Cappseals, Inc.  Because ITV refuses to pay for the goods, Healthy Solutions has been unable to pay Cappseals.  Seeking to ensure payment for the goods it manufactured, Cappseals intervened in this action and obtained a stipulated judgment against Healthy Solutions in the principal amount of $890,182.09.[4]  Cappseals also brought a reach-and-apply claim against ITV.  Cappseals has now moved for summary judgment with respect to its reach-and-apply claim.

For purposes of the instant motion for summary judgment, the issue to be decided is whether ITV's various claims against Healthy Solutions can set-off ITV's obligation to pay for the six shipments of goods manufactured by Cappseals and delivered by Healthy Solutions.  If ITV cannot set-off its obligation to pay for the goods, then Cappseals would be entitled to

---

[3] See Am. Compl. ¶¶ 25, 31-32, 36-37, 38-42, 58-63.  ITV also alleges that Healthy Solutions fraudulently induced ITV to enter into the Distribution Agreement by misrepresenting the reliability of scientific evidence supporting the health claims of Supreme Greens.  See Am. Compl. ¶¶ 46-50.  This, however, has not stopped ITV from selling the product.  Joint Stipulations of Fact ¶¶ 30-31.

[4] J. Against Healthy Solutions, LLC [#91].

judgment as a matter of law on its statutory reach-and-apply claim.[5]

## Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if the record reveals that there is "no genuine issue as to any material fact and . . . the moving party [has demonstrated an] entitle[ment] to a judgment as a matter of law."[6] Under this standard, the "party seeking summary judgment [must] make a preliminary showing that no genuine issue of material fact exists. Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue."[7] In deciding whether to allow a motion for summary judgment, a court "'must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'"[8]

A.   UCC § 2-717

The parties agree that Massachusetts law governs this dispute. Because this case involves

---

[5] More precisely, if Healthy Solutions is entitled to summary judgment on its counterclaim for the price of the goods, then both Healthy Solutions' debt to Cappseals and ITV's debt to Healthy Solutions would be reduced to judgments. The existence of both debts, established beyond dispute, would entitle Cappseals to summary judgment on its statutory reach-and-apply claim. See Hunter v. Youthstream Media Networks, Inc., 241 F. Supp. 2d 52, 57-58 (D. Mass. 2002) (citing Mass. Gen. Laws ch. 214 § 3(6), (7)).

[6] Fed. R. Civ. P. 56(c).

[7] Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996) (quoting Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995)).

[8] Mullin v. Raytheon Co., 164 F.3d 696, 698 (1st Cir. 1999) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)).

transactions in goods, the Massachusetts Uniform Commercial Code ("UCC") controls.[9] ITV argues that § 2-717 of the UCC allows ITV to withhold payment from Healthy Solutions, and ultimately Cappseals, because Healthy Solutions allegedly breached the parties' distribution agreement. Under § 2-717, "[t]he buyer on notifying the seller of his intention so to do may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract."[10] ITV construes UCC § 2-717 too broadly.

Section 2-717 "is not a general set-off provision permitting a buyer of goods to adjust its continuing contract obligations according to the equities perceived by the buyer."[11] The buyer's right to set-off under § 2-717 must "stem from a breach of the *same contract* under which the seller is attempting to recover his price."[12] Moreover, "in order for a buyer to invoke § 2-717, the asserted breach must go to the *essence of the transaction* under which the seller seeks to recover his price."[13] For this reason, "it is well established that the buyer's obligation to pay for goods tendered and accepted does not arise under the same contract as the alleged breach of an exclusive dealing or distributorship arrangement by the seller."[14]

---

[9] Mass. Gen. Laws ch. 106, § 2-102.

[10] Mass. Gen. Laws ch. 106, § 2-717 displaces a buyer's right to set-off under the common law. See Carlisle Corp. v. Uresco Const. Materials, Inc., 823 F. Supp. 271, 275 (M.D. Pa. 1993).

[11] C. R. Bard, Inc. v. Med. Elecs. Corp., 529 F. Supp. 1382, 1387 (D. Mass. 1982) (quoting Columbia Gas Transmission Corp. v. Larry H. Wright, Inc., 443 F. Supp. 14, 20 (S.D. Ohio 1977)).

[12] Travenol Labs., Inc. v. Zotal, Ltd., 474 N.E.2d 1070, 1072 (Mass. 1985) (emphasis added).

[13] C. R. Bard, 529 F. Supp. at 1387 (emphasis added).

[14] Travenol Labs., 474 N.E.2d at 1073 (internal citations and quotations omitted).

In light of the applicable case law, ITV may not rely on § 2-717 to avoid its obligation to pay for the goods it accepted from Healthy Solutions. None of ITV's various claims against Healthy Solutions go to the essence of the purchase-and-sale transaction. It is undisputed that ITV re-sold, and continues to sell, the goods.[15] It is also undisputed that ITV never rejected, or even complained about, any of the goods it accepted and re-sold.[16] Like the situation in *C.R. Bard v. Medical Electronics Corp.*, "there is no hint that seller acted improperly in any way regarding the actual sale or delivery of the goods."[17]

Moreover, the purchase order at issue does not incorporate the parties' distributorship agreement.[18] The purchase order, not the distributorship agreement, created ITV's obligation to pay for the specific goods purchased and accepted.[19] While the distribution agreement certainly contemplated future sales, the individual purchase orders specifically set forth the price, type, quantity of goods, and method of cancellation.[20] ITV, therefore, may not set-off its obligation to pay for the goods with damages stemming from remote claims that do not involve the seller's duty to deliver conforming goods under the specific purchase order.[21]

---

[15] Joint Stipulations of Fact ¶¶ 30-31.

[16] See id. ¶¶ 22-31.

[17] 529 F. Supp. at 1387.

[18] Silverman Aff. [#123] Ex. B ("Purchase Order No. 1101").

[19] See Carlisle Corp. v. Uresco Const. Materials, Inc., 823 F. Supp. 271, 274 (M.D. Pa. 1993).

[20] See Purchase Order No. 1101.

[21] That the distribution agreement anticipated or even incorporated future purchase orders is irrelevant because the alleged breaches of the distribution agreement do not go to the essence of the particular purchase-and-sale transactions at issue.

B.      Final Judgment

ITV argues that even if Cappseals is entitled to summary judgment, this court should not enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure until ITV's claims against Healthy Solutions have been adjudicated.  This court disagrees.  There is "no just reason" to further delay payment for goods delivered, accepted, and re-sold.[22]  Because ITV's claims against Healthy Solutions are separate and distinct from the specific purchase-and-sale transactions at issue, the Court of Appeals would not have to "decide the same issues more than once even if there were subsequent appeals."[23]  Like other courts that have faced the issue, this court will not hesitate to enter final judgments pursuant to Rule 54(b) with respect to Healthy Solutions' counterclaim for the price of the goods and Cappseals' reach-and-apply claim.[24]

AN ORDER WILL ISSUE.

/s/ Joseph L. Tauro
United States District Judge

---

[22] Fed. R. Civ. P. 54(b).

[23] Carlisle Corp., 823 F. Supp. at 276 (internal citations omitted).

[24] See id.; C. R. Bard, Inc. v. Med. Elecs. Corp., 529 F. Supp. 1382, 1388 (D. Mass. 1982).