UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., )<br>)<br>   Plaintiff, )<br> v. )<br>)<br>HEALTHY SOLUTIONS, LLC, )<br>)<br>   Defendants. )<br>_____)<br>)<br>CAPPSEALS, INC., )<br>)<br>   Plaintiff-in-Intervention )<br>)<br> v. )<br>)<br>HEALTHY SOLUTIONS, LLC, d/b/a )<br>DIRECT BUSINESS CONCEPTS; ITV )<br>DIRECT, INC., AND DIRECT )<br>FULFILLMENT, LLC., )<br>)<br>   Intervenor-Defendants. )<br>_____) | C. A. No. 04-CV10421-JLT |

**EXHIBIT B**



GADSBY HANNAH LLP

Daniel J. Kelly
dkelly@ghlaw.com

Tel: 617 345 7026
Fax: 617 204 8026

August 16, 2005

**VIA FACSIMILE & REGULAR MAIL**

Peter S. Brooks, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210

    Re:    Healthy Solutions, LLC, et al., v. ITV Direct, Inc., et al.

Dear Peter:

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax  617 345 7050

www.ghlaw.com

    We have your letter of August 12, 2005.  We interpret your letter as a refusal on the part of the judgment debtors to pay the full judgment amount.

    As you may know, we obtained the writ of execution today from the Court, and will now be initiating steps to collect Cappseals' judgment.  We would like your cooperation in this regard, and specifically request that you provide us with a list of the assets of the judgment debtors so that we may arrange for an orderly levy.  Please include in the list all cash (and the names of the banks and other financial institutions in which the cash is deposited), securities, commercial paper and intangible assets, including a list of all outstanding accounts receivable.  We will be serving under separate cover a formal request for documents and interrogatories in the event that you are unwilling to provide this information on a voluntary basis.  We will also be subpoenaing Direct Marketing Concepts, Inc. and Messrs. Maihos and Barrett for information relative to any transfers of assets by the judgment debtors.  Finally, now that the Rule 69 automatic stay has expired, we will be requesting injunctive and other post-judgment relief from the Court in our efforts to collect the judgment.

    We are disappointed that your clients are unwilling to recognize and make arrangements to pay the judgment amount.  Your letter makes no reference to their current inability to pay, and cites the injunction obtained by the FTC in the action pending before Judge O'Toole and the threat of a possible liquidation by a receiver at some time in the future as the sole grounds for your clients' meager settlement offer.  We have been orally advised by FTC counsel that although the FTC believes that payment of the judgment would be covered by the Preliminary Injunction and thus must be approved by the Court, the FTC would not oppose a motion seeking an Order permitting such payment to Cappseals in the proceeding before Judge O'Toole.  Moreover, if we are not paid, we would welcome and

Peter S. Brooks, Esq.
August 16, 2005
Page 2

GADSBY HANNAH LLP

strongly support the appointment of a receiver, who as part of his duties we will seek to include an investigation of the alter ego status of Direct Marketing Concepts, Inc., and the hundreds of thousands of dollars that have been transferred to Messrs. Maihos and Barrett, which we contend are fraudulent conveyances. All of this can be avoided if your clients immediately pay Cappseals the judgment amount.

We look forward to your prompt reply.

Very truly yours,

Daniel J. Kelly

DJK:vay