UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC.,                     )<br>                                                    )<br>          Plaintiff,                         )<br>     v.                                            )<br>                                                    )<br>HEALTHY SOLUTIONS, LLC,   )<br>                                                    )<br>          Defendants.                   )<br>_____)<br>                                                    )<br>CAPPSEALS, INC.,                    )<br>                                                    )<br>          Plaintiff-in-Intervention  )<br>                                                    )<br>     v.                                            )<br>                                                    )<br>HEALTHY SOLUTIONS, LLC, d/b/a )<br>DIRECT BUSINESS CONCEPTS; ITV )<br>DIRECT, INC., AND DIRECT          )<br>FULFILLMENT, LLC.,                  )<br>                                                    )<br>          Intervenor-Defendants.  )<br>_____) | C. A. No. 04-CV10421-JLT |

**CAPPSEALS, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION FOR POST-JUDGMENT RELIEF**

Plaintiff-in-Intervention, Cappseals, Inc. ("Cappseals"), a judgment creditor in the amount of $1,041,684.49, respectfully submits this reply memorandum in further support of its Motion for Post-Judgment Relief and in response to the Opposition filed by the judgment debtors, ITV Direct, Inc. ("ITV Direct") and Direct Fulfillment, LLC ("Direct Fulfillment") (ITV Direct and Direct Fulfillment are collectively referred to herein as the "ITV Parties" or "Judgment Debtors").  In a further effort to avoid the debt owed to Cappseals, the ITV Parties have opposed the imposition of post-judgment injunctions arguing that such relief is: 1) unwarranted because Cappseals has not demonstrated irreparable injury; 2) unnecessary because

an injunction issued in a separate action against ITV by the Federal Trade Commission (hereinafter the "FTC") (FTC vs. Direct Marketing Concepts, Inc., Civil Action No. 04-11136-GAO (the "FTC Action")) adequately addresses Cappseals' concerns; and 3) prohibited by the injunction issued in the FTC Action that ostensibly prevents the ITV Parties from making any payment to Cappseals. These assertions are all incorrect.

First, Cappseals has demonstrated irreparable injury. The scarce financial records produced by the ITV Parties and facts stipulated by the parties undeniably indicate a pattern of dissipating assets to avoid payments to creditors. Moreover, the ITV parties have stated that pending efforts by the FTC will soon destroy Cappseals' collection efforts:

> There is a pending motion by the FTC to amend the restraining order for the appointment of a receiver, which would result in the immediate liquidation of the companies ***and would render your judgment forever uncollectible***.[1]

Second, despite the ITV Parties' assertions, the injunction issued in the FTC Action (the "FTC Injunction") does not *enjoin* non-parties (such as the Judgment debtor Direct Fulfillment), does not *protect* non-parties (Cappseals) and has been consistently and systematically violated by ITV. Accordingly, the FTC Injunction is not a reasonable alternative to post-judgment relief.

Third, while the ITV Parties have maintained that the FTC Injunction prevents payment to Cappseals, it does **NOT** in fact serve as an impediment to Cappseals' collection of the judgment in this action. More specifically, the ITV Parties have been informed that while FTC counsel believes payment of Cappseals' judgment would be covered by the FTC Injunction, the FTC would not oppose a motion seeking an Order permitting such payment to Cappseals in the

---

[1]   See the August 12, 2005 letter containing these factual representations by counsel for the ITV Parties is attached as **Exhibit A**.

proceeding before Judge O'Toole."[2] Accordingly, Cappseals is entitled to relief requiring the ITV Parties to preserve and protect assets subject to judgment collection, disclose their financial condition, and make interim payments of the amounts owed.

## I.     ARGUMENT

### A.    Cappseals has Demonstrated Irreparable Harm.

The ITV Parties have demonstrated they do not intend to satisfy Cappseals' judgment voluntarily. At the same time, there has been extensive co-mingling and liquidation of the Judgment Debtors' assets in favor of a sister company, Direct Marketing Concepts ("DMC") that could make involuntary collection incredibly difficult, if not impossible, if the Court does not issue the injunctive relief sought by Cappseals.

The ITV Parties have countered Cappseals' allegations by baldly asserting that Cappseals has not offered "a single piece of evidence" and there is "nothing in the record to support to support" the "bold" assertions that there has been co-mingling of funds between the ITV Parties and its related entities, resulting from fraudulent transfers. In fact, Cappseals has *conclusively* shown a co-mingling of assets and transfers clearly aimed at making the Judgment Debtors nothing more than shell entities.

Already before the Court are the parties Joint Stipulations of Fact (Docket #113)[3], the Accounting Report[4], the deposition testimony of Donald Barrett, as well as the purchase orders

---

[2]     The August 16, 2005 letter from Cappseals' counsel to counsel for the ITV Parties communicating the FTC's representation is attached as **Exhibit B**.

[3]     Many of the facts detailed within the Stipulations were specifically adopted by the Court within its July 20, 2005 Memorandum wherein summary judgment was granted to Cappseals on its reach and apply claim against the ITV Parties. The Joint Stipulations are attached as **Exhibit C**.

[4] After several motions to compel (and a motion for sanctions) the ITV Parties produced an accounting report (the "Accounting Report") dated August 16, 2004 disclosing the financial status of both ITV Direct and DMC as well as financial information relating to their sales of the Product. The Accounting Report was previously submitted to the Court as Exhibit C to the Affidavit of Scott Silverman (Docket #144).

-3-

issued by ITV and DMC (a company wholly owned by the principals of ITV, Donald Barrett and Robert Maihos), requesting shipment of a health supplement eventually manufactured and delivered by Cappseals (the "Product").

The ITV Parties incurred the debt for acquiring the Product. However, DMC generated millions of dollars in revenues associated with the *sale* of the Product. Cappseals has submitted copies of the purchase orders showing that ITV ordered shipment of the product to Direct Fulfillment. In fact, the ITV parties stipulated that between December 29, 2003 through around February 6, 2004, Direct Fulfillment received 28,444 bottles of the Product shipped by Cappseals. The ITV parties have also stipulated that ITV received six (6) invoices (Invoice #21 through Invoice #26) for payment of the Product shipments. Stipulations ¶¶ 5, 8, 11, 14, 17, and 20. However, the Accounting Report produced by the ITV Parties clearly shows "ownership" of the of the Product inventory was transferred on the books and records from the Judgment Debtors (ITV and Direct Fulfillment) to DMC. DMC was credited for owing payment for each of the six (6) invoices sent to ITV. Accounting Report tab 7.

More importantly, the revenues and profits generated from sales of the Product have solely been attributed to DMC. In fact, the Accounting Report indicates that DMC generated revenues exceeding $16 million associated with sales of the Product through June 2004. Accounting Report tab 1. This significant revenue has lead to net assets of $4.6 million (approx.) for DMC as of June 2004. Accounting Report tab 14. While DMC has generated significant assets through sales of the Product, ITV has served as nothing more than a "pass-through," as the Accounting Report indicates that this left ITV with a negative balance sheet, showing a deficit of $93,450 as of June 2004. Accounting Report tab 15.

The extensive transfers of assets out of the Judgment Debtors coffers while debts to Cappseals and others remained outstanding – and continued to accrue - are exactly the type of circumstances sought to be prohibited by the Fraudulent Transfer Act.  See M.G.L. c. 109A.  This pattern of dissipating the assets of ITV should, on its own, demonstrates the potential for irreparable harm to one of its creditors.

**B.     The FTC Injunction Does Not Protect Cappseals.**

Cappseals' request for injunctive relief is not redundant with the injunction issued by Judge O'Toole in the FTC Action.  First and foremost, different parties are involved.  One of the two judgment debtors, Direct Fulfillment, is not a defendant in the FTC Action.  Additionally, Cappseals is not a party to the FTC Action.  This fact alone would prevent Cappseals from ever enforcing the injunction or moving for relief based on non-compliance by ITV.  This deficiency is particularly relevant because the FTC has moved for sanctions and the appointment of a receiver based upon the fact that ITV (and its related entity, DMC) has consistently and systematically violated the FTC Injunction.  "In short, they [ITV] demonstrate the need for appointment of a receiver during the pendency of this litigation in order to prevent further consumer injury, as well as for any additional relief deemed appropriate by the Court in light of the Defendants' violation of the Preliminary Injunction."  FTC Supplemental Brief at 4.[5]  This position directly conflicts the representations made by the ITV Parties when it states that "ITV has at all times complied with the FTC Injunction" Opposition, p. 3.

The FTC Injunction obligates ITV and DMC to give the FTC immediate access to their financial records.  The FTC Injunction also required ITV and DMC to produce certain financial

---

[5]     The FTC has moved to modify the FTC Injunction based upon allegations that ITV and DMC have consistently violated the FTC Injunction.  The FTC's memorandum supporting its Motion for Modification was previously submitted to this Court during the summary judgment phase of the case as Exhibit 2 to Cappseals' Reply Brief (Docket #120).  On August 24, 2005, the FTC filed a "supplemental brief" alleging further violations of the FTC Injunction by ITV and DMC.  The FTC's "supplemental brief" is attached hereto as **Exhibit D**.

records to the FTC on a monthly basis.  However, because Cappseals is not a party to the FTC Action Cappseals does not receive the monthly reports produced to the FTC and Cappseals does not have access to the financial records of the ITV Parties (or DMC).  As a judgment creditor, Cappseals is entitled to at least the same benefits provided to the FTC.

**C.    The FTC Injunction is Not a Bar to ITV's Payments as the FTC Will Consent to Cappseals' Collection Efforts.**

The ITV Parties have consistently used the FTC Injunction as crutch to its ability to pay its debts to Cappseals.  However, the FTC Injunction issued by Judge O'Toole does not serve as an impediment to Cappseals' efforts to collect its judgment in this proceeding.  Rather, the ITV Parties are on notice that the FTC does not oppose the ITV Parties paying Cappseals' judgment. Any order of this Court can be issued subject to Cappseals filing a motion (unopposed by the FTC) seeking leave from Judge O'Toole so that payments can be made to satisfy Cappseals' judgment.

**D.    As a Judgment Debtor Cappseals is Entitled to Broad Discovery of the ITV Parties' Assets.**

Discovery of the Judgment Debtors' assets is not precluded simply because those assets may be held by non-parties.  By way of injunction Cappseals has requested access to the financial records of the ITV Parties and a monthly accounting report disclosing deposits, assets, liabilities, accounts payable and accounts receivable.  The ITV Parties assert that this request is "too burdensome" and "not the proper subject of an injunction."  This is a strange position considering the FTC Injunction *already* requires ITV to make similar – if not more extensive – monthly disclosures to the FTC:

> DMC and ITV shall maintain copies of documents reflecting such
> transfers or expenditures for actual and necessary business operations,
> including but not limited to, books and records of accounts, all financial
> and accounting records, balance sheets, income statements, and bank
> records (including monthly statements, canceled checks, records of wire

>    transfers, and check registers).  **These documents shall be produced to the Commission monthly** (by the tenth day of the following month) with respect to transfers or expenditures over Five thousand and 00/100 dollars ($5,000) from the date of entry of this Order.  The funds, property and assets affected by this Paragraph shall include both existing assets and assets acquired after the date of entry of this Order, including without limitations, those acquired by loan or gift.

FTC Injunction, p. 27.

While Cappseals has issued document requests to the ITV Parties pursuant to Fed. R. Civ. P. 69, Cappseals cannot obtain the type of periodic disclosures it needs through such requests.  As evidenced by the FTC Injunction such a periodic disclosure of assets is more appropriately the subject of an injunction.  Additionally, because of the FTC Injunction little burden can be associated with preparing the same material for Cappseals.

On a related note, the ITV Parties have also opposed the requested injunctive relief arguing it is improper because it may give Cappseals access to the assets of "non-parties".  This assertion is patently incorrect, as a judgment creditor is "entitled to a wide range of discovery concerning the assets and liabilities of a judgment debtor."  *British Int'l Ins. Co., Ltd. v. Seguros La Republica*, S.A., C.A. No. 90-2370, 2000 U.S. Dist. LEXIS 7509 (S.D.N.Y. June 2, 2000) (Maas, U.S. Mag. J.) at *16.  A judgment creditor is ordinarily entitled to "a `very thorough examination' of a judgment debtor with respect to its assets," Greyhound *Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, C.A. No. 88-3039, 1993 U.S. Dist. LEXIS 1929 at *4 (E.D.N.Y. Feb. 23, 1993), including "discovery [of] the identity and location of any of the judgment debtor's assets, wherever located."  *Minpeco v. Hunt*, C.A. No. 81-7619, 1989 U.S. Dist. LEXIS 5723 at *5 (S.D.N.Y. May 24, 1989) (quoting *National Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982)).

The fact that a judgment debtor's assets may be difficult to reach does not mean that such assets cannot be discovered.  *British Int'l*, 2000 U.S. Dist. LEXIS 7509 at *17-18.  Nor is

information concerning the judgment debtors' assets immune from discovery simply because it is held by third parties. *SEC v. Tome*, C.A. No. 81-1836, 2003 U.S. Dist. LEXIS 436 at *6. Importantly – and because a judgment debtor "must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor," *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974) (cited by *Costamar Shipping Co., Ltd. v. Kim Sail, Ltd.*, C.A. No;. 95-3349, 1995 U.S. Dist. LEXIS 18430 (S.D.N.Y. Dec. 12, 1995)) – discovery may be "permitted against a non-party where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977). Contrary to defense counsel's assertions to the Court, discovery from third-parties is therefore expressly allowed under the express language of the Rule. Fed. R. Civ. P. 69(a) ("judgment creditor . . . may obtain discovery from any person") (emphasis added). As shown above, the co-mingling of assets between the ITV Parties and DMC raises more than a "reasonable doubt about the bona fides" of the transfers between all of the entities. *Magnaleasing*, 76 F.R.D. at 562. Accordingly, Cappseals is entitled to the injunctive relief and disclosures requested.

## II.     CONCLUSION.

WHEREFORE, Plaintiff-in-Intervention and judgment creditor Cappseals respectfully requests that this Court grant its Motion for Post-Judgment Relief, and, enter the proposed Order previously submitted by Cappseals subject to certain leave from Judge O'Toole in the FTC Action.

>                   Cappseals, Inc.
>                   By its attorneys,
>
>                   /s/ Scott A. Silverman
>                   Peter Antonelli, BBO # 661526
>                   pantonelli@ghlaw.com
>                   Scott A. Silverman, BBO # 638087
>                   ssilverman@ghlaw.com
>                   Daniel J. Kelly, BBO # 553926
>                   dkelly@ghlaw.com
>                   Gadsby Hannah LLP
>                   225 Franklin Street
>                   Boston, MA  02110
>                   (617) 345-7000

August 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that true and accurate copies of the foregoing <u>Cappseals, Inc.'s Reply Memorandum in Further Support of Its Motion for Post-Judgment Relief</u> was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

Peter S. Brooks          pbrooks@seyfarth.com

Susan W. Gelwick         sgelwick@seyfarth.com

Dustin F. Hecker         dhecker@pbl.com

Christopher F. Robertson    crobertson@seyfarth.com

Becky Christensen        bvc@ocmiplaw.com

                                               /s/ Scott A. Silverman
                                               Daniel J. Kelly BBO# 553926
                                               dkelly@ghlaw.com
                                               Scott A. Silverman, BBO #638087
                                               ssilverman@ghlaw.com
                                               Gadsby Hannah LLP
                                               225 Franklin Street
                                               Boston, MA 02110
DATED:  August 31, 2005            (617) 345-7000