UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HEALTHY SOLUTIONS, L.L.C., et al., ) <br> ) <br> Defendants. ) <br> CAPPSEALS, INC., ) <br> ) <br> Plaintiff-in-Intervention, ) <br> ) <br> v. ) <br> ) <br> HEALTHY SOLUTIONS, L.L.C., d/b/a ) <br> DIRECT BUSINESS CONCEPTS; ITV ) <br> DIRECT, INC.; and DIRECT ) <br> FULFILLMENT, LLC, ) <br> ) <br> Intervenor-Defendants. ) | Civil Action No. 04-CV-10421-JLT |

**CAPPSEALS, INC.'S OBJECTION TO THE STIPULATION
FOR MUTUAL DISMISSAL FILED BY THE JUDGEMENT DEBTORS**

Plaintiff-in-Intervention, Cappseals, Inc. ("Cappseals") respectfully requests that this Court reject the Stipulation For Mutual Dismissals (the "Proposed Stipulation" – Docket No. 153) filed by the judgment debtors ITV Direct, Inc. ("ITV"), Direct Fulfillment LLC ("Direct Fulfillment")(ITV and Direct Fulfillment are collectively referred to as the "ITV Parties"), Healthy Solutions, L.L.C. ("Healthy Solutions") and other related persons (all of the parties to the Proposed Stipulation are hereinafter collectively referred to as the "Judgment Debtors"). The Proposed Stipulation directly violates this Court's preliminary injunction of April 14, 2004 that became a permanent injunction (the "Permanent Injunction") on April 1, 2005. See Docket Nos. 10 & 91. The Permanent Injunction specifically prevents such a compromise of claims or alienation of assets by Healthy Solutions as such assets could be used to satisfy the significant

debt owed to Cappseals.[1]

Buried within the Proposed Stipulation is an acknowledgement that the Judgment Debtors' request "requires this Court's approval" because of the Permanent Injunction. However, the Judgment Debtors have made no formal motion to seek leave from the Permanent Injunction. The Judgment Debtors have not presented any facts or arguments that warrant relief from the Permanent Injunction. Rather, the Judgment Debtors make the request along with the unsupported statement that the Proposed Stipulation "in no way affects the rights of any other party". This assertion is patently false. Cappseals has obtained a judgment against the ITV Parties in the amount of $1,041,684.49 (Docket No. 140). Cappseals has obtained a judgment against Healthy Solution in the amount of $890,182.09 (Docket No. 91). However, the Judgment Debtors have refused to pay their debt and now want the Court to endorse a stipulation that would allow them to alienate assets and render Cappseals' judgments forever uncollectible.

The Permanent Injunction is not the only impediment to the Judgment Debtors Proposed Stipulation. Cappseals recently filed its Motion for Post-Judgment Relief (Docket No. 145) seeking both an attachment on the ITV Parties' assets, and, an injunction prohibiting the ITV Parties from alienating or compromising any assets. The ITV Parties have opposed Cappseals' request, however, the motion remains pending before this Court. Now, under the guise of a "stipulation" the Judgment Debtors seek to bypass the Permanent Injunction and Cappseals' Motion for Post-Judgment Relief by compromising their respective claims without paying the debt that justifies the Permanent Injunction and the relief requested by Cappseals' recent motion.

---

[1] When Cappseals initially intervened in this case, on April 14, 2004 it was granted a preliminary injunction that specifically prevented Healthy Solutions from compromising its claims so as to protect Cappseals' reach and apply action against ITV. The preliminary injunction became a permanent injunction as part of the judgment Cappseals obtained against Healthy Solutions on April 1, 2005 (Docket No. 91).

## I.     BACKGROUND

**A.     The Permanent Injunction Against Healthy Solutions.**

Cappseals initially intervened in this case on April 14, 2004 and was granted a preliminary injunction that specifically prevented Healthy Solutions from compromising its claims to thwart Cappseals' action for reach and apply.  On April 14 2004, based on the Court's consideration of Cappseals' pleadings, and the Court's ***"express finding that Cappseals, Inc. will suffer irreparable harm if the account receivable held by…(DBC)…is not protected from …compromise,***" the Court granted Cappseals a preliminary injunction:

> (1) *enjoining Healthy Solutions*, L.L.C. d/b/a Direct Business Concepts *from selling, compromising, transferring, assigning, or otherwise disposing of, alienating or hypothecating its interest in any and all monies due or to become due to DBC from ITV Direct for the manufacture and shipment of Supreme Greens to ITV Direct or its interest in any and all intellectual property related to Supreme Greens*; and
>
> (2) enjoining ITV Direct from disbursing any monies to Healthy Solutions or transfer or assign any assets to Healthy Solutions until further order of this court.

See Docket No. 7 (emphasis added)[2].  By Order of the Court, on April 1, 2005 the portion of the Preliminary Injunction that prevented Healthy Solutions from compromising its claims against ITV became a Permanent Injunction. (Docket No. 91).

**B.     Cappseals' Judgment Against the ITV Parties and its Post Judgment Efforts.**

After a summary judgment ruling in Cappseals favor, it obtained a final judgment (Docket No. 140) and execution against the ITV Parties.  Thereafter, Cappseals filed its Motion for Post-Judgment Relief seeking post-judgment remedies to assist in collecting their judgment debt.  Cappseals requested an attachment on the assets of the ITV Parties as well as an injunction

---

[2]     The preliminary injunction also prevented ITV from "enjoining ITV Direct from disbursing any monies to Healthy Solutions or transfer or assign any assets to Healthy Solutions until further order of this court".

(similar to that already in place for Healthy Solutions) that would prevent the ITV Parties from alienating or compromising any assets. (Docket No. 145)[3] ITV opposed Cappseals' motion (Docket No. 147) on August 30, 2005.

While Cappseals' Motion for Post-Judgment Relief remains pending with the Court, Cappseals has issued Rule 69 post-judgment document requests to the ITV Parties and subpoenas to ITV's accountants seeking documents regarding the assets of the ITV Parties. Despite the broad scope of post-judgment discovery, Counsel for the ITV Parties – on behalf of the accountants for the ITV Parties – objected to every request for documents sought by Cappseals in their subpoenas.[4] Cappseals has been informed that the ITV Parties will take a similarly narrow view towards the Rule 69 document requests that ITV must respond to by the end of this month.

## II.    ARGUMENT

### A. The Judgment Debtors' Proposed Stipulation Violates the Court's Permanent Injunction.

The Judgment Debtors are surreptitiously seeking Court endorsement of their attempt to extinguish Cappseals' ability to collect its judgments. The Permanent Injunction was granted as part of customary practice under Massachusetts law that exists to protect third-party reach and apply claims from being compromised by related entities wishing to settle their claims. The Massachusetts "reach and apply" statute, M.G.L. c. 214, § 3(6), provides a statutory basis for

---

[3]     Specifically, Cappseals has requested that the ITV Parties should be enjoined from:

> Removing, transferring, disposing of, wasting, liquidating, investing, conveying, encumbering in any fashion, or attempting to remove, conceal or in any way interfere with any real or personal property, assets effects or funds in any bank, or any and all real or personal property of the ITV Parties except as the same may be necessary for the usual and normal day-to-day activities of the ongoing lawful business of the corporation, said "accounts payable" to be approved by the Court through a submission within 1 week from the date this Order is entered

[4]     True and accurate copies of the objections served by the accountants for the ITV Parties are attached as **Exhibit 1**.

Cappseals to reach Healthy Solutions' property and to apply that interest in payment of their debt. *Salvucci v. Sheehan*, 349 Mass. 659, 662 (1965) (reach and apply is recognized as an equitable attachment, and the process combines in one proceeding matters of both law and equity). Here, the debt owed by ITV to Healthy Solutions is a debt that Cappseals can still "reach" to satisfy its judgment. Similarly, the debt owed by Healthy Solutions to ITV could also be used to satisfy the $1,041,684 judgment owed to Cappseals. However, the Proposed Stipulation filed by the Judgment Debtors would extinguish all of these claims without any due consideration for the amounts owed to Cappseals.

The Court **expressly found** "that Cappseals, Inc. will suffer irreparable harm if the account receivable held by…[Healthy Solutions]…is not protected from …compromise." There is no question that Cappseals continues to be at risk of irreparable harm if the Judgment Debtors are allowed to bypass the applicable Permanent Injunction. Despite the fact that this conclusion remains true today, the Judgment Debtors have **never** asserted facts warranting leave from the Permanent Injunction.

**B.    The Proposed Stipulation Inappropriately Alienates Assets of the ITV Parties.**

The ITV Parties owe over $1 million to Cappseals and there is no legitimate reason to allow them to alienate assets – including collectibles – that could be used to satisfy the judgment debt. Cappseals incorporates by reference all of the arguments made within its Motion for Post-Judgment Relief (and the associated Reply Brief – Docket Nos. 145 and 149 respectively) that justify the post-judgment security sought by Cappseals to assist in collecting its judgment in an orderly fashion. Such post-judgment security includes a "freeze" on the assets of the ITV Parties. This request is justified because, as articulated within Cappseals' Motion for Post-Judgment Relief, the accounting records produced by the ITV Parties indicate that revenues exceeding $16 million have been generated from the sale of the product delivered to the ITV

-5-

Parties by Cappseals.  However, any assets ITV generated for its part in the companies' business were transferred to the principals of the ITV Parties and a related company leaving it a shell entity with a negative balance sheet.  This combined with the fact that the ITV parties have confirmed that they do not intend on paying the Judgment or allowing reasonable and necessary post-judgment discovery leads Cappseals to justifiably conclude that the ITV Parties intend to evade their obligations at all costs.  Under these circumstances an injunction preventing the ITV Parties from alienating or compromising assets is warranted, and, there is no justification for allowing the ITV Parties to alienate or compromise what may be there last remaining asset (i.e. the collectible owed by Healthy Solutions).

     Healthy Solutions and the ITV Parties may be present their compromise as "wash" of seemingly equivalent claims.  However, that assertion is both irrelevant and inconsistent with the story historical told by the parties.  Rather, the ITV Parties have consistently maintained that its claims against Healthy Solutions "drastically exceed any amount that Healthy Solutions currently claims . . ." ITV's Summary Judgment Opposition at 8 (Docket # 52).  First, there is no justification for allowing ITV to alienate its assets for equivalent consideration.  At the same time, there is even less justification to extinguish assets in exchange for a debt worth "drastically" less when a judgment creditor, Cappseals, continues to wait for its judgment to be paid.

### III.   CONCLUSION

The Proposed Stipulation is a violation of this Court's Permanent Injunction and an attempt to avoid the well justified post-judgment relief sought by Cappseals. Accordingly, Cappseals respectfully requests that the reject the Proposed Stipulation and act on Cappseals Motion for Post-Judgment Relief.

Respectfully submitted,
CAPPSEALS, INC.
By its attorneys,

/s/ Scott A. Silverman
Daniel J. Kelly BBO# 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO #638087
ssilverman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

DATED:  September 15, 2005

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the foregoing was served on the attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

| | |
|---|---|
| Peter S. Brooks | pbrooks@seyfarth.com |
| Susan W. Gelwick | sgelwick@seyfarth.com |
| Dustin F. Hecker | dhecker@pbl.com |
| Christopher F. Robertson | crobertson@seyfarth.com |
| Becky Christensen | bvc@ocmiplaw.com |

              /s/ Scott A. Silverman
              Daniel J. Kelly BBO# 553926
              dkelly@ghlaw.com
              Scott A. Silverman, BBO #638087
              ssilverman@ghlaw.com
              Gadsby Hannah LLP
              225 Franklin Street
              Boston, MA 02110
DATED:  September 15, 2005    (617) 345-7000

B0429466v1