**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ITV DIRECT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-cv-10421-JLT |
| ) | |
| HEALTHY SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CAPPSEALS, INC., ) | |
| ) | |
| Plaintiff-in-Intervention ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, LLC, d/b/a ) | |
| DIRECT BUSINESS CONCEPTS; ITV ) | |
| DIRECT, INC., AND DIRECT ) | |
| FULFILLMENT, LLC, ) | |
| ) | |
| Intervenor-Defendants ) | |

**ITV DIRECT, INC.'S OPPOSITION TO CAPPSEALS, INC.'S**
**APPLICATION FOR SUPPLEMENTARY PROCESS HEARING**

Plaintiff and Intervenor-Defendant ITV Direct, Inc. ("ITV"), submits this opposition to Plaintiff-in-Intervention Cappseals, Inc.'s ("Cappseals") Application for a Supplementary Process Hearing. Cappseals has already taken discovery regarding ITV's assets, including a deposition of ITV's accountant and bookkeeper, and has received over five thousand (5000) pages of documents relating to ITV's financial position and assets and that of a related entity, Direct Marketing Concepts, Inc. ("DMC"). Cappseals also noticed, but cancelled, the deposition of ITV's and DMC's Rule 30(b)(6) representatives, during which it could have further explored

ITV's assets and ability to satisfy Cappseals' judgment. There is no need to involve this Court in a supplementary process hearing to make findings on information that is already in Cappseals' possession. Accordingly, Cappseals' Application for a Supplementary Process Hearing should be denied.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Cappseals intervened in this action and subsequently obtained a judgment against ITV on a reach and apply theory for the Supreme Greens product it manufactured for Healthy Solutions pursuant to a contract Cappseals had with Healthy Solutions. Cappseals did not, nor for that matter did Healthy Solutions, bring any claims against DMC in this action.

Following the judgment against ITV, Cappseals engaged in asset discovery, and served document requests on ITV. On October 3, 2005, pursuant to the document request and a subpoena served on its accountant and bookkeeper, Wayne Callahan ("Callahan"), ITV and Callahan produced hundreds of pages of ITV's financial documents to Cappseals, bearing bates labels ITV 00001-00470, which included ITV's tax documents, general ledgers, corporate filings and bank statements. In addition, on October 20, 2005, Cappseals took a full day deposition of Callahan regarding ITV's assets and financial condition, which it suspended at the close of the day.

Meanwhile, Cappseals also filed a motion for post-judgment relief, seeking to freeze ITV's assets, obtain an attachment on any of its property, and seeking financial information from ITV's related entities, including DMC. On October 24, 2005, this Court granted Cappseals' motion for post-judgment relief, and entered an order restraining ITV from transferring or disposing of any of its assets, granting Cappseals an attachment on any real or personal property of ITV up to the amount of the judgment, and allowing Cappseals to obtain the financial records

of ITV's related entities pursuant to Fed. R. Civ. P. 69(a).  (See Court's Order dated October 24, 2005.)

Pursuant to the Court's order, on November 23, 2005, ITV produced over 2000 pages of financial documents for its related entity, DMC, bearing bates labels DMC 00001 – 2020.  ITV and DMC also agreed to make their Rule 30(b)(6) representative available to Cappseals for a deposition in December 2005 concerning ITV's assets and ability to satisfy the judgment entered against it, as well as regarding the financial condition and financial records of DMC.  ITV and DMC then supplemented their production of financial documents with an additional one thousand (1000) pages of documents on December, 6, 2005 and January 5, 2006, which bear bates labels DMC 00221-2959.  Thereafter, Cappseals' counsel cancelled the depositions of DMC's and ITV's Rule 30(b)(6) representative scheduled for December 21, 2005, and never sought to re-notice these depositions.  In addition, Cappseals' counsel never sought to continue the deposition of Callahan.

On August 14 and 15, 2006, ITV and DMC produced approximately two thousand (2000) additional pages of their supplemental financial documents bearing bates labels DMC 2960 - 4903, which included updated bank records, account statements from each account held by DMC and ITV, and general ledgers up through July 31, 2006.[1]  Cappseals now has the up to date financial information for both ITV and DMC.

## II.     LEGAL ARGUMENT

The Massachusetts supplementary process statute, M.G.L. c. 224,§§ 14-16, allows a judgment creditor "'to apply for supplementary process and for examination' of the judgment debtor with respect to his property and 'his ability to pay.'"  *Aetna Cas. And Sur. Co. v. Rodco*

---

[1] ITV and DMC intend to produce approximately one thousand (1000) pages of additional bank statements that were requested by Cappseals for the year 2003 by August 18, 2006.

3

*Autobody*, 965 F.Supp. 104, 107 (D.Mass. 1996) *quoting Giarruso v. Payson*, 272 Mass. 417 (1930).  Pursuant to section 15 of Chapter 224, the court can examine the judgment debtor under oath at a hearing, and may make findings regarding the debtor's non-exempt property and ability to pay the judgment entered against it.  M.G.L. c. 224, § 15.

Here, the judgment debtor, ITV, has already provided Cappseals with discovery regarding its assets and ability to pay Cappseals' judgment.  ITV's bookkeeper and accountant, Callahan, has appeared for a full-day deposition to give testimony regarding ITV's financial documents, assets, and financial condition.  ITV and DMC also produced close to six thousand (6000) pages of ITV's and DMC's financial documents and bank statements to Cappseals, which are current through July 31, 2006.  In addition, ITV and DMC agreed to produce their Rule 30(b)(6) representatives for a deposition back in December 2005 regarding ITV's financial condition and assets.  Cappseals' counsel, however, cancelled the depositions of ITV's and DMC's Rule 30(b)(6) representatives and never sought to continue the deposition of Callahan.  Under these circumstances, it is a waste of judicial time and resources to allow Cappseals' application and issue a summons for ITV to appear for a hearing in this Court in order to make findings on the very same information that Cappseals has in its possession and/or that it can obtain by taking the deposition of ITV.

Despite the fact that Cappseals has possession of ITV's financial information regarding its ability to satisfy Cappseals' judgment, Cappseals claims in its application that "ITV may have property and the ability to pay the Judgment that warrants further inquiry at a supplementary process hearing." (Application, p. 4.)  In support of this assertion, Cappseals attaches promotional pages that are allegedly printed from ITV Direct, Inc.'s web site regarding ITV's business, arguing that these pages from the web site are admissions by ITV that it is a highly

profitable business with hundreds of employees.  The web pages attached by Cappseals do not constitute any such admissions by ITV.  Although ITV itself is a company that was established for the purpose of purchasing the media and producing the infomercials for future products located by DMC, it is also a trade name under which several entities do business.  See Blacks Law Dictionary, 1019 (6th ed. 1991) ("Trade name:  That name that is used by  . . .  merchants to identify their businesses, which actually symbolizes reputation of the business.  The name or title . . . used by a particular organization . . . which can be used in advertising, promotion, and to generate publicity for the business.); see also M.G.L. c. 110B, §1 (defining trade name).  This is confirmed by one of the web pages that Cappseals attaches to its application at Exhibit 4, which describes the "ITV family of products, services and companies."  (Cappseals' Exhibit 4, ¶5.) These web pages are simply marketing materials that refer to the ITV trade name, and do not constitute an admission by ITV that is has some undisclosed property to satisfy the Cappseals' judgment in order to warrant a supplementary process hearing before this Court.  Instead, ITV's financial position and assets are confirmed by the discovery that has already been provided to Cappseals.

ITV will not object to making Callahan available for a second day of a deposition regarding these subject matters, or to making its Rule 30(b)(6) representative available yet again for his deposition regarding ITV's assets and ability to pay Cappseals' judgment.  There is no need to waste judicial time and resources with a supplementary process proceeding in this case.[2]

---

[2]  In any event, this Court should not permit Cappseals to use supplementary process as a means of attempting to end-run the discovery process in the second action filed by Cappseals against ITV and DMC, *Cappseals v. Direct Marketing Concepts, Inc.*, C.A. 05-11907-JLT, which is currently pending before this court.  Any supplementary process hearing in this case should be limited to the ability of ITV to pay the judgment, and should not explore the assets or ability of any related entities to pay the judgment entered against ITV.  Such claims, including whether ITV is an alter-ego of DMC, are at issue in Cappseals' second action.

## CONCLUSION

For the foregoing reasons, ITV requests that the Court deny Cappseals' application for supplementary process.

Respectfully submitted,

ITV DIRECT, INC.

By their attorney(s),

/s/ Susan W. Gelwick
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Dated: August 17, 2006        Telecopier:  (617) 946-4801