UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-cv-10421-JLT |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, LLC, ) | Magistrate Judge Dein |
| ) | |
| Defendant. ) | |

**ITV DIRECT, INC., DIRECT MARKETING CONCEPTS, INC.,
SEYFARTH SHAW LLP AND WAYNE CALLAHAN'S MEMORANDUM
IN SUPPORT OF THEIR OBJECTIONS TO CAPPSEALS' SUBPOENAS**

At the hearing conducted on October 26, 2006, the Court requested that the defendant-in-intervention ITV Direct, Inc. ("ITV Direct"), and non-parties Direct Marketing Concepts, Inc., Seyfarth Shaw LLP and Wayne Callahan submit a memorandum in support of their respective objections to certain subpoenas issued by plaintiff-in-intervention Cappseals. In addition, the Court requested that ITV Direct address the issue of the scope of the Court's power under Fed. R. Civ. P. 69 and the Massachusetts supplementary process statute.

As set forth below, Cappseals' efforts to utilize this proceeding and the Massachusetts supplementary process statute to obtain relief against non-party Direct Marketing Concepts must fail. As a preliminary matter, cases have clearly held that the Court's power under Rule 69 is limited to executions related to the judgment debtor. Supplementary process is a procedural mechanism intended only to determine the ability of an *existing debtor* to pay its debt; it is *not* a mechanism to determine one's liability for the debts of another. In that regard, Massachusetts law is clear that "a judgment may only be enforced against a party." <u>Pemstein v. Stimpson</u>, Civ.

Act. No. 882666, 1995 WL 808705, at *1 (Mass. Super. Jan. 19, 1995) (citing <u>Williams v. Investors Syndicate</u>, 327 Mass. 124 (1951)).

Worse still for Cappseals is the clear holding by the Massachusetts Supreme Judicial Court in <u>Williams</u> that by not seeking to amend its complaint to add Direct Marketing Concepts at any time before final judgment entered against ITV Direct, Cappseals is barred as a matter of law from *ever* obtaining any relief against Direct Marketing Concepts. 327 Mass. at 127-28 (even where court found that judgment debtor was simply a "straw" for principal, claim against principal must be dismissed and judgment creditor may not seek satisfaction of the judgment from the principal). It is not surprising, therefore, that Cappseals' attempt to amend its complaint in this action *post-judgment* to add Direct Marketing Concepts was denied by Judge Tauro. Likewise, Judge Tauro has already *denied* Cappseals' motion for summary judgment in a separate action against Direct Marketing Concepts brought after the Court's refusal to allow Cappseals to amend its complaint post-judgment in this action, and directed that the matter proceed to trial. Any finding by this Court that Direct Marketing Concepts is liable to Cappseals for the debts of ITV Direct would necessarily negate the parallel action that is currently scheduled for trial, would reject the Massachusetts Supreme Judicial Court's clear holding in <u>Williams</u> that Direct Marketing Concepts is not and cannot be liable for the judgment entered against ITV Direct, and would expand Rule 69 well beyond any judicially recognized limits. As such, this Court should not allow Cappseals to misuse the limited supplementary process procedures to end-run a separate pending litigation in which Direct Marketing Concepts' liability for the debts of ITV Direct is very much in dispute and may be prohibited entirely as a matter of law.

BO1 15809601.2

I.  **PROCEDURAL HISTORY**

This action was originally filed by ITV Direct on March 3, 2004 against a California company, Healthy Solutions, LLC, and its officers and affiliates (the "Healthy Solutions Defendants"), seeking, *inter alia*, damages for breach of contract, conversion, misrepresentation, and violation of Mass. Gen. L. ch. 93A, as a result of a contract entered into between ITV Direct and Healthy Solutions for the marketing and distribution of a dietary supplement known as Supreme Greens.  ITV Direct later amended its complaint in August 2004 and asserted claims against the Healthy Solutions Defendants for fraud and indemnification.

On April 19, 2004, the Healthy Solutions Defendants answered ITV Direct's complaint and filed a counterclaim against ITV Direct for breach of contract, account stated, and conversion, among other causes of action.  Cappseals intervened in the action and asserted claims for breach of contract against Healthy Solutions, and a reach and apply claim against ITV Direct by which it sought to reach any judgment obtained by Healthy Solutions against ITV Direct and apply it to the debt Healthy Solutions owed to Cappseals.  At no time did either Healthy Solutions or Cappseals bring an action against Direct Marketing Concepts or seek to add Direct Marketing Concepts as a party to the litigation.

On June 6, 2005, after discovery, Cappseals moved for summary judgment on its reach and apply claims against ITV Direct based on Healthy Solutions' claim for breach of contract for goods sold to ITV Direct.  The Healthy Solutions Defendants never themselves moved for summary judgment on this claim.  On July 20, 2005, this Court allowed Cappseals' summary judgment motion on Healthy Solutions' counterclaim, and entered final judgment in favor of Healthy Solutions and against ITV Direct in the amount of $1,086,672.80.  On August 3, 2005, the Court entered final judgment in favor of Cappseals and against ITV Direct in the amount of

3

BO1 15809601.2

$1,041,684.49. A copy is attached as Exhibit 1. Prior to reducing its claims against ITV Direct to judgment, Cappseals never sought to add Direct Marketing Concepts as a party to this litigation.

Despite failing to name Direct Marketing Concepts as a party in the case *before* obtaining judgment against ITV Direct, *just **one day** later* on August 4, 2005, Cappseals moved in this Court to amend its complaint to add Direct Marketing Concepts, and its officers and shareholders Robert Maihos and Donald Barrett. In making that motion, a copy of which is attached as Exhibit 2, Cappseals argued that these proposed defendants were the real parties in interest to the transaction with Healthy Solutions, and also argued that there was a co-mingling of assets between Direct Marketing Concepts and the individual defendants and various fraudulent transfers between the parties.[1] Most importantly, however, Cappseals admitted that during the course of previously obtained discovery and *before judgment entered against ITV Direct*, they learned that "ITV Direct has served as nothing more than a 'pass-through'" for Direct Marketing Concepts. Motion, at 5.[2] On August 9, 2005, Judge Tauro **denied** the motion to amend and refused to allow Cappseals to add these parties to this case on theories of alter ego and fraudulent transfer. At the same time, Judge Tauro also denied Cappseals' Emergency Motion for Post-Judgment relief, which was based on the same grounds.

---

[1] Given this timing, the conclusion is inescapable that Cappseals made a conscious decision to elect to reduce its claims against ITV Direct to judgment and then seek to enforce this judgment against other parties that it believed were related to ITV Direct. Unfortunately for Cappseals, this decision was apparently made without appreciating its significance in light of Williams.

[2] During discovery, Cappseals acknowledges that ITV Direct produced an accounting report to Cappseals, which disclosed the financial status of both ITV Direct and Direct Marketing Concepts. In addition, Cappseals admits that ITV Direct provided a purchase order allegedly showing that Direct Marketing Concepts itself also ordered the product from Healthy Solutions upon which Cappseals obtained its judgment, although Cappseals never sought to amend its complaint to assert claims against Direct Marketing Concepts prior to judgment. See Cappseals Emergency Motion for Post-Judgment Relief, at 4-5 and n.6, attached as Exhibit 3.

In addition to Judge Tauro's denial of the motion to amend, subsequent to the entry of the judgments against ITV Direct and its affiliates, ITV Direct and Direct Marketing Concepts entered into a settlement agreement with Healthy Solutions and its affiliates, and executed releases of all claims that these parties had raised against each other, including the previously entered judgment. On September 9, 2005, the parties executed and exchanged mutual releases, which released all claims that the Healthy Solutions parties had against ITV Direct and its affiliates, including Direct Marketing Concepts and its officers and directors. On October 25, 2005, over the objection of Cappseals, Judge Tauro allowed the stipulations of dismissal among these parties.

Undaunted by the Court's prior refusal to allow it to amend its complaint in this action to add alter ego and fraudulent transfer claims, on September 20, 2005, Cappseals commenced a second action against ITV Direct, Direct Marketing Concepts, Mr. Maihos and Mr. Barrett in this Court. The complaint in that action makes exactly the same allegations as the previously rejected amended complaint in this action, including fraudulent transfer, alter ego and piercing the corporate veil. On November 10, 2005, Cappseals moved for summary judgment in that action, arguing that the facts warranted a finding of alter ego liability as to Direct Marketing Concepts. Direct Marketing Concepts opposed that motion, arguing among other things that the reduction of the matter to judgment against ITV Direct prohibited a claim against Direct Marketing Concepts, as well as the prior settlement and dismissal with Healthy Solutions.[3] On

---

[3] See Opposition to Motion for Summary Judgment, Case No. 05-cv-11907-JLT, Docket No. 15. In addition to arguing that the claims against Direct Marketing Concepts merged upon entry of judgment against ITV Direct, the defendants also argued that the mutual dismissals with prejudice with Healthy Solutions prohibited the claims.

5

August 28, 2006, Judge Tauro *denied* that motion for summary judgment and ordered that the matter proceed to trial.

On September 20, 2006, the Court ordered the judgment debtor ITV Direct to appear for a supplementary process examination, which commenced on October 17, 2006. Almost immediately, it became apparent that Cappseals was attempting to utilize the supplementary process examination as a mechanism to obtain relief against Direct Marketing Concepts, despite the Court's prior rejection of Cappseals' attempt to join Direct Marketing Concepts as a party to this action. In addition to questioning ITV Direct's witnesses about matters that only relate to the issue of Direct Marketing Concepts' potential liability for ITV Direct's judgment, Cappseals issued numerous subpoenas to non-parties seeking information that is clearly irrelevant to ITV Direct's assets, but is solely related to the assets of Direct Marketing Concepts and other non-parties. These subpoenas were issued despite the fact that they go beyond the scope of discovery allowed under the supplementary process statute, no judgment has entered against any of these entities, and liability for the judgment may be prohibited as a matter of law under the reasoning of the Supreme Judicial Court in <u>Williams.</u> Subsequent to the issuance of these subpoenas, the parties objected in accordance with Fed. R. Civ. P. 45.

## II. ARGUMENT

### A. <u>Liability Cannot Be Determined At A Supplementary Process Proceeding</u>

A supplementary process proceeding is not the proper mechanism for determining the liability of non-party Direct Marketing Concepts for the judgment obtained by Cappseals against ITV Direct. As a preliminary matter, Fed. R. Civ. P. 69(a) governs these proceedings, and provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and

6

>in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought.

In Board of Comm'rs v. Cape Stone Works, Inc., 206 F. Supp. 2d 100, 103 (D. Mass. 2002), for example, Judge Collings rejected a judgment creditor's request for equitable relief beyond a writ of execution, holding that it was "clear that a writ of execution is the only means by which the plaintiff may enforce [a] money judgment." See Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 348 (1st Cir. 1997) ("The 'otherwise' clause is narrowly construed" and does not provide for broad equitable relief in aid of judgment); Gabovitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978) ("the courts have consistently read Rule 69(a) as limiting all federal process on money judgments to the type of process available under state law"); see also Hilao v. Estate of Marcos, 95 F.3d 848, 854 (9th Cir. 1996) (Rule 69(a) limits power of court in aid of money judgment to writ of execution).

Nor does resort to Massachusetts practice and procedure allow the relief that Cappseals is seeking in this case. As stated by the Court in Pemstein v. Stimpson, 1995 WL 808705, at *1, "a judgment may only be enforced against *a party*." Citing the SJC's decision in Williams, 327 Mass. at 127, the Court continued that "where a plaintiff only named an agent as the defendant and obtained a judgment against the agent the plaintiff cannot attempt to enforce the judgment against the principal who the plaintiff had not named as a party in the original suit."[4] 1995 WL 808705, at *1. The Court continued that adoption of Mass. R. Civ. P. 69 "does not affect the validity of the Supreme Judicial Court's holding in Williams." Id.

---

[4] As recognized in Pemstein, the only narrow exception to the general rule set forth in Williams is where an alternative statutory basis exists for reaching a third-party, such as insurance carriers. Pemstein, 1995 WL 808705, at *1 (distinguishing Geehan v. Trawler Arlington, Inc., 371 Mass. 815 (1977) on the basis that Mass. Gen. Law ch. 175, § 113 provided a specific statutory basis for reaching insurance).

The Williams case is squarely on point and controls here.  In that case, as here, the plaintiff obtained a judgment against one of two related corporate entities, Bradford, to which it had delivered certain goods.  The court below found that the two related corporate entities were in fact "one and the same person" and that Bradford was simply a "straw" for the other entity, Investors.  Moreover, the court found that certain transactions between the two entities "were in fraud of creditors."[5]  Reversing the court's decision below, the Supreme Judicial Court accepted the facts as reported below as to the nature of both entities, but held that, as a matter of law, the plaintiff was foreclosed from seeking recovery from Investors by its decision to reduce its claims against Bradford to judgment.  Williams, 327 Mass. at 126.  "As Investors is not a party to the judgment, the plaintiff cannot recover against it on the judgment in an action at law."  Id., at 127.

In rejecting the plaintiffs' attempt to enforce its judgment against Investors, the Supreme Judicial Court stated "We take the finding of the judge that Bradford was a 'straw' for Investors to mean that Bradford was holding the land as agent for Investors."  Id.  As such, the Supreme Judicial Court held that once plaintiff became aware of the existence of Investors, it was required to make an election *prior* to reducing its claims to judgment, and its decision to reduce its claims to judgment against Bradford *foreclosed* any claims on the same contract against Investors.  "As plaintiff's right to recovery asserted here is alternative, depending upon the doctrine of election, plaintiff cannot stand on the judgment against the agent as valid and binding and treat such judgment as a cause of action against the principal."  Id.  See also Century Int'l Arms, Ltd. v. Fed. State Unitary Enter. State Corp., 172 F. Supp. 2d 79, 98 n.22 (D.D.C. 2001) ("'an

---

[5] ITV Direct and Direct Marketing Concepts strongly dispute Cappseals' arguments that the companies were "one and the same" or a "straw", or that transfers between the companies operated as a fraud on any creditors as was the case in Williams.  However, for the limited purpose of understanding the scope of the Williams decision and Cappseals' decision to reduce its claims against ITV Direct to judgment, these allegations by Cappseals may be accepted as true.

8

undisclosed principal is discharged from liability upon a contract if, with knowledge of the identity of the principal, the other party recovers judgment against the agent who made the contract, for breach of the contract'" (quoting Restatement (Second) of Agency § 210)); Kingsley v. Davis, 104 Mass. 178 (1870) (if plaintiff "elects to hold the agent, he cannot afterwards resort to the principal" and judgment against agent "is a bar to this action against the principal").[6]

Much like the plaintiff in Williams, Cappseals, with admitted knowledge of the existence and nature of the relationship between ITV Direct and Direct Marketing Concepts obtained through discovery provided during the case, and evidence that it believed demonstrated that ITV Direct was nothing more than a "pass through" for Direct Marketing Concepts, elected to maintain its suit against ITV Direct and reduce its claims against ITV Direct to judgment.[7] However ill advised this decision may have been, it is now binding upon Cappseals and discharged Direct Marketing Concepts from any liability on the underlying contract.[8] Williams,

---

[6] As recognized in Williams, casting the undisclosed principal as "one and the same" or as an "alter ego" of the agent is irrelevant and the doctrine of election applies with equal force. See also National Marine Serv., Inc. v. C.J. Thibodeaux & Co., 380 F. Supp. 1076, 1080 (S.D. Tex. 1973) (stating that the election rule under agency law "applies with equal force to alter ego situations").

[7] Cappseals has admitted in its own pleadings that it was fully aware of the existence of Direct Marketing Concepts well before judgment entered in this case and could have brought a claim against Direct Marketing Concepts based upon the same purchase orders on which it sought and obtained judgment against ITV Direct. See Exhibit 3. It also has admitted that it obtained facts before it reduced its claims to judgment against ITV Direct that ITV Direct was simply a "pass through" for Direct Marketing Concepts, as it had in its possession a detailed accounting report disclosing each entity's financial status. See Motion for Leave to Amend, Exhibit 1, at 5 (stating that discovery obtained prior to the entry of judgment has disclosed these facts).

[8] Although the result of the Williams decision is understandably harsh, to the extent Cappseals and its counsel were aware of the relationship between ITV Direct and Direct Marketing Concepts and nonetheless chose to proceed to judgment against ITV Direct and not Direct Marketing Concepts, they should have been aware of the consequences of that decision. If Cappseals was unaware of the well-settled Massachusetts law regarding the consequences of its decision, that does not change the fact that

9

327 Mass. at 127. See, e.g., Peterson v. Superior Bank FSB, 242 Ill.App.3d 1090, 611 N.E.2d 1139, 1141 (1993) (citing Williams and stating that "the court found that the judgment creditor could have proceeded against the undisclosed principal upon its discovery but instead impermissibly sought to enforce against the principal his judgment obtained against the agent"); National Marine Serv., Inc. v. C.J. Thibodeaux & Co., 380 F. Supp. 1076, 1080 (S.D. Tex. 1973), aff'd, 501 F.2d 940 (5th Cir. 1974) ("an undisclosed principal is discharged from liability upon a contract if, with knowledge of the existence of the principal, a final judgment on the contract is recovered against the agent").[9]

Based on the foregoing, it is clear that Cappseals is seeking in this supplementary process examination improperly to end-run the Court's prior rejection of its attempts to bring Direct Marketing Concepts into this case, and its binding election to reduce its claims against ITV Direct to a judgment. As the Supreme Judicial Court made clear in Williams, because Direct Marketing Concepts "is not a party to the judgment," Cappseals cannot recover against it on that judgment. 327 Mass. at 127.[10] Given the limited scope of an examination under the

---

Direct Marketing Concepts is completely insulated from liability and responsibility for the judgment. Rather, Cappseals must pursue its recovery for any loss caused by this decision elsewhere.

[9] Because it is clear that Cappseals and its counsel were aware of Direct Marketing Concepts and its relationship to ITV Direct well before judgment entered against ITV Direct, this case is easily distinguishable from cases such as Sigel v. Stimpson, 1996 WL 1185037 (Mass. Super. Feb. 29, 1996), in which the court recognized the validity of Williams, but found that the plaintiff had no knowledge of the defendant's involvement until after judgment. That is certainly not the case here, where Cappseals sought to amend its complaint just one day after obtaining its judgment against ITV Direct based upon documents ITV Direct had provided during discovery and admits that it learned of Direct Marketing Concepts' role and existence during discovery taken prior to judgment.

[10] See also Stambaugh v. Wedlan, 371 S.W.2d 361, 363 (Mo.App. 1963) (suit prosecuted to judgment against either principal or agent with knowledge of the relationship "*is an election to look to the credit of that party alone and bars a later suit against the other*, although the first judgment has not been satisfied and the debtor is insolvent"); Capitol Hardware Mfg. Co. v. Naponiello, 345 Ill.App. 272, 102 N.E.2d 685 (1951) (there can be no joint liability for the same debt as to agent and principal).

10

supplementary process statutes and the limited powers of the Court under Rule 69, there is absolutely no basis to conclude that the Court has the power to bind non-party Direct Marketing Concepts to the judgment issued against ITV Direct in this case, especially in light of <u>Williams</u>. For this Court to make a determination as to the liability of a non-party under these circumstances, especially where the plaintiff's prior attempts to bring that non-party into the case were denied, and where a separate action is pending to determine the liability of that party, in which Direct Marketing Concepts will have the opportunity to present evidence during a trial, it would need to vastly expand the scope of the supplementary process statute and Rule 69 and ignore controlling law that has been on the books in Massachusetts for over 50 years.

### B. Cappseals Is Not Entitled To Asset Discovery of Non-Parties Prior To Obtaining A Final Judgment Against Those Non-Parties

Notwithstanding clear and binding authority holding that Cappseals has no basis to seek recovery from Direct Marketing Concepts on its judgment against ITV Direct, Direct Marketing Concepts has provided thousands of pages of financial and related information to Cappseals in the parallel proceeding. In addition, ITV Direct has continuously provided information to Cappseals both before and after it obtained its judgment. However, the subpoenas recently issued by Cappseals in connection with this proceeding go well beyond seeking information about ITV Direct or its assets, but appear solely designed to discover information regarding the assets of entities that are not parties to this lawsuit, including Direct Marketing Concepts.[11] The request for this information also appears designed for no other purpose than to establish the liability of Direct Marketing Concepts for the judgment of ITV Direct, which is beyond the

---

[11] Cappseals has not issued this discovery in the parallel proceeding.

scope of this proceeding to determine the assets of the judgment debtor ITV Direct and is barred entirely by Williams.[12]

For example, in the subpoenas issued to Mr. Callahan and to Seyfarth Shaw LLP, the requests seek no information about assets that might be in the possession of Mr. Callahan or Seyfarth Shaw LLP, such as payables or other funds that might be used to satisfy the judgment. Rather, these requests are limited solely to obtaining information about the identity of the entity that may have paid certain invoices. This information is clearly designed for no other purpose than to establish that ITV Direct is a "straw" or alter ego of Direct Marketing Concepts, which goes only to the liability of Direct Marketing Concepts for the underlying judgment. Not only is this issue the subject of the other litigation that Cappseals was prevented from raising in this case, but such liability is squarely prohibited. See Pemstein, 1995 WL 808705, at *1 ("a judgment may only be enforced against a party") (citing Williams, 327 Mass. at 127). As such, the discovery is not warranted. See, e.g., E.A. Miller, Inc. v. South Shore Bank, 405 Mass. 95, 101 (1989) (plaintiff may be denied discovery where no showing of its relevance to pending action) (citing MacKnight v. Leonard Morse Hosp., 828 F.2d 48, 51-52 (1st Cir. 1987)).

Until the liability of Direct Marketing Concepts or any other non-party is determined through a proper mechanism, and a final judgment is entered to that effect, Cappseals may not obtain asset discovery from Direct Marketing Concepts. It is well settled that absent a final judgment, a litigant is prohibited from discovering facts about a party's assets and financial information. See, e.g., Resolution Trust Corp. v. Thorton, 41 F.3d 1539, 1547 (D.C. Cir., 1994)

---

[12] ITV Direct does not object to providing discovery and information regarding its assets, and has produced thousands documents in this regard. However, there is no basis for seeking asset and related discovery concerning entities and individuals that are not parties to this proceeding, and it is on this basis that the recipients of the subpoenas objected.

(discovery of party's assets not appropriate prior to final judgment); <u>Sanderson v. Winner</u>, 507 F.2d 477, 480 (10th Cir. 1974) (defendants not entitled to discovery of assets and financial documents until judgment is obtained); <u>Seabulk Towing, Inc. v. Oceanografia S.A</u>, 2002 WL 1837855, *2-3 (E.D. La. Aug. 8, 2002) (motion for protective order granted where plaintiff failed to provide a sufficient basis to show that pre-judgment discovery of defendants assets was relevant to its claims). It is clear here that Cappseals is seeking to obtain information regarding Direct Marketing Concepts' assets prior to obtaining a final judgment against it. <u>See</u> Fed. R. Civ. P. 69; <u>see also</u>, <u>Evans v. Calise</u>, No. 92 Civ. 8430 (PKL), 1994 WL 185696, at *1-2 (S.D.N.Y. May 12, 1994) (preventing "fishing expedition" into the defendant's assets, where discovery was "not presently germane" to issues in case); <u>Buntzman v. Springfield Redev. Auth.</u>, 146 F.R.D. 30 (D. Mass. 1993) (financial condition of defendant relevant only after judgment).

In the context of this proceeding in which the only party is ITV Direct, commenced under the limited powers of Rule 69 and the supplementary process statute, the only discovery that is appropriate is discovery regarding the assets of ITV Direct. Moreover, because it would be improper for this Court in this proceeding to reach the issue of Direct Marketing Concepts' ultimate liability, and because it is clear that Cappseals is seeking to use this proceeding to end run the Court's prior orders regarding the inclusion of Direct Marketing Concepts in this action and the import of the <u>Williams</u> decision, the objections to the subpoenas issued by Cappseals, to the extent they are seeking asset discovery from third-parties, or are seeking information relevant only to the issue of Direct Marketing Concepts' ultimate liability to satisfy the judgment against ITV Direct, should be sustained.[13]

---

[13] We do not address certain other objections unrelated to scope, such as the attorney-client privilege and work product privileges that are necessarily triggered by the issuance of a subpoena to a party's litigation

### III.  CONCLUSION

For the foregoing reasons, this Court should sustain the objections to Cappseals' subpoenas and should conclude that it cannot find that Direct Marketing Concepts is liable for the judgment obtained by Cappseals against ITV Direct.

Dated:   November 3, 2006

        Respectfully submitted,

        ITV DIRECT, INC.,

        By their attorney(s),

        /s/ Christopher F. Robertson
        Peter S. Brooks, BBO #058980
        Christopher F. Robertson, BBO #642094
        Susan W. Gelwick, BBO #567115
        Seyfarth Shaw LLP
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:   (617) 946-4800
        Telecopier:   (617) 946-4801

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 3, 2006.

        /s/  Christopher F. Robertson
        Christopher F. Robertson

---

counsel, and presume that the Court was not seeking briefing on these issues.  However, if requested, we will provide the Court with authority for maintaining an objection on the grounds of privilege.