UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, ET. AL., <br><br> Defendants. <br><br> CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC., D/B/A DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC. AND DIRECT FULFILLMENT, LLC. <br><br> Intervenor-Defendants. | C. A. No. 04-CV10421-JLT <br> (DEIN, J) |

**CAPPSEALS, INC.'S RESPONSE TO THE ITV PARTIES' OBJECTIONS TO POST-JUDGMENT DISCOVERY**

Plaintiff-in-Intervention and judgment creditor Cappseals, Inc. ("Cappseals") respectfully submits this Brief in response to the memorandum ("Memorandum") submitted by plaintiff ITV Direct, Inc. ("ITV Direct"), Direct Marketing Concepts, Inc. ("DMC"), Seyfarth Shaw LLP ("Seyfarth") and Wayne Callahan ("Callahan")(collectively the "ITV Parties"). The Court requested the Brief to provide plaintiff ITV Direct, Inc. ("ITV Direct"), Direct Marketing Concepts, Inc. ("DMC"), Seyfarth Shaw LLP ("Seyfarth") and Wayne Callahan

("Callahan")(collectively the "ITV Parties") with an opportunity to dispute the validity of subpoenas issued by Cappseals concerning the operational and financial activity of the judgment debtor, ITV Direct. However, the ITV Parties' Memorandum provides little argument and no valid legal authority to support their objections to the four (4) subpoenas issued by Cappseals (the "Subpoenas"). Instead, because there was never any legitimate objection to the Subpoenas, the ITV Parties regurgitate their objections to this Supplementary Process proceeding generally, and attack Cappseals' claims in a separate proceeding using arguments that have already been denied by this Court.[1]

As more fully explained below, the objections submitted by the ITV Parties fail and Cappseals was entitled to issue the Subpoenas because: (1) the Court has already acknowledged Cappseals' ability to conduct broad post-judgment discovery; and (2) the Federal Rules of Civil Procedure generally permit post-judgment discovery from third parties concerning a judgment debtor. Accordingly, the ITV Parties' objections to the Subpoenas are without merit and the ITV Parties should be ordered to immediately respond to the Subpoenas by producing all responsive documentation.

**I.    THE COURT HAS ALREADY ENDORSED RULE 69 DISCOVERY FROM NON-PARTIES IN THIS ACTION.**

In their Memorandum the ITV Parties conveniently omit the fact that the Court previously entered an Order in this case [Docket No. 156] on October 24, 2005 permitting Cappseals to request discovery from non-parties (the "Order").[2] The Order expressly provides that:

---

[1] Consistent with the Court's direction during the October 26, 2006 hearing, the present brief only addresses Cappseals' ability to issue subpoenas and to conduct Rule 69 discovery in conjunction with supplementary process. Concurrent with the filing of this brief, Cappseals will file a separate "supplemental" brief addressing the extraneous issues discussed by the ITV Parties in their Memorandum.

[2] A copy of the Order is attached hereto as Exhibit 1.

>Cappseals, Inc. may obtain the financial records of the ITV Parties
>and related entities pursuant to Fed. R. Civ. P. 69(a) and Fed. R.
>Civ. P. 34.

In issuing the Order, the Court considered Cappseals' arguments supporting its Motion for Post-Judgment Relief ("Motion"), *see* Order ¶ 1, as well as ITV Direct's opposing arguments in their opposition to the Motion ("Opposition").[3]  Despite the Court's Order, the ITV Parties regurgitate the same objections in their Memorandum that were previously considered and rejected by the Court.  The ITV Parties' current efforts are simply a refusal to concede and accept the fact that the Court already ruled adversely on their efforts to oppose discovery which has revealed damaging facts regarding ITV's operations and efforts to avoid paying the judgment owed to Cappseals.  *See* Opposition, pp. 6-7.[4]

Based upon the Court's previous Order, Cappseals was entitled to issue the Subpoenas and the ITV Parties should be ordered to produce the requested documents immediately.

**II.   JUDGMENT CREDITORS ARE ENTITLED TO BROAD DISCOVERY UNDER RULE 69.**

The ITV Parties provide no legal support for their general assertion that the Federal Rules of Civil Procedure do not permit discovery from non-parties during post-judgment collection efforts under Rule 69.  However, under the Rules and applicable decisions interpreting said Rules, Cappseals is clearly entitled to seek discovery from non-parties, including the ITV Parties, concerning the judgment debtor, ITV Direct.

---

[3] Copies of the Motion and Opposition are attached hereto as Exhibits 2 and 3 respectively.

[4] Conspicuously absent from the ITV Parties' argument is any acknowledgment of the Order.  Instead the ITV Parties reference the fact that Cappseals' original Motion for Post Judgment Relief was denied (albeit on procedural grounds) in an attempt to argue that certain procedural decisions by the Court should be interpreted as substantive rulings in their favor.  However, the ITV Parties deliberately fail to mention that on August 16, 2005 Cappseals re-filed its Motion for Post-Judgment Relief (after the 10-day stay period in Rule 62(a) had expired).  This re-filing was identical to the original request, and on October 24, 2005, the motion was allowed by the Court when it issued the Order and endorsed discovery of related entities as part of Cappseals efforts to collect the judgment.

Federal Rule of Civil Procedure 69(a) provides in relevant part:

> In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from ***any person***, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.
> (emphasis added)

Moreover, "[t]he Federal Rules of Civil Procedure authorize discovery to allow a judgment creditor to identify assets from which a judgment may be satisfied." *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 588 (W.D. Tex. 2000)(citing above quoted portion of Rule 69(a)). Accordingly, "[t]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *British Intern*, 200 F.R.D. at 589, *quoting Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 334 (E.D.Pa.1974). Under the Federal Rules, "the scope of postjudgment discovery is very broad…" *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir.1995). The purpose of Rule 69 is to discover information that is relevant to the judgment's debtor's assets or ability to pay the judgment. *Id.* It thus permits a judgment creditor to obtain discovery from non-parties, "not merely the judgment debtor." *Id.*; *see also Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5, 8 (D.D.C. 2006)(judgment creditors may inquire about assets from third parties); *Caisson Corp.*, 62 F.R.D. at 335 ("There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor."). The ITV Parties' objections to the Subpoenas on grounds that they concern "non-parties to this action," are therefore, without any legal support whatsoever.

In the present case, Cappseals requested various documents from: (1) Mr. Callahan (invoices and evidence of payment); (2) Seyfarth Shaw (invoices and billing records); (3) DMC (evidence of sales of product listed on the ITV Direct website); and (4) ITV Direct (licensing

agreements and information on product sales), all of which directly concern ITV Direct.[5] Cappseals requested these documents concerning ITV Direct's operations in an effort to confirm the source of monies that are being used to fund ITV's litigation activity, pay its operating expenses, and to determine whether or not ITV is being compensated for the use of its intellectual property. All of the requests are relevant to the inquiry of whether ITV Direct controls assets or income to satisfy the Judgment.[6]

In response to those requests, the ITV Parties (including ITV Direct) asserted the following objection: *"It is improper to seek documents concerning non-parties to this action."* In their Memorandum, the ITV Parties further asserted that:

> ITV Direct does not object to providing discovery and information regarding its assets, and has produced thousands of documents in this regard. However, there is no basis for seeking asset and related discovery concerning entities and individuals that are not parties to this proceeding, and it is on this basis that the recipients of the subpoenas objected.

Memorandum, p. 12 n. 12.

As an initial matter, ITV Direct ***is a party to this action*** and its initial objection as stated above is utterly baseless. Furthermore, the ITV Parties simply have no basis for their contention that Cappseals is seeking information about Callahan's, DMC's and Seyfarth Shaw's assets. *See Caisson Corp.*, 62 F.R.D. at 334-35 (recognizing distinction between request for information

---

[5] On October 30, 2006 Cappseals issued three additional subpoenas to ITV Direct, ITV Markeing Group, and, ITV Global regarding ITV Direct's new involvement in a project called ITV Ventures as discussed extensively on the website, www.itvventures.com. Cappseals has not received any response to these additional subpoena and anticipates general objections similar to those presently raised by the ITV Parties.

[6] See *Helvering v. Horst*, 311 U.S. 112, 118 (1940) ("The power to dispose of income is the equivalent of ownership of it.")

from third parties concerning judgment debtor's assets versus request for information concerning third parties' own assets)(citing *Burak v. Scott*, 29 F.Supp. 775, 776 (D.D.C. 1939)). Although the ITV Parties apparently missed this distinction, a case they cited in their Memorandum did not. *See Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.C. Cir. 1994) (including *c.f.* signal to Rule 69(a) to indicate that Rule 69(a) "allow[s] discovery in aid of judgment'). *See* Memorandum, p. 12-13.

As articulated above, it is well settled that the Federal Rules of Civil Procedure permit a judgment creditor such as Cappseals to request information from non-parties (as well as from and actual party such as ITV Direct) concerning the activities of a judgment debtor. Notwithstanding the countless number of times the ITV Parties assert that Cappseals is seeking information concerning DMC, this does not alter the actual requests at issue, all of which are narrowly tailored to seek information concerning ITV Direct.

## CONCLUSION

Cappseals was entitled to issue the subpoenas that seek documents relevant to its collection efforts. The ITV Parties have not offered any legitimate objection to the Subpoenas. Accordingly, the ITV Parties should be ordered to immediately respond to the Subpoenas by producing all responsive documentation.[7]

        CAPPSEALS, INC.
        By its attorneys,

        /s/ Scott Silverman
        Daniel J. Kelly, BBO # 553926
        dkelly@ghlaw.com
        Scott A. Silverman, BBO # 638087
        ssilverman@ghlaw.com
        Peter Antonelli, BBO # 661526
        pantonelli@ghlaw.com
        McCarter & English, LLP
        225 Franklin Street
        Boston, MA  02110
        (617) 345-7000

B0489956v1

---

[7] The Court solicited the present briefing process to allow the parties to present the legal issues raised by the Subpoenas. In response, the ITV Parties elected to forego supporting various objections to the Subpoenas including their objection to certain documents requested from Seyfarth Shaw based on the attorney-client privilege. *See* Memorandum, p. 13, f.n. 13. The ITV Parties imply that they should be given another opportunity to support their objections if their current Memorandum does not convince the Court. However, Cappseals and the Court should not be burdened with yet another round of briefing because the ITV parties elected to withhold certain objections and, instead, address extraneous issues that have already been adjudicated.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served on the attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

Peter S. Brooks          pbrooks@seyfarth.com

Susan W. Gelwick      sgelwick@seyfarth.com

Christopher F. Robertson      crobertson@seyfarth.com

                                            /s/ Scott Silverman
                                            Daniel J. Kelly BBO# 553926
                                            dkelly@ghlaw.com
                                            Scott A. Silverman, BBO #638087
                                            ssilverman@ghlaw.com
                                            Peter Antonelli, BBO # 661526
                                            pantonelli@ghlaw.com
                                            McCarter & English, LLP
                                            225 Franklin Street
                                            Boston, MA 02110
DATED:  November 10, 2006       (617) 345-7000