UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, ET. AL., <br><br> Defendants. <br><br>――――――――――――――――― <br><br> CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC., D/B/A DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC. AND DIRECT FULFILLMENT, LLC. <br><br> Intervenor-Defendants. | C. A. No. 04-CV10421-JLT <br> (DEIN, J) |

**CAPPSEALS, INC.'S RESPONSE TO THE ITV PARTIES'
OBJECTIONS TO POST-JUDGMENT DISCOVERY**

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 04-cv-10421-JLT <br> ) <br> ) <br> ) <br> ) <br> ) |
| CAPPSEALS, INC., <br><br> Plaintiff-in-Intervention <br><br> v. <br><br> HEALTHY SOLUTIONS, LLC, d/b/a DIRECT BUSINESS CONCEPTS; ITV DIRECT, INC., AND DIRECT FULFILLMENT, LLC, <br><br> Intervenor-Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ITV DIRECT, INC. AND DIRECT FULFILLMENT, LLC'S OPPOSITION TO CAPPSEALS, INC.'S MOTION FOR POST-JUDGMENT RELIEF**

Plaintiff and Intervenor-Defendant ITV Direct, Inc. and Intervenor-Defendant Direct Fulfillment, Inc. (collectively, "ITV"), submit this opposition to Plaintiff-in-Intervention Cappseals, Inc.'s ("Cappseals") Motion for Post-Judgment Relief. For the reasons set forth below, Cappseals' motion must be denied because it cannot show that the prerequisites for granting injunctive relief are present in this case. Critically, Cappseals cannot establish that it will suffer irreparable harm if the requested injunction does not issue because there is no evidence in the record to support its allegation that ITV has dissipated its assets in order to avoid

payment of the judgment in this case. In addition, the requested injunctive relief is unwarranted, as ITV is already operating under a preliminary injunction order entered by Judge O'Toole in another action pending is this Court, which prohibits ITV from taking the very same actions that Cappseals is asking this Court to enjoin. Specifically, ITV is prohibited from, *inter alia*, transferring or dissipating any of its assets except for necessary business expenses that it reasonably incurs. Finally, certain injunctive relief requested by Cappseals would conflict with the existing preliminary injunction order entered by Judge O'Toole. Accordingly, Cappseals' Motion for Post-Judgment Relief must be denied.

## I.   BACKGROUND AND PROCEDURAL HISTORY

This action arises out of a Distribution Agreement between ITV and Healthy Solutions, LLC, for the manufacture and distribution of a dietary supplement known as "Supreme Greens with MSM" ("Supreme Greens" or "Product"). In connection with the Distribution Agreement, ITV produced an infomercial for Supreme Greens, during which defendant Alejandro Guerrero ("Guerrero"), the developer of the Product and principal of Healthy Solutions, made false and misleading statements concerning the health benefits of Supreme Greens. On several occasions, Guerrero confirmed to ITV that he possessed competent and reliable documentary and clinical support for each and every representation that he made in the infomercials.

ITV commenced this action, asserting claims against Healthy Solutions based on its fraudulent representations concerning the Product and Guerrero, indemnification obligations to ITV, failure to account to ITV for Internet sales, breaches of contract in labeling and other acts. Healthy Solutions brought counterclaims against ITV alleging, *inter alia*, that ITV breached the Distribution Agreement for its failure to pay Healthy Solutions for the Product that was delivered by Cappseals. The Court entered judgment against ITV on Healthy Solutions claim for goods sold and delivered pursuant to Fed. R. Civ. P. 54(b). ITV believes that the damages it has

2

suffered as a result of the actions by Healthy Solutions drastically exceed the judgment that Healthy Solutions has been awarded against ITV.

At the time ITV filed this action, the Federal Trade Commission ("FTC") started an investigation regarding the health claims that Guerrero has made in connection with Supreme Greens. On May 25, 2004, the FTC filed a civil injunction action in this district against ITV, one of its principals, Donald Barrett ("Barrett"), Direct Marketing Concepts, Inc. ("DMC"), Healthy Solutions and other defendants, seeking millions of dollars in restitution for the false claims made by Guerrero, which is entitled <u>FTC v. Direct Marketing Concepts, Inc.</u>, C.A. No. 04-11136-GA ("FTC Action"). On June 23, 2004, Judge O'Toole entered a Preliminary Injunction in the FTC Action against ITV, DMC and Barrett, which enjoins ITV and DMC from engaging in certain limited activities and requires that they take certain prospective actions with regard to their business operations and expenses (the "FTC Injunction"). Among other things, the FTC Injunction provides that:

- ITV and DMC must maintain adequate financial records;

- ITV and DMC are prohibited from transferring, disposing or otherwise dissipating any assets, other than those transfers for actual and necessary business operations and expenses that ITV and DMC reasonably incurs;

- ITV and DMC must maintain copies of documents reflecting any transfers or expenditures for actual and necessary business operations. These documents must be produced to the FTC monthly with respect to transfers or expenditures over $5,000.00.

- Barrett is prohibited from transferring, disposing or otherwise dissipating any assets, other than those transfers for actual and necessary business operations and business and personal expenses he reasonably incurs.

A true and accurate copy of the FTC Injunction is attached hereto as Exhibit A. ITV has at all times complied with the FTC Injunction.

3

Cappseals intervened in this action and subsequently obtained a judgment against ITV on a reach and apply theory for the Product it manufactured for Healthy Solutions pursuant to a contract it had with Healthy Solutions. Cappseals did not bring any claims against DMC or against Barrett. Without offering a single piece of evidence, Cappseals now argues that ITV has fraudulently transferred assets to DMC and Barrett in order to avoid paying its judgment. Its motion for post-judgment injunctive and other relief, which is grounded on such baseless allegations, is unwarranted and its motion must be denied.

## II.   LEGAL ARGUMENT

### A.   Standard for Injunctive Relief

As this Court recently observed in Flexcon Company, Inc. v. McSherry, 123 F.Supp.2d. 42 (D. Mass. 2000), "in ruling on a motion for a preliminary injunction, this Court must consider whether the plaintiff has established that (1) it has a substantial likelihood of success on the merits, (2) there exists, absent injunctive relief, a significant risk of irreparable harm, (3) the balance of hardship tilts in its favor, and (4) granting the injunction will not negatively affect the public interest." Id. at 43, citing TEC Engineering Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 544 (1st Cir. 1996). Further, "[t]hough a district court enjoys considerable discretion in applying this test, its decision to grant or deny a preliminary injunction must be supported by adequate findings of fact and conclusions of law." Id.; Fed. R. Civ. P. 52(a).

### B.   Cappseals Cannot Show That It Will Be Irreparably Harmed If The Requested Injunction Is Not Granted.

An injunction will not issue absent a threshold showing of irreparable harm. The clear showing of irreparable harm proffered by the movant cannot be either remote or speculative; it must be both actual and immediate. See Public Service Company of New Hampshire v. Town of West Newbury, 835 F.2d 380, 383 (1st Cir. 1987) citing Massachusetts Coalition of Citizens

4

with Disabilities v. Civil Defense Agency and Office of Emergency Preparedness of Massachusetts, 649 F.2d 71, 74 (1st Cir. 1981) ("mere possibility" of threat insufficient).

Cappseals fails to make a clear showing that it will suffer irreparable harm if the requested injunction does not issue. Notwithstanding Cappseals' sweeping allegations that ITV and its principals are "commingling assets," making "fraudulent transfers," and "liquidating" ITV as if these were established facts, there is absolutely nothing in the record to support these bold assertions. In fact, Cappseals' allegations are undermined by the existence of the FTC Injunction, which has been in effect for over a year, and which prohibits the very conduct that Cappseals alleges ITV has undertaken. ITV has at all times complied with that injunction, which prohibits it from, *inter alia,* making any transfers of assets other than for actual and necessary business operations and expenses, and Cappseals has not presented any evidence otherwise. In addition, ITV must produce all records to the FTC on a monthly basis that reflect any such transfers and expenditures that are over $5,000. Accordingly, Cappseals' unsupported contentions are wholly inadequate to meet its burden of showing actual and imminent irreparable injury, which is required before an injunction can issue.[1] See, e.g., Al-Abood v. El-Shamari, 71 F.Supp.2d 511, 514-516 (E.D. Va 1999) (denying a post-judgment injunction enjoining disposition of assets where plaintiff could not show clear evidence of irreparable harm; while several of defendants' transactions appeared suspicious in timing, there was no clear evidence that the transactions were fraudulent).

---

[1] Cappseals quotes from a few paragraphs from the deposition of Barrett as support for its bold assertion that Barrett has operated ITV and DMC as a single entity, and has made intra-company transfers in an attempt to leave ITV without assets. Mr. Barrett, however, merely testified as to the distinct functions of these two different companies, which are separate corporate entities. This testimony provides no support for Cappseals' new assertion that ITV and DMC have been fraudulently transferring assets.

**C.     The Scope Of The Requested Injunction Is Improper.**

The injunction requested by Cappseals includes a order that ITV "prepare and submit a financial report to Cappseals by the 1st day of each month, which fully describes their current financial status including, but not limited to, a description of all disbursements from and deposits into their accounts as well as a description of the companies' assets, liabilities, accounts payable and accounts receivable." (See Cappseals' Motion, p. 10, ¶ D.) Not only would this order be too burdensome on ITV, but it is unnecessary and not the proper subject of an injunction.

The proper method for obtaining this information is to propound discovery in aid of execution under Rule 69 of the Federal Rules of Civil Procedure, which provides that Cappseals may obtain discovery to determine the assets of ITV that are available to satisfy the judgment entered in this case. Fed. R. Civ. P. 69(a). Such discovery may be done in the form of document requests pursuant to Fed. R. Civ. P. 34, not by seeking a so-called injunction requiring ITV to prepare and provide financial reports to Cappseals each month on an on-going basis. Cappseals in fact served such document requests on ITV on or about August 23, 2005, and ITV intends to respond to those requests within the time allowed by the rules. There is no reason why Cappseals needs to inquire into ITV's financial records for an indeterminate period of time.

Cappseals also requests that the Court enter an injunction providing that "Cappseals shall have the immediate right to inspect any and all financial records, including but not limited to, any and all records of deposits into or disbursements from the bank accounts of the ITV Parties and any related entity at the offices of the ITV Parties or at any bank or financial institution where it maintains bank accounts, at any time, provided that such inspection shall take place during normal business hours of the company." (See Cappseals' Motion, p. 10, ¶ E.) Again, this type of request is the proper subject of discovery in aid of execution, not of an injunction. In

addition, while Cappseals may examine third persons regarding the assets of ITV, the judgment debtor, Cappseals has no right to obtain discovery regarding the assets of such third persons who are non-parties to this action.[2] See Wright, Miller & Marcus, 12 Fed. Prac. and Proc. § 3014 (1997). Therefore, to the extent that the requested injunction would allow probing into assets of persons who are not parties to this action, it would be improper.

D.   **The Requested Injunction Is Unnecessary And May Conflict With The Existing FTC Injunction.**

As stated before, the FTC injunction, which has been in effect for over a year, prohibits ITV from, among other things, dissipating or transferring any of its assets except for actual and necessary business operations and expenses that ITV reasonably incurs. ITV is required to keep financial records and must provide them to the FTC if any such transfers for actual and necessary business expenses exceed $5,000.00. Therefore, because ITV already must abide by the terms of an existing injunction in all of its business operations, including all of its transfers of assets, the requested injunction is superfluous and, therefore, unwarranted. See, e.g., Thermo Web Systems, Inc. v. Beebe, 2001 WL 311295, at *3 (D. Mass. March 15, 2001) (superfluous injunction not warranted).

More importantly, the requested injunction would conflict with the FTC injunction. Cappseals asks that this Court order ITV to transfer to Cappseals any proceeds derived from their accounts receivable over and above amounts necessary to cover its over-head expenses and payroll. Such an order would be in direct contravention to the FTC Injunction entered by Judge O'Toole prohibiting ITV from transferring any of its assets except for actual and necessary

---

[2] By the requested injunction, Cappseals is attempting to pierce the corporate veil of ITV to obtain discovery regarding the assets of DMC, a non-party, when no such claim was made by Cappseals in this action. Moreover, Cappseals has presented no evidence of fraudulent transfers between the two separate corporate entities.

business expenses. This Court should not interfere with another ongoing federal proceeding. If this Court were to order the injunction requested by Cappseals, ITV would be forced to choose which of two binding court orders to follow, thereby necessarily violating the other injunction orders. Under these circumstances, the orderly administration of justice would require this court not to enter the injunction sought by Cappseals.[3]

## CONCLUSION

For the foregoing reasons, ITV requests that the Court deny the injunctive relief requested by Cappseals.

Respectfully submitted,

ITV DIRECT, INC.

By their attorney(s),

/s/ Susan W. Gelwick
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated: August 30, 2005

---

[3] Cappseals also seeks a general attachment of all property, real and personal, of ITV. In order for Cappseals to perfect an attachment of personal property, an officer must take possession of the personal property being attached. Taking possession of any personal property of ITV would also be in conflict with the FTC Injunction.

8