UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV DIRECT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HEALTHY SOLUTIONS, LLC, ) <br> ) <br> Defendant. ) | C.A. No. 04-cv-10421-JLT <br><br> Magistrate Judge Dein |

**ITV DIRECT, INC., DIRECT MARKETING CONCEPTS, INC.,
SEYFARTH SHAW LLP AND WAYNE CALLAHAN'S SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR OBJECTIONS TO CAPPSEALS' SUBPOENAS**

In further response to the Court's request for briefing in support of their respective objections to certain subpoenas issued by plaintiff-in-intervention Cappseals, and the Court's request for briefing on the issue of the scope of the Court's power under Fed. R. Civ. P. 69 and the Massachusetts supplementary process statute, defendant-in-intervention ITV Direct, Inc. ("ITV Direct"), and non-parties Direct Marketing Concepts, Inc., Seyfarth Shaw LLP and Wayne Callahan submit the following brief supplemental memorandum.

In response to the citation of controlling Supreme Judicial Court precedent that directly addresses the permissible scope of inquiry against non-parties under Massachusetts law, Cappseals fails to cite *even one* Massachusetts decision that provides a different interpretation of state law or the limited scope of the supplementary process statute. Moreover, Cappseals fails to dispute the fact that prior to reducing its claim to judgment against ITV Direct, it was well-aware of the existence of Direct Marketing Concepts and believed that ITV Direct was simply a "pass through" for that entity. Despite conceding these facts, Cappseals argues that the Massachusetts Supreme Judicial Court's decision in Williams v. Investors Syndicate, 327 Mass. 124 (1951),

does not defeat its claims against Direct Marketing Concepts, or limit the scope of inquiry in this proceeding. In doing so, Cappseals does not provide a single decision stating that Williams is not the prevailing law of Massachusetts, or that it has been modified or overruled. Instead, Cappseals cites a number of federal decisions interpreting *federal law*, such as ERISA, the Internal Revenue Code, and the Copyright Act, and asks this Court to ignore the highest court of Massachusetts' interpretation of state law in favor of these inapposite interpretations of federal law. The problem for Cappseals is that its claims arise only under *state law* and it is seeking a remedy under the *state* supplementary process statute. As such, this Court sits in diversity and must apply the substantive law of Massachusetts. Likewise, Rule 69 incorporates state law and does not create any substantive rights beyond execution. Because Cappseals elected to take judgment against ITV Direct with knowledge of the existence of Direct Marketing Concepts and its relationship to ITV Direct, its claims against Direct Marketing Concepts are prohibited as a matter of Massachusetts law. This is not a procedural issue, but is a substantive prohibition on the remedy that Cappseals is seeking in this limited proceeding.[1]

## ARGUMENT

As discussed in Direct Marketing Concepts' opening brief, Massachusetts law is clear that "a judgment may only be enforced against *a party*." Pemstein v. Stimpson, No. 882666, 1995 WL 808705, at *1 (Mass. Super. Jan. 9, 1995) (emphasis added). By not seeking to amend its complaint to add Direct Marketing Concepts at any time before final judgment was entered against ITV Direct, Cappseals is barred as a matter of law from ever obtaining any relief against Direct Marketing Concepts. See Williams, 327 Mass. at 127-28 (even where court found that judgment debtor was "one and the same" and a "straw" for principal, claim against principal

---

[1] Accordingly, based upon the admissions of Cappseals concerning its knowledge, Direct Marketing Concepts intends to move for summary judgment dismissing Cappseals' claims, and will do so promptly.

must be dismissed and judgment creditor may not seek satisfaction of the judgment from the principal).  Importantly, Cappseals never disputes – and in fact admits – that it knew of the existence of Direct Marketing Concepts and its relationship to ITV Direct before the entry of final judgment against ITV Direct.  See Cappseals' Br. at 3.  As such, Cappseals is bound by its election of ITV Direct as defendant, and cannot now seek to enforce its judgment against Direct Marketing Concepts.  See Williams, 327 Mass. at 127-28.

Cappseals provides no authority contrary to the Supreme Judicial Court's interpretation of the law of Massachusetts.  Moreover, in seeking to distinguish the case from the facts here, Cappseals argues that the decision relates to the doctrine of "merger."  That is not true.  Rather, the Williams case deals with the doctrine of "election," which provides that under Massachusetts law the liability upon a contract for the sale of goods is not joint and several.  Instead, where the seller knows before judgment that two entities may be liable upon the same contract as an agent and a principal, the seller's decision to reduce its claims to judgment against one forever bars a claim against the other.  As the Supreme Judicial Court made clear in Williams, the doctrine of merger prohibits a second claim *at law* under the original contract.  The doctrine of election prohibits a second claim *at equity* to enforce the judgment against the principal.  It is this fundamental misunderstanding of the law that renders the entirety of Cappseals arguments inapposite.[2]  327 Mass. at 127-28.

---

[2] Demonstrating this fundamental misunderstanding of the law, Cappseals argues that the Williams decision relies upon Lonquist v. Lammi, 242 Mass. 574, 577-78 (1922), which addressed the doctrine of merger.  The Williams Court's citation to Lonquist, however, clearly relates only to its discussion of an action at law.  As to the equitable doctrine of election, the Supreme Judicial Court relies upon an entirely separate line of authority, including Kingsley v. Davis, 104 Mass. 178 (1870), where the Supreme Judicial Court held that if a plaintiff "elects to hold the agent, he cannot afterwards resort to the principal" and judgment against agent "is a bar to this action against the principal."  Moreover, Judge Tauro denied summary judgment without an opinion.  Thus, he certainly did not reject the doctrine of merger, but instead determined that the issue could not be decided before trial.

Because it cannot escape the Supreme Judicial Court's holding in Williams, Cappseals attempts to redirect the Court's attention to inapposite federal cases interpreting federal law. Helvering v. Horst, 311 U.S. 112 (1940), for example, involved a very narrow issue of tax liability under the Internal Revenue Code, and the Supreme Court relied heavily upon the federal policies embodied in the federal tax laws in reaching its decision. Id. at 119. Likewise, Marcus v. Comm'r of Internal Revenue, T.C. Memo. 1992-234 at page 5 (T.C. 1992), involves a similarly narrow issue of tax liability determined under federal law by the U.S. Tax Court. These cases are not relevant to the issues before this Court, which arise under Massachusetts state law. Not surprisingly, the decisions also do not address Massachusetts law, as interpreted by the Supreme Judicial Court in Williams.[3]

Similarly distinguishable are the remaining federal cases cited by Cappseals, which do not arise under Massachusetts law or discuss the application of Massachusetts law. Alman v. Danin, 801 F.2d 1 (1st Cir. 1986), and Data Gen. Corp. v. Grumman Data Sys. Corp., 886 F. Supp. 927 (D. Mass. 1994), for example, are both cases that arise under federal law, ERISA and the Copyright Act respectively. This critical distinction was highlighted by the First Circuit in Alman, where the Court specifically noted that the congressional policies behind ERISA required a different analysis of alter ego arguments than state law, which it noted was "stricter" than federal law. 801 F.2d at 3. Because they arose under federal law, these decisions do not address the doctrine of election as discussed in Williams, which arises under Massachusetts law. Likewise, Explosives Corp. v. Garlam Enters., 817 F.2d 894 (1st Cir. 1987) and McLaughlin v. Morton, 977 F.2d 566 (1st Cir. 1992) (unpublished opinion), arose under the laws of Puerto Rico

---

[3] Indeed, there is no dispute here that ITV paid taxes on all income it generated from sales of Supreme Greens. Helvering and Marcus would only be relevant if ITV had passed the income directly on to a third party and claimed that it was therefore not liable for the tax on that income.

4

and New Hampshire, respectively.[4]  These cases also necessarily did not involve consideration of Massachusetts law or the decision in Williams.

Finally, rather than supporting its arguments, Cappseals' authorities confirm that as a procedural matter as well, its attempt to proceed against Direct Marketing Concepts in this action should be rejected.  Specifically, in Grumman, as here, the plaintiff sought to amend its complaint to reach a non-party to the original lawsuit.  As in this case, this attempt was rejected by the district court, and the plaintiff was required to bring a second action through which the issues of enforcement of the judgment and alter ego would be decided.[5]  886 F. Supp. at 929.  Likewise, the plaintiffs in Alman did not seek to enforce its judgment under Rule 69 or through supplementary process, but instead filed a separate action.  801 F.2d at 3.  Cappseals has provided no authority – and has not cited a single Massachusetts state court decision – for the proposition that it should be allowed in this action under the Massachusetts supplementary process statute to enforce a judgment against a non-party.  To the contrary, Cappseals' authority makes clear that the proper procedure is to file a second action through which the liability of that non-party, if any, will be determined.

Cappseals has provided no authority under Massachusetts law that would expand supplementary process to the limits it seeks.  To the contrary, numerous cases, including those cited by Cappseals itself, make clear that a judgment creditor cannot seek to enforce its judgment

---

[4] Moreover, McLaughlin stands for the unremarkable proposition that those in privity may be bound under principles of res judicata from bringing successive lawsuits.  This decision is clearly irrelevant to the issues in this case.

[5] The plaintiffs in Grumman subsequently moved for summary judgment *in that separate action*, which was granted.  Here, Judge Tauro *denied* Cappseals' motion for summary judgment in its second action.  Cappseals' efforts to reach Direct Marketing Concepts in this action is nothing more than a transparent attempt to get a second bite at the apple and end-run Judge Tauro's prior denial of summary judgment in the related action.

against a non-party in that proceeding, but must seek such relief in a separate action, if at all. Moreover, because Cappseals concedes its knowledge of Direct Marketing Concepts and its relationship to ITV Direct prior to entry of judgment against ITV Direct, it is barred as a matter of Massachusetts law from pursuing recovery of that judgment against Direct Marketing Concepts.

## CONCLUSION

For the foregoing reasons, this Court should sustain the objections to Cappseals' subpoenas and should conclude that it cannot find that Direct Marketing Concepts is liable for the judgment obtained by Cappseals against ITV Direct.

Dated:   November 15, 2006

> Respectfully submitted,
>
> ITV DIRECT, INC.,
>
> By their attorney(s),
>
>  /s/ Christopher F. Robertson
> Peter S. Brooks, BBO #058980
> Christopher F. Robertson, BBO #642094
> Susan W. Gelwick, BBO #567115
> Seyfarth Shaw LLP
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone:     (617) 946-4800
> Telecopier:    (617) 946-4801

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 15, 2006.

>  /s/  Christopher F. Robertson
> Christopher F. Robertson