UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITV DIRECT, INC., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>HEALTHY SOLUTIONS, LLC, )<br>)<br>Defendants. )<br>_____)<br>)<br>CAPPSEALS, INC., )<br>)<br>Plaintiff-in-Intervention, )<br>v. )<br>)<br>HEALTHY SOLUTIONS LLC d/b/a )<br>DIRECT BUSINESS CONCEPTS; )<br>ITV DIRECT, INC., and )<br>DIRECT FULFILLMENT, LLC, )<br>)<br>Interventor-Defendants. ) | CIVIL ACTION<br>NO. 04-10421-JLT |

# MEMORANDUM OF DECISION AND ORDER RE
# SUBPOENAS FOR SUPPLEMENTARY PROCESS EXAMINATION

November 21, 2006

DEIN, U.S.M.J.

This matter is before the court on the objections by Wayne Callahan, Direct Marketing Concepts, Inc. ("DMC"), Seyfarth Shaw LLP and ITV Direct, Inc. ("ITV") to the subpoenas served by Cappseals. After consideration of the arguments of counsel and pleadings submitted by the parties, the objections are overruled.

The purpose of the supplementary process statute, Mass. Gen. Laws ch. 224, §§ 14 *et seq.*, is "to provide a searching inquiry into the ability of the judgment debtor to pay his legal obligation." Aetna Cas. & Sur. Co. v. Rodco Autobody, 965 F. Supp. 104, 107 (D. Mass. 1996) (internal quotations and citations omitted). In furtherance of this goal, it is clear that Cappseals is permitted to obtain information from third-parties. See id. (supplementary process record includes the testimony of witnesses who are not judgment debtors); Mass. Gen. Laws ch. 224, § 15 (in addition to the testimony of the judgment debtor, "[e]ither party may introduce additional evidence"). See also Caisson Corp. v. County West Bldg. Corp., 62 F.R.D. 331, 335 (E.D. Pa. 1974) (under Fed. R. Civ. P. 69 "[t]here is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor"). Therefore, the objection that subpoenas to third parties are not permitted in supplementary process proceedings is without merit.

The recipients of the subpoenas also object because there is another proceeding brought by Cappseals by which Cappseals is seeking to have DMC, ITV, Direct Fulfillment, LLC, Donald Barrett and Robert Maihos held liable for the debt at issue under various theories, including but not limited to fraudulent conveyance, alter ego, and constructive trust (Civ. Action No. 05-11907-JLT). "Federal courts have drawn a distinction between postjudgment proceedings that simply present a mode of execution to collect an existing judgment and proceedings that raise an independent controversy with a new party, attempting to shift liability[.]" U.S.I. Props., Corp. v. M.D. Constr. Co., 230 F.3d 489, 498 (1st Cir. 2000). The two types of proceedings are "different in kind[.]" Id.

at 501.  Nevertheless, there is no reason why they cannot proceed simultaneously, as is happening in the instant case.  See Aetna Cas. & Sur. Co., 965 F. Supp. at 106 (court makes findings relating to supplementary process proceedings, leaving the issues of fraudulent conveyance to other pending action).  Therefore, the fact that there are other proceedings pending does not warrant the suppression of the subpoenas in connection with the supplementary process proceeding.

The recipients of the subpoenas also object on the grounds that no other entities can be liable for the debt aside from the judgment debtors, and, therefore, there is no reason to allow the requested discovery.  It is unclear why this argument would preclude discovery designed to locate the assets of ITV to the extent that such assets are in the possession of third parties.  Moreover, to the extent this claim is relevant to the present proceedings, this court finds it unpersuasive as there are theories which may result in liability being imposed on third parties.

In furtherance of this argument, the third parties rely on cases which hold that a creditor cannot recover a judgment against an undisclosed principal where the identity of the principal was known prior to the judgment being entered and the creditor elected not to proceed against the principal.  See, e.g., Williams v. Investors Syndicate, 327 Mass. 124, 127, 97 N.E.2d 395, 396 (1951); Century Int'l Arms, Ltd., v. Fed. State Unitary Enter. State Corp. 'Rosvoorouzhenie', 172 F. Supp. 2d 79, 98 n.22 (D.D.C. 2001).  At first blush, this doctrine does not appear to have any application to the instant case, since there is no evidence that ITV was acting as an agent for any other entity.  Nevertheless,

that issue does not have to be resolved at this juncture, as there are theories pursuant to which other entities and individuals may be liable for the judgment debtors' debt. For example, but without limitation, "non-parties who assume control over litigation in which they have a direct financial or proprietary interest may, consistent with due process, be held liable for an adverse judgment in that action." Data Gen. Corp. v. Grumman Data Sys. Corp., 886 F. Supp. 927, 931 (D. Mass. 1994) (quotations and citations omitted). In addition, where a corporate parent "has looted the subsidiary" "suits or enforcement proceedings against the corporate parent to enforce the judgment have been permitted." U.S.I. Props. Corp., 230 F.3d at 498, and cases cited. This court does not have to determine at this point whether it is permissible for Cappseals to proceed under any of these theories. It is sufficient for present purposes to note that allowing the requested discovery is not an exercise in futility as the third parties suggest.

Finally, the recipients of the subpoenas object to the scope of the subpoenas. Admittedly, "[t]here is scant authority concerning the permissible scope of discovery against third persons under Rule 69" or under the supplementary process statute. Caisson Corp., 62 F.R.D. at 334. "[I]t is said that the inquiry must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." Id. At this juncture, there is no need to define with precision the boundaries of permissible discovery. This court has carefully reviewed the subpoenas and finds them to be tailored to attempting to locate assets which belong to ITV but which are held by third persons. For example, but

without limitation, the requests for documents focus on the payment of expenses on behalf of ITV, which may lead to evidence that the assets of the company are being held by others and are being used to pay ITV's expenses, and on income which arguably should have been paid to ITV for products marketed and/or distributed by that company, but which went elsewhere. Accordingly, the requested documents are relevant to the supplementary process proceeding.

## **ORDER**

Based on the foregoing, the objecting third parties are to produce all non-privileged documents requested in the subpoenas by no later than December 5, 2006. To the extent that any third party declines to produce documents on the grounds of privilege, that party shall, by December 5, 2006, produce a privilege log identifying the documents being withheld along with case citations supporting the claim of privilege. If portions of documents are in dispute, redacted versions shall be produced by December 5, 2006.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge