UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ITV DIRECT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-cv-10421-JLT |
| v. ) | |
| ) | |
| HEALTHY SOLUTIONS, LLC, ) | Magistrate Judge Dein |
| ) | |
| Defendant. ) | |

**ITV DIRECT, INC.'S OPPOSITION
TO CAPPSEALS INC.'S MOTION FOR SANCTIONS**

Making unsupported and outrageous claims of bad faith and fraud against ITV Direct and its counsel, Cappseals claims that its efforts to collect on its judgment against ITV Direct have been purposely prolonged and obstructed. Nothing could be further from the truth. To the contrary, ITV Direct, which is undisputedly an independent corporation with its own officers and operations, consistently provided discovery in this case concerning its business, operations, finances, and assets. ITV direct provided Cappseals with this discovery, which is not alleged to be false or fraudulent in any way, both before and after Cappseals obtained its judgment in this case. Cappseals itself acknowledges that *prior to obtaining judgment*, based upon this discovery, it came to believe that ITV Direct was simply a "pass through" for a related corporation, Direct Marketing Concepts, Inc. Despite its awareness of this relationship, Cappseals did not seek to add Direct Marketing Concepts to this action before judgment, but instead filed a separate action against Direct Marketing Concepts and its principals *after judgment*, which is scheduled for trial in February 2007. Neither ITV Direct nor its counsel delayed, hindered, or obstructed those proceedings in any way. Likewise, neither ITV Direct nor its counsel have sought to delay,

BO1 15814311.2

hinder, or obstruct these proceedings, which involve not only Cappseals' claims, but also involved claims by and against a third corporation, Healthy Solutions, and its principals.

Cappseals does not contend that ITV Direct, as the signatory to the Distribution Agreement with Healthy Solutions, was not the proper plaintiff in this case. Nor does Cappseals contend that either the original action against Healthy Solutions or the appeal of the August 3, 2005 judgment lacked merit. Likewise, Cappseals does not dispute that during the course of this action ITV Direct has provided Healthy Solutions and Cappseals with discovery regarding the Supreme Greens campaign, as well as ITV Direct's finances, operations, and assets. Instead, Cappseals argues that ITV Direct and its counsel, Seyfarth Shaw LLP, defrauded Cappseals and the Court in an effort to hinder and delay these proceedings, profit itself, and insulate itself from liability on the judgment. These unsupported broadsides, directed at fellow members of the bar without any basis whatsoever, are themselves offensive and deserving of a reprimand from the Court. Ironically, it appears that Cappseals, faced with its own – perhaps fatal – procedural missteps in prosecuting its claims, now seeks to divert attention from these errors and blame them on ITV Direct and its counsel through baseless and unsupported allegations of fraud and misrepresentation.

At bottom, the evidence obtained both before and after judgment demonstrates that Direct Marketing Concepts and ITV Direct both used the name "ITV Direct" in connection with the Supreme Greens and Sea Vegg promotions. Indeed, Direct Marketing Concepts provided various services to ITV Direct for both campaigns, including telephone response services, fulfillment services, customer service, and financing for its operations. Because of the relationship between the two businesses, in the course of providing these services to ITV Direct, the principals and the employees of Direct Marketing Concepts often referred to themselves as

employees of ITV Direct and believed they were working for ITV Direct. As such, the representations by these employees that they were "ITV Direct" employees, or that "ITV Direct" was engaged in the business of advertising and promoting dietary supplements, such as Supreme Greens and Sea Vegg, were not false. ITV Direct was engaged in this business, albeit with the support of Direct Marketing Concepts and its employees. No intentional misrepresentations were ever made to the Court, and certainly none were made in an effort to delay or obstruct these proceedings. Any argument by Cappseals that it was unaware of the relationship between Direct Marketing Concepts and ITV Direct, or that its efforts to collect its judgment were delayed by the apparent confusion between the two entities, is belied by its own submissions to the Court, which make clear that Cappseals was well aware of this relationship before and after it obtained judgment in this case. Any delay is due to conscious, albeit misguided, decisions by Cappseals, and cannot be laid at the feet of either ITV Direct or its counsel.

## I.  FACTS AND PROCEDURAL HISTORY

This action was originally filed by ITV Direct on March 3, 2004 against a California company, Healthy Solutions, LLC, and its officers and affiliates (the "Healthy Solutions Defendants"), seeking, *inter alia*, damages for breach of contract, conversion, misrepresentation, and violation of Mass. Gen. L. ch. 93A, arising out of a contract entered into between ITV Direct and Healthy Solutions for the marketing and distribution of a dietary supplement known as Supreme Greens. ITV Direct later amended its complaint in August 2004 and asserted claims against the Healthy Solutions Defendants for fraud and indemnification.

On April 19, 2004, the Healthy Solutions Defendants answered ITV Direct's complaint and filed a counterclaim against ITV Direct for breach of contract, account stated, and conversion, among other causes of action. As part of its counterclaim, Healthy Solutions

3

attached numerous invoices directed to "Direct Marketing Concepts/ITV Direct," but did not name Direct Marketing Concepts as a counterclaim defendant. Cappseals subsequently intervened in the action and asserted claims for breach of contract against Healthy Solutions, and a reach and apply claim against ITV Direct by which it sought to reach any judgment obtained by Healthy Solutions against ITV Direct and apply it to the debt Healthy Solutions owed to Cappseals. Despite the invoices directed to "Direct Marketing Concepts/ITV Direct," which were attached to the pleadings and available to all parties, at no time did either Healthy Solutions or Cappseals bring an action against Direct Marketing Concepts or seek to add Direct Marketing Concepts as a party to the litigation.[1]

After initiation of the lawsuit, the parties engaged in discovery, exchanging documents and taking depositions, including depositions of the principals of both ITV Direct and Direct Marketing Concepts, Robert Maihos and Donald Barrett.[2] Although Cappseals was a party in the case at the time of these depositions, neither Cappseals nor its counsel participated in any of them.[3] During these depositions, both Mr. Barrett and Mr. Maihos testified truthfully about their ownership and roles at both Direct Marketing Concepts and ITV Direct, and they referred to the operations of ITV Direct as including the services that were provided by Direct Marketing

---

[1] This failure was not due to any procedural prohibition to adding a non-party such as Direct Marketing Concepts. In fact, while Cappseals failed to add Direct Marketing Concepts, it did add a different non-party, Direct Fulfillment LLC. Healthy Solutions subsequently added Direct Fulfillment as well.

[2] In its initial disclosures, ITV Direct listed three people as potential witnesses with knowledge of ITV's relationship with Healthy Solutions – Donald Barrett, Robert Maihos, and Eileen Barrett. In referring to each of these people, ITV Direct specifically stated that they were each to be contacted "c/o Direct Marketing Concepts."

[3] In fact, Cappseals never sought to depose any witnesses in this case prior to receiving judgment. Cappseals does not, because it cannot, argue that it could not have deposed additional witnesses concerning the relationship between ITV Direct and Direct Marketing Concepts prior to obtaining a judgment against ITV Direct.

Concepts, including telephone answering services, customer service, and fulfillment.[4]  Likewise, Healthy Solutions' witnesses and their counsel testified and understood that "ITV Direct" was a trade name used by both ITV Direct and Direct Marketing Concepts and that they had issued invoices in the name of "Direct Marketing Concepts/ITV Direct."  Other witnesses in addition to Mr. Barrett and Mr. Maihos regularly referred to themselves interchangeably as employees of Direct Marketing Concepts and ITV Direct.  In addition, documents produced by ITV Direct in discovery, such as checks for payment of amounts on behalf of ITV Direct, made clear that Direct Marketing Concepts was making payments on behalf of ITV Direct.[5]

On June 6, 2005, after the completion of discovery, Cappseals moved for summary judgment on its reach and apply claims against ITV Direct based on Healthy Solutions' claim for breach of contract for goods sold to ITV Direct.  The Healthy Solutions Defendants never themselves moved for summary judgment on this claim.  On July 20, 2005, the Court allowed Cappseals' summary judgment motion on Healthy Solutions' counterclaim, and entered final judgment in favor of Healthy Solutions and against ITV Direct in the amount of $1,086,672.80.  On August 3, 2005, the Court entered final judgment in favor of Cappseals and against ITV

---

[4] For example, Barrett testified in August 2004 that he was an officer of both ITV Direct and Direct Marketing Concepts, and did "the same thing" for both companies.  He also testified that ITV Direct was formed to produce the infomercials and Direct Marketing Concepts would answer the phones and process and fulfill customer orders for ITV Direct.  See Barrett Deposition at 6-7.  Throughout the deposition, Healthy Solutions' counsel and the witness repeatedly substituted "ITV Direct" or "ITV" for Direct Marketing Concepts.  Mr. Maihos similarly referred to the functions performed by Direct Marketing Concepts as those of "ITV Direct" and referred to employees of Direct Marketing Concepts performing functions for ITV Direct as ITV Direct's employees.

[5] To the extent that there is any assertion that Cappseals was unaware of such payments, this financial relationship between ITV Direct and Direct Marketing Concepts was apparent from the documents produced in discovery and also described in detail by Callahan in his earlier deposition and in his December 2005 Affidavit.

5

BO1 15814311.2

Direct in the amount of $1,041,684.49.[6]  Prior to reducing their claims against ITV Direct to judgment, neither Healthy Solutions nor Cappseals sought to add Direct Marketing Concepts as a party to this litigation, despite the numerous documents reflecting Direct Marketing Concepts' provision of services in connection with the Supreme Greens campaign and Mr. Maihos' and Mr. Barrett's testimony that they performed effectively the same role for each company.

One day after it obtained its judgment against ITV Direct, however, either as a tactical maneuver or because it realized its earlier mistakes, Cappseals moved to amend its complaint in this case to add Direct Marketing Concepts and its officers and shareholders Robert Maihos and Donald Barrett.  In making that motion, Cappseals argued that these proposed defendants were the real parties in interest to the transaction with Healthy Solutions, and also argued that there was a co-mingling of assets between Direct Marketing Concepts and the individual defendants, as well as various fraudulent transfers between the parties.[7]  Cappseals also alleged that during the course of previously obtained discovery and *before judgment entered* against ITV Direct, they learned that "ITV Direct has served as nothing more than a 'pass-through'" for Direct Marketing Concepts.  As evidence of this allegation, Cappseals identified, among other documents, a purchase order that Direct Marketing Concepts allegedly issued to Healthy Solutions, in addition to the invoices issued to "Direct Marketing Concepts/ITV Direct."   On August 9, 2005, before any briefing was submitted by ITV Direct, Judge Tauro denied the

---

[6] On August 29, 2005, ITV Direct appealed Judge Tauro's order and the judgments to the Court of Appeals.  After briefing and argument, the judgments were affirmed on May 8, 2006.

[7] Given this timing, the conclusion is inescapable that Cappseals made a conscious decision to elect to reduce its claims against ITV Direct to judgment and then seek to enforce this judgment against other parties that it believed were "alter egos" of ITV Direct.  Unfortunately, Massachusetts law does not allow for such a strategy.  See Williams v. Investors Syndicate, 327 Mass. 124 (1951) (claim against alter ego extinguished by judgment); Lonquist v. Lammi, 242 Mass. 574 (1922) (claim against separate contracting party extinguished by judgment).

motion to amend and refused to allow Cappseals to add these parties to this case on theories of alter ego and fraudulent transfer.  At the same time, and also without any opposition, Judge Tauro also denied Cappseals' Emergency Motion for Post-Judgment relief, which was based on the same grounds.

Following entry of the judgments against ITV Direct and its affiliates, ITV Direct and Direct Marketing Concepts entered into a settlement agreement with Healthy Solutions and its affiliates, and executed releases of all claims that these parties had raised against each other, including the previously entered judgment for $1,086,672.80 in favor of Healthy Solutions.  On September 9, 2005, the parties executed and exchanged mutual releases, which released all claims that the Healthy Solutions parties had against ITV Direct and its affiliates, including Direct Marketing Concepts and its officers and directors.  ITV Direct also released its claims against Healthy Solutions.  On October 25, 2005, over the objection of Cappseals, Judge Tauro allowed the stipulations of dismissal among these parties.

On September 20, 2005, Cappseals commenced a second action against ITV Direct, Direct Marketing Concepts, Mr. Maihos and Mr. Barrett, alleging fraudulent transfer, alter ego, and piercing the corporate veil.  On November 10, 2005, Cappseals moved for summary judgment in that action, arguing that the facts warranted a finding of alter ego liability as to Direct Marketing Concepts.  Direct Marketing Concepts opposed that motion, arguing among other things that the reduction of the matter to judgment against ITV Direct, as well as the prior settlement and dismissal with Healthy Solutions, prohibited a claim against Direct Marketing Concepts.[8]  On August 28, 2006, Judge Tauro denied that motion for summary judgment without opinion and ordered that the matter proceed to trial, which is scheduled for February 2007.

---

[8] See Opposition to Motion for Summary Judgment, Case No. 05-cv-11907-JLT, Docket No. 15.  In addition to arguing that the claims against Direct Marketing Concepts merged upon entry of judgment

In addition to its separate action against Direct Marketing Concepts and its principals, Cappseals also undertook discovery in aid of its judgment against ITV Direct. In response to this discovery, ITV Direct produced a vast amount of financial information during 2005, including its general ledger, tax returns, balance sheets, and other financial information. ITV Direct also produced a witness pursuant to Rule 30(b)(6), who testified concerning ITV Direct's finances, operations, and assets. On August 3, 2006, a year after it obtained judgment against ITV Direct, Cappseals moved for a supplementary process hearing, which was granted. ITV Direct has produced multiple witnesses in this proceeding as well as additional documents. Although ITV Direct has vigorously defended this case, at no time – whether in the supplementary process proceeding or any other phase of this litigation – has ITV Direct or its counsel disobeyed any order of this Court.

## II.   ARGUMENT

"As the First Circuit has cautioned, a court's inherent power to award fees and costs 'must be exercised with restraint and discretion …,' and therefore 'should be used sparingly and reserved for egregious circumstances.'" Fite v. Digital Equipment Corp., 66 F.Supp.2d 232, 234 (D. Mass. 1999) (Young, J.) (quoting Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995)). "The power to sanction must be used with great circumspection and restraint, employed only in compelling circumstances." Dubois v. United States Dept. of Agriculture, 270 F.3d 77, 80 (1st Cir. 2001). See also Mullane v. Chambers, 333 F.3d 322, 338 (1st Cir. 2003) (inherent powers should be used sparingly and only in egregious circumstances).[9]

---

against ITV Direct, the defendants also argued that the mutual dismissals with prejudice that ITV Direct entered into with Healthy Solutions prohibited the claims.

[9] "Because these 'inherent powers' must be exercised with 'restraint and discretion,' a district court must describe the bad faith conduct with sufficient specificity, accompanied by a detailed explanation of the

Here, there is no basis to sanction either ITV Direct or its counsel for ITV Direct's prosecution of its claims against Healthy Solutions and its defense of Healthy Solutions' and Cappseals' claims against it. As to its affirmative claims, the original complaint was filed by the only party with standing to assert those claims – ITV Direct.[10] It is undisputed that neither Direct Marketing Concepts nor any other entity signed the Distribution Agreement with Healthy Solutions. Moreover, it was not a false statement by ITV Direct that it engaged in the business of producing advertising and marketing and distributing products.[11] The fact that ITV Direct's activities were financed by another entity, or that ITV Direct conducted many of its operations through the use of a third party provider and its resources, employees, and facilities, did not make these allegations in the complaint false. It is undisputed that only ITV Direct had entered into the contract with Healthy Solutions to produce the infomercial, purchase the product, answer the phones, and process orders.[12] Much like Healthy Solutions referred to itself as the "manufacturer" of the product even though Cappseals actually manufactured the product, ITV Direct referred to itself as the producer of the infomercials and marketer of the products, but retained the services of Direct Marketing Concepts to perform many of the underlying functions. Both Mr. Barrett and Mr. Maihos have consistently and truthfully testified to this arrangement.

---

reasons justifying the award." Velez Arocho v. Jardin, 2005 WL 2030527, at *1 (D.P.R. Aug. 23, 2005) (quoting Mullane v. Chambers, 333 F.3d at 337).

[10] The original complaint was filed by the law firm of Metaxis, Norman & Pigeon, who originally represented ITV Direct. Seyfarth Shaw LLP, subsequently substituted as counsel in the case.

[11] Indeed, in ITV Direct's Opposition to Cappseals' Motion for Partial Summary Judgment, quoted by Cappseals here, ITV Direct explicitly stated that a "a substantial portion of [its] revenue is derived from telephone orders for products that are advertised on 30-minute infomercials that are produced and owned by ITV or its affiliated companies."

[12] Similarly, ITV Direct entered into a contract for the production of the Sea Vegg program and thus was the only proper party to the ERA action. As such, ITV Direct's allegations in the complaint that it was "engaged in the business of advertising and selling" Sea Vegg, was an accurate statement, even though Direct Marketing Concepts was contracted to provide support services for that campaign.

In bringing its counterclaims, Healthy Solutions made the conscious decision not to name Direct Marketing Concepts or any individuals. Specifically, despite issuing invoices to "Direct Marketing Concepts/ITV Direct" throughout the Supreme Greens campaign and receiving payment for product from Direct Marketing Concepts, Healthy Solutions never sought to amend its complaint or bring any action against Direct Marketing Concepts.[13] Healthy Solutions also obtained testimony from both Mr. Barrett and Mr. Maihos regarding the relationship between ITV Direct and Direct Marketing Concepts and the different roles of each company in the Supreme Greens campaign. Although Cappseals chose not to attend these depositions and ask any questions itself, this information was freely available to Cappseals and was never hidden or obstructed in any way.

Nonetheless, Cappseals now argues that during the entirety of the proceedings before judgment, the respective roles and status of ITV Direct and Direct Marketing Concepts were somehow hidden from them and the Court. This argument is absurd. First, the only party in this case was ITV Direct, because Healthy Solutions and Cappseals consciously chose not to add Direct Marketing Concepts as a party. Thus, in pleadings with this Court, ITV Direct necessarily referred to itself as a company engaged in the business of advertising and product sales, even though some of those functions may have been undertaken by third parties, including Direct Marketing Concepts, pursuant to subcontracts and agreements.[14] Likewise, it is clear from the record, including the depositions that Cappseals failed to attend but received transcripts from,

---

[13] Both Mr. Maihos and Mr. Barrett similarly testified in the FTC action that they performed similar services for ITV Direct and Direct Marketing Concepts, and the FTC and counsel often used "ITV Direct" to refer to the operations of both companies in connection with the Supreme Greens campaign.

[14] During the course of the Supreme Greens and Sea Vegg campaigns, ITV Direct also utilized the services of other companies, such as West Corporation, that provide media buying, fulfillment, and similar functions.

that the principals and employees of Direct Marketing Concepts also referred to themselves as employees of ITV Direct, particularly in the context of the services they provided for the Supreme Greens campaign. It is also clear that ITV Direct is a real corporation with its own bank accounts, tax returns, financial statements, and historical revenues in the millions of dollars.[15]

"Because of their very potency, inherent powers must be exercised with restraint and discretion." Whitney Bros., 60 F.3d at 13 (quoting Chambers v. NASCO, 501 U.S. 32, 55 (1991)). That is especially true when the party seeking sanctions is itself manipulating the record to support its arguments. For example, Cappseals argues that "*[b]ecause* ITV Direct failed to pay the August 3, 2005 Judgment," Cappseals commenced an action against Direct Marketing Concepts. This is simply not true.[16] Rather, the *same day* that it received judgment against ITV Direct, it sought to add Direct Marketing Concepts as a party to the case and carry the judgment against ITV Direct over.[17] These papers necessarily were prepared well in advance of the entry of judgment and could not have been filed "because of" any failure to pay by ITV Direct. Rather, they were filed because Cappseals believed well before judgment entered that ITV Direct was simply a "pass through" for Direct Marketing Concepts, but it mistakenly chose not to

---

[15] Cappseals' assertion that ITV Direct's statements holding itself out as a successful company were somehow misleading is unfounded. At the time ITV Direct made any such statements it was a successful company that derived significant revenue. See Exhibit 1, 2005 ITV Direct Tax Returns (reflecting over $10 million in revenue during 2005). That it has since ceased operations after two highly scrutinized promotional campaigns does not deem those past statements untruthful. Further, ITV Direct's decision to cease operations in the wake of the FTC lawsuit and ERA challenge does not in any way lend itself to a conclusion that it fraudulently dissipated its assets so as to avoid payment of the judgment as Cappseals baselessly posits; all that it evidences is that ITV Direct has no new advertising campaigns generating revenue.

[16] Similarly, Cappseals' claim that Seyfarth Shaw filed the original complaint is also untrue. That complaint was filed by predecessor counsel.

[17] Although Cappseals' Motion to Amend was filed on August 4, 2005, the pleadings are dated August 3, 2005, and thus were undoubtedly drafted by counsel prior to the entry of judgment.

11

include Direct Marketing Concepts as a party.  Similarly, Cappseals argues that Mr. Maihos' and Mr. Callahan's testimony "directly contradicted the representations made by ITV Direct throughout this lawsuit."  A review of the prior depositions and testimony in this case, however, makes abundantly clear that no such contradiction exists.[18]

      Similarly disingenuous are the cases cited by Cappseals in support of its motion.  In a number of those cases, the Court either denied the motion for sanctions or set forth a repeated pattern of disobedience of court orders, contempt, or similar egregious conduct by the party or its counsel.  See, e.g., Chambers, 501 U.S. at 38 (party and its counsel repeatedly violated court orders and were found in contempt); Hutto v. Finney, 437 U.S. 678, 690-91 (1979) (party found in contempt for refusal to comply with court orders); Whitney Bros., 60 F.3d at 14-15 (holding that award of attorneys fees was an abuse of discretion); Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344-45 (2d Cir. 1986) (vacating award of attorneys fees).  Here, neither ITV Direct nor its counsel have ever disobeyed any court order or been found in

---

[18] For example, a close reading of Mr. Maihos' affidavit in opposition to Healthy Solutions' motion for temporary restraining order makes clear that he stated that hundreds of "Massachusetts employees" could be affected by entry of the order.  He did not refer to these employees as employees of ITV Direct as is implied by Cappseals in its motion.

contempt of court for failing to obey such orders.[19] To the contrary, when the Court has ordered documents produced or ordered witnesses to appear, ITV Direct has complied.[20]

In other cases cited by Cappseals, such as Cruz v. Savage, 896 F.2d 626 (1st Cir. 1990), the Court made clear that its ruling was based on the attorney's prosecution of a claim beyond the limits of zealous advocacy. Here, ITV Direct's prosecution of its claim against Healthy Solutions clearly had substantial merit, resulting in a settlement by which Healthy Solutions agreed to forgo its judgment in excess of $1 million in exchange for general releases of claims among the parties. Thus, ITV Direct's claims of fraud and indemnification against Healthy Solutions, which also formed the basis for its defense of the claims by Cappseals, were hardly "frivolous" or "vexatious." See Cruz, 896 F.2d at 631 (sanctions should not be imposed so as to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."); Billings v. Cape Cod Child Dev't Program, 270 F.Supp.2d 175, 176-77 (D. Mass. 2003) (finding "nothing vexatious about this litigation"). Similarly, ITV Direct's appeal, which argued that the district

---

[19] Nor is there any evidence of any other pattern of conduct that rises to the level of a fraud on the court. See, e.g., Wojcicki v. Caragher, 447 Mass. 200, 210 (2006) ("Courts have found fraud upon the court only where there has been the most egregious conduct involving a corruption of the judicial process itself. Examples are bribery of judges, employment of counsel to 'influence' the court, bribery of the jury, and the involvement of an attorney (an officer of the court) in the perpetration of fraud."); Geo. P. Reintjes Co., Inc. v. Riley Stoker Corp., 161 F.R.D. 2, 6 (D. Mass. 1995) (noting that "'fraud on the court' is 'typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged'" (quoting Great Coastal Express, Inc. v. Int'l Bhd. Of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982)).

[20] Rather than argue that any court order has been disobeyed, Cappseals instead argues that certain objections to discovery advanced by ITV Direct and certain third parties were somehow frivolous and warrant the imposition of sanctions. This is patently false. The objections were well-grounded, and supported by ample citation to authority. In effect, Cappseals' argument boils down to a contention that Direct Marketing Concepts should no longer be entitled to put up a defense to the judgment, or that fees should be shifted any time an objection to discovery is overruled. That is certainly not the law. See Mullane v. Chambers, 333 F.3d at 337 ("American Rule" is well-established that fees are not recoverable as a matter of course); Cruz, 896 F.2d at 631 (sanctions should not be imposed so as to chill an attorney's enthusiasm or creativity in pursuing legal theories).

court improperly failed to consider ITV Direct's claims as an offset to the claims of Cappseals and Healthy Solutions, raised novel issues of law under the Massachusetts Uniform Commercial Code and the Federal Rules of Civil Procedure, were not frivolous or vexatious, nor was the appeal intended in any way unreasonably to delay Cappseals' efforts to enforce or collect on its judgment.[21]  See, e.g., Churilla v. Wachusett Mountain Assoc., Inc., 963 F.2d 366 (1st Cir. 1992) (the fact that an appeal is unsuccessful does not call for resort to Section 1927 or any other source of sanctions).

There is likewise no evidence that any of the pleadings and affidavits submitted prior to judgment in this case were designed to mislead Cappseals or the Court regarding the operations of ITV Direct.  As a preliminary matter, the original parties to the case, ITV Direct and Healthy Solutions, understood well that Direct Marketing Concepts provided services and financing to ITV Direct in support of its operations.  They also understood that both ITV Direct and Direct Marketing Concepts used the name "ITV Direct" to refer to the combined operations of both companies in connection with the Supreme Greens campaign, with ITV Direct purchasing media, and Direct Marketing Concepts answering the telephones, paying for product, and fulfilling orders for customers.  With this understanding, the parties referred to "ITV Direct" as including the services provided to ITV Direct by Direct Marketing Concepts, including the activities of Direct Marketing Concepts' employees in support of ITV Direct.  In addition, Healthy Solutions issued invoices to "Direct Marketing Concepts/ITV Direct" with the understanding that both companies were working closely together on the Supreme Greens campaign.

---

[21] Although no motion was made by either party to stay proceedings in the district court, it does appear that Judge Tauro waited for a decision on the appeal to issue a ruling on Cappseals summary judgment motion against Direct Marketing Concepts.

Critically, in the context of the claims that were brought by ITV Direct against Healthy Solutions, and the counterclaims asserted by Healthy Solutions against ITV Direct, the distinction that Cappseals now claims should have been clarified was not material. As the contracting party with Healthy Solutions, ITV Direct was the proper plaintiff in the case and was the only party with standing to bring the claims. Moreover, it is true that over fifty employees were laid off when the Supreme Greens program was halted by the FTC due to Guerrero's alleged fraud. These employees were performing services for the Supreme Greens program and were therefore viewed by everyone involved as ITV Direct employees. For purposes of demonstrating the harm that was caused by Guerrero's fraud, the representation that these employees were laid off was accurate.[22] Certainly, there was no intent with these representations to mislead anyone regarding the corporate structure and operations of ITV Direct.[23] That issue was not even raised or a focus of the proceedings at that time.

To the extent there was a certain level of confusion regarding the specific operations of ITV Direct and Direct Marketing Concepts during the course of this litigation, such confusion was unintentional and was never designed to mislead anyone. As the First Circuit has cautioned, "[c]ourts should avoid using the wisdom of hindsight and instead evaluate an attorney's conduct based upon what was reasonable at the time the attorney acted." Cruz, 896 F.2d at 631. At the

---

[22] In fact, in his 2004 affidavit, which Cappseals cites to support its contention that ITV Direct misled the Court, Robert Maihos stated that hundreds of employees would be laid off if the court issued an injunction stopping the Supreme Greens campaign. This statement is entirely accurate. Had the injunction – which would have covered all companies participating in the Supreme Greens campaign – been issued, Direct Marketing Concepts' operations would have been adversely affected, and it would potentially have had to lay off hundreds of employees. Thus, whether these employees were employees of ITV Direct or Direct Marketing Concepts was of no import at the time the statement was made.

[23] Although ITV Direct denies that any intentionally false statements were ever made, it is well-established that even perjury, by itself, does not constitute a fraud on the court. Geo. P. Reintjes, 161 F.R.D. at 6 ("Fraud on the court involves more than perjury of a witness or injury to a single litigant"); Wojcicki, 447 Mass. at 210-11 ("[E]ven '[p]erjury does not constitute 'fraud upon the court' when there is no evidence that the judicial process itself was corrupted.").

time that the pleadings challenged by Cappseals were filed, those pleadings were not "vexatious" or intended to "harass" Cappseals, but were consistent with the generally accepted understandings of the parties and counsel at the time.  See Dubois, 270 F.3d at 82-83 (attorney is entitled to rely upon information from other persons in connection with pleadings filed with the court); Cruz, 896 F.2d at 631 (Section 1927's requirement that the multiplication of the proceedings be "vexatious" necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence").[24]

Finally, there is no evidence that any of the conduct alleged by Cappseals actually "multiplied the proceedings" in this case.  Cappseals intervened in this case and received a judgment against ITV Direct on August 3, 2005.[25]  Despite Cappseals acknowledgement that prior to obtaining judgment it believed, based on discovery provided by ITV Direct, that ITV Direct was simply a "pass through" for Direct Marketing Concepts, Cappseals did not seek to amend its complaint at that time.  Instead, Cappseals sought to add Direct Marketing Concepts as a party the very next day.  ITV Direct and its counsel *did not oppose this motion*, but it was denied by Judge Tauro nonetheless.  Subsequent to that denial, Cappseals filed a second action against Direct Marketing Concepts and its principals, which the defendants did not move to dismiss, but instead answered.  That case is now scheduled for trial.  By failing to amend its complaint before judgment entered, the only party that has multiplied the proceedings in this case is Cappseals, not ITV Direct or its counsel.  To turn this potentially fatal strategic misstep

---

[24] See also Kraemer v. Grant County, 892 F.2d 686, 689 (7th Cir. 1990) (signer of pleadings need not investigate facts to point of absolute certainty); Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329-30 (2d Cir. 1995) (attorney is entitled to rely upon the objectively reasonable representations of the client).

[25] As noted, that judgment was appealed by ITV Direct and affirmed by the Court of Appeals in May 2006.  The fact that Judge Tauro did not rule on Cappseals' summary judgment motion or set the matter for trial during the pendency of the appeal cannot be blamed on ITV Direct or its counsel.

BO1 15814311.2

into a claim that ITV Direct and its counsel have acted in bad faith and intentionally defrauded the Court to vexatiously hinder and delay these proceedings is utterly outrageous.[26]

Neither ITV Direct nor its counsel have unreasonably or vexatiously prolonged these proceedings. To the contrary, ITV Direct brought a valid and meritorious claim, which was ultimately settled on favorable terms. Neither ITV Direct nor its counsel have ever intentionally or in bad faith made any misrepresentations to Cappseals or the Court, and ITV Direct has not violated or disobeyed any court order. For reasons known only to Cappseals and its counsel, they chose not to amend their complaint to add Direct Marketing Concepts prior to judgment, despite an awareness of the relationship between the companies and a belief that one was simply a "pass through" for the other. Instead, Cappseals and its counsel sought to add Direct Marketing Concepts to this case only *after* they obtained judgment, and have pursued that case in the ordinary course. ITV Direct and its counsel have not unnecessarily delayed or interfered with that proceeding, nor have they violated any court order.[27] In short, Cappseals cannot identify any acts by ITV Direct or its counsel that have intentionally or in bad faith multiplied these proceedings. Heeding the First Circuit's caution that this Court should exercise restraint, the motion should be denied.

---

[26] It is particularly outrageous for Cappseals to level these allegations against Seyfarth Shaw LLP. As the First Circuit recognized in Dubois, Seyfarth Shaw and predecessor counsel were entitled to rely upon the representations of thier clients and their employees. 270 F.3d at 82. Ignoring this authority, Cappseals and their counsel claim without any basis whatsoever that Seyfarth Shaw intentionally misrepresented facts to the Court about ITV Direct and its business. While Cappseals and their counsel may view these allegations as having some strategic value, "reasonable professionalism" should require more before such allegations are leveled at other members of the bar. Cruz, 896 F.2d at 630.

[27] In addition, throughout the course of the litigation, ITV Direct has engaged in settlement discussions with Cappseals and has sought to resolve this litigation. While the parties have been unable to reach an agreement, both ITV and its counsel have engaged in these discussions in good faith and have not utilized them to hinder or delay the underlying litigation.

### III.   CONCLUSION

For the foregoing reasons, this Court should deny Cappseals' motion for sanctions.

Dated:   December 1, 2006

                              Respectfully submitted,

                              ITV DIRECT, INC.,

                              By their attorney(s),

                              <u>/s/ Christopher F. Robertson</u>
                              Peter S. Brooks, BBO #058980
                              Christopher F. Robertson, BBO #642094
                              Susan W. Gelwick, BBO #567115
                              Seyfarth Shaw LLP
                              Two Seaport Lane, Suite 300
                              Boston, MA 02210-2028
                              Telephone:   (617) 946-4800
                              Telecopier:   (617) 946-4801

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 1, 2006.

                                              /s/  Christopher F. Robertson
                                              Christopher F. Robertson

BO1 15814311.2